IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-GPG

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

WILLIAM BARR, U.S. Attorney General,
CHRISTOPHER WRAY, FBI Director,
KATHLEEN H. SAWYER, BOP Director,
B. TRUE, ADX Florence Warden,
MS. TUTTOILMUNDO, H Unit Manager,
JOHN AND JANE DOES, ET AL,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

    Plaintiff Mostafa Kamel Mostafa is in the custody of the federal Bureau of Prisons and is incarcerated at the U.S. Penitentiary AdMax (ADX) in Florence, Colorado. On March 12, 2020, he filed *pro se* a Prisoner Complaint. (ECF No. 1). He has paid the applicable filing fee. (ECF No. 2).

    Pursuant to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is required to review the pleadings of a prisoner who is challenging prison conditions and seeking redress from a governmental entity, officer, or employee, to determine if the pleadings should be summarily dismissed.

    The Court must construe Plaintiff's filings liberally because he is not represented

1

by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, the Court directs Plaintiff to file an Amended Prisoner Complaint.

 I.     **Prisoner Complaint**

In the Prisoner Complaint, Plaintiff alleges that he has no hands or arms up to his mid-arms, is blind in his left eye, and also suffers from diabetes, hypertension, and psoriasis, among other conditions. (ECF No. 1 at 8). He arrived at ADX in 2015. (*Id.* at 9). Asserting jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), Plaintiff pleads ten claims for relief, as follows: (1) Special Administrative Measures (SAM) were imposed, renewed unnecessarily, and misused, which, along with his designation to ADX, inflicted physical and mental harm daily and violated Plaintiff's constitutional rights; (2) deprivation of essential fittings for Plaintiff's disabilities and medical conditions since he arrived in the U.S. in 2012 and at ADX to date; (3) deprivation of many essential items needed for Plaintiff's disability, health, safety, hygiene, and other functions; (4) misuse of SAM and ADX deprived Plaintiff of essential health care and subjected him to bullying and stress; (5) deprivation of food items and/or ability to eat safely, and misuse of SAM/solitary, including allegations that Plaintiff cannot eat safely from the Halal (Muslim diet) food tray, which is religiously stressful; (6) lack of adequate cleaning tools to clean his cell, resulting in injury when he uses the tools that are provided; (7) the cumulative abuse and deliberate indifference at ADX has caused Plaintiff stress and exacerbated his conditions; (8) deprivation of the necessary facilities and ability to participate

meaningfully in his legal case; (9) deprivation of meaningful contact with his family, and (10) Plaintiff has been assaulted, injured, and "gang bullied" by ADX staff.  (*Id.* at 6-37). As relief, Plaintiff requests injunctive relief including termination of SAM, termination of solitary confinement, and termination of his designation to ADX.  (*Id.* at 39-40).

## II.     Rule 8 of the Federal Rules of Civil Procedure

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

The Prisoner Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff's lengthy, interwoven allegations over the course of his 41-page pleading are in large part repetitive, overlapping, conclusory, and unclear.  Claims must

be presented clearly and concisely in a manageable format that allows the Court and any defendants to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Vague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Neither the court nor Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

**In each claim of the Amended Prisoner Complaint, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated.** *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted). Plaintiff must present all of his claims and factual allegations in one single document, on the current Court-approved form.

In accordance with the Instructions for Filing a Prisoner Complaint, Plaintiff's

Amended Prisoner Complaint, including the form and any additional pages, must not exceed 30 pages.  *See Information and Instructions for Filing a Prisoner Complaint,* www.cod.uscourts.gov.

## III.    Statute of Limitations

Plaintiff's claims appear to be barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the court may dismiss a claim *sua sponte* based on an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success."  *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987).  The statute of limitations for a *Bivens* action arising in Colorado is two years.  *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968, 968 n.4 (10th Cir. 1994).  Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Id.* at 968-69.

"Colorado's equitable tolling rules apply" in a *Bivens* action.  *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004).  Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice."  *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted).  For example, equitable tolling of a statute of limitations is appropriate "when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so."  *Id.*  However, "statutes of limitation compel litigants to pursue their

