IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,
    Plaintiff,

v.

WILLIAM BARR, U.S. Attorney General, in his individual and official capacities,
CHRISTOPHER WRAY, FBI Director, in his individual and official capacities,
KATHLEEN H. SAWYER, BOP Director,
B. TRUE, ADX Florence Warden,
MS. TUTTOILMUNDO, H Unit Manager, and
JOHN AND JANE DOES, ET AL,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Plaintiff Mostafa Kamel Mostafa's ("Plaintiff" or "Mr. Mostafa") Renewed Motion Seeking Leave for the Appointment of Counsel Due to Plaintiff Extraordinary Conditions and Severe Limitations ("Motion" or "Motion to Appoint Counsel") [#17, filed July 9, 2020]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [#12], and the Memorandum dated July 9, 2020 [#18].

Mr. Mostafa is currently incarnated at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado. *See* [#1]. He initiated this action on March 12, 2020, by filing a pro se Prisoner Complaint asserting ten claims against six defendants related, generally, to the administrative measures imposed on him at ADX, the conditions of his confinement, and his treatment by prison staff. *See generally* [*Id.*]. That day, Mr. Mostafa also

1

filed a Motion Seeking Leave to Be Helped with Attorney. [#3]. The Honorable Gordon P. Gallagher denied as premature Plaintiff's motion seeking appointment of pro bono counsel because the case was in initial review under Local Rule of Civil Practice 8.1. [#5]. On April 6, 2020, Judge Gallagher ordered Plaintiff to file an Amended Prisoner Complaint to address various deficiencies identified by the court. [#6].

Mr. Mostafa filed the operate Amended Prisoner Complaint on May 18, 2020, asserting three claims against Defendants for "[i]njuries, [d]iscrimination against [d]isability, cruel and unusual conditions in prolonged continuous dangerous solitary confinement in violation of several amendments such as: one, four, five, six, eight, and fourteen." *See generally* [#9]; [*id.* at 3]. This case was then reassigned to the Honorable Philip A. Brimmer and drawn to the undersigned Magistrate Judge. [#10].

On July 9, 2020, Mr. Mostafa filed the instant Motion to Appoint Counsel, requesting the court appoint him pro bono counsel due to his "health and disability" and "[i]mpediments to procure, use, and present any essential/needed material for the case." [#17 at 2-3]. As to his health and disability, Mr. Mostafa, who is sixty-two years old, explains that he suffers from "extraordinary severe disabilities combined with exercebating [sic] complications in his health," including: the double amputation of his hands, up to his mid-arms; "very sore stumps"; blindness of his left eye and poor vision in the right; diabetes; hypertension; excessive sweating; and psoriasis, among other ailments. [*Id.* at 2]. He continues that "abrasions and overheatings prevent him from wearing his limited task basic prosthetics to avoid further skin damage," and for every ten minutes wearing them he must take a long break. [*Id.* at 3]. Mr. Mostafa also states that he is severely limited in his ability to conduct legal research as the law library is not modified to accommodate his disability. [*Id.* at 6].

As to his inability to procure and present material for the case, Mr. Mostafa explains that he "has been subjected to extreme form of solitary confined and communication restriction since extradition from England 2012 (against the good faithed understanding of conditions of extraditions)." [*Id.* at 4]. He contends his correspondence are subjected to censorship and unwarranted delay, which precludes his ability to meet court deadlines and results in confusing docket entry chronology. [*Id.*]. Mr. Mostafa continues that excessive mail delays are "the sad norm in ADX" "to impede inmates from any meaningful litigation." [*Id.* at 5].

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (*citing Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (providing factors that the court should consider in determining whether to appoint pro bono counsel). Local Attorney Rule 15(f) also directs the court to consider the demonstrated inability of the unrepresented party to retain an attorney by other means and the degree to which the interest of justice, including the benefits to the court, will be served by appointment of counsel. D.C.COLO.LAttyR 15(f)(1)(B)(i)-(v). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases

3

where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

First, the court notes that Mr. Mostafa has succeeded in moving past the preliminary section 1915 screening process, which indicates that he has articulated claims sufficiently, such that his pleading is not appropriate for summary dismissal. *See* [#10]. While Plaintiff's Amended Complaint asserts several claims, against numerous Defendants, invoking multiple constitutional amendments, Defendants have yet to enter an appearance in this matter or respond to Plaintiff's Amended Complaint. Therefore, it is premature to make any determinations of the complexity of Mr. Mostafa's claims or the merits of the case. Additionally, Plaintiff's filings, thus far, have demonstrated the ability to clearly articulate his arguments to the court and will benefit from the liberal construction afforded his filings based on his *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court is cognizant of the difficulties Mr. Mostafa faces due to his physical disabilities coupled with his incarceration. To the extent that he feels future extension of time are necessary due to his disabilities or delays in mail communications, he may move the court for such extensions which will be given on a showing of good cause.

As this case progresses and circumstances change, Mr. Mostafa may file a new motion requesting counsel at that time. *See McCullon v. Parry*, No. 18-CV-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) ("Based on the court's conclusion above, I find it appropriate under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) to seek appointment of pro bono counsel given that this matter is now moving to <u>trial</u>." (emphasis added)).

Accordingly, **IT IS ORDERED** that Plaintiff Mostafa['s] Renewed Motion Seeking Leave for the Appointment of Counsel Due to Plaintiff Extraordinary Conditions and Severe Limitations [#17] is **DENIED without prejudice**.

DATED: June 22, 2020 BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

5