**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

WILLIAM BARR, U.S. Attorney General,
CHRISTOPHER WRAY, FBI Director,
KATHLEEN H. SAWYER, BOP Director,
B. TRUE, ADX Florence Warden,
MS. TUTTOILMUNDO, H Unit Manager, and
JOHN AND JANE DOES,

    Defendants.

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT
PURSUANT TO RULE 12(e)**

    Defendants William Barr, Christopher Wray, Kathleen H. Sawyer, B. True, and Tuttoilmundo ("Defendants"), in their official capacities,[1] submit this motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

    Plaintiff is an inmate at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado, who is proceeding *pro se*. *See* ECF No. 9 at 3. In the operative Amended Complaint, Plaintiff does not make clear which claims are asserted against which

---

[1] This motion is brought on behalf of Defendants solely in their official capacities, and undersigned counsel represents Defendants solely in their official capacities. As explained below, to the extent Plaintiff wishes to sue some or all Defendants in their individual capacities, Plaintiff has not yet made clear what individual-capacity claims he wishes to raise against which Defendants.

1

Case No. 1:20-cv-00694-PAB-MDB   Document 25   filed 08/10/20   USDC Colorado   pg 2 of 15

Defendants, nor what relief he seeks from them.  The Amended Complaint does not specify how each Defendant was purportedly involved in the various alleged instances of wrongdoing.  In addition, the allegations in the Amended Complaint as to whether the claims are asserted against the named defendants in their official or individual capacities are contradictory and unclear.

The Amended Complaint is so ambiguous that Defendants cannot reasonably prepare a response.  Accordingly, Plaintiff should be required to submit a second amended complaint (1) indicating which claim(s) he is asserting against which Defendant(s), and identifying the alleged basis for asserting each claim against each Defendant; and (2) clarifying for each claim whether it is asserted against the Defendant in his or her official capacity, individual capacity, or both, as well as the relief he seeks.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's 41-page initial Complaint, *see* ECF No. 1, consisted of, as the Court put it, "lengthy, interwoven allegations" that were "in large part repetitive, overlapping, conclusory, and unclear," ECF No. 6 at 3 (Order directing Plaintiff to file an amended complaint).

On April 6, 2020, Magistrate Judge Gallagher issued an Order directing Plaintiff to amend his Complaint to address a number of deficiencies.  *See* ECF No. 6.  Most relevant to this motion, the Order required Plaintiff, "[i]n each claim of the Amended Prisoner Complaint," to "allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated." *Id.* at 4 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).  The Order also stated that "[e]ach claim set forth by Plaintiff in the Amended Prisoner Complaint must identify a named defendant or defendants who is listed

in the caption of the complaint and state how that named defendant personally participated in the alleged constitutional violation." *Id.* at 7-8 (citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)).  The Order made clear that Plaintiff could *not* assert *Bivens* claims for money damages against individual defendants in their official capacities.  *See id.* at 9-10.  The Order warned that if Plaintiff failed to file an Amended Complaint that complied with the Order, the action would be dismissed without further notice.  *See id.* at 14-15.

The operative Amended Complaint, *see* ECF No. 9, did not address all of the deficiencies identified in Magistrate Judge Gallagher's Order.  Its allegations remain convoluted and difficult to parse.  In particular, the Amended Complaint does not make clear which claims are asserted against which Defendants.  It does not allege, for each claim, what each Defendant did to Plaintiff (and when), how Plaintiff was harmed by those alleged actions, and what specific legal right Plaintiff believes the Defendant violated, as the Court has ordered Plaintiff to explain.  *See* ECF No. 6 at 4.

Additionally, in the section of his Amended Complaint entitled "Defendant(s) Information," Plaintiff indicates that his claims are bought against the defendants solely in their *official* capacities, and *not* in their individual capacities.  *See* ECF No. 9 at 3-5.  But then Plaintiff—contradictorily—indicates that he may be bringing claims against Defendants in their individual capacities, by checking the box in his Amended Complaint indicating that jurisdiction is asserted pursuant to *Bivens*.  *See* ECF No. 9 at 4.

On June 10, 2020, the Court entered an Order that permitted the case to proceed on the Amended Complaint (albeit without substantive explanation of this decision).  *See* ECF No. 10.  The United States Attorney's Office received a copy of the Amended Complaint via email on

3

June 11, 2020. On August 5, 2020, undersigned counsel entered her appearance on behalf of the Defendants in their official capacities. Undersigned counsel did not appear for Defendants in their individual capacities, in light of the significant confusion and ambiguity on the face of the Amended Complaint as to whether Defendants are named in their individual capacity at all, and the fact that representation authority for Defendants in their individual capacity would have to be sought separately through agency administrative channels if it is ultimately clarified that they are so named.

A telephonic Status Conference in this matter is set for August 25, 2020. *See* ECF No. 23.

## ARGUMENT

### I.   Legal standard

Pursuant to Rule 12(e), the Court may order a plaintiff to file a more definite statement where the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made before a responsive pleading is filed. *See id.* An order granting a Rule 12(e) motion need not rely on a lack of facts alleged by the plaintiff; it is also appropriate where deficiencies or ambiguities in the structure or form of the complaint lead to an "inability to ascertain the exact claims pleaded and their nature and scope." *Green v. Potter*, No. 10-cv-02201-LTB-KMT, 2011 WL 2693523, at *5 (D. Colo. July 12, 2011).

Rule 12(e), in conjunction with Rule 8, serves the two purposes of (1) giving the opposing party fair notice of the bases for the claims against them so they may respond, and (2) allowing the court to determine whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Aday v. Capital One Bank*, No. 18-cv-01272-RBJ-KMT, 2019 WL 943669,

4

at *2 (D. Colo. Jan. 3, 2019), *recommendation adopted*, 2019 WL 935425 (D. Colo. Feb. 26, 2019). Beyond the authority granted by Rule 12(e), an order requiring the plaintiff to file a more definite statement falls squarely within the court's inherent authority "to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). In suits against officials in their individual capacity in particular, the Supreme Court has stated that district courts should be especially willing to exercise their discretion to grant a Rule 12(e) motion to protect the substance of a potential qualified immunity defense and insure that "officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

Courts have granted Rule 12(e) motions in a variety of situations. A more definite statement may be required to "clarify which of several possible claims is actually being asserted," *Awada v. Royal Jordanian Airlines*, No. 05-73477, 2005 WL 3592013, at *1 (E.D. Mich. Nov. 7, 2005) (citing *Fikes*, 79 F.3d at 1082-83), or where "more particularity in that pleading would further the efficient economical disposition of the action," *Miller v. Sawant*, No. C18-506 MJP, 2018 WL 4538935, at *1 (W.D. Wa. Sept. 21, 2018) (alteration omitted).

A motion pursuant to Rule 12(e) is often more "judicially efficient" than a motion to dismiss the operative complaint, and may save the court and the parties significant time and resources. *Landry v. Town of Ferriday*, No. 08-1616, 2009 WL 2900446, at *2 n.1 (W.D. La. Sept. 8, 2009); *see also Umude v. Am. Sec. Programs, Inc.*, No. 14-1587 (RC), 2014 WL 6967815, at *1 (D.D.C. Dec. 10, 2014) (*sua sponte* construing motion to dismiss as motion for a more definite statement pursuant to Rule 12(e) to avoid dismissal or requiring defendant to

expend resources responding to a vague complaint); *Reshal Assocs., Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1232 (N.D. Ill. 1990) (ordering a more definite statement as a "less drastic" alternative to dismissal).

Rule 12(a)(4) provides that a defendant who files a motion under Rule 12(e) need not file its answer until the motion has been ruled upon and, if the motion is granted, the more definite statement has been served. A more definite statement pursuant to Rule 12(e) often comes in the form of an amendment to the operative complaint. *See, e.g.*, *Miller*, 2018 WL 4538935, at *2 (granting Rule 12(e) motion and ordering plaintiff to amend her complaint).

## II. The Amended Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response.

As discussed below, the Amended Complaint lacks crucial information, and contains a variety of conflicting and ambiguous allegations, all of which make it impossible for Defendants to reasonably prepare a response.

### A. The Amended Complaint is ambiguous as to the capacity in which Defendants are sued and the relief sought.

Plaintiff's Amended Complaint does not make clear what types of claims Plaintiff wishes to assert here—a claim for damages against Defendants in their individual capacities, for injunctive relief in their official capacities, or both.

A *Bivens* claim lies against federal officials for purported constitutional violations in their *individual* capacities, but not in their official capacities. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). In a *Bivens* case against a federal officer in his or her individual capacity, damages can be sought for past constitutional violations, but injunctive relief is not available. *See, e.g.*, *Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1167 (D. Colo. 2010)

6

(Brimmer, J., adopting recommendation). On the other hand, a suit against an officer in his or her official capacity is treated as against the government entity that employs the officer, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and monetary damages are generally unavailable, *see Hurtado v. Reno*, 34 F. Supp. 2d 1261, 1264 (D. Colo. 1999).

In the section of his Amended Complaint entitled "Defendant(s) Information," Plaintiff indicates that his claims are brought against the defendants solely in their *official* capacities, and *not* in their individual capacities. *See id.* at 3-5.[2] But in the section entitled "Jurisdiction," Plaintiff alleges violations of "several [constitutional] amendments such as: [O]ne, [F]our, [F]ive, [S]ix, [E]ight and Fourteen," and checks the box indicating that jurisdiction is asserted pursuant to *Bivens*. ECF No. 9 at 4. This checked box suggests—contrary to what Plaintiff indicated in the "Defendant(s) Information" section—that Plaintiff may wish to bring individual-capacity claims pursuant to *Bivens*. *See* ECF No. 4 at 2 (Order by Magistrate Judge Gallagher construing Plaintiff's initial Complaint, which included similar allegations in the "Jurisdiction" section, as "[a]sserting jurisdiction pursuant to *Bivens*"). Thus, it is unclear from the Amended Complaint whether Plaintiff means to bring claims against Defendants in their individual capacities, official capacities, or both.[3]

The relief sought in the Amended Complaint does not clarify the issue. It suggests Plaintiff is seeking injunctive relief, and may also be seeking damages. *See* ECF No. 9 at 21

---

[2] This is a change from the initial Complaint, which purported to name Defendants in both their official and individual capacities. *See* ECF No. 1 at 3-5, 39.

[3] The Court's docket for this case lists the Defendants as sued in both their official and individual capacities, but it is unclear whether this is due to the fact that the initial Complaint indicated that Defendants were sued in both capacities.

7

(first request for relief seeking "punitive and compensatory judgment"; second request for relief seeking "immediate judicial intervention to terminate SAMs [that is, Special Administrative Measures] and prohibit the Government from imposing SAMs in the future or any similarly worded impairing harmful restrictions without fair and just due process").  But—if he is seeking damages—it is unclear if he seeks those damages from specific Defendants in their individual capacities.  Thus, although the Amended Complaint indicates that Plaintiff seeks relief that would only be available in a suit against federal officers in their *official* capacities, it is unclear what other relief he seeks.

### B. The Amended Complaint is ambiguous and vague as to what claims Plaintiff seeks to bring as to each Defendant.

Magistrate Judge Gallagher's Order required Plaintiff to amend his complaint to allege, for each claim, what each Defendant did and what specific legal right Plaintiff believes each defendant violated, *see* ECF No. 6 at 4, but the Amended Complaint contains few—if any— allegations specifying how the named Defendants were purportedly involved in each claimed instance of wrongdoing.  Indeed, the Amended Complaint does not indicate whether each of the three claims at issue are asserted against all Defendants, or only some of them.  Nor does it adequately allege the purported conduct by each Defendant that Plaintiff wishes to challenge through his claims.  The most the Amended Complaint offers is the statement, with regard to Claim Two for "Designation And Placement At the U.S. Penitentiary Ad-Max Florence Colorado," that

> The warden and all his subordinates in all ADX departments, in coordination with H-Unit manager, are the government officials tasked by the U.S. AG and FBI to enforce all SAMs provisions; they are the 'Generals.'  And ADX Warden and all of his staff are the 'soldiers' operators; ex[e]cuting the General's orders.  Neither party can operate without the other."

8

ECF No. 9 at 12.

These allegations are insufficient. If Plaintiff means to sue Defendants in their *official* capacities for injunctive relief, he fails to clarify (a) what conduct he is challenging and (b) what relief he wants. He makes assorted allegations surrounding his SAMs, his placement at ADX, and an incident that allegedly occurred while he was on a hunger strike at ADX, but—contrary to Magistrate Judge Gallagher's Order—does not include allegations addressing the required showing for an injunction. *See* ECF No. 6 at 9 (Magistrate Judge Gallagher's Order identifying the elements that a plaintiff must show for injunctive relief); *see also Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) ("An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue . . . must adequately plead such a violation." (internal quotation marks and citation omitted)). Here, responding to Plaintiff's claims is difficult because Plaintiff does not even identify what specific conduct by Defendants he believes amounted to a violation of law that is ongoing.

Moreover, if Plaintiff intends to sue Defendants in their *individual* capacities, he does not specify what his claims against each officer are. A *Bivens* claim requires specific allegations against a defendant. *See, e.g.*, *Davies v. Holder*, No. 10-cv-1622-Orl-31GJK, 2011 WL 2457813, at *8 (M.D. Fla. June 2, 2011) (finding dismissal of *Bivens* claims against individual-capacity officers warranted where the complaint failed to "identify any facts or allegations *directed specifically against*" those officers, and recommending that plaintiff be ordered to amend the complaint to name only those defendants responsible for the alleged violations, specifically allege the basis for jurisdiction over each defendant for each claim, and state what rights were allegedly violated by each defendant (emphasis added)), *recommendation adopted*,

2011 WL 2448343 (M.D. Fla. June 20, 2011); *Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1549 (D. Colo. 1990) (granting motion for a more definite statement and noting that where a case involves multiple defendants, "the complaint should specify what conduct by each defendant gives rise to the asserted claim" (citation omitted)). Here, the Amended Complaint does not even identify which claims are asserted against which Defendants, nor does it make clear what conduct by Defendants allegedly violated Plaintiff's rights. For example, it does not specify which Defendants' specific decisions or actions led to the purported violations of Plaintiff's constitutional rights. *See* ECF No. 6 at 7-8 (Magistrate Judge Gallagher's Order requiring that Plaintiff must state, for each claim, how each "named defendant personally participated in the alleged constitutional violation").

Claim Three, in particular, demonstrates the difficulty Defendants face in responding to the allegations as stated in the Amended Complaint. This claim centers on a purported assault by ADX staff members who are identified in the Amended Complaint, but who are not named as Defendants. *See* ECF No. 9 at 17-19. Plaintiff does not make clear whether he is bringing this claim against the named Defendants, most of whom are not ADX staff members but are high-level agency officials. And, without knowing what the claim is, Defendants cannot reasonably analyze whether Plaintiff timely and fully exhausted the claim. Defendants simply cannot reasonably determine what claims Plaintiff intends to bring.

### III. Requiring Plaintiff to file a second amended complaint is the most efficient course of action.

The most efficient course of action is to require Plaintiff to file a second amended complaint that addresses the significant ambiguities and lack of crucial allegations on the face of

10

the operative Amended Complaint. This approach would avoid the potential for unnecessary briefing in this case and would promote conservation of the Court's and the parties' resources.

Rule 12(e) offers a fair, reasonable method for the Court to address these ambiguities. If Defendants (and the Court) simply make guesses at the basis for the claims in this case, they may address a myriad of claims that Plaintiff may or may not even be raising. Proceeding by requiring Defendants to engage in this guesswork would not be "just, speedy, and inexpensive." Fed. R. Civ. P. 1.

Plaintiff should be required to file a second amended complaint that specifies what claim(s) are brought against which Defendant(s); alleges facts as to each Defendant's involvement in the conduct alleged; and states the "specific legal bases for relief against each particular defendant." *Goldhaber v. Higgins*, 576 F. Supp. 2d 694, 731 (W.D. Pa. 2007) (emphasis omitted); *see Crawford*, 523 U.S. at 598; *Davies*, 2011 WL 2457813, at *8-9. The second amended complaint should also clarify whether each claim is asserted against Defendants in their official or individual capacities, or both; and the relief he is seeking.

It is especially important to know which Defendants—if any—Plaintiff may wish to sue in an individual capacity. By federal regulation, specific procedures must be followed before the Department of Justice may represent federal officials when they are sued in their individual capacity. *See* 28 C.F.R. § 50.15(a) (specifying procedures for federal employee obtaining individual-capacity representation, distinct from official-capacity claims for equitable relief where "[n]o special form of request for representation is required"). The process of seeking and obtaining authority to represent officials in their individual capacity can require significant time

and agency resources. *See Davis v. Holder*, No. 12-cv-02122-REB-KMT, 2013 WL 870270, at *1 (D. Colo. Mar. 8, 2013).

Requiring Plaintiff to amend his complaint in a way that clarifies whether the named Defendants are indeed sued in their individual capacities is far more efficient than requiring the federal agencies in question to seek representation authority for each of the five named Defendants based solely on the uncertain prospect that Plaintiff intended to sue them in their individual capacity. And requiring Defendants to answer the Amended Complaint in both their individual and official capacities, where Plaintiff may well intend to assert only one or the other type of liability, would be potentially unnecessary and redundant.

An order granting the requested relief would be fair to Plaintiff. It does not serve Plaintiff's interest to have Defendants guess, possibly incorrectly, at his claims. Nor does it serve his interest to have Defendants move to dismiss his current complaint as defective under Rule 12(b)(6) if he could readily add clarity and detail to his claims at this juncture. While Plaintiff is *pro se*, he should be able, at a minimum, to identify in his own words the conduct he believes violated his rights, who he is suing, and what relief he is seeking.

Moreover, requiring Plaintiff to submit a second amended complaint along the lines discussed above would potentially avoid unnecessary briefing and the attendant strain on the Court's and the parties' resources. Even if it appears likely that dismissal of one or more claims might be warranted, the considerations and rationale for arguing for dismissal would be different depending on whether Defendants are sued in their official or individual capacities. Requiring Plaintiff to file a second amended complaint clarifying whether the claims at issue are against Defendants in their official or individual capacities could obviate the need for briefing on two

entirely distinct legal arguments. It could also avoid another round of briefing if the ambiguities in the current Amended Complaint lead the Court to grant Plaintiff leave to amend in the future after Defendants respond to the Amended Complaint. And it could further avoid the potential that, even if this Amended Complaint were dismissed, Plaintiff might initiate a new lawsuit, where it might be difficult to determine exactly whether his new lawsuit revolved around the same claims as this one.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court enter an order directing Plaintiff to file a second amended complaint that (1) indicates which claim(s) he is asserting against which Defendant(s) and identifies the alleged factual and legal basis for asserting each claim against each Defendant; and (2) clarifies for each claim whether it is asserted against the Defendant(s) in their official capacity or individual capacity or both, and the relief he is seeking from Defendants. If the Court denies this motion and determines that the claims against Defendants in the Amended Complaint are sufficiently clear, Defendants respectfully request that the Court identify whether each claim is against a Defendant (or Defendants) in his or her individual or official capacity, and permit Defendants to seek an extension of time to respond to the claims.

Dated August 10, 2020                         Respectfully Submitted,

                                              JASON R. DUNN
                                              United States Attorney

                                              *s/ Jane E. Bobet*
                                              **Jane E. Bobet**
                                              Assistant United States Attorney
                                              1801 California Street, Suite 1600
                                              Denver, Colorado 80202

Telephone: (303) 454-0185
Fax: (303) 454-0407
jane.bobet@usdoj.gov

Attorney for Defendants Barr, Wray, Sawyer, True, and Tuttoilmundo, in their official capacities

# CERTIFICATE OF SERVICE

      I hereby certify that on August 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      None.

and I hereby certify that I have directed individuals with the U.S. Attorney's office to mail the foregoing to the following non-CM/ECF participants by U.S. Mail:

      Mostafa Kamel Mostafa
      #67495-054
      Florence Admax
      U.S. Penitentiary
      Inmate Mail/Parcels
      Po Box 8500
      Florence, CO 81226

*s/ Jane E. Bobet*
U.S. Attorney's Office