US District Court - District of Colorado

Case Name: Mostafa V. Barr et al    September 15 2020
Case Number: 1:20-CV-00694-PAB-NYW

Document Type: TRO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2020
JEFFREY P. COLWELL
CLERK

Plaintiff Pro-Se Motion Seeking The Relief of

Granting A Temporary Restraing ORDER (TRO)

As The Urgent High Plausability Of COVID-19

Harm Has Entangled With His Claim(s)

And Ecceeded To Impose Continuous Threat of

Irrepairable Damage To Him.

Respectfully Submitted by
plaintiff: Mostafa Kamel Mostafa
Reg: 67495-054                         Signed: MK
Univ H: ADX Max                        Dated: Sep. 15 2020
Florence Colorado

-1-

# Table Of Content

1 - Key to document Format ............................ Page 3
2 - Order to show Case and TRO. ................... 4 - 5
3 - Declaration in Support of
     Plaintiff Motion for TRO ............... 6 - 16

4 - Memorandum of Law in Support of Motion:
     Statement of the Case ........................ 17
     Facts ........................................................ 18
     Argument:
        - Point One:
        A - Plaintiff Entitled to ORDER ........ 19 - 22
        B - Balance of Hardship favour ...... 23-24
              the plaintiff
        C - The likely to Succeed on merits
              of Preventing immenant covid-19 Harm ... 25-31
        D - Likely to Serve Public Interest ........ 31-32

     Point Two: Requirement for Past Security ... 33

     Point Three:
        - Continuous violation, Malpractice and impedements
          increase the extraordinary Risk of COVID-19
          exposure and harm. ............................ 33-35
5 - Conclusion ........................................ 35-36
6 - List of TRO List of Exhibits & Exhibit ... 37-67
7 - Copy of 92 pages Request to ADX Warden. (Part Two)
8 - Certificate of Service The TRO.

Key To Document Format, And
Request for Court flixability for Plaintiff
Pro. Se and limited Status.

The Format of this document is as follow:

Part One: Is the TRO Formated motion,
Followed by its own numberd
pages and Exhibits. And also, fillowed
by, and integrated with, some pages, exhibits
and/or excerpts of part Two

Part Two Thereafter(Prt2) is a foundation
document for the TRO. It is
the plaintiff's July 15, 2020 detailed request for
Covid-19 based Release and supported by many
exhibits. It is a 30 page followed by 62 pages
exhibits. Submitted to ADX Warden.
To Avoid Confusion and re numbering or
dublicity it is used as one unit with its
own original numbering (And when quoted
in TRO Too) for example consecutive pages refered
to as (see Prt2: 7→13). Separated pages: Prt2:
(5, 7, 16, ...). And excerpts: Prt2: page 5 99 4→6

Plaintiff implore the Court to allow the above and the
integration of elements Such as: both Declarations, Points
of Arguments segments when refered to, As one integrated
Document of TRO        -3-        Respectfully. Af

# ORDER TO SHOW CAUSE AND TEMPORARY RESTRAING ORDER

Upon the supporting declaration of the Plaintiff and the accompanying memorandum of law and documents it is

ORDERED that Defendants: B. True (warden), T. Joilmundo (H. unit manager) et al, follows (Health manager), DBA (Doctor) and Kundoff (Kitchen manager), Show Cause in room ___ of the United States Courthouse, District Court of Colorado, 901-19TH st., Denver Co. 80294-3589 On the day of, ___ at : Am, Why preliminary injunction should not issue pursuant to Rule(s) 65(a), 65(b) Fed-R.Cir.P, and other rules ADX defendant(s) used to permit COVID-19 based release to prisoners in the same unit and condition but denied the plaintiff the same, Enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concern and participation with them, to provide workable regieme and utilities to enable the plaintiff to comply with COVID-19 protective guide-lines and in accordance with ADA American Disability Act for his specific double upper ambutee and vision impairment in solitary Confinement for the sought release.

It is further ORDERED that effective immediately and pending the hearing and the determination of this matter, defendants mentioned above shall arrange for the plaintiff to have the needed fittings, items, utility and help to enable him conduct daily tasks and health, safety and hygiene according to his specific type of disabilities and Covid-19 safe guide-lines

—4—

in relative case. And to allow plaintiff appointed Docter and Occupatieral Therapist and obtain an evaluation of the plaintiff, his invironment, ability to maintain his health, Safety, hygiene and Covid-19 guredé-liner for his underlying hazerdiaus conditions.

It is FURTHER ORDERED that this order to show Cause, and all other papers attached to this application, Shall be Served on defendants B. True, Tutoikrmundo, Follows, OBA and Kundoff by _____, and the United States Marshal Service is hereby directed to effectuate Such Service.

United States District Judge

[Date] _____

—5—

DECLARATION IN SUPPORT OF PLAINTIFF MOTION FOR
A TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION

Mostafa Kamel Mostafa states:

1- I am the plaintiff in this case. I make this
declaration in support of my motion for a temporary restrain-
-ing order and Preliminary injunction to ensure that I am treated
equally to other other Covid-19 based released ADX-H unit
prisoners and to receive medical and disability
care: help, safety and hygiene according to Covid-19
guide-lines and compatible with American Disability
Act for a Double Upper amputee vision impaired
in Solitary Confinement, pending court hearing and
court conclusion.

2- As set forth in the complaint in this case, I was extra-
dited from U.K in 2012 according to mutual U.K, EU and USA
standards of almost Compatible Human and disability rights.
But I was subjected to SAMs and ADX Co. designation since
which denied me basic human rights and disability allowances
and damaged and impaired my health. I done my Remedies
legal work to no avail, then told by unit manager Tutoll-
-Manda no relief and "see you in court". I drove
my first food strike after 16 yrs in jail, encountered
many force feedings and even staff assault. then
finally I had to launch my case on Jan 10, 2020
-entered in March 13. The lack of suitable for
my specific disability fittings, items, help, health care in
my complete Solitary since 2012 badly compromised my health,
safety & hygiene.      -6-

3- As COVID-19 started raging the world and US, the guide-lines for personal protection became almost impossible for my: disability, solitary, skin problems and lack of fillings & items to comply with or have any meaningful prevention.

Furthermore, the many chronic underlying health conditions coupled and compounded the above mentioned conditions to place me well in the criteria of the most vulnerable to be infected and highly plausable to be harmed by covid-19 to die, oragan failure or even losing yet another limb, or similar irrepairable damage or harm.

on July 15, 20

4- I therefore, among many other prisoners, applied for covid-19 based release, and as my situation was the most complicated and the warden Mr. True was newly appointed I submitted a 92 pages document of the request, included as part 2 of this request (there after Pt2) which I would incorporate its elements in this application; including my declaration therein (Pt2 : 3→16) to be incorporated with this declaration for any construed issue or evidence or argument.

It is note worthy that Though most of the remedy Exhibits in Pt 2 declaration and Argument are exhausted some pages and excerpts from lower level remedies are exhibited only to manifest the admitted therein of persistant harmful indifferance even before Covid.

-7-

5- On July 24, 20 I was provided with one page form to fill for the compassionate release and provide other formal information about my British nationality only, and my family in London which I returned on the same day and was refused/denied also, on the same day allowing appeal through remedy i.e eventually to the same route to this court and case See Exhibit 01 pages A, B, C, D, E and F, G

I appealed because the quick denial was too general, never addressed my specific vulnerability and urgent need of protection and more importantly the denial under stated my evident high plausibility to be harmed to Just equal to every able healthy person "possibility" to be infected. Unscientific and dangerously played down.

6- I later learned that other prisoners in the same unit H, under SAMs, and convicted of same category of mine have been granted tho sought release based on covid-19 despite not being disable or having the covid-19 underlying conditions I have, including prisoner Ali Al-Timimi Reg. No = 48054-083 released on Aug 26, 2020 And he is also younger than plaintiff. Health Manager, Ms. Fellows acknowledged the release and could not give me an explaination for my denied request for release on the same covid based. when spoke to me on Sept 20. I said there are no medical input about my specific conditions in the denial

-8-

asked her to participate in my BP9 remedy and use the issue of my recorded compount Cumulative conditions and explain why its is not Compelling or extraordinary reasons especially when exposing me to COVID-19 while granting release to much less vulneable Prisoners?

7— Ms. Follows actually reason to see me about my renowal of several requests, repeatedly denied by remedies, but have now become very urgent due to Covid-79 necessity for health and hygiene while being severly disabled in solitary,

I re submitted: Urgent necessity for fittings and items for my disability she said she need extra time to discuss with Dr. Oba and might bring him to see the Cell, see Exhibit 02 pages A,B,C,D, and exhibit 02 E proves that to date I am denied and still do not have these essentials for my disability and Covid-19 hygien. And Exhibit 02 F proves one of many several request followed by remedies on find list and sometimes also as one items all denied see some of many in Prt 2: 43,44.

8— Because of the urgent COVID-19 Situation, the high plausibility of my harm and the unhelpful remedy system I asked the honorable Judge Wang, during Aug 25, 2020 phone Conference, about those matter and her honor allowed me to rais the issues in my case. However, the overall situation as set forth above, and more to follow, it is highly unlikely

...in survive the usual time talking for a case to ride unscathed from Covid-19 and or my fading ability to return without fast modifications, help and utility or the sought Covid-19 based release. Accordingly, the only practical venue for that is this TRO.

Especially when the remedy system has become more difficult since I launched my case: unresponsive, out of date response, unfair rejections and other impeding measures and tactics.

⑨- My extraordinary compelling reasons for the release and urgently needed measures sought are:

ⓐ my covid-19 underlying chronical illness and dangerous: I am 62+ yrs, overweight, diabetic, elevated hyper tension, have hyper hydrosis (excessive body over heat and sweating), skin problems like psorisis, cracks and abrasion to my stumps, due to work without hands then I can't wear my prosthetics for longer than 20-25 minutes at time then need to cool. Also suffer arthrisis and am taking medication for that.

ⓑ My disability as double upper amputee (no hands to mid arms), blind in left eye and impaired in right. and difficult to keep balance, sustain injuries, bleeding often and bleed through skin cracks.

ⓒ I am in solitary confinement and under SAMs Special Administrative Measures since 2012, which I now again renewed my request to remove due to Covid-19 as it deny me help by others and necessary fittings and items for health, safety and hygiene. See Exhibit 03 A, B.

— 10 —

Also, renewed my desisgntion to ADX appeal, due to Covid-19 for the same reasons. see Exhibit 03 R, D, E noting that all previous remedies had been denied.

10- I also can not wear a mask or keep a distance when handled by ADX staff, nor do any sanitary or self hair cut like what was offered on Aug 31,20 due to covid.

11 - I can not protect myself from ADX kitchen non-compliance with my diet. See Exhibit 04 which became extremely covid-19 hazardous issue not sorted to date. as I have to open, or complete the partially open most of the food items using my mouth and teeth. Against all covid-19 guide lines of not touching face I have to put unsterilized even contaminated food packages by staff Gloves straight to my mouth to open or to extract the food from the package almost every meal. and whenever I object I am told take the food or leave it.

Meanwhile kitchen lies to remedy office that it complies fully with the note and opens all packages and place into easy access containers. See Exhibit 04, A, B, C, D, E, F and even Remedies are not addressing the issues.

12

12- The honorable visiting federal judge exposed the lies, as he visited after the note of the proposed diet on Jan 24, 2020 I showed him the breakfast and lunch trays nothing was opened. His honor saw that I have no back teeth and my front teeth all abraded, and he started to ask the ADX about how could I open packages or feed Joroan.

-11-

He also saw the over heated fragmented hot food tray for the second or third time, and how dangerous for partially sighted person to swallow the razor sharp tiny fragment. I also made several complaints about that but to no avail to date. See also requests, and complaints regarding Kitchen misconduct and hazardous to COVID Exhibit 05 A, B, C

13- Kitchen manager and staff admit to me several times that only some items will be opened and no items will be placed in another container except the milk put in cups with lead covers which I still have to use my mouths to remove the cover. Some of these admissions are recorded in the system whenever I get an answer from duress button as a message from the Kitchen take the food or leave it "we will continue to do what we doing and will not take the food out of package or place it any where else." and was repeated again as recent as Tuesday 8-18-20 around 11:20 am Control room spoke to me with this message through the speaker and should be in the Duress button record.          I have to use my teeth to open every item I buy from Commissory as I am not allowed any opener or help in Solitary another COVID-hazard.

14- As for cleaning my self and the cell I can hardly comply with COVID-recommendations as set forth above. However, when endeavouring I often get injured or bleed from my abraded stumps which is another hazard

12

For Covid or usual infection. And as a diabetic with skin problem and can not cover cuts on my stumps my wounds does not heal fast or easily.

Even worse when I need help from ADX staff normal or medical I am ignored or bullied See Pct 2:53 (nurse bullying not treating wounds exhausted remedy) Pct: 54, 42 denial of cleaning tools and disability tooth brush or help to clean. Yet I am constantly harangued by Unit manager to compete in cleaning and sanitary with young able inmate or else!

15- Unit manger Tutialmundo, a defendant, come to my cell 511 door on Thursday 7-02-20 afternoon with her the C/O Lowe and she said "if you don't clean your cell well I will move you to the other cell". She means Cell 300, a dark dangerous cell, honorable Judge Hegarty saw my blood there more than once in his sudden visits, and told me he recommended that I should not be there and to remain in Cell 511 the less harm.

I reminded her of my inability and her denial of any helping tools, items and my injuries and the medical bullying as above etc, I showed her the clean floor which I could do with my feet and a towel but can't use my stumps much especially during Covid-19 raging infectious environment around me and she is also blocking my phase II status where I can get some help from other inmates.

More importantly, I asked her "what make you think that I can clean the darker more dangerous cell better? you just want to punish me for my disability! and she went - 13 -

16 - My extradition only resulted when US representatives gave many assurances to comply with article 03 of E U human rights to prevent danger, degredation and crality and the standard of care I need and EU and UK had took the assurances at good faith but proving to be wrong world wide see for example Part2: 32 for death penalty, now covid-19 & my condition became the de-facto of it. And daily care needed see Prt2: 58→62 and the opposite of needed care and continuous harm and degradation, and now exposure to Covid-19 in pages Prt2: 63→90

17- Even food prescribed for years, like salad, by specialists and in U.K Jail too and was approved by Mcc Newyork and continued till admission to ADX Oct 2015 was stopped and overruled by non specialist with no scientific explaination despite been in my record since 2006. Resulting in higher blood pressure constipation, skin cracking bleeding, and the need to go back to unneeded mediation like blood pressure and diabetic tablets and many different creams and oinments for skin Thrown away as I can not apply them without help see medical record 2006→2015 and Remedy 86 1035A₁

Such is now also excerbating most of the underlying health COVID-19 hazard.

18 - I am already suffering irrepairable harm, Physical and mental stress and anxiety and constant pain from skin, teeth and bones and now recklessly exposed to Covid-19 despite my

extraordinary compound vulnerability to Covid-19 and other similar diseases and compelled to harm and stress myself to do the very basics of any needed tasks without the ability or help and aging and getting weaker as the time and same condition prolong and at the watch and supervision of the defendants and their helpers in a much more than deliberate indifference. In fact, it looks and proves a systematic conserted effort to impose harm and deny any help relentlessly 24/7.

19- The Defendants named in this TRO are officials who had failed and still failing or refusing to comply with the American Disability Act for any type of disability and treating me as an opposite wheel chair user causing all the setforth above harm and now maxi- -mum exposure to Covid-19.

20- Together these defendants have the responsability and the ability for providing the Plaintiff what was offered to others, much less vulnerable to Covid-19, relief of release which is fully compatible with science, merits of law and mutual understanding of my extradition guide-lines.

And to provide the effective immediate pending hearing and determination of this matter, for the plaintiff the needed fittings items, utilities and help to enable him to do his daily tasks and health, safety and hygine according to his specific disability and compatible with ADA and scientific requirements for prevention of Covid-19 harm.

21- The ADX official and SAMs operatives have previously allowed occupational therapist who can be compromised and to deny plaintiff his basic rights and correct ADA status. And dealt badly with O.T.s who refused some or many of d illegal conduct See Prt 2 : page 10 → 14.

Accordingly, the plaintiff In this TRO invoked his right to appoint from his side, at this critical time, an occupational Therapist and a doctor to do the evaluation using the right text book methodology and produce a detailed report about the plaintiff health, safety, hygiene, ability and environment and the risk of Covid-19 harm when the law and Rules of American Disability Act is ignored or circumvented as in the past 8 years.

And the defendants should no longer hinder this suffocated truth, and fully comply with the order in good faith, and to respond to previous requests by plaintiff's Trial/appeal attorney. See Prt 2 : 33 → 41.

22- For the reasons set forth above and the memorandum of law filed with this motion the plaintiff is entitled to a temporary restraining order requiring the defendants to permit a release from jail based on covid-19 very high plausibility to cause harm to plaintiff under such extraordinary circumstances and to arrange for the immediate preventitive measures in ¶ 21 above, Till the release or the conclusion of the case and this TRO. and put an end to compelling the plaintiff to harm himself while trying to do basic & necessary of daily tasks.

23- For the foregoing reasons the court should grant the plaintiff motion in all respects. pursuant to 28 USC 1746 I declare under penalty of perjury that the foregoing is true and correct.  -16-

Date:
plaintiff: Mostafa Kamel Mustafa
ADX Colorado.  Signed

MEMORANDUM OF LAW IN SUPPORT OF PLAINTFF'S
MOTION FOR A TEMPORARY RESTRAING ORDER AND PRELIMINARY
INJUNCTION
Statement of the Case

This is a civil right action brought under 42 U.S.C. §1983
by a federal prisoner who is severily disable with no hands and blind
in one eye, in ADX Colorado solitary confinement for the last 3 years
and denied the essential fittings and disability items against American
Disability Act and presently extremely vulnerable to sustain irrepair-
-able harm by the deadly COVID-19 pandemic because he is
not enabled to clean himself and environment and forced to use his
mouth and teeth to open and adjust food pouches unsterulized or cont
-aminated by ADX staff's gloves. And 62+ years with most of the
underlying chronical illness for the highest plausability of being harm
-ed by the pandemic, and accordingly, seeks a temporary
restraing order and preliminary injunction to ensure that he is
offorded the same relief of necessary COVID-19 based release from
Jail Prison as offored to other ADX in the same unit H who are
much less vulnerable than the plaintiff. And to be provided
with help, utility and to be assessed, evaluated by other than
ADX appointed doctor and occupational therapist to advise the
court and maintain his necessary health, safety and hygiene
while the Court dealing with the TRO and or the entire
case.

# Statement Of facts

As stated in the declaration, and the incorporated declaration of Prt 2, both submitted with this motion, The plaintiff health is poor and has all compounding conditions to easily and scientifically Categorize him as the most or one of the most vulnerable to be infected and harmed by the covid-19 pandemic. And thus in urgent need, by law and logic of priority for protection based on scientist guidelines and compatible with his disability rights as in ADA as an upper double amputee not a wheel chair user as the fitting done in his cell and the ADA justification to persist in denying him his essential items to clean and avoid injuries to himself. Also, a scientific fact that what he is compelled to do in opening food and commissary packages with his abrased Teeth, loosing many due to that, is illegal, harmful in the past and now in COVID-19 time and place DEADLY! and the law of average highly plausible sooner or later come the covid harm.

Also, facts from medical records all the plaintiff's Covid underlying hazardous health conditions and when combined with his disability and solitary, it is nothing short, to the lawmakers, executers, scientists and evaluators, of slow motion death penalty de facto, warranting the legal term "extraordinary and or compelling condition"

Also, a fact that assurances and guarantees given on plaintiff's extractions to US from UK to prohibit such harm to keep the reputation of Usa's word of honor and respect for human and disability rights intact. All the above facts supported by specific details and exhibits in the declaration. And also that the plaintiff is experiencing continued pain and imposed exposure to the pandemic by SAMs and ADX/O/BOP as in declarations and exhibits.

# ARGUMENT

## POINT-01-

~~THE PLAINTIFF IS ENTITLED~~ TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNTION

The most important factor for courts to determine whether a ~~party~~ is entitled to this application. is whether the party will suffer irreparable damage or harm. Other factors of lesser magnitude are: "Balance of hardships" between parties, the likelihood of success on the merits and the public interest. The plaintiff respectfully submits that his application is proportionate and fully compatible with the four factors and as follow:

A- The plaintiff is threaten with Irreparabl harm:
The plaintiff exhibited the facts of:
1- The scientifically proven Deadly / very harmful covid-19 pendemic infection and the fact that it ~~takes~~ many preventitive measures to avoide its harm including thorough cleaning and hygiene. to do, also, to avoide touching face, protect mouth, nose, eyes, and other measures. All need ability and utility which are not available to the sick and disable in solitary plaintiff since 2012. And as far as utilities the prison ~~safe~~ own note proves that the disabality items so far allowed to plaintiff are of no use or little to plaintiff protection see Exhibit 02 E when compared to the essential and denied in Exhibit. 02 A, B, C and D. The same for essential hygiene fitting like Toilet and the essential fittings

Contranvuited or unstrolyed

2- The plaintiff is compelled to open packages of food & comminssory and other tasks by his teeth against all covid-19 guide-lines.

19

- 3 - The plaintiff abraded cracked stamps and skin bleeds and open to infection at the least of contact or encounter.

4 - The plaintiff on top of that has most of the underlying hazardous chronich health illness as in records and over 62 of age. And that alone make him highly plausible, not just "possible" as the two denied notes by the warden, defendant Mr. B. True suggest and built his denial upon. See Exhibit 01 C and C. (Emphesis added)

In fact when this underlying conditions compounded with some or all the other: 1, 2, 3 it become just plain logic and evidently scientific that the plaintiff real "Risk Category" is very highly plausible or extraordinarly plausible, as such combination of cumulative hardships almost non-existing in any prison and in all civilized countries not permitted to occur or continue.

Furthermore, it is not yet known, even expected to be worsened, how the virus will behave during the flu coming season period, or second or third wave. And it is evident and exhibited from the reply to plaintiff's requests or remedies, before and during Covid-19, the dismissiveness and continuous deliberate indifferenc in depriving the plaintiff's least of his essential health, safety and hygiene utility or needs. And now the issue is DEADLY or the plaintiff to loose organ(s) or even a limbs but even the relief of release then is too late and illsreputed.

As a matter of law, the continuing deprivation of Constitutional rights constituts irrepairable harm, Elrod v. Burns, 427 U.S. 347, 373, 96 S. Ct. 2613 (1976).

-20-

This principle has been applied in Prisons Litigation generally, see Jolly v. Coughlin 76 F3d 468, 482 (2nd Cir 1996); Newson V. Norris 888 F2d 371, 378 (6th Cir 1989); Mitchell v. Cuomo, 748 Fed 804, 806 (2nd Cir 1984); McClendon v. Michigan v. city of Albuquerque 272 F.Supp. 2nd 1250, 1259 (DNM 2003), and specifically in Prison medical care cases. Phillips v. Michigan Dept of Corrections, 731 F.Supp. 792, 801 (W.D Mitch 1990), aff'd, 932 F2d 969 (6th Cir 1991). Also, tens of citations and rules of American Disability Act : Especially in the issue of <u>harmful</u> <u>discrimination</u> against a disabled prisoner.

In plaintiff's Case; I two kind of discrimination directly contributing to irreparable harm by Covid-19:

(a) plaintiff Disability together with Solitary Conditions and lack of basic fittings, items and help is deadly in Covid-19 and discriminatory as all non-disabled (able) prisoners can clean themselves, their places and not compelled to endanger their lives by using their teeth to open or use to adjust items/packages as the plaintiff un able to do what is required for safety and compelled to do what is very dangerous for getting Covid.

(b) some able prisoners in the same unit as the plaintiff has been granted the release sought without even the Multiple under-lying conditions for Covid-19 like Prisoner Ali Al-Timimi (as in declaration)

Such discriminations in a "Disparate impact" have an Un-lawful impact/effect upon a protected class, in this case the disabled vulnerable plaintiff. See McNally V. Prison Health Services, 46 F. Supp. 2d 49, 58-59 (D. Me. 1999) (prisoner with HIV who said he did not receive his medication while other prisoners theirs Stated an ADA Claim).

It is there fore magnified that the plaintiff is continuously subjected to an atypical and significant hardship and discrimination. And it is respectfully submitted that the set forth above could only mean that the plaintiff's exposure to COVID-19 harm is extraordinary and the irreparable harm is extremely highly plausible, close to imminent, as the law of average often proves right. Accordingly this application as an emergency has no other alternative.

Also, respectfully submitted that the unique condition of the plaintiff should allow the relief sought of: Release from prison as it is clear that any other relief can not reduce the plaintiff's extraordinary risk of COVID-19 harm, by any significant amount, or even be work-able; including assigning a "Case Master"; the not to keep redoing remedy for the same issues evidence for non-compliance by ADX, the missing essentials to date is another evidence for the same. (emphasis added)


And as the harm proven to be close to be hardly avoidable every hour or task the plaintiff compelled to do or spent in prison is unlawful. See. e.g. Pierce v. county of Orange, 526 F.3d 1190, 1208-13 (9th Cir. 2008) (finding ongoing violation with respect to exercise and religious access in segregation;), cert. denied, 129 S. Ct. 597 (2008); Benjamin v. Fraser, 264 F.3d 175 (2nd Cir. 2001) (affirming findings of continuing and on going violations). It is respectfully submitted that the plaintiff case is much more severe as it is life/death or permanent harm than the finding of the above violation and thus warrent the urgency of this TRO and the relief sought.

-22-

B- The Balance of Hardships Favors the Plaintiff

Law and courts' have held that if the plaintiff's suffering outweighs the non-moving party's hardship then his motion should be granted. See e.g. Michell V. Cuomo, 748 F.2d 804, 808 (2nd Cir 1984) (holding that dangers posed by prison crowding over weighed state's financial and administrative concerns); Duran V. Anaya, 642 F. Supp. 510, 527 (D NM 1986) (holding that prisoner's interest in safety and medical care outweighed state interest in saving money...) emphises added, quote omitted -

And more considering when particular class of Prisoners are more vulnerable than others like the sick and disable See eg. Pennsylvnia Dept of Corrections V. Yeskey 524 US 206, 118 S. Ct 1952 (1998) (ADA); Crawford V. Indiana Dept of Corrections 115 F.3d 481, 486 (7th Cir 1997) ("Rights against discrimination are among the few rights that prisoners do not park at the prison gate"

In this case, the present suffering for the absence of help and denial of his specific disability right to be safe and maintain hygiene has been multiplied many folds since COVID-19 and the regular injuries and abrasions to stumps and teeth have been described by Covid-19 experts as plausibly dangerous and when accompanied with the lack of cleaning and hygiene and covid-19 underlying health impairments in solitary; it is but "Extraordinary Exposure to COVID-19" means that the plaintiff is in extraordinary danger and to loose his life or limbs or organ(s) for the rest of his life i.e. extraordinary hardship:

-23-

While the "suffering" of the defendants is "zero" if they stop the discrimination and provide the relief of "COVID release" as they are doing to other prisoners in the same unit as plaintiff and are not as vulnerable or in the hardship of plaintiff. And also, more compatible with how the Courts in US and the world are dealing with prisoners at plausible, not just possible, risk of COVID-19.

However, if the plaintiff is to be harmed by COVID-19 he and/or his family will seek accountability and compensation for the discrimination against his release and adaptation back to his cell and conditions. And the hardship then will be extended to everyone including the innocent taxpayer.

Also, the same if the plaintiff is harmed or injured due to his disability and solitary without COVID-19 is consider-ed by US law and ADA to be cruel and punishable, as it is highly plausible and completely avoidable, even if COVID-19 and/or disability in solitary are only the *primary* cause, not the only cause, for the plaintiff's harm. See e.g.

"A release order must be supported by clear and convinc-ing evidence that "crowding is the *primary* cause of" the violation of a federal right" and "no other relief will remedy the violation" 18 U.S.C §§ 3625 (a)(3)(E)(i)-(ii).

The plaintiff respectfully submits that his conditions and his case for COVID-19 based release have manifestly surpassed the thresh-old of this rule and citation as the pandemic is much more dangerous than overcrowding based violation and is a national and international, not just local, problem. Accordingly the suffering of the defendants is only occurring and expanding when the relief sought in the motion by the movant is denied or delayed. And as self inflicting hardship is not rewarded by the court, Plaintiff's hardship is favored.

-24-

C. On the merits of preventing highly plausible harm Like the COVID-19 pandemic from causing irrepairable damage to a sick and disable in solitary custody of U.S Institution The plaintiff is likely to succeed on his Motion.

It is already seen and felt everywhere, including here in ADX most difficult unit H, on set forth regarding Prisoner A's and for others, that the honorable judges and present official that evident plausibility of being harmed by the pandemic is enough to warrant a release as a relief, without discrimination and not, so far, restrained by other then human rights and scientific facts.

What the defendants have done over the part 8 of the plaintiff's 16 years in prison is a deliberate and persistant miscategorization to the type of disability he has, avoiding in every remedy or reply to a request to mention or quote the specifics in law and ADA regarding the fitting items, help and care he is entitled to and refusing any independent or pre extradition, 2012, assessment or evaluation or established and provided daily care he is entitled to in prison, though US representatives in UK and EU Court impressed the judges that "the provided care is almost the same in US" Then they used the SAMs to prevent any help or human rights activists, attorneys or monitor. And now with the occasional visits from honorable Judge Hegarty they were further exposed and known to be evasive and ignoring his honor hard field-work; resulting in many prisoners strikes including the plaintiff one oct to Dec. 2019. And even worse now, in the epic of the Pandemic and high/extra ordinary vulnerability of the plaintiff to harm of the pandemic, the defendants still want to continue the violation and suffocation of the plaintiff. What they done and doing, in sum is full 8yrs of cant breath Deadly tactic against the defendant. Violation of Medical & disability right daily

Courts and this honorable Judges have strong words and rulings about such harming interference with health and safty entitlement. See e.g. "Intentionally interfering with medical treatment once prescribed" — was specifically singled out by the Supreme Court as an example of unconstitutional "diliberate indifference" to prisoners medical needs. Estelle v. Gamble, 429 US.97 S.Ct. 285 (1976).

And for failure to carry out physicians orders is unconstitut-ional See e.g. lawson v. Dallas county, 286 F3d 257, 263 (5th cir 2002) (disregard for follow-up care instructions for paraplegic); Lopez V. Smith, 203 F3d 1122, 1132 (9th cir 2000) (en banc) (failure to provide prescribed liquid diet for prisoner with and substitution of pureed diet that could not be drunk through straw, stated a claim of interference with prescribed Treatment); Boretti V. Wiscomb, 930 F.2d 1150, 1156 (6th cir. 1991) (Nurse's failure to perform prescribed dressing change).

The defendants at their various department subjected the plaintiff to all and more of the above, as in remedy and the main case, not only occasionally as in the above cases but for the past 5 yrs 24/7 in full impunity hiding behind SAM, and watility to suffocate the plaintiff voice and dispairse his endeavor, paper work. But the Continiuation of the multiple Violations to date entangled with the emergency of CoviD-19 in an almost de facto of a death-sentence left this motion as the only available shield and alarm and the sought relief of release as the only safe workable solution in the absence of any other effective applicable remedy. (emphises added)

Also. Supportive to the likely succeed on merit
is the argument the plaintiff presented to defendant B True
, the FDX Warden, in the request for Covid-19 bard Release on
July 15, 2020 and in part two in closed Prt: 21 → 31.

And plaintiff requested from this respected court
in this motion to include in the motion analogy without the
need to re-write for the reasons given there page 3.

In Sum, the argument there in its two points addressed:

a - the cost and benefit of the reliance sought

b- The security issue of the U.S. Citizen on the
plaintiff only Nationality is British, and never used
other than true identity, registard communicating and
uncoded and never disappeared or ever fail to present
himself to court, authorities even once in his life,
and that he is to be released to one of the strongest
ally to US, UK. who delivered in US sought extrudsion
but US never delivered on its assurance given for
compatibility of conditions of custudy with EU article 3.

Now, Addressing the suitability of this motion
for the First Order, the Release based on the Emergency
of Covid-19 and plaintiff Extra-ordinary Situation

⊢The honorable Madam judge Nina, Y. Wang allowed the plaintiff
to address the Court about the urgency of the Danger of Covid-19
in relation to his claim, pre to covid-19, but now manifested
the plaintiff extreme exposure and vulnerability to be harmed
by the deady/very harmful pandemic. It was on 8/25/20 Conference.

2 - However, it was clear from the phasing of the case that such an emergency life threatening matter together with the evident history of ADX defendants's dismissiveness of any grief or remedy that such highly plausable irreversible harms can/will not be prevented safely, or at all, through a prolong lawsuit and an emergency Motion like this is one, or the only available one now, to the plaintiff to endeavour to save himself and alert the respected court.

   3 - Especially, when the Defendant Warden B. True had dismissed his 92 pages compassionate release in part two in this motion and also the followed request for reconsideration and BP 8 and 9 twice see eg Exhibits. 01 C and G. July 24 & Aug 28. And in each denial advised to appeal by submitting BP9 Remedy which legally made this Court and this issue:

   (i) A part of the claim; if, as experienced and expected to be denied all the way up, this court will rule.

   (ii) The urgency of the pandemic and vulnerability of the plaintiff force the plaintiff to move this urgent matter to the attention of the respected Court for an appropriate resolution to match the merits of the law and his basic denied in discrimination right to live or be permanently harmed.

   Accordingly, sooner or later this respected court could or should rule. And the less harm, for all parties, is an urgent rule.

Foot note _____ (Misuse of SAMs by Deft's)

(1) The plaintiff apologizes to the respected court for the poor colour of the ink as the Warden and Staff defendants refusing to provide him with disability pen or any from Commissary to exhaust him and also the Court Judges eyes, even photo copies are done even more unreadable"

28

Not least when the ADX and/other courts has already ruled in identical issue and released from the same unit much in less danger prisoner(s), and their medical conditions and the lose of their Covid—19 release was only the "plausibility" of harm while the plaintiff presented a case of high or extraordinary case of harm. And that the virus could become worse during the flu season or other waives.

4- In fact, courts and prudent flexible judges are now writing a new unprecedented chapter of this part of the law, early release, proportionally and based on "plausibility" without unnecessary delay. Even faster than the famous over crowding release(s) for some states or counties because this pandemic is: (i) National/international matter
(ii) unpredictably dangerous.
(iii) very fast and difficult to control.
(iv) More to target the most vulnerable with underlying conditions or can not maintain any clean or hygiene or use masks or control of other preventitive measures like the plaintiff.
(v) Prison officials who are, or willing to, risk a highly plausible harm to a prisoner's are also in risk of undermining the law or its core merits as well as the reputation and/or burden of compensations to the harmed or his family, especially in a very well famous case like the plaintiff, monitored by all human rights and used now, in all extradition cases all over the world sought by US Gov't, causing denial of extradit-ion or extremely prolonged procedures, time, money and reputation to the unaware American citizen.

-29-

5- Prisoner Litigation Reform Act (PLRA)
Contains special rules for "Prisoner Release Orders":
Such orders are permitted only if:

(a) - Previous less intrusive relief has failed to remedy
the federal law violation in a reasonabl time. And provided for
much less danger, urgency than Covid-19 such as in "crowding"
and similar hazardous level of plausible harm to prisoner.

Here, the plaintiff respectfully submits that
Covid-19 is more urgent, Particulary to his compounded
Conditions And all of these Conditions are since 2012
, not new nor recent and the violations are past present and
The future scenario as proven from the long list of remedies and
requests the dysfunctionality of the relief system in Adx
under SAMs. (emphasis added)

(b) - When no other relief will remedy the violation.
The plaintiff respectfully submits that: although some relief
including releas or repetriation to England, by this respected curt
or another, The ADX and SAMs administrators had left it too late
to await such extensive litigations without the extraordinary Risk
of COVID-19 Death or irreparable harm to the plaintiff;
non of his fault and their neglegence does not leave much
room for the respected Prudent Judge(s) to maneavour too;
without providing the plaintiff Sought relief, or Share in
the Risk of rewarding the neglegence/violators in harming
the plaintiff. However, so far, Courts did not allow such
un merited Risk and the high number of Covid-19 based release;
including lifers in much less risk than the plaintiff, is a vivid
manifest of Prudence fully-Compatible with the merits of law any unassialable.

Ⓒ - Procedurally, in normal circumstances, not as danger or urgent as this pandemic, PLRA requires that prisoner release order be issued by Three-judge Court, which may be requested by either the moving party or by the district court see:

18 U.S.C §§ 3626(a)(3)(B)-(D) , and for example, Roberts V. County of Mahoning, Ohio 495 F.Supp. 2d 784-786 (N.D. Ohio 2007) (noting appointment of Three-Judge Court and entry of prisoner release order by consent).

Accordingly, if this respected court find that the release relief sought in this motion, for Covid-19 Compounding emergency with plaintiff conditions, beyond its scope only or can only be done by three-judge court, then, for the urgency of the life threatening high risk, the respected court should do so and consider that as an urgent request from the plaintiff who has no choice, time or other venue to avoid the imposed high risk of harm and also the prolonged existing one.

And whatever the mechanizm for the procedure will be, the merits of the US law and ADA and human rights promoted world wide and monitored by USA allows this motion to eventually succeed.

D - The Relief Sought Will Serve The Public Interest

1- "America must keep its promises" this is what Hon. Supreme court Judge Gorsuch said when recently returned the land to its own original owners after unnecessarily long legal battle.

Similarily the promises and undertakings and mutual understanding of the conditions of plaintiff's extradition from England to US have never been delivered or allowed to be examined by follow up human right activists as SAMs and ADX had always been weaponized to suffocate the plaintiff and his conditions

-31-

2- The horiffic Optex of sick and disable in US confine
- ment dying or severly harmed because he can not help himself
nor allowed any help against COVID-19 can never be in any
one's interest much less the public who hold their Govt
and Justice system to higher standard than other countries,
not least when US chastize and even impose Sanctions on
others for such inhuman episode.

3- Law makers and judges, the guardians of Justice, alike
repeatedly quoted stating "the constitution is the ultimate
expression of the public interest"

4- the plaintiff and his legal case, had been, and still,
the Centre of any extraditee's defense in UK and EU when sought
by US and could potentially end up in ADX and or under SAMs
And many sought Hackers extraditions has been denied
and still walking, working and never spent a day in trial
or prison for their alleged Crime because of plaintiff's
Known well to Courts new "Can't Breath" & its long situat-
-ion, and now the risk of COVID-19 death or harm can
never serve the public interest nationally or internationally.

5- In fact, undoutedly, this cart is now, in COVID-19 plaintiff'
s sought relief has become the public interest saveior and
restorer regarding this matter and intangled issue, its
Past, Present and future record. At least when not allow-
-ing adversaries of US to weaponize the highly anticipated harm
of the plaintiff to justify their own disregard to human rights and
or even in treating US prisoners abroad; mistreatments or subject
-ing them to risk or deny their repatriation to their land.
      ( Emphases added )

Respecfully it is, therefore, Submitted that the four issues of
point one of this motion argument; A, B, c and D Prove Supportive
Of this motion to succeed and sarpass the obstacles.

## Point Two

## THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

In view of the serious pandemic urgent danger compounded with the specific multi underlying health, disability and solitary confinement situation, confronting the plaintiff, the Court should grant the relief sought without requiring the posting of security because of disability allowances discretion and the evident favour of balance set forth. e.g. See Elliott v. Kiesewetter 98 F.3d 60 (3rd Cir 1996) (stating that district courts have discretion to waive the bond requirement contained in Rule 65 (C) of Federal Rules of Civil Procedure if "the balance of the equities weighs overwhelmingly in favor of the party seeking the injunction"; Moltan Co. v. Eagle-pitcher Industries, Inc. 55 f.3d 1171, 1176 (6th Cir 1995). The issues here in this motion are but clear-cut of basic well established administrative practice violated by SAMs and ADX defendants imposing life threatening impairment upon the plaintiff.

## Point Three

The plaintiff Is Subjeted Since His Food Strike And The launch of His Law Suit Enormous Impedemauts To His Remedy, Requests, Legal And Court Work By Misusers Of SAMs and ADX Staff Likely To Make His Harm By CoVID-19 Undocumented or Litigated.

The context and implication of this point caption are yet another recent but important reason for the need of this motion to succeed; as it is clear that the defendant(s) are expanding in their violations against the plaintiff by monopolizing and interfering in legal & remedy work and exploiting plaintiff disability and SAMs suffocation to further impede his limited ability to address the court and/or his federal case New york attorneys.

In short, plaintiff now, is not receiving reply to his BP9 or BP10 timely or at all, and when try to go higher level as the time rules are broken the work still rejected as no replay is attached and, occasionally the attached reply is snatched before sent by SAMs operatives. The same with legal mail some papers are also, snatched though it is in closed envelope! Court papers are not ever treated as legal mail or opened before plaintiff in or out and stays open in position of SAMs. Some pages are recopied and sent hard to read to exhaust court judges to read. Disability pen or rubber rings for prosthetics never provided since Jan 15, 2020 causing severe pain to put pressure on security pen feasible only for strong handed person, further damaging the plaintiff shoulder. Even request(s) to defendant B. True, the warden are & intercepted and papers taken or pretended not to be received after he already sent his denial! Twice! Such as part two of this motion the original request for release, handed with certificate of service on July 15, 2020, then denied on 7/24/20 then denied again on 8/28/20 after a reconsideration request, yet after 2 months returned to plaintiff by counselor with ambiguous sticker "request is not there"!

-34-

The ADX and SAMs operatives are now in concerted effort to hide the Truth by all means; as the large documented Cumulative of systematic Malpractice, Violations and even bullying still continuing persistantly prove: it is (all but certain) a matter of when, not if, the plaintiff will be harmed by Covid-19.

The plaintiff also, need to stay safe to prove his innocence from the federal conviction; he is awaiting Crucial Brady hidden material, still to file in Jan 2021 his appeal for Rule 33 new trial and may be after Certivui and 2255 and other litigations in civil matters

—— CONCLUSION ——

Finally, the seriouse harm on the movent, and it's implication on the national and international perception of USa worthness of assuring extradition covent, and standards of human & disability rights require the utmost prudent endeavour to provide a resolution preventing the harm and its risk not only for the defendants and plaintiff but also what this country promots and stands for.

For the reasons set forth in this motion, the plaintiff respetfully submits that his suffering and extra ordinary risk of Covid-19 harm, this respected Court Should afford him the entitlement of temporary restraining order and grant the relief sought as the only and least intrusive measure to all parties, in all respects, and entirety.

Persuant to 28 U.S.C. §1746 I declare under penalty of Perjury that the foregoing is True and Correct.        Date: 9-15-2020. Signed:

Address: As Front page (ADX. Colorado).

-35-

# TRO
## List of Exhibits

— Exhibit 01 (A, B, C, D, E, F, g)                    page 37 — 43
   2nd request to warden, denial, Reconsideration, 2d denial

— Exhibit 02 (A, B, C, D, E, F) Example of
   persistant Mali practice not providing disability fittings or
   items even in Covid 19 Danger                      44 — 49


— Exhibit 03 (A, B, C, D) : Re challenging
   SAMs & ADX Designation harm in Covid Time          50 — 54

— Exhibit 04 (A, B, C, D, E, F) food issues
   imposing highly dangerous Covid exposure           55 — 61


— Exhibit 05 (A, B, C) Kitchen non-
   -compliance & Covid-19 exposure                    62 — 64


— Exhibit 06   Copy of Request fore Covid-19
      envelope  to Warden VIA SIS (July 15, 2020)  65


— Exhibit 07  Copy of the request's certificate
   of Service to Warden and sis  July 15, 2020 , 66
### END OF TRO PART 1

(Exhibit 01A)



**FCI Florence, CO**

Form:  Inmate Request for Compassionate Release Consideration

| TO: Mostafa | DATE: July 23, 2020 |
|---|---|
| FROM (print): Mostafa Kamel Mostafa | REGISTER NO: 67495 054 |
| Signature: | UNIT: H |

<u>Instructions</u>: In order to be considered for Compassionate Release, you must complete this form and send it to the Unit Team.  The information will be used to determine if your request for Compassionate Release meets the minimum guidelines for consideration, as referenced in the <u>Program Statement 5050.50, Compassionate Release/Reduction in Sentence</u>.

1.    Check the category you are requesting Compassionate Release Consideration: **(only one per request)**

☐ Request based on Medical Circumstances
   ☐    Medical Terminal (estimated life expectancy of 18 months or less) _____
   ☑    Medical Debilitated (completely disabled, unable to perform activities of daily living and totally confined to a bed or chair OR only capable of limited self-care and confined to a bed or chair more than 50% of waking hours)
☐ Request based on Non-Medical Circumstances-Elderly Inmates
   ☐  Request based on Elderly Inmates over 65 with Medical Conditions who have served more than 50% of sentence
   ☐  Request based on inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced
   ☐  Request based on Elderly Inmates over 70 who have served 30 years or more of their term of imprisonment (offense that occurred on or after November 1, 1987)
☐ Request based on Death or Incapacitation of the Family Member Caregiver where you are the only caregiver for your minor child
☐ Request based on Incapacitation of a Spouse or Registered Partner where you are the only available caretaker

2.    Explain the extraordinary or compelling circumstances, which could not have been foreseen at the time of your sentencing you believe warrant Compassionate Release consideration. Continue on back, if necessary. The sudden Pandemic Covid-19 made me at the top of every Vulnerable Criteria of getting infected die or harmed (see behind)

3.    Explain your proposed Release Plans and continue on back, if necessary.  The information should include the following detailed information:

1. Address and phone number of where you plan to live.
With my extended family in Britian, London, at 9, Aldbourne RD. W12 0LW
Phone: 01144 208 743 6907

2. Your family supports in the community.
Wife 9 children, 9 grand children all British citizens most are working many highly educated all supporting me, send money and always help in any

3. How you plan to cover your medical expenses and support yourself. / health & this setting
All Medication and Care (as well as finance) are funded from U.K Gov't and extra Care are provided for sick and disabled free

4. Where continued health treatment and services will be received.
As always at family home and Carer(s) paid by Court even if they are family members (UK Law)

**Sensitive Limited Official Use Only**

Exhibit 09 B

I am severily disabled with no hands toes and arms, my skin
is also impaired by psorises and excessive over heating and sweating
because of hyperhyrasis which means I can not wear my prosthetic
for more than 20 minutes every hour, nor I can use sock inside
and I have to use my stumps most of the times with my
teeth to do almost all my daily tasks except eating & writing.

And because of that it is well documented and easily
seen the abrasion of my teeth, Gums, stumps, skin cracks
and bleedings are daily occurrance. And now, in covid-19
taking anything from staff (food, comunion, items papers)
with their unsterilized gloves straight into my mouth and
abraded stumps or Gum is one of the most prohibited action
and hazardous even to most healthy people.

Health   I am also blind in one eye and poor in the other
and such causes more accidents and cuts, bleeding and dirt.
I am also with most of the hazardous underlying conditions =
overweight, Diabetic type2 and elevated blood pressure
(20 yrs) and arthrises in Kees and shoulder.

I do not have disable toilet to clean myself or shower
to clean the area I can not reach even by prosthetic.
or shelves to place the items at space and position where
I can use them without need to adjust with my mouth.
— I can not wear mask by myself, keep distance from staff
or wash my stumps or avoid touch my face as I am
in solitary with no help, no fittings or items for safety
and hygiene particularly compatible with Covid-19 and
my very rare type of disability. The above means that
if I do not have 24/7 full care in daily task & it will
be when not if I get the virus, means death or more
disability.. I have also submitted 92 pages request to
the respected Warden on 7-15-2020 with more details and
exhibits of proofs. Respectfully
                                    I'm   7/23/2020

*( Exhibit of C )*



**U.S. Department of Justice**
Federal Bureau of Prisons

Federal Correctional Complex Florence
☒ *Administrative Maximum Security Institution*
☐ *High Security Institution*
☐ *Medium Security Institution*
☐ *Minimum Security Institution*

---

*Office of the Warden*

*5880 State Highway 67 South*
*P.O. Box 8500*
*Florence, CO 81226*

July 24, 2020

Kamel Mostafa Mostafa, Register Number 67495-054
United States Penitentiary, Administrative Maximum (ADX)
P.O. Box 8500
Florence, CO 81226

Dear Mr. Mostafa,

Consideration for your release has been given careful review under the following provisions.   Title 18, United States Code, Section 3582 (c)(1)(A), and Bureau of Prisons' Program Statement 5050.50, <u>Compassionate Release/Reduction in Sentence</u>, Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as an elderly inmate with medical conditions.

The Bureau of Prisons is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates.   We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus.   However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.   Your request failed to provide adequate and sufficient information set forth regarding the RIS request.   Accordingly, your Compassionate Release request is denied at this time.

You may appeal this decision through the Administrative Remedy Program.

Sincerely,

B. True
Complex Warden

*Derived on July 30, 2020*
*4:20 pm*
*by SS's Foster*

*- 39 -*

(Exhibit I D)

Request For Reconsideration for

The Denial of Covid-19 based Release

To: Respected Warden B. True          Aug 5-2020

From: Mostafa.K. Mostafa # 67495-054 H-511

On July 15,2020

1- I Submitted 92 pages of declaration, exhibits and evident argument for my extreme vulnerability to be infected and badly harmed by Covid-19 in ADX.

2- I was also, provided with ADX one page form about the early release on Thursday July 23, 2020 which I filled and returned 7-24-20. But it was denied the same day.

3- The Denial never reasoned the speed of denial nor the 92 Previous request, nor the DeFacto Death penalty by Covid-19 evidence such as:

ⓐ my several under Lying health issues.

ⓑ Never mentioned/addressed my severe disability, lack of fitting or items to clean my self, place or follow safe Covid-guid-lines to stay safe.

ⓒ my harsh prolonged solitary Confinment which force me to open or adjust every items by my mouth. no help in any thing

Conclusion: It is respectfully Submitted that under the above evident reality I am in danger and a detailed reconsideration is required. Respectfully I'm

*COVID-19 Release reconsideration* *(EXHIB 01 E)*

# FEDERAL CORRECTIONAL COMPLEX
## FLORENCE, COLORADO
### INFORMAL RESOLUTION FORM

*(See Attached) Reconsideration*

_Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner._

Inmate Name: Mostafa K. Mostafa     Reg. No.: 67495-054

Unit: H     Date: 8/21/20

NOTICE TO INMATE: Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below: *Denied/unanswered Reconsideration for Covid-19 based*

1. State your complaint (single complaint or a reasonable number of closely related issues): *Release, see attached. My requests on July 15 and July 24 2020 for Release from ADX, because of Right/Disability and Solitary condition were denial. Then I sent a request for Reconsideration and scientific explaination on Aug 5 and gave copies to case manager as well [illegible]*

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: *please, provide/allow to release on a proper scientific answer to my 92 + 96 pages scientific based request not just one sentence general answer denial [illegible]*

Inmate's Signature: _____     Date: 8/21/20

Counselor's Signature: _____     Date: 8/21/2020

Department Involved: _____     Date Assigned: _____     Due Date: _____

Department's Response regarding Complaint: *Please refer to the memo you were given pertaining to your denial. Your denial is based off of policy and procedures.*

Department Head Signature: _____     Date: _____
Unit Manager's Review: _____     Date: 8/26/2020
Informally Resolved: _____     Date: _____

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/12/2020 | 8/25/2020 | 8/26/2020 | | |
| TIME | | | | | |
| COUNSELOR | | | | | |

FCC 1330.18C     Administrative Remedy Program     Attachment 1

-41-

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

(Exhibit 01
CoViD-19 Release Application

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Mostafa . K. Mostafa          67495-054          H          ADX Co.
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST** The answer referred to was not scientific nor addressed any of the main issues I raised. And now even proven discriminatory against me & my Covid 19 serious documented Underlying health conditions as : ① severely disabled in long solitary confined (no hands or help) ② Diabetic ③ High Blood pressure ④ Skin problems occasionally bleeding due to abrasion for trying to clean / help myself in solitary ⑤ having to use my mouth and teeth to open items from kitchen / commissary almost contaminated direct to mouth ⑥ over 62 yr . etc. And that court ordered the covid based Release from this # unit recently to some inmates who are younger much healthier Not and not disabled. Please provide legal - medical based Release or an answer

8-27-20
DATE                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____
DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER          -42-          BP–229(13)
APRIL 1982

*(Exhibit 1.G )*



**U.S. Department of Justice**
Federal Bureau of Prisons

Federal Correctional Complex Florence
☒ *Administrative Maximum Security Institution*
☐ *High Security Institution*
☐ *Medium Security Institution*
☐ *Minimum Security Institution*

*Office of the Warden*                    *5880 State Highway 67 South*
                                          *P.O. Box 8500*
                                          *Florence, CO 81226*

August 28, 2020

Mostafa, Kamel Mostafa, Register Number 67495-054

Dear Mr. Mostafa,

You requested a reduction in sentence (RIS) based on concerns about COVID-19.   After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.   BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.   Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates.   We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus.   However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.   Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

Sincerely,

B. True
Complex Warden

-43-

*Exhibit 02 A*

*Covid-19 Disability Essential Fittings*

## FEDERAL CORRECTIONAL COMPLEX
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

*Notice to Inmate:  Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Mostefo . K . Mostafo   Reg. No.: 67495-054

Unit: 11   Date: 8 - 20 - 20

NOTICE TO INMATE:  Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor.  Please follow the steps listed below.

(Covid-19) Need Safety & Hygiene Preventing infection fitting.

1.   State your complaint (single complaint or a reasonable number of closely related issues): As a disable with no hands I previously requested many health, safety, and hygiene fittings but always denied for remedies. & Am now still in solitary and most Covid-19 vulnerable inmate And I need the fittings to maintain what I can of the recommended protecting quidelines.

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page.  You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2.   State what resolution you expect: Please fit/install in my cell the needed fittings for a disable upper amputee such as: Disabled toilet. continuous water in Sink and shower (lever faucet) on hinge, Sink table and shelves and Rail .

Inmate's Signature: _____   Date: 8 - 20 - 20

Counselor's Signature: _____   Date: 8/25/2020

Department Involved: Medical   Date Assigned: 8/25/2020   Due Date: 8/28/2020

Department's Response regarding Complaint:   Hello- I spoke with you on rounds today 8/28/20, I will follow up with your request.  I will get with Doctor Oba and see what our next steps will be.  Thank you. A. Fellows

Department Head Signature: _____   Date: _____
Unit Manager's Review: _____   Date: 8/28/2020
Informally Resolved: _____   Date: _____

| | BP-9 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/25/2020 | 8/25/2020 | 8/28/2020 | | |
| TIME | | | | | |
| COUNSELOR | | | | | |

FCC 1330.18C   Administrative Remedy Program   Attachment 1

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*(EXHIBIT 02)*
*(COVID-19 Disability fittings)*

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Mostafa, K, Mostafa    67495-054    H    A.D.X Con

     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** Thank you for the answer. However please remember that all the mentioned fittings are essential for my health, safety, and hygiene as as double upper amputee poorly sighted. But now became more of life threatening if not fitted urgently because of Covid-19 and my SAMs solitary confinement. So please do the fittings ASAP:

(1) Disabled toilet with washing facility (2) Sef Sink continuous water outlet (3) Shower continuous water (4) Table size bigger

8/28/20 (5) Shelves (6) Rail chest level. To avoid more injuries, bleeding and for hygiene (thanks)

    DATE                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

 

    DATE                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**       CASE NUMBER: _____

                               CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

    DATE        -45-        RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                        BP–229(13)
                                        APRIL 1982

*(Exhibit 2, C),*

*COVID-19 And Disability Items See attached list*

# FEDERAL CORRECTIONAL COMPLEX
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

**Notice to Inmate:** *Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Mostafe .K. Mostafo  Reg. No.: 67495-054

Unit: H  Date: Aug 28, 2020

**NOTICE TO INMATE:** Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below: Renewing Request For needed Disability Items As COVID is Raging USA

1. State your complaint (single complaint or a reasonable number of closely related issues):
I requested seven essential items for my disability since 2015 admission to ADX and provided a list to Medical and formal department and done remedies but to no avail. As Covid 19 is now raging in US and my underlying Vulnerability the items are now more essential

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: (See attached list of items essential for my health safety and hygiene as I am disable in solitary with no help Please provide the needed items ASAP Thank

Inmate's Signature: _____ Date: 8-28-20

Counselor's Signature: _____ Date: _____

Department Involved: _____ Date Assigned: _____ Due Date: _____

Department's Response regarding Complaint: No answer yet But Ms Follows came to my cell on 9/8/20 and acknowledged she received and sent the needs to SOBA more time She said to sirius with the counselor filing Inmate NA at m the sappied? requesting 9/15/20

Department Head Signature: _____ Date: _____
Unit Manager's Review: _____ Date: _____
Informally Resolved: _____ Date: _____

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/28/2020 | | | | |
| TIME | | | | | |
| COUNSELOR | | | | | |

FCC 1330.18C         Administrative Remedy Program         Attachment 1

(Exhibit 02)

COVID-19 Related Request to Warden, Legal Dpt and Medical Dept Regarding Health, Safety and hygiene Disability Items
(please see BP8 also attached) Aug. 28, 2020

List of items.                    Needed For

1- Soap pump x2          one for body another for cleaning
2- Electric flossing toothbrush.    Daily hygien

3- Usable hair Brush        Combing & Shower clean
4- Battary hair trimmer      For private, area and under arms and Rotigrous
5- Regulary Rubber Rings     (To be able to safety
6- Easy Writing pen          use prosthetics )

7- Disability Eating - Utensiles    Safety so hygien
plates Tray - Spork
8- Pouch $/closed food drink       (To avoid opening with
Commissory items opener        my teeth unsteralized
                               and teeth harming Items)

9- Pants Suspenders to reduce
having to lift up very frequently    abraded bleeding Stumps
10- Cell Cleaning tools and items → To use Safely and
Compatible with my prosthetics    Clean hygienically

11- Easy placed bed sheets (elastic     to enable daily
on corners) and Pilow cases        ensure frequent change
12- Easy Wear Socks             To avoid
(Diabetic Compatible)         . using prosthetics and Coursing leg foot injury

Notice: please, notice and find in your records similar Pre-covid-19 requests and remedy for the same above. And Accordingly provide the items or scientific, medical or legal reason(s) for denying the item(s)

(Thank you)      Respectfully
                  I/M
                  Aug 28, 2020

-47-

(EXHIBIT 02 E)

## Bureau of Prisons
## Health Services
## Medical Duty Status

| Reg #: 67495-054 | Inmate Name: MOSTAFA, KAMEL MOSTAFA |
|---|---|

**Housing Status**

___ confined to the living quarters except ___meals ___pill line ___treatments    Exp. Date: _____

___ on complete bed rest: ___bathroom privileges only    Exp. Date: _____

**X** cell: ___cell on first floor ___single cell **X** lower bunk ___airborne infection isolation Exp. Date: _____

___ other: _____    Exp. Date: _____

**Physical Limitation/Restriction**

___ all sports    Exp. Date: _____

___ weightlifting: ___upper body ___lower body    Exp. Date: _____

___ cardiovascular exercise: ___running ___jogging ___walking ___softball    Exp. Date: _____
     ___football ___basketball ___handball ___stationary equipment

___ other: _____    Exp. Date: _____

**May have the following equipment in his / her possession:**

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Alternate Institutional Shoes | 09/17/2019 | | |
| New shoes given 9/17/19 | | | |
| Shower Chair/Bench | 12/17/2018 | 02/05/2020 | |
| One shower chair with arm rest provided. | | | |
| Personal Adaptive Equipment | 02/24/2015 | | |
| Patient issued built-up handles for spoon and ink pen. | | | |
| Prosthethic Device | 03/15/2013 | | |
| A new Left forearm prosthetic provided to inmate. | | | |
| Eye Glasses | 10/06/2012 | | |
| Prosthethic Device | 10/06/2012 | | |
| Inmate has amputation of both fore arm. Use Prosthetic Device (to substitute hand function). Waiting on US Marshall to bring it over (Per CMC & Captain) | | | |

*(Returned to Medical unit Used + useless for upper amputee)*

**Work Restriction / Limitation:**

Cleared for Food Service:   **No** _____

| Restriction | Expiration Date |
|---|---|
| No Duty | |

**Comments:**   Per Captain & HSA it is approved due to medical disability to allow inmate 1 BiC pen in cell. The pen will be exchanged on a 1:1 basis with the Counselor. If altered, lost or found in another cell- inmate will not receive any additional and MDS will be removed.

| **Alms, Sara RN** | **08/19/2020** |
|---|---|
| Health Services Staff | Date |

| Inmate Name: **MOSTAFA, KAMEL MOSTAFA** | Reg #: **67495-054** | Quarters: **H05** |
|---|---|---|

***ALL EXPIRATION DATES ARE AT 24:00***

—48—

(Exhibit 02 F) Page 3

MOSTAFA, Mostafa Kamel
Reg. No. 07495-054

Unit: __FLM/H UNIT__

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

This is in response to your Inmate Request to Staff Member, which is dated November 29, 2015, and received in this office on December 1, 2015. You provide a list of requested items you are seeking to accommodate your physical disabilities.

At this time, each individual request is being reviewed. You will be notified once decisions have been made concerning each request.

K. Klett, Attorney Advisor
CLC Colorado

Date: 12 / 1 / 2015

(Exhibit 03 A)

# FEDERAL CORRECTIONAL COMPLEX
## FLORENCE, COLORADO
### INFORMAL RESOLUTION FORM

_Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner._

Inmate Name: _MOstafa K. MostaFa_   Reg. No.: _67495-054_

Unit: _H_   Date: _8/19/20_

NOTICE TO INMATE:  Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor.  Please follow the steps listed below:

1.  State your complaint (single complaint or a reasonable number of closely related issues):

_SAMs Conditions is unsafe in Covid-19_
_SAMs military compliance to gather with my Multiple hostility and disability health conditions are very dangerous physically & emotionally psychologically_

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page.  You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2.  State what resolution you expect: _SAMs to be lifted_
_Or adjusted to avoid such conditions for medical and Safest_

Inmate's Signature: _____   Date: _8/19/20_

Counselor's Signature: _____   Date: _8/15/2020_

Department Involved: _____   Date Assigned: _____   Due Date: _____

Department's Response regarding Complaint: _You are not placed on an SAM by The BOP. This is done by an outside agency. The BOP only houses you according to you SAM. This can not be handled at this level._

Department Head Signature: _____   Date: _____
Unit Manager's Review: _____   Date: _8/19/2020_
Informally Resolved: _____   Date: _____

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/15/2020 | 8/15/2020 | | | |
| TIME | | | | | |
| COUNSELOR | | | | | |

FCC 1330.18C   Administrative Remedy Program   Attachment 1

-50-

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*EXHIBIT 13*
*COVID-19 And SAM*

**REQUEST FOR ADMINISTRATIVE REMEDY**

*BP8 Attached*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Mostafa, K. Mostafa    67495-054    H    ADX-CO

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

The answer is too general, and does not address my health and safety under SAMs confinement in covid-19 dangerous time. My disability and underlying multiple hazardous to covid-19 are well documented and simply mean that SAM isolation imposed is a "de-facto" of Death sentence illegal and immoral by ADX and SAMs

8-20-20

DATE            SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**      CASE NUMBER: _____

                       CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE         RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN       PRINTED ON RECYCLED PAPER

*(Exhibit 03 ~~#~~ C)*

## FEDERAL CORRECTIONAL COMPLEX
### FLORENCE, COLORADO
### INFORMAL RESOLUTION FORM

**Notice to Inmate:** *Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Mostafa v. Mostafa  Reg. No.: 6-7495-05 U

Unit: 11                         Date: 8-19-20

**NOTICE TO INMATE:** Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

Designation to ADX not suitable for Covid-19

1. State your complaint (single complaint or a reasonable number of closely related issues): As I have all the symptoms and underlying Covid-19 issues and disabled in it is very dangerous for me to be safe in this condition.

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: I would like ADx Desgnat you to be changed

Inmate's Signature: _____  Date: 8-19-20

Counselor's Signature: _____  Date: 8-19-2020

Department Involved: _____  Date Assigned: _____  Due Date: _____

Department's Response regarding Complaint: See attached response on back of Page

Department Head Signature: _____  Date: 8/20/20
Unit Manager's Review: _____  Date: _____
Informally Resolved: _____  Date: _____

| DATE | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|------|----------------------|----------------------------|----------------------|----------------------------|--------------|
| DATE | 8/13/20 | 8/19/20 | 8/20/20 | | |
| TIME | | | | | |
| COUNSELOR | | | | | |

FCC 1330.18C          Administrative Remedy Program          Attachment 1

*52*



(Exhibit 03 D)

Your placement at the ADX is deemed appropriate at this time. The ADX currently does not have any cases of COVID-19. In the event you develop symptoms, please notify staff promptly to conduct an assessment. Health services follows guidelines provided by the CDC and will manage your condition and symptoms appropriately based on guidelines.

8/20/20

MENT OF JUSTICE *(Exhibit 03 E)* **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

COVID-19 & Designation

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Mostda, K + Mostda | 67495054 H | ADX Co.
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A– INMATE REQUEST**
The Typed answer (attached) Does not address my extream vulnerability to Covid-19 as severely disabled in solitary and have almost all the underlying hazardous health conditions all recorded. And that it will be already too late once I catch the virus! The provided medical advice is wrong and unscientiffic. Designation should be changed.

8/20/20 | DATE | SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

                                               CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                    PRINTED ON RECYCLED PAPER                54                    BP–229(13)
APRIL 1982

*Exhibit 04*

# Bureau of Prisons
# Health Services
# Modified Diet Request

Types of Diets:

| | | |
|---|---|---|
| ___ | Clear Liquid | Exp Date: |
| ___ | Low Fat | Exp Date: |
| ___ | Mechanical Soft | Exp Date: |
| ___ | Low Cholesterol | Exp Date: |
| ___ | Low Triglyceride | Exp Date: |
| ___ | Renal | Exp Date: |
| ___ | Full Liquid | Exp Date: |
| ___ | Sodium Controlled | Exp Date: |
| ___ | Snack | Exp Date: |
| ___ | Diabetic | Exp Date: |
| ___ | Calorie Controlled | Exp Date: |
| ___ | Other: | Exp Date: |

Comments:    All prepackaged religious food will be opened by food service workers in a certified foods kitchen and place into easy access containers.

Sterett, Justin MD
Health Service Staff

MOSTAFA, KAMEL MOSTAFA              67495-054                    01/23/2020
Inmate Name                              Reg#                        Date

Generated 01/23/2020 14:12 by Sterett, Justin MD       Bureau of Prisons - FLM                    Page 1 of 1

Exhibit 04-A
COVID hazard

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Mostafa, K. Mostafa _____ 67495-054 ___ H ___ ADX-CO

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** Please find attached a Deny note by Counsel.
I do thank and appreciate the answer and endeavour of Regional office and
for providing me with the detailed Copy of my diet and manner I should be
provided (never had before).                    However, what is detailed of
the itemized diet attached never took place but one day only (maybe in
a time her inspection!). the only food that is placed in a different
Container is Milk. all other foods are open/partially opened where I
have to use my teeth and strings to open or complete open. Even today
Thursday 8/13/20 at lunch time Sardine pouch only one with opened all food
& orange bread full of sardine oil very messy, slippery unysalo-
when K. showed it to C/O Coultrec he said Oh can't touch it
and advised me to keep it displayed in my window for tomorrow
8-13-20 staff rounds with my many many issues,
please make sure rules are followed.

DATE                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____ )
DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                              CASE NUMBER: _____

Return to: _____ — 56 — _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

*Exhibit 04 B*

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**:  1005228-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on June 22, 2020 in which you claim that Food Service is removing all of your food items from the original packaging before being served.

The information presented in your Regional Administrative Remedy Appeal and the Warden's response was reviewed.  The response provided to you by the Warden adequately addresses your concerns regarding this issue.  Food Service is adhering to the Health Service Medical Duty Order to accommodate your disability as well as meeting the needs of your Religious dietary needs.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.  Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

6/13/2020
Date

J.E. Krueger, Regional Director

*Delivered*
*8/12/2020*

*(see Delay rest attached)*

-57-

*Exhibit 04 C*
*COVID Hazard*

**U.S. Department of Justice**                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Mostafa, K. Mostafa    67495-054    H    ADX Colorado
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

The answer does not address the issues.
I am on therapitic diet and should have the food items
opened and out of plastic/pouches. I can not negotiate
any partially opened (top not fully removed) or take
food out with all messy finish first Jelly. mixed
together. Also, staff in H unit say its "not their job"
"it's not a hospital" The food is wasted!

6/12/2020
    DATE                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Regional office
Received it JUN 22,20

_____                    _____
       DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY            CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**
                                         CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____                    _____
       DATE                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                               BP-230(13)
                                                         JUNE 2002

*Exhibit 04 D*

**BP-229 Response**                                        **Case Number: 1005228-F1**

Your Request for Administrative Remedy dated January 29, 2020, and received in the Administrative Remedy office January 31, 2020, has been reviewed.  Specifically, you claim your food is being opened, per the Medical diet order, and it is saturating your other food.  As relief, you request another practical solution.

A review of the issue raised in your Request for Administrative Remedy has been conducted.  The results of the review revealed Food Service is adhering to the Health Service Medical Duty Order and Religious Services recommendations to accommodate your disability and meet the requirements of your religious dietary needs.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response.  You will need to submit a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas  66101-2492.

_____                    _____
B. True, Complex Warden                                         Date

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

*Exhibit 04 E*

*Food I can't open or eat*

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Mostafa, R. Mostafa        67415-054   #        ADX. Cox

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST** Yes, thankfully after all these years kitchen started opening items I can't open or eat. From monday Jan 20-20, However, I still can't use even some of the "half-opened" items such as bread or even touch other items because of the fluids inside the pouches get mixed with all the Tray items and everything becomes messy sticky and smelly, like the fish pouches, Jelly, Saled creams, etc.

Taking in Count my disability (no hands and half blind) and have no help or helping tools to clean cell or even 1-29-20  my prosthetics, etc. please apply more

DATE        Practical solutions (thank        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Received
JAN 31 2020
Admin Remedy

---

DATE        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: 1005228-H

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

(EXHIBIT @4 F)     (61)

S/S please scan, return and send to Medical Dept, Kitchen

To: <u>2nd</u> : Whom it May Concern   5/4/2020
including Medical Dept., Kitchen, Dietion and Warden

From: I/M  Mustafa # 67495-054   Unit H-Cell 511

Subject: Un Manageable Safety & Hygien issues in present
Food Trays

1- I am severily disabled (no hands and vision impaired) and
recently in Feb 2020 was assigned to a Therapy Diet
and signed permission to open, in Kitchen, my KOSHE
food items.

2- However, since then Multiple un manageable safety an
Hygiene developed make it very difficult, unsafe to
handle or reach the food nor consume it.

3- For example (but not limited to): (a) Some items are not alwa
opened and I still have to use my stumps and teeth
(b) even worse Most opened items are only partially
opened and fluids, oil and content all mixed in
the star tray, make everything untouchable
without dirting cloth, cell, body and distroying
the food itself.
(c) over heated hot trays (at least 3x weekly) fragments
parts of the tray to all size sharp razor parts
I can feel some in my mouth but not all
(this issue is persistant I made many "remedy"
(d) When I ask for safer tray many times (I do not)
and have to go without food.

Request: As all above, and I am now in "Therapist diet
Could you please get me my disability plates
and tray and put the food in from Kitchen.

And, as for now, Temporary Measure to open all the
food and place it inside a standard Kitchen Hard tray
(no plastic or papers) until a decision is made on
my disability. I am again becoming fearful and phobic

(Exhibit 05 A)

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons   Covid-19 Kitchen (Wisconsin) non-compliance

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Mustafa, Kamor, Mustafa          57495-054     A'     ADX. CO.
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT       INSTITUTION

**Part A - REASON FOR APPEAL** The answer is general and not true. And Can
be easily checked by camera footage. Even today Aug 13, I can only
provided one stire paper tray for the cold food which contains so
many items all packed in plastic : Jelly, butter, bread, 3X Fish
pouches, Once pologanea, once or twice peanut butter, Salad Creamy,
Mastard and salt, pepper, Coffee, baverage sachets... The only
item open and place inside other "easier" container is milk and
in paper cup. Best as retaliation for my request of other
items are either never opened or opened in a way that Can not
get the food out and have to complete the opening by my teeth
(i.e COVID-19 hazardous). And certainly never placed in
any other place. Most of the time all tray
food items oiled, mixed unusable.

8-13-20
DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
        DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                CASE NUMBER: 1032072-R1

**Part C - RECEIPT**
                                             CASE NUMBER: _____

Return to: _____  67  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT       INSTITUTION

SUBJECT: _____

*(Exhibit 05 B)*

**BP-229 Response**                                    Case Number: 1032022-F1

Your Request for Administrative Remedy dated July 5, 2020, and received in the Administrative Remedy office July 8, 2020, has been reviewed.  Specifically, you claim Food Service is not opening your food packages.  As relief, you request for food to be emptied into a disability utensil.

A review of the issue raised in your Request for Administrative Remedy has been conducted.  The results of the review revealed Food Service is following the Certified diet menu and also the therapeutic diet order written by the Health Services department. The diet order states, all prepackaged religious food will be opened by food service workers in a certified diet kitchen and placed into easy access tray containers.  Food Service is following this diet order.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response.  You will need to submit a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas  66101-2492.

_____               _____
B. True, Complex Warden                                Date

Delivered
8/12/2020

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

{ Exhibit 05C}
COVID19 Kitchen

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Mostafa. K. Mostafa    67495-054  H    ADX Co.

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** This No answer to avoid liability while still exposing me to the harm of covid-19. As in the BP9 and the cop out attached, I am severly disabled (no hands and poor vision) I have most of the underlying endangering sickness and I'm complete solitary confinement 24-7.

Despite kitchen manger assurances to open all pouches and plastics fully, including this staff round, I am provided still with only some items of food open, other not open or only partially open, and do not have opener but my teeth to get the food out. This is very dangerous in Covid-19 time; all food items and kosher trays are repeatedly handeled by staff gloves while touching every body and things. please to empty the food in disability Hansi!

7-5-2020

| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: _____

**Part C– RECEIPT**    CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____ 64 _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)

COPY

Name: Mostafa K. Mostafa
Reg No: _____ G-1418-S-B-J-4
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

To: The Respected Warden
Mr. B. True

FORMAL APPLICATION-REQUEST

To:
(Sis. Stallp) please make me Two Copy and the envelope
Ms. Turner Then mail This application to the Respected Warden
July 15, 2020 (Thanks)

- 65 -

COPY

# Certificate Of Service

I Mustafa Kamel Mostafa   Reg. 67495-054 a Prisoner at ADX Max - Florence Colorado Certify that I submitted

to ADX SIS staff Ms Turner. This request for Covid-19 based Release of 92 pages and this certificate On July 15, 2020 in a Large envelop addressed to Warden B. True   and asked for two Copies for myself and attorney.

Name : Mustafa Kamel Mostafa
Signed :
Date : July 15, 2020

Next page is

Start of: PART TWO Is :

A Copy of Request for COVID-19 Release To ADX Warden on July 15, 2020

Contain    32    Pages motion
plus       60    Pages Exhibits
           _____
           92    Pages

(And has its own numbering)
         pages
for incorporating with TRO PartOne

# Temporary Restraining Order
# & Certificate Of Service

This is to certify that the undersigned plaintiff, Mostafa Kamel Mostafa #67495-054 handed this Temporary Restraining Order injunction to ADX, Colorado SIS. Staff   on Tue Sep. 15, 2020 with the correct address to The District Court of Colorado, and requested copies of the order and large envelope.   With Sufficient Stamps ($12.00)

Part one TRO = 68 pages + Certificate of Service
And Part two = 92 pages + 2 pages ir sr
plus letter to the Clerk 1 page
Total 163 pages

Signed:

Date: 9/15/20 20

District Court of Colorado

Case Name: Mostafa V. Barr et al          September 15, 2020
Case Number: 1:20-CV-00694-PAB-NYW.

Subject: COVID-19 based Temporary Restraining ORDER

Dear Respected Clerk of the Court,
please, find attached Certificate of service and the
two parts temporary Restraining Order as explained
in the Certificate of service and itemized.

Part one, the main TRO is: the Certificate of service
and pages from 1 to 68
Part two, a Copy of Request to ADX warden and
it is independently numbered 1-92 with
its own certificate of service to ADX warden
July 15-2020 and copy of the serviced envelop.

The reason for such detail is I am under Special
Administrative Measures and have to send/receive court
Mail as non-Legal Mail i.e open and untimely. And
recently encounterd missing and alteration of documents.

Accordingly, please, advise if there is missing or
altered (made unreadable pages)   Thank you
                            Respectfully.
                            Yours Sincerely
Address: ADX Maxx
Florence. Co-81226-8500     Plaintiff: Mostafa Kamel Mostafa
                            #67495-054 test