**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

WILLIAM BARR, U.S. Attorney General,
CHRISTOPHER WRAY, FBI Director,
KATHLEEN H. SAWYER, BOP Director,
B. TRUE, ADX Florence Warden,
MS. TUTTOILMUNDO, H Unit Manager, and
JOHN AND JANE DOES, ET AL,

    Defendants.

---

**MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR
TEMPORARY RESTRAINING ORDER (ECF No. 39)**

---

Plaintiff, an inmate at the United States Penitentiary, Administrative Maximum Facility ("ADX") who is proceeding *pro se*, filed a motion for a Temporary Restraining Order (ECF No. 39), apparently seeking release from federal custody due to concerns posed by COVID-19. Defendants respectfully move for an order granting a 14-day extension of time to respond to the motion, from October 21, 2020 to November 4, 2020.[1] Good cause exists for granting the requested relief, as follows.

---

[1] Because Plaintiff is a federal inmate who is not represented by counsel, undersigned counsel did not confer with him prior to filing this motion. *See* D.C.COLO.LCivR 7.1(b)(1) (setting forth an exception to the duty to confer for motions "filed in a case involving an unrepresented prisoner").

1

1.      Plaintiff initiated this case on March 12, 2020, and he filed an amended complaint on May 18, 2020.  *See* ECF Nos. 1, 9.  The claims at issue seem to center on the Special Administrative Measures imposed on Plaintiff, his placement at ADX, and an incident that allegedly occurred while he was on a hunger strike at ADX.

2.      On September 29, 2020, Plaintiff filed a motion for a Temporary Restraining Order.  *See* ECF No. 39.  He seeks to be released from federal custody because of the COVID-19 pandemic.  *See id.* at 15-16, 22, 24-25, 30-31.  Pending resolution of the motion, he requests that he be provided with certain fittings to accommodate his disability, and that he receive an evaluation by a doctor and occupational therapist to assess his ability to maintain his health, safety, and hygiene.  *See id.* at 4-5, 15-17.

3.      Counsel for Defendants received notification of the filing Plaintiff's motion on September 30, 2020, via an emailed Notice of Electronic Filing from the CM/ECF system.  Therefore, pursuant to D.C.COLO.LCivR 5.1(d) and 7.1(d), Defendants' response to the motion is due by October 21, 2020 (21 days from the date of electronic service of the motion on counsel for Defendants).

4.      All told, Plaintiff's motion and supporting papers span nearly 70 pages, including the motion, proposed order, memorandum of law, declaration, and various exhibits; most of the documents are handwritten and not easily legible.  Defendants plan to submit a brief in response to the motion, as well as multiple separate declarations from employees of the Federal Bureau of Prisons ("BOP").  Counsel for Defendants and BOP personnel have been and are continuing to work to prepare these materials, but preparing a fair and thorough response to the allegations in the motion—which are often difficult to parse—requires significant time and resources.

5. Certain BOP individuals who have important information relevant to Plaintiff's motion have been out of the office and unavailable for a significant portion of the time since Plaintiff's motion was filed. This adds to the difficulty in obtaining the necessary information to respond to Plaintiff's motion, and in preparing declarations in support of Defendants' response.

6. Due to the demands of other cases to which undersigned counsel was recently assigned, it was determined to be necessary to transition the handling of this case to another Assistant U.S. Attorney. That attorney has entered an appearance, and both counsel are working diligently to ensure the transition is as efficient as possible; nonetheless, it will take some time for the new attorney to become familiar with the facts of this case.

7. Additional time to respond to the motion is necessary due to the transition of the handling of this case from one attorney to another, as well as the temporary unavailability of certain BOP officials with information that is important for Defendants' response to the motion.

8. In the meantime, the BOP has already addressed many of the issues Plaintiff raises in his motion. Plaintiff asks for an evaluation by a doctor and occupational therapist. *See* ECF No. 39 at 4-5, 15-17. Undersigned counsel has been authorized to represent that a referral has been made for Plaintiff to see an occupational therapist. It is anticipated that this consultation will occur remotely via video, although no date for the consultation has yet been set.

9. Additionally, Plaintiff complains about his purported difficulty in opening his meals in a sanitary manner given his disability. *See* ECF No. 39 at 11-12, 19. Undersigned counsel has been authorized to represent that a protocol has been implemented to allow Plaintiff to access his meals more easily. Under this protocol, food service staff partially peel back the cover on Plaintiff's special-diet meals and place the meal tray inside a Styrofoam container.

BOP officers in Plaintiff's housing unit then inspect Plaintiff's meal trays to ensure they have been opened in this way before the meals are given to Plaintiff.

10.     Defendants respectfully request a 14-day extension of the time to respond to the motion. This brief extension would not prejudice Plaintiff, who has been safely confined at ADX for the entirety of the COVID-19 pandemic.[2] Additionally, as discussed above, the BOP has already addressed several of the issues identified in Plaintiff's motion; Plaintiff therefore will not be prejudiced by the extension sought in this motion.

11.     Undersigned counsel certifies pursuant to D.C.COLO.LCivR 6.1(b) that Defendants have not previously sought any extensions of deadlines in this case.

12.     Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that she will provide a copy of this motion to agency counsel as a representative for Defendants.

Dated October 15, 2020              Respectfully Submitted,

JASON R. DUNN
United States Attorney

*s/ Jane E. Bobet*
**Jane E. Bobet**
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0185
Fax: (303) 454-0407
jane.bobet@usdoj.gov

Attorney for Defendants Barr, Wray, Sawyer, True, and Tuttoilmundo, in their official capacities

---

[2] Undersigned counsel understands that, as of the date of this motion, no ADX inmate has tested positive for COVID-19.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on October 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      None.

and I hereby certify that I have directed individuals with the U.S. Attorney's office to mail the foregoing to the following non-CM/ECF participants by U.S. Mail:

      Mostafa Kamel Mostafa
      #67495-054
      Florence Admax
      U.S. Penitentiary
      Inmate Mail/Parcels
      Po Box 8500
      Florence, CO 81226

*s/ Jane E. Bobet*
U.S. Attorney's Office

5