IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

WILLIAM BARR, United States Attorney General, et al.,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on plaintiff's Pro Se Motion Seeking the Relief of Granting a Temporary Restraining Order [Docket No. 39].

On March 12, 2020, plaintiff filed his complaint. Docket No. 1. On May 18, 2020, plaintiff filed an amended complaint, bringing three claims. Docket No. 9. First, plaintiff alleges that various Special Administrative Measures ("SAMs") in place violate his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* at 6. Second, plaintiff alleges that his "designation and placement" at ADX Florence in Florence, Colorado violates his rights under the same provisions, because the only reason he was placed at ADX Florence is because of the SAMs. *Id.* at 12. Third, he alleges that he was assaulted by staff at ADX Florence. *Id.* at 17.

On September 29, 2020, plaintiff filed a motion for temporary restraining order, arguing that the COVID-19 pandemic justifies his release. *See* Docket No. 39. He

argues that he is at risk of COVID-19 and that the alleged lackluster care in regards to his disabilities in combination with this risk requires that he be released. *See id.* at 17-34.

"A preliminary injunction is . . . appropriate to grant intermediate relief *of the same character* as that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (unpublished) (emphasis added) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Here, plaintiff requests relief based on unrelated actions not alleged in his complaint and relief which is not "of the same character" of the relief which his complaint seeks. *See id.* While his complaint seeks (1) "punitive and compensatory judgment . . . [for] the physical and psychological trauma" he has suffered at ADX and (2) the termination of his SAMs, Docket No. 9 at 21, his motion for temporary restraining order seeks release due to the COVID-19 pandemic. As a result, the relief requested in plaintiff's motion for temporary restraining order is "on a matter lying wholly outside the issues in [his] suit," *Hicks*, 332 F. App'x at 508 (quoting *De Beers*, 325 U.S. at 220), and may be denied on this basis alone.

However, assuming plaintiff's motion was proper, there is no indication that he has exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language is mandatory. *See Ross v. Blake*,

136 S. Ct. 1850, 1856 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA."). "[T]he PLRA's text suggests no limits on an inmate's obligation to exhaust," except that administrative remedies must be "available." *Ross*, 136 S. Ct. at 1856. A plaintiff is required to exhaust administrative remedies before seeking a TRO or a preliminary injunction, just as he is required to do before seeking other remedies covered by the PLRA. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court not need ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them."); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (addressing exhaustion before reaching the merits of a plaintiff's request for a preliminary injunction due to prison conditions). Here, plaintiff has not argued that he has exhausted administrative remedies or that administrative remedies are unavailable to him.[1]

For the foregoing reasons, it is

**ORDERED** that plaintiff's Pro Se Motion Seeking the Relief of Granting a Temporary Restraining Order [Docket No. 39] is **DENIED**. It is further

---

[1] Plaintiff also provides no support for releasing him from confinement based simply on the Court's power to issue preliminary injunctive relief. The Court does not have such power. *See Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *7 n.11 (D. Colo. May 27, 2020) (noting that the Court does not have inherent injunctive power to order detainees released).

**ORDERED** that defendants' Motion for Extension of Time [Docket No. 41] is **DENIED** as moot.

DATED October 16, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge