IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MONTY WILKINSON, Acting United States Attorney General, et al.,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Pro Se Motion Seeking Fully or Partially Reconsideration For His Temporary Restraining Order [Docket No. 50].

    On March 12, 2020, plaintiff filed the complaint in this matter. Docket No. 1. On May 18, 2020, plaintiff filed an amended complaint, bringing three claims. Docket No. 9. First, plaintiff alleges that various Special Administrative Measures ("SAMs") in place violate his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* at 6. Second, plaintiff alleges that his "placement and designation" at ADX in Florence, Colorado violates his rights under the same provisions because the only reason he was placed at ADX is because of the SAMs. *Id.* at 12. Third, he alleges that he was assaulted by staff at ADX. *Id.* at 17.

    On September 29, 2020, plaintiff filed a motion for temporary restraining order ("TRO"), arguing that the COVID-19 pandemic justifies his release. *See* Docket No. 39. He argued that he is at risk of COVID-19 and that the alleged lackluster care in regards

to his disabilities in combination with this risk required that he be released.  *See id.* at 17-34.  On October 16, 2020, the Court denied plaintiff's motion.  *See* Docket No. 42.  Specifically, the Court found that plaintiff's motion for TRO requested relief not found in his complaint and, as a result, was improper.  *See id.* at 2.  Additionally, the Court noted that plaintiff failed to exhaust administrative remedies as they pertained to COVID-19.  *See id.* at 2-3.

On November 30, 2020, plaintiff filed the present motion, which he styles as a motion for reconsideration of the Court's order denying his motion for TRO.  *See* Docket No. 50.  What plaintiff seeks to reconsider is unclear.  Plaintiff seems to concede that the injunction he sought in his motion for TRO was outside the bounds of his complaint.  *See id.* at 3-4 ("However, the respected Court is correct in that regarding the first part of the TRO, the release, which was based (due to the ignorance of the plaintiff) on the many courts' recent rulings . . . to expand [] compassionate release.").  The substance of plaintiff's present motion is not to contest or seek reconsideration of the basis of his motion for TRO, but rather to identify new bases for injunctive relief that are within the scope of his complaint.  *See* Docket No. 50 at 4-7.  As a result, construing the motion liberally due to the fact he is *pro se*, the Court will consider plaintiff's motion as an amended motion for TRO.

Plaintiff first requests that the Court order defendants to arrange for him to be seen by a medical professional to examine his prostheses.  *See* Docket No. 50 at 5-6.  Second, plaintiff asks the Court to order defendants to provide him with appropriate accommodations or assistance in opening his food given the difficulties he has with his

prostheses. *See id.* at 6-7. Finally, he requests that the Court order defendants to release him to England. *See id.* at 4.

The standard for a TRO is the same as that for a preliminary injunction. *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002). To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quotations and citation omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

There are three types of preliminary injunctions that are disfavored: (1) injunctions that disturb the status quo, (2) injunctions that are mandatory rather than prohibitory, and (3) injunctions that provide the movant substantially all the relief it could feasibly attain after a full trial on the merits. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005). In seeking a disfavored injunction, "the movant must make a strong showing both with regard to the likelihood of success on the merits and

with regard to the balance of harms." *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (quotations and alterations omitted); *see also Schrier*, 427 F.3d at 1259 (stating that such injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" (quotations omitted)). Plaintiff seeks an injunction that meets all three prongs: he seeks to disturb the status quo, mandate action, and receive all the relief he could after a full trial. Therefore, plaintiff's motion falls under the heightened standard for preliminary injunctions. *See Schrier*, 427 F.3d at 1260.

Plaintiff's amended TRO requests that the Court order defendants to: (1) provide medical examinations of his prostheses, (2) give him assistance with opening food, and (3) transfer him to a prison facility in England. *See* Docket No. 50 at 4-7. First, regarding plaintiff's prostheses, on December 20, 2020, defendants filed a status report indicating that plaintiff met "with the BOP's top hand specialist and a prosthetics and orthotics specialist on December 16, 2020." Docket No. 53 at 1. Plaintiff did not file a reply or otherwise respond to the status report. Given that plaintiff has received medical assistance and review from a specialist, he cannot demonstrate irreparable harm as to this request.[1]

Second, as to plaintiff's claim for assistance with his food, the Court finds that plaintiff already receives assistance for meals and, as a result, plaintiff cannot demonstrate irreparable harm. Defendants submitted a declaration from Assistant Health Services Administrator A. Fellows, wherein Mr. Fellows states that health

---

[1] Plaintiff's argument that defendants had "dismissed all previous assessments" of his prostheses has no bearing on current medical visits. *See* Docket No. 50 at 5-6.

services provides plaintiff with a "special diet" by "opening the prepackaged food in a certified foods kitchen and placing the food into easy-access containers." *See* Docket No. 52-3 at 2, 5, ¶ 10. Plaintiff's meals are "specially marked" and the "practice remains active." *Id.* Given that plaintiff already receives special accommodations regarding his food and diet to assist with his disabilities, he has not demonstrated irreparable harm.[2]

Finally, as to plaintiff's third request, the Court does not have plenary power to release plaintiff to England. *See Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *7 n.11 (D. Colo. May 27, 2020) (noting that the Court does not have inherent injunctive power to order detainees released). Plaintiff provides no argument or authority for the suggestion that the Court could or should release plaintiff to England, other than to say the release to England will be "more assuring to [the] USA." Docket No. 50 at 4.

Plaintiff must satisfy each of the four factors referred to in *Jones*, 607 F.3d at 1251, to entitle him to a TRO. As to plaintiff's first two requests for a TRO, plaintiff cannot show irreparable harm and, as a result, he cannot succeed on his TRO motion. *See Winter*, 555 U.S. at 23-24 (holding that "[a] proper consideration" of the balance of equities and public interest "alone requires denial of the requested injunctive relief" and, therefore, declining to address the likelihood of success on the merits); *see also Big O Tires, LLC v. Felix Bros., Inc.* 724 F. Supp. 2d 1107, 1121 (D. Colo. 2010) (declining to address every factor because "the resolution of them will have no bearing on the

---

[2] What defendants reported or did previously, *see* Docket No. 50 at 7, is irrelevant to defendants' current practice regarding plaintiff's food.

5

outcome"). As to his third request, plaintiff fails to demonstrate a likelihood of success on the merits.

Thus, the Court denies plaintiff's amended motion for TRO. Any other relief requested in plaintiff's motion is also denied.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Pro Se Motion Seeking Fully or Partially Reconsideration For His Temporary Restraining Order [Docket No. 50] is **DENIED**.

DATED January 27, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge