**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

---

**MOTION TO EXTEND THE DEADLINE TO RESPOND
TO THE SECOND AMENDED COMPLAINT (ECF No. 61)**

---

    Defendants[1] respectfully move for an order extending the deadline for them to file a response to the Second Amended Complaint (ECF No. 61), by 21 days, **to and including May**

---

[1] This motion is not made on behalf of the "Unknown SAMs Operatives," who have not been identified or served at this time.

    Because Plaintiff is a federal inmate who is representing himself, undersigned counsel did not confer with him about this motion. *See* D.C.COLO.LCivR 7.1(b)(1) (setting forth an exception to duty to confer in "a motion filed in a case involving an unrepresented prisoner").

1

**21, 2021**. There is good cause for the Court to grant this extension.

Just a few days ago, undersigned counsel was notified that Department of Justice representation was granted for Officers Parry, Averitt, and Garduno, the defendants who are sued in their individual capacities. Counsel immediately began the process of scheduling meetings with her clients. While these meetings will be conducted as expeditiously as possible, counsel has learned that, because of the officers' varying schedules, not all of those interviews can be completed before the current response deadline of April 30, 2021. For example, one of the officers is away from Florence for work-related training and unreachable until May 3, 2021; counsel has asked to meet with him the day he returns to Florence. As for the other officers, counsel has scheduled one interview and is working to schedule the other.

In addition, counsel did not have access to documentation concerning Plaintiff's allegations against the individual Defendants until representation was granted. That documentation, along with interviews of each Defendant, are essential to counsel's review of the facts and her assessment of the potential defenses to be raised in a motion to dismiss. Since receiving notification of representation authorization, counsel has worked diligently to complete this necessary work.

Further, counsel continues to work diligently to complete the work required to address Plaintiff's other voluminous claims in a consolidated motion to dismiss. Significant progress has been made, but counsel continues to interview BOP personnel, including for the purpose of assessing the facts and preparing declarations that address probable subject-matter and exhaustion deficiencies. The additional time requested here is also necessary to complete that work in a manner that will permit the filing of a motion to dismiss and early motion for partial

summary judgment for failure to exhaust that will thoroughly explain why Plaintiff's claims should not proceed.

Finally, this 21-day extension of time is fair to all concerned. Plaintiff suffers no prejudice by this limited delay. However, Defendants—especially those sued in their individual capacities—will be prejudiced if they are unable to submit a dispositive motion which fully articulates the grounds for dismissal of Plaintiff's claims.

Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel certifies that the Defendants sued in their individual capacities have not sought any previous extensions of time to respond to the Second Amended Complaint. The Defendants sued in their official capacities sought one previous extension for the purpose of consolidating their response deadline with that of the individual Defendants, which the Court granted. *See* ECF Nos. 65, 67. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion will be served on Plaintiff and a representative of Defendants.

For the reasons set forth in this motion, Defendants respectfully request that the Court extend the deadline for them to respond to Plaintiff's Second Amended Complaint, ECF No. 61, to and including **May 21, 2021**.

Respectfully submitted on April 22, 2021.

    MATTHEW T. KIRSCH
    Acting United States Attorney

    s/ *Susan Prose*
    Susan Prose
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Fax: (303) 454-0411
    susan.prose@usdoj.gov

    Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on April 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

  B. Willms
  Senior Attorney
  Federal Bureau of Prisons

and I hereby certify that I have directed personnel in the U.S. Attorney's office to mail the foregoing to the following non-CM/ECF participant by U.S. Mail:

  Mostafa Kamel Mostafa
  #67495-054
  Florence Admax
  U.S. Penitentiary
  Inmate Mail/Parcels
  Po Box 8500
  Florence, CO 81226

                                            s/ *Susan Prose*
                                            U.S. Attorney's Office