IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

---

**MOTION REQUESTING ADDITIONAL PAGES FOR MOTION TO DISMISS
ALL REMAINING CLAIMS IN THE SECOND AMENDED COMPLAINT (ECF No. 61)**

---

    Defendants respectfully ask the Court to allow them to submit a motion to dismiss all remaining claims in Mr. Mostafa's Second Amended Complaint, ECF No. 61, of no more than **38 pages**.[1] Defendants are mindful that this represents a significant extension of the Court's standing

---

[1] This motion is not made on behalf of the "Unknown SAMs Operatives," who have not been identified or served at this time. Because Mr. Mostafa is a federal inmate who is representing himself, undersigned counsel did not confer with him about this motion. *See* D.C.COLO.LCivR 7.1(b)(1) (setting forth an exception to duty to confer in "a motion filed in a case involving an unrepresented prisoner").

page limit of 15 pages for motions to dismiss. *See* Chief Judge Brimmer Civ. Practice Standard III.A.; *see also id.* ("Motions to exceed the page limitations set forth in these Practice Standards will be granted only upon a showing of good cause. Any such motion shall indicate the number of pages of the proposed document and the reason why the additional pages are necessary."). However, the voluminous number of claims and subclaims, each of which is evaluated pursuant to multi-part tests, prevent Defendants from articulating the grounds for dismissal of all claims within the Court's 15-page limit. If they are compelled to do so, their ability to explain why no claim against them should proceed will be compromised.

Although this Court has dismissed some of Mr. Mostafa's claims, *see* ECF Nos. 60, 62, many claims and subclaims from Mr. Mostafa's 40-page complaint (with 30 pages of attachments) remain:

In <u>Claim 1</u>, Mr. Mostafa alleges that his Special Administrative Measures ("SAMs"), which were imposed by the Attorney General pursuant to 28 C.F.R. § 501.3, violate his First Amendment rights of free speech, freedom of association, and free exercise. He asserts that the SAMs, as a whole, violate his rights, but he also brings multiple subclaims challenging specific provisions within the SAMs:

- The ban on communications between Mr. Mostafa and his sons and stepson.
- Communications rules regarding communications with Mr. Mostafa's grandchildren.
- Rejection of Mr. Mostafa's mail pursuant to the SAMs.
- SAMs protocols for contacting attorneys.
- SAMs rules regarding congregate prayer.
- Mr. Mostafa's access to an imam at ADX.

2

- Mr. Mostafa's access to an Islamic feast meal.

- Other alleged violations of Mr. Mostafa's free-exercise rights, including concerning his alleged inability to clean himself, to remove his body hair, and to maintain a long beard.

Defendants must address each of these claims and subclaims, explaining for each why Mr. Mostafa has failed to allege a constitutional violation. In addition, with regard to the group-prayer claim, Defendants will argue not only that Mr. Mostafa fails to state a claim, but that the claim is moot and therefore fails for lack of subject-matter jurisdiction. In all, no fewer than 13 separate arguments are required to explain all grounds for dismissal of Claim 1 alone.

Claim 2, an Eighth Amendment claim challenging Mr. Mostafa's conditions of confinement, also involves a multi-tiered argument. Defendants will explain that Mr. Mostafa has not alleged that his conditions at ADX are inhumane. But they will also argue that the claim is jurisdictionally deficient because the BOP has offered Mr. Mostafa numerous accommodations for his disability—including brand new prostheses—rendering the claim not redressable.

Claim 3 is an Eighth Amendment *Bivens* claim brought against Officers Parry, Averitt, and Garduno in their individual capacities based on an incident Mr. Mostafa asserts constituted excessive force. The individual Defendants will argue, in accordance with *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), that the Court should refrain from implying a damages remedy under these circumstances. The individual Defendants would be entitled to file a separate motion to dismiss, but they are presenting their arguments in the group motion because that is a more efficient approach for the Court and the parties. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Two claims remain within Claim 5. The first claim, an Eighth Amendment claim based on the contention that Mr. Mostafa (who has been vaccinated against COVID-19) faces an increased risk of contracting COVID-19 because his prepackaged religious foods are not properly presented to him, fails because Mr. Mostafa pleads neither the objective nor subjective elements of such a claim.

The second claim within Claim 5, an Eighth Amendment deliberate-indifference-to-medical-needs claim based on the contention that a BOP medical provider once refused to bandage a wound for Mr. Mostafa, fails for several reasons. Mr. Mostafa lacks standing to pursue a claim for prospective injunctive relief based on this past injury, and the claim is also not ripe. His allegations also fail to state a claim.

In all, Defendants are entitled to raise some 20 arguments in support of dismissal, and they will be prejudiced if they are not allowed to do so. Undersigned counsel has worked diligently to streamline these arguments, while also including necessary background information to explain the context in which the Attorney General determined that Mr. Mostafa's SAMs were warranted because his communications or contacts with persons could result in death or serious bodily injury to others. The 38 pages requested here reflects the results of that effort to distill, consolidate, and condense every argument. Each argument will be made as efficiently as possible while allowing Defendants to fairly present the reasons why the claims should be dismissed. It would prejudice Defendants (by forcing them into unnecessary discovery), and the Court (by having to oversee that discovery and further motions practice or trial), if claims were to proceed that should have been, and could have been dismissed, if Defendants had had a fair opportunity to present their arguments.

For these reasons, Defendants respectfully request that the Court permit them to file a consolidated motion to dismiss, not to exceed 38 pages in length, on or before the response deadline of May 28, 2021.

Respectfully submitted on May 25, 2021.

    MATTHEW T. KIRSCH
    Acting United States Attorney

    s/ *Susan Prose*
    Susan Prose
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Tel: (303) 454-0100
    Email: susan.prose@usdoj.gov

    Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

B. Willms
Senior Attorney
Federal Bureau of Prisons

and I hereby certify that I have directed personnel in the U.S. Attorney's office to mail the foregoing to the following non-CM/ECF participant by U.S. Mail:

Mostafa Kamel Mostafa
#67495-054
Florence Admax
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226

s/ *Susan Prose*
U.S. Attorney's Office