# Exhibit 1
# Sentencing Transcript (excerpt),
# *United States v. Mustafa*, No. 04 Cr. 356 (KBF)

*Mostafa v. Garland, et al.*,
No. 20-cv-00694-PAB-NYW (D. Colo.)

```
    f192muss kjc

 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  UNITED STATES OF AMERICA,              New York, N.Y.

 4            v.                           04 Cr. 356(KBF)

 5  MUSTAFA KAMEL MUSTAFA,

 6               Defendant.

 7  ------------------------------x

 8                                         January 9, 2015
                                           10:00 a.m.
 9

10  Before:

11              HON. KATHERINE B. FORREST,

12                                         District Judge

13
                         APPEARANCES
14
    PREET BHARARA
15       United States Attorney for the
         Southern District of New York
16  BY:  EDWARD Y.K. KIM
         JOHN P. CRONAN
17       P. IAN McGINLEY
         Assistant United States Attorneys
18
    SAM A. SCHMIDT
19  MICHAEL K. BACHRACH
    LINDSAY A. LEWIS
20       Attorneys for Defendant

21

22  ALSO PRESENT:

23  PHILIP SWABSIN, Special Agent, FBI

24  VANESSA QUINONES, Paralegal, U.S. Attorney's Office

25  GEORGE COREY, Investigator, U.S. Attorney's Office
```

Case No. 1:20-cv-00694-PAB-MDB Document 96-1 filed 05/28/21 USDC Colorado pg 3 of
Case 1:04-cr-00356-AT Document 474 Filed 02/09/15 Page 73 of 95   73
 f192muss kjc

1                 And Andrew Thirsk.

2                 Their lives were lost, and it is important to the

3  court that I don't think that not only do you not acknowledge a

4  role in a kidnapping of a participant, though you acknowledge

5  that you spoke to Abu Hassan during the kidnapping, but that,

6  even with a role, whatever role, there could have been remorse.

7                 I do believe that you believe your actions were proper

8  when you undertook them and that you have not had a change of

9  heart since.  So I have every reason to believe that if you

10 were free, you would do it again; and the "it" might be open to

11 some question, but it is to support and inspire others to acts

12 of violence.

13                So let me return to the specific crimes.  I'm not

14 going to spend a lot of time on them.  I think we are all

15 familiar with them.  But I do need to set forth for the record

16 in full the basis for my decision, because we are looking and

17 talking about a very substantial amount of time.

18                I do want to start with the fact that the explosion

19 which resulted in the loss of your arms occurred in 1993.  That

20 was seven years -- or, actually, five years before the first

21 crimes with which you have been here charged and now convicted;

22 and, as the years have gone by, there were further crimes after

23 that.  The Yemeni kidnapping was the first of the crimes of

24 conviction in 1998.

25                What that says to the court is not that the court