IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

---

**MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**

---

Pursuant to Federal Rule of Civil Procedure 56, Defendants[1] move for partial summary judgment based on Plaintiff's failure to exhaust his administrative remedies.

### INTRODUCTION

The Prison Litigation Reform Act requires that an inmate exhaust all administrative remedies that are available before filing suit. Plaintiff Mostafa Kamel Mostafa brings this action

---

[1] Neither this motion nor the motion to dismiss, ECF No. 96, is brought on behalf of the unidentified "SAMs Operatives."

alleging claims challenging his conditions of confinement at the United States Penitentiary – Administrative Maximum ("ADX"). Setting aside the substantive flaws in these claims, which are addressed in Defendants' motion to dismiss, ECF No. 96, Mostafa has failed to exhaust his administrative remedies with respect to portions of Claim 1, which raises First Amendment claims. Claim 1 is barred to the extent it is dependent on allegations Mostafa did not exhaust.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**I.  Background.**

1.  Mostafa is incarcerated at the ADX following his convictions for numerous terrorism-related offenses, including a hostage-taking conspiracy in which four people were killed; his role in setting up a terrorist training camp in Bly, Oregon; providing material support for al Qaeda; and supplying goods and services to the Taliban. Ex. 1, Trujillo Decl. ¶¶ 8-9 & Att. 1 at 2; *see also United States v. Mustafa*, 753 F. App'x 22, 26-27 (2d Cir. 2018).

2.  Mostafa is subject to Special Administrative Measures ("SAMs") pursuant to 28 C.F.R. § 501.3, based on a finding that "there continues to be a substantial risk that [his] communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons." Ex. 1 ¶ 9 & Att. 2 at 1.

3.  The Bureau of Prisons ("BOP") has a four-tiered administrative remedy program for inmate grievances. Ex. 1 ¶ 3; *see also* 28 C.F.R. §§ 542.10-542.19.

4.  In Step 1, the inmate must attempt informal resolution of his complaint with the appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). Ex. 1 ¶ 3; 28 C.F.R. § 542.13(a).

5. If no resolution is achieved, the inmate must file an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the grievance. Ex. 1 ¶ 3; 28 C.F.R. § 542.14(a).

6. If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. Ex. 1 ¶ 3; 28 C.F.R. § 542.15(a).

7. If the Step 3 appeal is unsuccessful from the inmate's perspective, he must file an appeal ("BP-11") to the General Counsel of the BOP within 30 days. Ex. 1 ¶ 3; 28 C.F.R. § 542.15(a).

8. The General Counsel has 40 days to respond to the BP-11 appeal, and may extend the response time by 20 days. 28 C.F.R. § 542.18.

9. Any appeal at Step 2 or Step 3 is strictly limited to the issues raised in the BP-9 Administrative Remedy Request and may not be expanded to other issues. Ex. 1 ¶ 3; 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings.").

10. A remedy is not exhausted until an inmate has properly and timely sought review at the institutional, Regional, and Central Office levels of the administrative remedy process. Ex. 1 ¶ 5.

11. Since Mostafa has been in BOP custody, he has filed no fewer than 423 individual administrative remedies and appeals of those remedies. Ex. 1 ¶ 10 & Att. 4.

12. In Claim 1, Mostafa alleges that his SAMs violate the First Amendment and seeks an order terminating the SAMs or ordering Defendants to "employ an independent special advocate" to report to the Court about the "necessity and proportions" of the SAMs. ECF No. 61

("SAC") at 7-11, 38 ¶ 2. Claim 1 appears to include these challenges: (1) the SAMs prevent Mostafa from communicating with seven of his eight grandchildren, *id.* at 10 ¶ 11; (2) the SAMs compromise his ability to defend his criminal case by preventing him from contacting attorneys, including "human rights" and "British lawyers," *id.* at 10 ¶ 10; (3) the SAMs prevent him from engaging in congregate prayer with other inmates, *id.* at 11 ¶ 12; (4) he cannot engage in ritual washing in connection with his daily prayers, *id.*; (5) he cannot maintain a long beard, *id.*; (6) he cannot remove his body hair from private areas, *id.*, and (7) and he cannot obtain haircuts, *id.*

## II. Alleged inability to contact grandchildren: Not exhausted.

13. There is a procedure to modify SAMs to add new contacts, which requires that Mostafa submit a request to Department of Justice officials, who consider the request on a case-by-case basis. Ex. 1 ¶¶ 16-17 & Att. 2 at 10 n.7.

14. Mostafa has used this process to obtain a modification to allow communications with his grandson Belal, who is currently one of his approved contacts under the SAMs. *Id.* ¶ 17 & Att. 2 at 11-13 (referencing Belal as an approved contact); *see also* Att. 6 (Belal modification).

15. Mostafa has not filed any administrative remedy in which he challenged the denial of a request by Department of Justice officials to modify his SAMs to add a grandchild as an approved contact. *Id.* ¶ 19; *see also id.* ¶¶ 14, 18 (explaining that a remedy challenging the renewal of the SAMs did not raise this issue).

## III. Alleged inability to contact attorneys: Not exhausted.

16. Under his SAMs, Mostafa can submit a request through prison staff asking that his SAMs be modified to allow contact with an attorney. *Id.* ¶ 22.

17. Mostafa has used this process to obtain contact with attorneys and to ask if they will

4

represent him. *Id.* & Att. 7, 3/16/2020 Attorney Swift Modification; *see also id.* Att. 8 (reflecting that Plaintiff properly submitted request for modification to allow communications with an attorney); *see also United States v. Mustafa*, No. 04-cr-00356-AT (S.D.N.Y.), ECF Nos. 568, 576, 589 (directing Mostafa's criminal attorneys to prepare a motion for compassionate release on his behalf).

18. Mostafa has not submitted any remedies appealing the denial of a request for contact with an attorney. *Id.* ¶ 23.

19. Mostafa has not submitted any remedies contending that he is not able to contact a criminal defense attorney. *Id.* ¶ 27.

20. Mostafa filed one administrative remedy in which he mentioned, at the informal resolution level, "any attorneys or human rights bodies." *Id.* ¶ 24 (discussing administrative remedy no. 1005862).

21. Mostafa did not complete the exhaustion process for that remedy. *Id.*

22. Mostafa has not submitted any other remedies concerning contacting "human rights/disability act" attorneys and "British lawyers." *Id.* ¶ 25.

**IV.  Alleged inability to engage in group prayer: Not exhausted.**

23. A recent global modification of SAMs allows all SAMs inmates, including Mostafa, to engage in congregate prayer while they are at their regularly-scheduled outside recreation multiple times each week. *Id.* ¶ 32 & Att. 12 (3/18/2021 Modification re: Group Prayer (removing prior prohibition on group prayer)).

24. Mostafa has not exhausted any claim about the current rule concerning his access to group prayer. *Id.* ¶ 33.

25. Before the modification, Mostafa submitted one remedy, at the informal resolution stage, in which he mentioned that he is "not allowed any congregational prayer." *Id.* ¶ 31.

26. However, Mostafa did not raise the congregate prayer issue in any of the formal remedies at the institutional, regional, and national levels. *Id.*

**V.   Alleged inability to engage in ritual washing: Not exhausted.**

27. Mostafa appears to claim that he cannot wash himself properly and therefore cannot "pray his minimum 5 times" per day. SAC at 11 ¶ 12.

28. Mostafa seems to reference this issue at the BP-8 and BP-11 levels of one administrative remedy, but because he did not raise the issue at every level of the remedy process, it was not addressed at any level of the administrative remedy process. Ex. 1 ¶¶ 36-39 (explaining that Warden, Regional Director, and National Inmate Appeals Coordinator did not address cleansing-before-prayer issue, and that remedy number 862521 exhausted only access-to-imam issue).

**VI.   Alleged inability to maintain a long beard: Not exhausted.**

29. Mostafa appears to claim that he cannot maintain a long beard. SAC at 11 ¶ 12.

30. Mostafa seems to reference this issue at the BP-8 and BP-11 levels of one administrative remedy, but because he did not raise the issue at every level of the remedy process, it was not addressed at any level of the administrative remedy process. Ex. 1 ¶¶ 42-44 (explaining that Warden, Regional Director, and National Inmate Appeals Coordinator did not address cleansing-before-prayer issue, and that remedy number 862521 exhausted only access-to-imam issue).

**VII.    Removal of body hair: Not exhausted.**

31.    Mostafa has not filed any administrative remedy or appeal concerning removal of body hair. *Id.* ¶ 46.

**VIII.   Alleged inability to obtain a haircut: Not exhausted.**

32.    Since March 2020, when COVID-19 first affected institutional operations, Mostafa has not filed any administrative remedies and appeals concerning his access to haircuts. *Id.* ¶ 48.

33.    Before March 2020, Mostafa filed one remedy complaining that he did not receive a haircut, but he did not complete the exhaustion process for that remedy. *Id.*

## STANDARD OF REVIEW

A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## ARGUMENT

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e)(a). As the Supreme Court has held, the PLRA directs that "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA's exhaustion requirement "suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). The defendant bears the burden to prove the affirmative defense of failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 212. The exhaustion requirement

7

applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to "properly exhaust," the prisoner must comply with all prison grievance procedures—that is, the BOP's four-step administrative remedy program. Statement of Undisputed Material Facts ("Facts") 3-8, 10; *see also* 28 C.F.R. §§ 542.10-542.19. The Supreme Court has held that inmates must strictly adhere to these exhaustion rules. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006) (holding the PLRA "demands compliance with an agency's deadlines and other critical procedural rules"). The grievance must further give sufficient notice to provide officials with "a fair opportunity to consider the grievance" and enable them to "tak[e] appropriate measures to resolve the complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006) (internal quotation marks and citations omitted). A prisoner must exhaust all of his available administrative remedies before filing his civil action. *Woodford*, 548 U.S. at 90 ("exhaustion of administrative remedies … means using all steps that the agency holds out, and doing so *properly*") (emphasis in original); *see also* Ex. 1 ¶ 5.

These mandatory exhaustion procedures apply to challenges to a prisoner's SAMs. The Attorney General has promulgated regulations providing that an inmate may seek review of any restrictions imposed by a SAMs through the Administrative Remedy Program. 28 C.F.R. § 501.3(e); *see also Yousef v. Reno*, 254 F.3d 1214, 1222-23 (10th Cir. 2001) (holding that such remedies are available and must be exhausted before an inmate may bring suit). While Defendants do not contest that Mostafa has exhausted an overall facial challenge seeking to have the SAMs "terminated," *see* SAC at 38, ¶ 2, the undisputed facts show that the narrower claims about the SAMs have not been exhausted.

As detailed in the accompanying exhibits, even though Mostafa has filed no fewer than 423 individual administrative remedy requests and appeals of those requests, he has not exhausted any remedies with respect to certain aspects of Claim 1:

First, Mostafa alleges that the SAMs violate the First Amendment because he cannot communicate with seven of his eight grandchildren. There is a process for asking Department of Justice officials to modify SAMs to allow additional contacts—which Mostafa has used—but Mostafa has never filed any administrative remedy challenging the denial of a request to add a grandchild as an approved contact under the SAMs. Facts ¶¶ 13-15.

Second, there is also a process for requesting that SAMs be modified to allow Mostafa to contact an attorney, a process he also has used. *Id.* ¶¶ 16-17. But he has never submitted a remedy challenging the denial of a request for contact with an attorney. *Id.* ¶ 18. Neither has he filed any administrative remedies claiming that the SAMs prevent him from defending himself in his criminal case because he cannot contact attorneys. *Id.* ¶ 19. And he has not exhausted any remedies in which he claimed that the SAMs prohibit him from contacting attorneys who specialize in human rights or disability law, or who practice in Britain. *Id.* ¶¶ 20-22.

Third, Mostafa also has not submitted any remedies concerning his current access to group prayer under his newly modified SAMs that allow access to group prayer. *Id.* ¶¶ 23-24. Nor has he exhausted any claim about group prayer under prior iterations of the SAMs. *Id.* ¶¶ 25-26.

Fourth, Mostafa has not exhausted any remedy about his contention that he cannot engage in ritual washing before prayer. *Id.* ¶ 28.

Fifth, Mostafa also has not exhausted any remedy concerning his assertion that he cannot maintain a long beard. *Id.* ¶ 30.

<u>Sixth</u>, Mostafa has not submitted an administrative remedy concerning removal of body hair. *Id.* ¶ 31.

<u>Finally</u>, with regard to Mostafa's apparent claim that he is not allowed haircuts, he submitted one remedy about that issue before Covid struck, but did not exhaust that remedy. *Id.* ¶ 33. Since then, he has not filed any administrative remedies about haircuts. *Id.* ¶ 32.

To sum up, to the extent Claim 1 relies on allegations about communications with Mostafa's grandchildren, communications with attorneys, access to group prayer, ritual washing, beard length, removing body hair, and haircuts, it is barred because Mostafa did not exhaust those allegations.

## CONCLUSION

The Court should grant summary judgment in favor of Defendants with respect to portions of Claim 1 because Mostafa failed to exhaust his administrative remedies prior to filing suit as required by the PLRA.

Respectfully submitted on June 9, 2021.

MATTHEW T. KIRSCH
Acting United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100; Fax: (303) 454-0411
Email: susan.prose@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

B. Willms
Senior Attorney
Federal Bureau of Prisons

and I hereby certify that I have directed personnel in the U.S. Attorney's office to mail the foregoing to the following non-CM/ECF participant by U.S. Mail:

Mostafa Kamel Mostafa
#67495-054
Florence Admax
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226

s/ *Susan Prose*
U.S. Attorney's Office