**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

---

**MINUTE ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff['s] Pro Se Motion Seeking Leave To: 1 – File Response to Defendant's [#102] and [#110] Motions By or Before August 06, 2021 and 2 – To Be Helped With Afforded Lap-Top to Mitigate His Compounded Difficulties of Reading and Writing (the "Motion") [#116] filed on July 6, 2021 by Plaintiff Mostafa Kamel Mostafa ("Plaintiff" or "Mr. Mostafa"). The Motion has been referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [#12], and the Memorandum dated July 7, 2021 [#117].

    In the Motion, Mr. Mostafa makes two requests: first, he seeks an extension of time to respond to Defendants' Motion for Partial Summary Judgment for Failure to Exhaust (the "Motion for Summary Judgment") [#102, filed June 9, 2021] and to respond to Defendants' Response in Opposition to Motion for Reconsideration (the "Response") [#110, filed June 24, 2021] (i.e., file a reply in support of his own Motion for Reconsideration, *see* [#98]); and second, Mr. Mostafa requests that the court order that the warden of the United States Penitentiary, Administrative

Maximum Facility ("ADX") in Florence, Colorado, where Plaintiff is currently housed, provide Plaintiff with a laptop computer for use in this litigation. *See* [#116 at 2, 4]. The court addresses these requests in turn.

### I. Extension of Time

First, Plaintiff requests that the court grant Plaintiff an extension of time up to and including August 6, 2021 to file responses to to the Motion for Summary Judgment and Defendants' Response to his own Motion for Reconsideration. [#116 at 1]. Plaintiff states that he received a court order to respond to the Motion for Summary Judgment on or before June 30, 2021, *see* [#104], but that, because he had not yet received a copy of the Motion for Summary Judgment, he filed a motion for an extension of time to respond on June 15, 2021. *See* [#116 at 6]; *see also* [#111]. Plaintiff states that he "still never received any response from the respected court to date." [#116 at 2]. However, prior to the filing of Plaintiff's Motion,[1] this court granted Mr. Mostafa an extension of time to respond to the Motion for Summary Judgment, directing Plaintiff to respond to the Motion for Summary Judgment by July 20, 2021. *See* [#114]. Thus, insofar as Plaintiff seeks an extension of time to respond to the Motion for Summary Judgment on the basis that the court had not yet granted his original request, his current request is now moot. <u>Plaintiff's deadline to respond to the Motion for Summary Judgment remains July 20, 2021</u>.

Moreover, Plaintiff requests an extension of time to file a reply in support of his motion for reconsideration. *See* [#116 at 2]. Plaintiff states that it is "very unlikely" that he could file a reply before August 6, 2021. [*Id.*]. However, the grounds Plaintiff asserts in support of this contention do not relate to his Motion for Reconsideration [#98] or Defendants' Response [#110]. For example, Plaintiff references Defendants' "voluminous" Motion to Dismiss, *see* [#96], and the "very late received voluminous" Motion for Summary Judgment, *see* [#102]. [#116 at 2]. But the length or volume of unrelated filings does not convince this court that Plaintiff requires an extension of time to file a reply to his motion for reconsideration. Indeed, Mr. Mostafa concedes that he was provided a copy of Defendants' Response on June 29, 2021, and the Response is only 16 pages long. Thus, the court is not convinced that the length of the Response requires that Plaintiff be granted an extension of time to file a reply.

The court acknowledges the inherent difficulties in litigating a case while incarcerated. However, such circumstances are, unfortunately, not unique, and Plaintiff has been granted a number of extensions of time in this case thus far. *See*, *e.g.*, [#88, #108, #114]. And in this court's Minute Order granting Plaintiff an extension of time to file his Motion for Reconsideration, *see* [#88], the court stated that "[n]o further extensions shall be granted absent extraordinary circumstances." [*Id.* at 2]. The court finds that Plaintiff has not demonstrated that such extraordinary circumstances are present here. For these reasons, the court will respectfully **DENY** the Motion insofar as it seeks an extension of time to file a response to the Motion for Summary Judgment or to file a reply to the Motion for Reconsideration.

### II. Request for Access to a Laptop

---

[1] The Motion was filed on July 6, 2021, and dated July 1, 2021. *See* [#116]. Accordingly, the court's order granting an extension of time was issued prior to Plaintiff's mailing of the instant Motion. *See* [#114].

Next, Plaintiff requests that the court enter an order directing the warden of his facility "to provide a standard laptop with sufficient capacity, installed existing discovery and future ones [sic] with Microsoft Word to type and print material to court as Plaintiff [was] allowed before arrival to ADX." [#116 at 6]. He also requests that the laptop have "install[ed] digital legal material" and "allowed books." [*Id.*]. Mr. Mostafa states that the "frequen[cy] and volume of motions and litigating material have increased overwhelmingly to the pro se impaired . . . plaintiff [l]itigant." [*Id.* at 4]. He states that his Sixth Amendment right "to effectively represent himself" as well as his Fifth Amendment right to due process are "both contingent on how he expresses himself and articulates his position." [*Id.*]. Plaintiff states that "the time [and] decaying ability to catch up with litigations should allow a mitigating factor such as a reading [and] writing laptop machine to effectively posit legal arguments." [*Id.*].

The court denies Plaintiff's request.[2] Courts have held that, while a prisoner must be given some sort of access to prepare legal documents, there is no right to a party's specific requested method of preparing legal documents. *See, e.g.*, *Phillips v. Hust*, 588 F.3d 652, 656 (9th Cir. 2009) (no right to access typewriter where court rules permitted litigants to hand-write pleadings); *Makdessi v. Hinkle*, No. 7:14CV00034, 2014 WL 1782820, at *4 (W.D. Va. May 5, 2014) ("The need [of an inmate] to . . . hand write his pleadings instead of typing them, [is] nothing more than inconvenience, which is not sufficient to raise constitutional concerns."); *Case v. Waddington*, No. C06-5529RJB, 2007 WL 1140282, at *3 (W.D. Wash. Apr. 17, 2007) (finding that inmate had no right to access to typewriter and noting that "Plaintiff [did] not allege that he was not provided with paper or a writing utensil").

Plaintiff does not allege that he has been denied access to any litigation materials or has been denied the ability to draft filings so as to establish that he has been denied access to the court system; instead, he seeks a more convenient method of litigating. Plaintiff has, thus far throughout this litigation, been able to draft court filings and otherwise fully participate in this case. The court cannot conclude that a court order requiring that Plaintiff be given access to a laptop is warranted here.

---

[2] Previously, this court recommended construing Plaintiff's Second Amended Complaint as raising the following claims: (1) a claim asserting violations of his rights to free exercise and familial association under the First and Fourteenth Amendments; (2) an Eighth Amendment conditions-of-confinement claim related to Plaintiff's placement at ADX; and (3) an Eighth Amendment excessive force claim. *See* [#60]. The presiding judge, the Honorable Philip A. Brimmer, accepted this recommendation. *See* [#62]. Because Plaintiff's request does not relate to his current claims, and because Plaintiff does not argue that he is entitled to injunctive relief under the traditional four-factor test, the court declines to construe Plaintiff's request as a motion for injunctive relief. *See Shaka v. Ryan*, No. CV 10-2253-PHX-SMM, 2014 WL 4977679, at *2 (D. Ariz. Oct. 3, 2014) (denying inmate's request for a typewriter where the request "[bore] no relationship to [the] action"); *cf. Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1542460, at *2 (D. Colo. Mar. 8, 2011), report and recommendation adopted, 2011 WL 1542157 (D. Colo. Apr. 25, 2011) ("Given that Plaintiff has failed to allege irreparable injury, injunctive relief is subject to denial on this basis alone.").

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff['s] Pro Se Motion Seeking Leave To: 1 – File Response to Defendant's [#102] and [#110] Motions By or Before August 06, 2021 and 2 – To Be Helped With Afforded Lap-Top to Mitigate His Compounded Difficulties of Reading and Writing (the "Motion") [#116] is **DENIED**; and

(2) A copy of this Minute Order, marked as legal mail, shall be sent to the following:

> Mostafa Kamel Mostafa
> #67495-054
> FLORENCE ADMAX
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> PO BOX 8500
> FLORENCE, CO 81226

DATED: July 9, 2021