**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

       Plaintiff,

v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

       Defendants.

---

**MINUTE ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

       This matter is before the court on Plaintiff's Pro Se Motion for Deposition by Oral Examination to Some of the Case Defendants ("Motion") [#122], filed on July 30, 2021 by Plaintiff Mostafa Kamel Mostafa ("Plaintiff" or "Mr. Mostafa"). The Motion has been referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [#12], and the Memorandum dated August 2, 2021 [#123].

       In the Motion, Mr. Mostafa makes three requests. First, he seeks leave to depose certain Defendants pursuant to Federal Rule of Civil Procedure 30. Second, he asks the court to issue an order requiring the warden of the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado, where Plaintiff is currently incarcerated, to provide Plaintiff with various reading and writing tools for use in this litigation. Third and finally, he renews his request for the appointment of counsel. The court addresses these requests in turn.

## I.      Depositions by Oral Examination

Plaintiff lists ten Defendants he plans to depose in this action, and seeks leave from the court to depose the Defendants listed by "oral examination" pursuant to Rule 30 of the Federal Rules of Civil Procedure and—for any Defendants not within the facility—via "telephone or television link." [#122 at 3].  The Defendants identified by Mr. Mostafa include Defendants Warden True, H-Unit Manager Tuttoilmundo, ADX Facilities staff member MacMillan, Assistant Medical staff member Follows, "Unknowns SAMs supervisors/operatives," Officer Parry, Officer Averit, Lieutenant Garduno, Officer Loewe, and Nurse Williams. *See* [*id.* (listing defendants by name and position)].  He also states that he is "willing to follow the court order/direction regarding needed expenses for his obligation/portion of the deposition according to this respected court guidelines." [*Id.* at 5].

Given the pending Motion for Reconsideration [#60] filed by Mr. Mostafa and the pending, not-yet-ripe Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [#96] and Motion for Partial Summary Judgment for Failure to Exhaust [#102] filed by Defendants, this case remains in the early stages of litigation.  As such, this court has neither held a Scheduling Conference in this matter nor entered a Scheduling Order setting forth the parameters and deadlines related to, *inter alia*, pretrial discovery.  Accordingly, Mr. Mostafa's request for leave to depose the ten Defendants identified above is **DENIED without prejudice as premature**.

Nevertheless, IT IS ORDERED that a Telephonic Status Conference to discuss such scheduling and pretrial discovery is **SET** for **October 25, 2021 at 1:00 p.m.** All participants shall use the following dial-in information: **888-363-4749, Access Code: 5738976** to participate at the designated time. **Plaintiff's case manager shall use the provided dial-in information at the designated time in order for Plaintiff to participate in the Status Conference.**

## II.     Request for Items

Next, Plaintiff lists items he characterizes as "necessary for reading, writing, and access to law library," and the denial of which Plaintiff argues implicates "issue[s] of equal protection with regards to access to law/courts." [#122 at 4].  Specifically, Mr. Mostafa requests a court order requiring ADX to provide him with the following:

(1) a "disabled pen (built-in BIC grip) recommended by O.T." and later prescribed;
(2) "reading glasses and the needed eye operation also prescribed" in October 2020;
(3) a larger writing table with specific dimensions;
(4) "a flat mouse for law library disable use";
(5) a "normal laptop to type & manage" legal documents;
(6) the ability to "print off typed to court work/exhibits"; and
(7) "paper clips or help to staple the large scattered paperwork."

[*Id.*].

Though it is cognizant of the inherent difficulties posed by litigating a case while incarcerated, the court **DENIES** Plaintiff's request.[1]  As this court previously explained, *see* [#118], courts have held that, while a prisoner must be given some sort of access to prepare legal documents, there is no right to a party's specific requested method of preparing legal documents. *See, e.g.*, *Phillips v. Hust*, 588 F.3d 652, 656 (9th Cir. 2009) (no right to access typewriter where court rules permitted litigants to hand-write pleadings); *Makdessi v. Hinkle*, No. 7:14CV00034, 2014 WL 1782820, at *4 (W.D. Va. May 5, 2014) ("The need [of an inmate] to . . . hand write his pleadings instead of typing them, [is] nothing more than inconvenience, which is not sufficient to raise constitutional concerns."); *Case v. Waddington*, No. C06-5529RJB, 2007 WL 1140282, at *3 (W.D. Wash. Apr. 17, 2007) (finding that inmate had no right to access to typewriter and noting that "Plaintiff [did] not allege that he was not provided with paper or a writing utensil").

Plaintiff does not allege that he has been denied access to any litigation materials or has been denied the ability to draft filings so as to establish that he has been denied access to the court system; instead, he seeks a more convenient method of litigating.  Plaintiff has, thus far throughout this litigation, been able to draft court filings and otherwise fully participate in this case.  The court cannot conclude that a court order requiring that Plaintiff be given access to the items listed above is warranted here.

## III.    Renewed Request for Appointment of Pro Bono Counsel

Finally, Mr. Mostafa renews his request for the appointment of pro bono counsel to represent him in this civil matter. *See* [#122 at 5]. On January 27, 2021, this court granted Mr. Mostafa's request for the appointment of counsel, *see* [#54], and ordered the Clerk of the Court to select, notify, and appoint counsel to represent Plaintiff. [#59].  Accordingly, insofar as Mr. Mostafa renews his request, such a request is **DENIED as moot**.  Indeed, the Clerk's Office is presently seeking attorneys to represent Mr. Mostafa in this case.  But as this court previously advised Mr. Mostafa, there is no guarantee that Civil Pro Bono Panel members will undertake representation in every case, and Mr. Mostafa remains responsible for all scheduled matters, including hearings, depositions, motions, and trial. *See* [*id.*].

---

[1] Previously, this court recommended construing Plaintiff's Second Amended Complaint as raising the following claims: (1) a claim asserting violations of his rights to free exercise and familial association under the First and Fourteenth Amendments; (2) an Eighth Amendment conditions-of-confinement claim related to Plaintiff's placement at ADX; and (3) an Eighth Amendment excessive force claim.  *See* [#60].  The presiding judge, the Honorable Philip A. Brimmer, accepted this recommendation.  *See* [#62].  Because Plaintiff's request does not relate to his current claims, and because Plaintiff does not argue that he is entitled to injunctive relief under the traditional four-factor test, the court declines to construe Plaintiff's request as a motion for injunctive relief. *See Shaka v. Ryan*, No. CV 10-2253-PHX-SMM, 2014 WL 4977679, at *2 (D. Ariz. Oct. 3, 2014) (denying inmate's request for a typewriter where the request "[bore] no relationship to [the] action"); *cf. Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1542460, at *2 (D. Colo. Mar. 8, 2011), report and recommendation adopted, 2011 WL 1542157 (D. Colo. Apr. 25, 2011) ("Given that Plaintiff has failed to allege irreparable injury, injunctive relief is subject to denial on this basis alone.").

Accordingly, **IT IS ORDERED** that:

(1)     Plaintiff Mostafa Kamel Mostafa's Pro Se Motion for Deposition by Oral Examination to Some of the Case Defendants [#122] is **DENIED**;

(2)     A Telephonic Status Conference to discuss scheduling matters and pretrial discovery is **SET** for **October 25, 2021 at 1:00 p.m.**; and

(3)     A copy of this Minute Order, marked as legal mail, shall be sent to the following:

> Mostafa Kamel Mostafa
> #67495-054
> FLORENCE ADMAX
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> PO BOX 8500
> FLORENCE, CO 81226

DATED:  August 17, 2021

4