**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

Plaintiff,

v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

  Defendants.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on the "Plaintiff Pro Se Motion Seeking Reconsideration of the Recommendations In The order [60] January 26, 2021" ("Motion for Reconsideration" or "Motion")[1] [#98, filed June 1, 2021], which has been referred

---

[1] Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Consistent with this principle, at times, the court will quote from Plaintiff's filings without the use of [sic] or the correction of spelling or syntax. Moreover, the court applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah,* 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [#12], and the Memorandum dated June 3, 2021 [#99].  For the following reasons, the Motion for Reconsideration is **DENIED**.[2]

## BACKGROUND

Plaintiff Mostafa Kamel Mostafa ("Plaintiff" or "Mr. Mostafa") is currently incarcerated at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado.  *See* [#1].  He initiated this action on March 12, 2020 by filing a *pro se* Prisoner Complaint asserting ten claims against six defendants related, generally, to the administrative measures imposed on him at ADX, the conditions of his confinement, and his treatment by prison staff.  *See generally* [*id.*].  That day, Mr. Mostafa also filed a Motion Seeking Leave to Be Helped with Attorney.  [#3].  The Honorable Gordon P. Gallagher denied as premature Plaintiff's motion seeking appointment of pro bono counsel because the case was in initial review under Local Rule of Civil Practice 8.1.  [#5].  On April 6, 2020, Judge Gallagher ordered Plaintiff to file an Amended Prisoner Complaint to address various deficiencies identified by the court.  [#6].

Mr. Mostafa filed an Amended Prisoner Complaint ("First Amended Complaint") on May 18, 2020, asserting three claims for "[i]njuries, [d]iscrimination against [d]isability, cruel and unusual conditions in prolonged continuous dangerous solitary confinement in violation of several amendments such as: one, four, five, six, eight, and fourteen."  *See generally* [#9]; [*id.* at 2].  This case was then reassigned to the Honorable Philip A. Brimmer and drawn to the undersigned

---

[2] Plaintiff refers to this court's Recommendation [#60] as the target for his request for reconsideration.  Arguably the Order adopting the Recommendation by the presiding judge, the Honorable Philip A. Brimmer [#62], divests this court of reconsidering its underlying Recommendation, and Plaintiff's instant Motion may be construed as either untimely objections to this court's Recommendation, or a Motion to Reconsider Chief Judge Brimmer's Order Adopting the Recommendation.  In either case, the court proceeds with the arguments as presented by Mr. Mostafa by Order rather than Recommendation, because it does not dispose of any existing claim or defense.

Magistrate Judge. [#10]. On August 10, 2020, Defendants filed a Motion for More Definite Statement directed at the Amended Complaint. [#25]. Two days later, the undersigned ordered Plaintiff to respond to the Motion for More Definite Statement by no later than September 14, 2020. [#27].

At a Status Conference held before the undersigned on August 25, 2020, the Parties discussed concerns expressed by Plaintiff regarding the processing of his legal mail. [#31]. This court ordered Defendants to file a Status Report by September 8, 2020 regarding the process applied to Plaintiff's mail and, in particular, his mail to and from the court. [*Id.*]. *See also* [#32 (discussing the August 25, 2020 Status Conference and Plaintiff's concerns regarding his correspondence with the court)].

On September 8, 2020, Defendants filed their Status Report. [#37]. Therein, Defendants explain that Mr. Mostafa—as a convicted terrorist—is subject to Special Administrative Measures ("SAMs"), pursuant to which Special Investigative Services Technicians at ADX are permitted a 14-business-day period to review correspondence between Mr. Mostafa and the court. [*Id.* at 1–2 (citing [#37-1 at 13])]. That same day, this court granted Plaintiff's request for an extension of his deadline to respond to Defendants' Motion for More Definite Statement. [#34, #36]. His deadline to respond was extended to October 14, 2020. [#36]. No response was filed by that date.

However, on November 2, 2020, Plaintiff filed a Pro Se Letter Motion (or "Motion to Amend"). [#43]. Attached to Mr. Mostafa's Motion to Amend was a proposed Second Amended Prisoner Complaint. *See* [#43-1]. In their Response, Defendants did not object to Plaintiff's requested amendment, but "note[d] that [it] should be subject to screening as required by 28 U.S.C. § 1915A and D.C.COLO.LCivR 8.1(b)." [#48 at 1, filed November 20, 2020]. Accordingly, this court construed Plaintiff's filing [#43] as a stipulated Motion to Amend pursuant to Federal Rule

3

of Civil Procedure 15(a)(2) and D.C.COLO.LCivR 15.1(a) and directed the Clerk of the Court to accept for filing the tendered Second Amended Complaint [#43-1].

The Second Amended Complaint [#61] spans 70 pages and names at least twenty-two Defendants, including (1) Merrick Garland, U.S. Attorney General ("Defendant Garland")[3]; (2) Christopher Wray, Director of the Federal Bureau of Investigation ("FBI") ("Director Wray"); (3) Michael Carvajal, Director of the Federal Bureau of Prisons ("BOP") ("Director Carvajal"); (4) B. True, ADX Warden ("Warden True"); (5) Tuttoilmundo, H-Unit Manager at ADX ("Defendant Tuttoilmundo"); (6) MacMillan, ADX Facilities Department ("Defendant MacMillan"); (7) Guy, ADX Legal Department ("Defendant Guy"); (8) Follows, ADX Medical Department Manager ("Defendant Follows"); (9) Kunduf, ADX Kitchen Manager ("Defendant Kunduf"); (10) "Unknown[] SAMs Operatives, Managers/Workers" ("Unknown SAMs Operatives"); (11) Dr. Sterett, ADX Medical Department; (12) Parry, ADX Officer ("Officer Parry"); (13) Averit, ADX Officer ("Officer Averit"); (14) Garduno, ADX Lieutenant ("Lt. Garduno"); (15) Loewe, ADX Officer ("Officer Loewe"); (16) Norjano, ADX Officer ("Officer Norjano"); (17) Osage, ADX Medical PA ("PA Osage"); (18) Hudelston, ADX Nurse ("Nurse Hudelston"); (19) "John and Jane Does et al, ADX Co." ("Defendants John and Jane Does"); (20) Armejo, ADX Lieutenant ("Lt. Armejo"); (21) William, ADX Nurse ("Nurse William"); and (22) Hensen, ADX Officer ("Officer Hensen" and collectively, "Defendants"). [#61 at 2, 5 ¶ 10]. Defendants Garland, Director Wray, Director Carvajal, Guy, Unknown SAMs Operatives, Lt. Armejo, and Officer Hensen are sued in their official capacities only. *See* [*id.* at 3–6]. Defendants Tuttoilmundo, MacMillan, Follows, Kunduf, Warden True, Dr. Sterett, Officer Parry, Officer Averit, Lt. Garduno, Officer Loewe, Officer Norjano, PA Osage, Nurse Hudelston, and Nurse William are sued in both their individual

---

[3] The Second Amended Complaint names former U.S. Attorney General William Barr. *See* [#61].

and official capacities. *See* [*id.*]. Though Plaintiff enumerates five claims, Mr. Mostafa does not articulate either distinct causes of action or the legal bases for each of his claims. Instead, under the section entitled "Jurisdiction," he generally identifies potential legal bases for his complaints of "COVID-19 urgency, discrimination against my type of disability, cruel and unusual conditions in prolonged confined solitary confinement where no help, fittings, items, intimidations, physical assault, sleep deprivation, lack of medical, dental care in violation of several Amendments such as: 1, 4, 5, 6, 8, 14 … and other rules of Disability Act and COVID Prevention." [*Id.* at 4].

Given the "prolix and imprecise nature" of the Second Amended Complaint, this court found that it does not comply, in large part, with Rule 8 of the Federal Rules of Civil Procedure. *See* [#60 at 10]. However, as noted in its January 30, 2021 Recommendation and Order (or "Recommendation")[4], *see generally* [*id.*], this court is also mindful of Rule 1's admonition that the Federal Rules of Civil Procedure should be interpreted and applied in a manner to secure the just, speedy, and inexpensive resolution of actions. Thus, instead of simply striking the Second Amended Complaint or pressing Mr. Mostafa to clarify his claims, this court recommended that the Second Amended Complaint be liberally construed to include certain causes of action. *See* [*id.*]. Specifically, this court construed the Second Amended Complaint as setting forth the following claims not subject to summary dismissal: (1) First Amendment familial association and free exercise claims asserted in Claim One against Defendants Garland, Director Wray, Director Carvajal, Warden True, and the Unknown SAMs Operatives in their official capacities; (2) Eighth Amendment conditions of confinement claims asserted in Claim Two against Defendants Garland, Director Wray, Director Carvajal, Warden True, Defendant MacMillan, and Defendant Follows in

---

[4] Mr. Mostafa's reference to a "January 26, 2021" Recommendation and Order appears to be a typographical error, given that he repeatedly cites to docket entry [#60], filed on January 30, 2021, as the subject of his Motion for Reconsideration. *See* [#98].

their official capacities; (3) Eighth Amendment excessive force claims asserted in Claim Three against Defendants Lt. Garduno, Officer Parry, and Officer Averit in their individual capacities; (4) Eighth Amendment deliberate indifference claims based on presentation of Plaintiff's food as asserted in Claim Five against Defendants Officer Loewe, Officer Gorjano, and Warden True in their official capacities; and (5) an Eighth Amendment deliberate indifference claim based on refusal to dress wounds as asserted in Claim Five against Nurse William in his official capacity. *See* [*id.* at 35].  The undersigned further recommended that certain claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that any other unidentified or unspecified claim within the Second Amended Complaint be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure.  [*Id.* at 34–36].

Chief Judge Brimmer accepted this court's Recommendation on February 26, 2021. [#62] Approximately two months later, Plaintiff filed a "Pro Se Motion Seeking Extension of Time to File His Reconsideration of Court Document 60 Due to Retaliatory Impediments by ADX Officials Exacerbating His Disability and Poor Health to Prevent Him Writing to Court Without Severe Pain and Stress" [#86, filed April 28, 2021].  This court granted Plaintiff's request and ordered Plaintiff to file any motion for reconsideration of the Recommendation by May 21, 2021. [#88].

Mr. Mostafa filed the instant Motion for Reconsideration on June 1, 2021. [#98].[5] Defendants responded [#110] and Plaintiff replied [#120].[6]  The Motion for Reconsideration is thus ripe for review and I turn now to consider the Parties' arguments.

---

[5] In their Response, Defendants assert that "[i]n the interest of efficiency, [they] did not move to strike the late-filed motion." [#110 at 2 n.2].

[6] In his Reply, Mr. Mostafa states that the court should grant his Motion for Reconsideration and, in the alternative, permit him to file a "supplement" to his Reply. *See, e.g.*, [#120 at 3 ("[S]hould this respected court view[] this skeleton motion sufficient to approve Plaintiff Motion ECF 98 to proceed for its review (consideration) there would be no need to the filing of the supplement sought."); *id.* at 12 ("[T]he court should approve [the Motion for Reconsideration] and should the

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. Because Plaintiff seeks reconsideration of a non-final recommendation and order, his Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co.*, 2010 WL 420046, at *3 (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). But as a general principle, courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Whether to grant reconsideration is a decision committed to the sound discretion of the district court, *F.T.C. v. Chapman*, 714 F.3d 1211, 1219 (10th Cir. 2013), and courts in this District generally "have imposed limits on their broad discretion

---

court saw the issues raised need more elaboration then it is implored to allow supplement to be filed . . . .")]. Plaintiff's request for leave to supplement his Reply constitutes a motion within his Reply but, pursuant to the Local Rules of this District, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." *See* D.C.COLO.LCivR 7.1(d). Accordingly, the undersigned does not reach the issue in resolving the instant Motion for Reconsideration.

to revisit interlocutory orders as justice requires," *Spring Creek Expl. & Prod. Co., LLC v. Hess Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015).

## ANALYSIS

The instant Motion requests that this court reconsider its Recommendation, and in so doing "apply an extraordinary approach" to Mr. Mostafa's Second Amended Complaint [#98 at 18]; "reinstat[e]" all of his dismissed claims and all of the dismissed Defendants [*id.* at 5]; "liberally construe[]" [*id.* at 18] the operative pleading as stating claims under, *inter alia*, the American with Disabilities Act ("ADA") and its "anti-retaliatory provision," *see, e.g.* [*id.* at 4]; and "enlarge its liberal approach to a matching level" to his "large case" with "extraordinary issues and features," [*id.* at 39]. Defendants counter that Plaintiff "falls far short of meeting the rigorous standards required to show entitlement to this extreme remedy." [#110 at 3]. This court respectfully agrees with Defendants.

As Defendants assert in their Response, the "primary thrust" of the instant Motion is a request for the court to construe Mr. Mostafa's Second Amended Complaint to include claims under the ADA. [#110 at 3]. But this court expressly addressed this issue in its Recommendation, ultimately declining to construe any such claim for Mr. Mostafa. *See* [#60 at 16 n.9 ("The court construes Mr. Mostafa's allegations about his disability as reasons why he is not properly designated at ADX, instead of a separate legal claim. Indeed, . . . Mr. Mostafa does not identify any other legal basis for his allegations other than references to an unidentified 'Disability Act' at the beginning of the Second Amended Complaint. Without more, this court declines to fashion causes of action on Mr. Mostafa's behalf." (internal citations omitted))].

Nevertheless, Mr. Mostafa asks this court to apply a special construction to his "unprecedented" and "extraordinary" claims. [#98 at 18]. But as previously noted by the court in

8

its Recommendation, "[t]he general rule that pro se pleadings must be construed liberally <u>has limits</u> and 'the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.'" [#60 at 12 n.6 (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)) (emphasis added)]. And a disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief in the form of reconsideration. *See Sayed v. Broman*, No. 13-cv-02961-CMA-MJW, 2015 WL 2345638, at *1 (D. Colo. May 14, 2015) (citing *Paraclete*, 204 F.3d at 1012). *See also Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 WL 4467373, at *2, *4 (D. Colo. July 22, 2015) (denying motion to reconsider order granting motion to dismiss and rejecting plaintiff's argument that the court should have construed his allegations as asserting a claim under the ADA); *id.* at *2 n.3 (noting that "Rule 8 requires much more than a mere mention of a statute" in a pleading and rejecting plaintiff's argument that the court "should've construed [allegations of discrimination] as an ADA/RA claim").[7]

***Reinstatement of Claims.*** In addition to his request that the court construe his Second Amended Complaint as asserting causes of action under the ADA, Mr. Mostafa asks the court to "reinstat[e]" all of his dismissed claims and all of the dismissed Defendants. *See generally* [#98]. Mr. Mostafa argues that the claims set forth in his Second Amended Complaint are viable, albeit through "poorly and not formal syntax" due to his disability and lack of access to legal training, a disability-compatible law library, and/or knowledgeable fellow inmates. [*Id.* at 3–4]. Mr. Mostafa

---

[7] Insofar as Mr. Mostafa refers to violations of "equal protection," *see, e.g.*, [#98 at 4, 9, 15, 17], or the Administrative Procedure Act [*id.* at 10], in the instant Motion, he did not plead such claims in his Second Amended Complaint. *Compare* [*id.*] *with* [#61]. Defendants argue that "any regret [Mr. Mostafa] may have about not raising [these] claim[s] demonstrates no error in the Court's analysis justifying reconsideration." [#110 at 7 & n.8]. This court respectfully agrees with Defendants.

9

also attempts to reargue the same issues considered by the court in its Recommendation and bolster his inadequately-pled claims with new allegations and exhibits. *See, e.g.*, [*id.* at 5 ("[T]he claims full proofs and involvement of personnel are [in the Second Amended Complaint] as well as the attached and much clearer exhibits to this pro se, respectfully hoping for restoring the connected integrated claims and reinstating Defendants to prevent further paper work and/or future confusion or dismissals.")]. Defendants counter that "[n]o manifest error emerges from documents the Court has never seen, nor should Mostafa be allowed to amend his claim in this improper manner." [#110 at 14 n.11].

This court respectfully agrees with Defendants. Indeed, insofar as Mr. Mostafa could argue (though he does not) that the more than 100 pages of exhibits attached to his Motion for Reconsideration constitute "new" and "previously unavailable" evidence, *Servants of Paraclete*, 204 F.3d at 1012, he fails to provide any reason why he could not have timely included the same documents in his Second Amended Complaint. *See Robinette v. Fender*, No. 10-cv-02172-CMA-KLM, 2014 WL 12649010, at *1 (D. Colo. Apr. 30, 2014) (denying motion to reconsider recommendation to dismiss certain defendants and claims from pro se plaintiffs' action). And as set forth above, there are limits to the general rule that pro se pleadings be liberally construed.

Moreover, Mr. Mostafa has shown neither that the court has made a "clear error" nor that the Recommendation must be modified to "prevent manifest injustice." *Brumark Corp.*, 57 F.3d at 944. Defendants argue that there is "no error in the Court not inventing a claim for Mostafa that he did not plead and is not tenable," [#110 at 9], and assert that Plaintiff asks "for the Second Amended Complaint to be adopted exactly as he brought it, without eliminating demonstrably unsupportable claims," [*id.* at 15]. Again, this court respectfully agrees with Defendants. Plaintiff's disagreement with this court's Recommendation to dismiss certain claims and

10

Defendants does not entitle him to reconsideration. *See, e.g., Servants of Paraclete*, 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing"); *Sayed*, 2015 WL 2345638, at *1 (quoting *Lacefield v. Big Planet*, No. 2:06–CV–844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (unpublished) ("When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process.")); *Robinette*, 2014 WL 12649010, at *1 (denying motion to reconsider recommendation to dismiss certain Defendants and claims from pro se plaintiffs' action).

Upon review of the docket and Plaintiff's filings, this court concludes that Plaintiff has failed to identify "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," *Servants of the Paraclete*, 204 F.3d at 1012, to meet his burden for reconsideration of this court's Recommendation. Thus, this court declines to exercise its discretion to reconsider the same. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff Mostafa Kamel Mostafa's "Plaintiff Pro Se Motion Seeking Reconsideration of the Recommendations In The order [60] January 26, 2021" [#98] is **DENIED**;

(2) A copy of this Order shall be sent to:

> Mostafa Kamel Mostafa
> #67495-054
> FLORENCE ADMAX
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> PO BOX 8500
> FLORENCE, CO 81226

DATED:  August 20, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge