IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR FAILURE TO EXHAUST (ECF No. 102)**

---

    Mostafa has failed to raise a genuine dispute that he did not complete the BOP's mandatory exhaustion process with respect to any allegations concerning his purported inability to communicate with his grandchildren, to engage in group prayer and certain other forms of religious exercise,[1] to contact attorneys, and to obtain haircuts. The Court should enter judgment for

---

[1] Upon careful review of Mostafa's response, Defendants respectfully withdraw the argument that he has not exhausted any claim relating to his alleged religious beliefs about his beard.

Defendants and affirm that Mostafa cannot litigate these allegations.[2]

## I. Mostafa concedes he has not exhausted any allegations concerning communications with his grandchildren.

As Defendants explained, Mostafa has not exhausted any claim in which he challenges a denial of a request to communicate with a grandchild. Undisputed Facts 13-15.[3] He concedes the point, and waives any claim about such communications, by not even mentioning his grandchildren in his response to Defendants' motion. *See generally* ECF No. 121 ("Rsp.") (no mention of grandchildren); *see also, e.g.*, *Lancaster v. Sprint/United Management Co.*, 670 F. App'x 984, 985 (10th Cir. 2016) (holding that litigant waived a claim "because she failed to respond to [opposing party's] summary judgment arguments on that score") (citing *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014)). The Court should enter summary judgment in favor of Defendants on this claim.

## II. Mostafa admits he has not exhausted any allegations challenging his ability to participate in group prayer in H Unit now.

Mostafa is dissatisfied with the rule, implemented after a March 18, 2021 global modification of Special Administrative Measures, which allows him to engage in group prayer with other H Unit inmates whenever he is allowed to engage in group activities. *See* Undisputed Fact 23; *see also* Rsp. at 6 ¶ 12 (Mostafa's complaints about the group prayer privilege). But as

---

[2] Because Mostafa did not respond to Defendants' Statement of Undisputed Material Facts ("Undisputed Facts"), ECF No. 102 at 3-7, in the manner prescribed by the Court, Defendants are unable to strictly conform to the Court's practice standard for reply briefs. *See* Chief Judge Brimmer Practice Standards (Civil Cases) § III.F.3.vi. However, the substantive information the Court requires is provided here.

[3] Recently, Mostafa initiated the established procedure to request to modify his SAMs to add several grandchildren as contacts. *See* Undisputed Fact 13. A copy of those recent requests is attached for the Court's reference and information.

Mostafa admits, he has not exhausted any claim challenging his ability currently to participate in group prayer, which is the only rule that matters for purposes of his official-capacity claim. *See* ECF No. 60 at 35 (limiting First Amendment claims to official-capacity claims); *see also Farmer v. Brennan*, 511 U.S. 825, 846-47 (1976) (injunctive relief claim must be based on current "attitudes and conduct"); *cf.* Rsp. at 6 ¶ 12 (acknowledging that Mostafa is "still in the informal stage" of the exhaustion process challenging the new prayer privileges).

Mostafa must complete all levels of the exhaustion process, and do so before he files suit, in order to pursue a claim in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("exhaustion of administrative remedies … means using all steps that the agency holds out, and doing so *properly*") (emphasis in original); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (to fully exhaust administrative remedy process, inmate must pursue a grievance through all available levels of the process). His failure to abide by those requirements means that judgment should enter in favor of Defendants on his group prayer claim.

**III.    There is no dispute that several extraneous religious complaints are not exhausted.**

Defendants presented evidence showing that Mostafa has not exhausted any claims about his alleged inability to engage in ritual washing and to remove his pubic hair. Undisputed Facts 27-28, 31. Mostafa has failed to come forward with evidence sufficient to raise a genuine dispute as to these facts.

Mostafa focuses on a remedy in which he sought access to an imam, *see* Rsp. at 7 ¶ 13 (discussing remedy number 862521), but that remedy did not exhaust any other complaint, including those he now seeks to raise. He repeatedly emphasized throughout that remedy process that his purpose was to secure the advice of an imam. *See* ECF No. 102-1 at 284 (in first-level

3

informal remedy, claiming to need imam to provide "qualified advice to me or recommendations to the management here"); *id.* at 285 (stating, in institution-level remedy, that "I need the Islamic rules and an uptodate [sic] Islamic opinion to avoid invalidation of some of my rituals & worship"); *id.* at 287 (in Regional appeal, stating, "[u]nfortunately the reality is there had been no imam," and "[p]lease provide access to an imam"); *id.* at 289 (in national-level appeal, complaining that he had "no imam to explain or document the on-going abuse and many other religious issues"). And while Mostafa said at the initial informal resolution stage that he wanted to "perform my worshipping & clean obligation (body, beard, and clothing) according to Islamic faith," *id.* at 284, he didn't allude to that again until his Central Office appeal—too late to raise new issues. *Id.* at 289 (Central Office remedy stating that he wanted to "purify [his] body & clothing" and that he had to shorten his "hair & beard because of the oppression and cruel treatment") (emphasis added); *see also* 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings.").

In addressing Mostafa's complaint, the officials properly focused at each stage of the remedy process on there being no imam in Florence at the time, the obvious crux of the remedy. *See id.* at 284, 286, 288, 290; *see also* ECF No. 102-1 at 8 ¶ 24 (explaining that inmates are informed that they may raise one issue per remedy, and that a remedy is rejected if it contains multiple issues). Moreover, Mostafa's imam-focused remedy gave the responding officials no basis to discern that he sought separate, specific relief related to cleansing and shaving—as distinct from having access to an imam from whom he could seek advice about "religious issues." *See* ECF No. 102-1 at 289. As the officials made clear to Mostafa at each level of the process, they did *not* construe his imam-focused claim to include a demand for any form of relief but to consult with an

4

imam. *See id.* at 286, 288, 290.

Neither did this remedy put the officials on notice that Mostafa might intend to initiate formal litigation about these particularized religious issues, nor did it give them "a fair opportunity to investigate and resolve the complaint internally" before being hauled into court. *Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 2006). And had the officials understood the remedy to implicate the divergent claims Mostafa now would have the Court read into it, their responses at each level obviously would have been very different—for example, the reasons for not being able to provide Mostafa a chaplain of his particular faith group clearly would not be the same as the penological justifications for not assigning BOP staff members to shave his body hair for him.

In short, remedy number 862521 exhausted no claims[4] save a complaint about access to an imam. Neither do the other remedies Mostafa mentions in his response exhaust any claims related to his alleged religious beliefs about ritual washing and removing body hair in private areas.

In remedy number 877973, Mostafa demanded assistive devices for his disability, but he never brought to the officials' attention his alleged need for religious accommodations of any type, including in the form of ritual washing or shaving his private areas. *See* Rsp. at 9 ¶ 17 & ECF No. 121-2 at 6; *see also* ECF No. 121-2 at 3 (Warden's response informing Mostafa that he has "received multiple items to assist with your activities of daily living"). Neither did remedy number 844737 alert BOP officials to any complaint that Mostafa could not wash himself in a particular manner five times a day or shave his body hair for religious purposes. *See* Rsp. at 9 ¶ 18 & ECF No. 121-2 at 7. As the Central Office response to this remedy confirms, the officials understood

---

[4] That includes any claims about prior iterations of rules about group prayer, even if Mostafa could pursue injunctive relief for those now-defunct policies. *See* Undisputed Facts 25-26 (explaining failure to exhaust any group prayer claim in remedy number 862521).

Mostafa's request for a specific kind of toilet—containing no reference to alleged religious violations—to be related to "sanitation and hygiene." *See* ECF No. 121-2 at 8.

At bottom, none of these remedies signaled that Mostafa was demanding that BOP officials take steps to ensure (1) that he would be able to accomplish a religious washing procedure five times a day, every day, and (2) that BOP staff would facilitate the removal of his body hair on a schedule in accordance with his religious beliefs. These allegations remain unexhausted. Undisputed Facts 27-28, 31.

### IV. There is no dispute that Mostafa has not exhausted any denial of a request to communicate with an attorney.

Mostafa has not submitted any remedies appealing the denial of a request for contact with an attorney, Undisputed Fact 18, and he presents no evidence to controvert the point.

He focuses on one administrative remedy from 2016 that involved an attorney named Lobel, a person whose name is never mentioned in the complaint in this case. *See* Rsp. at 4 ¶ 8; *see also generally* ECF No. 61 (no mention of Lobel). Regardless, the remedy to which Mostafa refers shows that contact with Lobel was *not* denied. Rather, at the end of the remedy process, Mostafa was informed (1) that additional information was needed, and (2) that he should follow up with his Unit Team about the request to communicate with Lobel. Rsp. at 18 (providing this explanation to Mostafa and observing that, in the interim, Mostafa "currently [has] three attorneys on record that you are approved to communicate with in regards to your pending legal matters"). Mostafa presents no evidence to show that the necessary information about Lobel was ever supplied or, if it was, that he was then affirmatively denied contact with Lobel.[5] And Mostafa's allegation that

---

[5] Regardless of how Mostafa left this issue five years ago, he may submit a contact request for Lobel at any time, if he wishes to do so.

6

attorneys he knows in the United Kingdom "cannot be contacted … because they are afraid of SAMs entrapments," Rsp. at 5 ¶ 11,[6] also has not been exhausted.

In sum, it remains undisputed that Mostafa has exhausted no allegations regarding his alleged inability to contact attorneys. Undisputed Facts 18-22. Judgment should be entered in favor of Defendants on any allegations concerning attorney contact.

## V.     Mostafa admits that his allegations about haircuts are not exhausted.

Mostafa now characterizes his complaint about not receiving haircuts as an "'an enhancement support' to the main SAM claim," which he admits "has not been exhausted." Rsp. at 10 ¶ 19. Whatever Mostafa means by this, his unexhausted allegations about haircuts should not be considered in connection with Claim 1, his SAMs claim, or any other. Undisputed Facts 32-33.

## CONCLUSION

Mostafa has raised no genuine dispute that he has failed to exhaust his administrative remedies regarding the allegations detailed above. The Court should grant summary judgment in favor of Defendants with respect to these unexhausted portions of Claim 1.

---

[6] If attorneys Mostafa knows claim to be afraid of SAMs—which pose no problems for attorneys who have no intention of compromising the national security of the United States, *cf. United States v. Stewart*, 590 F.3d 93, 101-08 (2d Cir. 2009)—that does not demonstrate that *the SAMs* prevent Mostafa from contacting these attorneys.

Respectfully submitted on August 27, 2021.

MATTHEW T. KIRSCH
Acting United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100; Fax: (303) 454-0411
Email: susan.prose@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

  I hereby certify that on August 27, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

 B. Willms
 Senior Attorney
 Federal Bureau of Prisons

and I hereby certify that I have directed personnel in the U.S. Attorney's office to mail the foregoing to the following non-CM/ECF participant by U.S. Mail:

 Mostafa Kamel Mostafa
 #67495-054
 Florence Admax
 U.S. Penitentiary
 Inmate Mail/Parcels
 P.O. Box 8500
 Florence, CO 81226

              s/ *Susan Prose*
              U.S. Attorney's Office