claims in a timely manner." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). Therefore, even if Plaintiff can demonstrate extraordinary circumstances or wrongful conduct that prevented him from filing a claim, he also must allege facts that demonstrate he diligently pursued his claims when possible. *See id.* at 1097. "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Under the "continuing violation" doctrine, which is utilized in federal Title VII employment discrimination cases, "a plaintiff may avoid the statute of limitations when the defendant has acted pursuant to a pattern or longstanding policy or practice of constitutional violations." *Mercer-Smith v. N.M. Children, Youth & Families Dept.,* 416 F. App'x 704, 712 (10th Cir. 2011) (citation omitted). Plaintiff bears the burden of establishing that the continuing violation doctrine applies. *See Fogle v. Slack,* 419 F. App'x 860, 864 (10th Cir. 2011). In the Tenth Circuit, "the doctrine of continuing violations does not apply to § 1983 claims." *Mercer-Smith*, 416 F. App'x at 712 (citing *Hunt v. Bennett,* 17 F.3d 1263, 1265 (10th Cir.1994)). Courts in the District of Colorado have extended the reasoning of the Tenth Circuit concerning § 1983 cases to decline to apply the continuing violation doctrine to *Bivens* claims. *See, e.g., Silverstein v. Fed. Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2012 WL 4033756, at *2 (D. Colo. Sept. 13, 2012), ("The Court declined to apply the continuing violation doctrine to plaintiff's Fifth Amendment Bivens claim because the Tenth Circuit has not applied this doctrine to 42 U.S.C. § 1983 or Bivens claims."), *aff'd,* 559 F. App'x 739

(10th Cir. 2014); *Sims v. New,* 2009 WL 3234225, at *7 (D. Colo. Sept. 30, 2009).

Discrete decisions are not treated as part of a continuing violation. *See Fogle,* 419 F. App'x at 864 (noting that the continuing violation doctrine did not apply where plaintiff's § 1983 claims "involved discrete decisions or discrete conduct" by different officials at different prisons). Further, "a continuing violation claim fails if the plaintiff knew, or through the exercise of reasonable diligence would have known, [he] was being discriminated against at the time the earlier events occurred." *Wood v. Milyard*, 414 F. App'x 103, 106 (10th Cir. 2011) (citation omitted). Plaintiff cannot proceed on claims which are barred on their face by the two-year statute of limitations.

### IV. Personal Participation

Personal participation is an essential allegation in a *Bivens* action. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("each Government official, . . .is only liable for his or her own misconduct"); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) ("[D]irect, personal participation [is] required to establish *Bivens* liability."), *abrog. on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations omitted). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Each claim set forth by Plaintiff in the Amended

Prisoner Complaint must identify a named defendant or defendants who is listed in the caption of the complaint and state how that named defendant personally participated in the alleged constitutional violation.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *Iqbal*, 556 U.S. at 676; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (stating that "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

### V.  Proper Defendants

In *Simmat v. Federal Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005), the U.S. Court of Appeals for the Tenth Circuit recognized that federal prisoners may sue federal agencies for alleged constitutional violations under either 28 U.S.C. § 1331

or § 1361, and may obtain relief in the nature of either injunction or mandamus. *See also* 5 U.S.C. § 702 (waiving sovereign immunity for claims against federal agencies for injunctive relief). "In many cases, these forms of relief may be interchangeable." *Simmat*, 413 F.3d at 1236.

"To obtain a permanent injunction, a plaintiff must show: '(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.'" *Kitchen v. Herbert*, 755 F.3d 1193, 1208 (10th Cir. 2014) (quoting *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009)). It is "the movant's burden to establish that each of these factors tips in his or her favor." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188–89 (10th Cir. 2003) (citation omitted). If a plaintiff fails to meet his burden on any of these four requirements, the request must be denied. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 23–24 (2008).

Further, to pursue a claim for prospective injunctive relief, Plaintiff must allege sufficient facts in the Amended Prisoner Complaint to state an arguable violation of his constitutional rights. *See, e.g., Abu-Fakher v. Bode*, No. 05-3132, 175 F. App'x 179, 181 (10th Cir. 2006) (unpublished) (addressing an inadequately pleaded Eighth Amendment claim).

Plaintiff may not assert *Bivens* claims for money damages against individual defendants in their official capacities because such claims are construed as claims against the United States and are barred by the doctrine of sovereign immunity. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 485-86 (1994) ("Absent a waiver, sovereign

9

immunity shields the Federal Government and its agencies from suit" and the federal government has not waived its immunity for *Bivens* actions); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities) (citing *Meyer*, 510 U.S. at 483-86); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims asserted against a government officer in his or her official capacity are construed as claims against the governmental entity).

### VI. Eighth Amendment

To state an arguable Eighth Amendment claim, Plaintiff must allege specific facts to demonstrate that Defendants acted with deliberate indifference to a substantial risk of serious harm to his safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). The Eighth Amendment requires "prison officials [to] ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quotation omitted). An Eighth Amendment claim must satisfy two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id*. This second requirement is subjective, rather than objective: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Negligent conduct does not implicate the

Constitution. *See Daniels v. Williams,* 474 U.S. 327 (1986) (jail officer not liable for negligent acts which caused inmate to slip and fall); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (medical negligence does not violate the Eighth Amendment). Furthermore, disagreement with prison officials regarding medical care does not satisfy the subjective prong of a deliberate indifference claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoners do not have a constitutional right to a particular course of treatment). "[T]he Constitution is only implicated in situations in which prison officials act purposefully to impose unnecessary pain on an inmate; 'inadvertent' denials of care or negligent diagnosis or treatment does not rise to the level of an 8th Amendment violation." *Ajaj v. Fed.Bureau of Prisons*, No. 08-cv-02006-MSK-MJW, 2011 WL 902440, at *16 (D Colo. Mar. 10, 2011).

In the Amended Prisoner Complaint, Plaintiff must clarify any Eighth Amendment claim of deliberate indifference. If he is attempting to assert a claim under the Eighth Amendment, he must demonstrate both the objective and subjective components of such a claim.

### VII.   First Amendment and RFRA

Under the First Amendment, "an inmate must be accorded a reasonable opportunity to pursue his religion." *Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991). The Religious Freedom Restoration Act ("RFRA") "provides that government shall not substantially burden a person's exercise of religion." *Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001) (internal punctuation and citation omitted). "The RFRA does not waive the federal government's sovereign immunity for money damages . . . [but] waives the federal government's sovereign immunity for equitable relief only".

*Said v. Teller Cty.*, No. 14-cv-02745-RPM, 2015 WL 1598098, at *3 (D. Colo. Apr. 9, 2015).

> RFRA provides that "[g]overnment shall not substantially burden a person's exercise of religion." 42 U.S.C. § 2000bb–1(a). Thus, a plaintiff establishes a prima facie claim under RFRA by proving the following three elements: (1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion.

*Kikumura*, 242 F.3d at 960.  RFRA "independently remains applicable to federal officials."  *Id.* (citations omitted).

"[A] prisoner alleging a violation of his First Amendment rights 'must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests.'"  *Ghailani v. Sessions*, 859 F.3d 1295, 1304 (10th Cir. 2017) (citation omitted).  However, such pleading standard need not be met with regard to a RFRA claim.  *Id.* at 1305.  "[U]nder RFRA, a court does not consider the prison regulation in its general application, but rather considers whether there is a compelling government reason, advanced in the least restrictive means, to apply the prison regulation to the individual claimant."  *Id.* (citation omitted).

**VIII.  Due Process**

To state an arguable due process claim, Plaintiff must allege facts to show that he has been deprived of a constitutionally protected liberty interest.  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Rezaq v. Nalley,* 677 F.3d 1001, 1010 (10th Cir. 2012).  An inmate possesses a liberty interest in avoiding transfer to (or retention in) more adverse conditions of confinement only when those conditions represent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Wilkinson*, 545 U.S. at 221-23; *see also Sandin v. Conner*, 515 U.S. 472,

484 (1995).

The Court must consider several nondispositive factors in determining whether a certain confinement imposes "atypical and significant hardship" (and thus a liberty interest in avoiding such confinement). *Estate of DiMarco v. Wyo. Dep't of Corrs., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007); *see also Rezaq*, 677 F.3d at 1012 n.5. The factors include "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate." *Estate of DiMarco*, 473 F.3d at 1342. "[A]ny assessment [of these factors] must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts." *Id*. The determination of whether a liberty interest exists "is a fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement." *Rezaq*, 677 F.3d at 1012; *see also Jordan v. Federal Bureau of Prisons*, No. 04-1104, 191 F. App'x 639, 651-51 (10th Cir. 2006) (finding no liberty interest in conditions imposed during five-year administrative confinement in the ADX control unit); *Rezaq*, 677 F.3d at 1013 (holding that conditions at ADX "do not, in and of themselves, give rise to a liberty interest because they are substantially similar to conditions experienced in any solitary confinement setting"); *Silverstein v. Federal Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2011 WL 4552540, at *12 (D. Colo. Sept. 30, 2011) (observing that "no court in the Tenth Circuit has held that the conditions at ADX, regardless of the unit, are extreme"). In the Amended Prisoner Complaint, Plaintiff must clarify any claim he may be intending to assert for violation of

his due process rights.

### IX.   Conclusion

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.   *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).   The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Prisoner Complaint by submitting an Amended Prisoner Complaint that meets the requirements of Fed. R. Civ. P. 8, complies with the above instructions, and clarifies the claims and requests for relief.

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Plaintiff must obtain and utilize the current Court-approved Prisoner Complaint form.

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an Amended Prisoner Complaint as directed in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Prisoner Complaint that complies with this Order within the time allowed, the action will be

dismissed without further notice.

DATED April 6, 2020.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge