IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

## DEFENDANTS' MOTION TO STAY DISCOVERY
## PENDING RESOLUTION OF DISPOSITIVE MOTIONS

    Defendants move the Court for an order staying discovery until the Court has resolved their two dispositive motions: a motion to dismiss, ECF No. 96, and a motion for partial summary judgment, ECF No. 102. These motions raise threshold issues—including lack of subject-matter jurisdiction, failure to exhaust, failure to state a claim, and lack of a damages remedy for the claims brought against three Defendants in their individual capacities—and if granted, would resolve all of Mr. Mostafa's claims. Courts have recognized that discovery into the merits of claims is generally improper for claims over which the Court lacks jurisdiction and

that are not exhausted. The Supreme Court has likewise stated that the "doors of discovery" should not be "unlock[ed]" until the plaintiff has stated a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Neither should discovery proceed into the merits of a claim against correctional officers sued in their individual capacities until a determination has been made as to whether a damages remedy exists. The *String Cheese* factors further support staying discovery until the Court rules on Defendants' motions.

## BACKGROUND

Defendants have moved to dismiss all of Mr. Mostafa's remaining claims. *See* Motion to Dismiss, ECF No. 96; *see also* Reply in Support of Motion to Dismiss, ECF No. 144.

Defendants explained that Claim 1, an official-capacity claim in which Mr. Mostafa alleges that his Special Administrative Measures ("SAMs") violate his First Amendment rights, cannot proceed because the Tenth Circuit and courts in this district have repeatedly upheld such restrictions where—as here—there is a rational relationship between the restrictions and the plaintiff's crimes and his ongoing ability to harm national security. *See* ECF No. 96 at 5-17. Defendants have moved to dismiss Claim 2, an Eighth Amendment claim challenging Mr. Mostafa's conditions of confinement, on two grounds: first, because he has not alleged that he is subject to inhumane conditions, and second, because subject-matter jurisdiction is lacking because Mr. Mostafa cannot establish the redressability element of standing. *See id.* at 17-21.

Claim 3 is a claim for damages asserting that three BOP correctional officers used excessive force against Mr. Mostafa. The officers have moved to dismiss that claim on grounds that a damages remedy should not be implied under these circumstances pursuant to *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). *See id.* at 21-27. And Defendants argued that Claim 5, an official-

capacity deliberate indifference claim asserting that Mr. Mostafa's risk of contracting Covid is increased by the "presentation" of his food, and that a BOP medical provider allegedly did not bandage a wound on one occasion, cannot proceed because (1) Mr. Mostafa has failed to allege either the objective or subjective elements required to state plausible Eighth Amendment claims, and (2) as for the bandaging claim, Mr. Mostafa cannot meet his burden to establish subject-matter jurisdiction because he cannot show that he has standing to pursue the claim or that the claim is ripe. *Id.* at 27-33.

Defendants have also filed a motion for partial summary judgment because Mr. Mostafa failed to complete the mandatory exhaustion process before raising the following claims and allegations in federal court: that he cannot contact his grandchildren; that he cannot contact attorneys; and that he cannot engage in group prayer, remove his body hair from private areas, and obtain a haircut. *See* ECF No. 102 at 4-7; *see also id.* at ECF No. 145 n.1.

## ARGUMENT

**I.   The Court should stay discovery until the threshold issues are resolved.**

The Court should stay discovery because the motions,[1] if granted, are fully dispositive of the claims against Defendants. Moreover, as detailed below, the grounds raised in the motions—lack of jurisdiction, failure to exhaust, failure to state a claim, and lack of a *Bivens* remedy for the claim brought against three correctional officers in their individual capacities—are the type of threshold issues that courts have recognized should be properly resolved before allowing discovery.

First, as noted above, the motion to dismiss argues that there are jurisdictional defects in

---

[1] Granting the motion to dismiss alone would resolve the entire case.

several claims: lack of standing to pursue Claim 2 because Mr. Mostafa cannot establish a redressable injury, ECF No. 96 at 17-21, and lack of standing to pursue the official-capacity deliberate indifference claim alleging failure to bandage a wound, which also has ripeness defects. *Id.* at 30-32. Federal Rule of Civil Procedure 82 expressly states that the Federal Rules of Civil Procedure, including the discovery rules, "do not extend or limit the jurisdiction of the district courts." *Id.* As a result, "the district court must have jurisdiction … before the discovery rules become operative." *Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000). The Supreme Court has therefore held that discovery processes and orders issued where a court lacks jurisdiction are void. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[I]f a district court does not have subject-matter jurisdiction over the underlying action … then the [discovery] process is void."); *see also Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 568 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, . . . any order it makes (other than an order of dismissal or remand) is void.").

      The Court should thus resolve the jurisdictional issues before allowing discovery to proceed on the merits. Courts, including numerous judges in this district, routinely recognize the appropriateness of staying discovery when the court's jurisdiction is at issue. *See, e.g.*, *Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020); *Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *1 (D. Colo. Mar. 13, 2017); *Mitcham v. Nationstar Mortgage, LLC*, No. 09-cv-03038-PAB-KLM, 2010 WL 582140, at *1 (D. Colo. Feb. 11, 2010); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The proper course is to stay discovery until the Court's jurisdiction is resolved.

Second, the Court should resolve an exhaustion defense before allowing discovery into the merits of unexhausted claims. As referenced above, Defendants have raised the defense of failure to exhaust in their motion for partial summary judgment, which would require dismissal of all allegations that Mr. Mostafa cannot contact his grandchildren or attorneys, as well as all allegations concerning his purported inability to engage in group prayer, to remove his body hair from private areas, and to obtain a haircut. The Prison Litigation Reform Act ("PLRA") imposes strict mandatory exhaustion of all available remedies before filing suit. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Congress has declared that "*[n]o action shall be brought* with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). This statute "makes exhaustion a precondition to *filing* a suit." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (emphasis in original).

As the Supreme Court has explained, "[r]equiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities *before being haled into court*." *Jones v. Bock*, 549 U.S. 199, 204 (2007) (emphasis added). It would thus be antithetical to the PLRA for the Court to allow discovery on Mr. Mostafa's unexhausted claims—and to hale officials into court—before the issue of exhaustion has been resolved. Similarly, "[i]f merits discovery is allowed to begin before [resolving exhaustion], the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For that reason, absent "exceptional" circumstances, courts have not allowed discovery into the merits until exhaustion is resolved. *See id.* ("We emphasize that in the ordinary case discovery with respect to the merits should be deferred until the issue of

5

exhaustion is resolved.")[2]; *see also Boles v. Allen*, 784 F. App'x 596, 600 (10th Cir. 2019) (finding no abuse of discretion in trial court's decision to stay discovery pending its decision on preliminary issue of exhaustion).

Third, Defendants have moved to dismiss all of Mr. Mostafa's claims for failure to state a claim. The Supreme Court and the Tenth Circuit have emphasized that a trial court should not "unlock the doors" of discovery unless and until the plaintiff demonstrates that he has stated a plausible claim under Rule 8.

In *Twombly*, the Supreme Court embraced "the understanding that, *before proceeding to discovery*, a complaint must allege facts suggestive of illegal conduct." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (emphasis added). Then, in *Iqbal*, the Supreme Court held that, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. The Court suggested that the motion to dismiss determination must precede initiation of discovery, even when a district court might attempt to engage in "careful case management" designed to cabin discovery in the early stages of the case. *Id.* at 684-85 ("[T]he question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."). The Court rejected an approach that would allow "a claim just shy of a plausible entitlement to relief"

---

[2] *Accord, e.g., Small v. Camden Cty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013) (expressing agreement with *Pavey*); *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim . . ., leaving until later—if it becomes necessary—discovery directed to the merits of the suit."); *Robertson v. Pace*, 799 F. App'x 955, 956 (8th Cir. 2020) (holding that "district court did not abuse its broad discretion in denying [inmate's] ongoing attempts to lift the stay of discovery while it resolved the exhaustion issue"), *cert. denied*, 141 S. Ct. 632 (2020).

to proceed to discovery, recognizing "the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Id.* at 685 (quoting *Twombly*, 550 U.S. at 559).

More recently, the Supreme Court emphasized that threshold issues should generally be resolved before imposing burdensome litigation on the government. *In re United States*, 138 S. Ct. 443, 444-45 (2017). The Court granted an extraordinary writ of mandamus—a writ available only upon a showing of clear error—holding that the district court clearly erred by not resolving the government's dispositive, threshold arguments before ordering the government to undergo burdensome document productions. *Id.* at 445. The Court's decision serves to reiterate that threshold, dispositive issues should generally be resolved before burdensome discovery begins.

Following *Twombly* and *Iqbal*, the Tenth Circuit, too, has recognized that discovery generally should not proceed until the Court determines that a plaintiff has stated a claim. As the Tenth Circuit has explained, Rule 8 serves two purposes: (1) "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and (2) "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring)). Allowing discovery at this time would thwart the second purpose by unnecessarily triggering an expensive and burdensome discovery process before the Court has a chance to decide whether there is even a viable claim. In accordance with these principles, numerous Tenth Circuit decisions have emphasized that discovery pending a motion to dismiss for failure to state a claim would be inconsistent with *Twombly* and *Iqbal*. *See, e.g., Vega v. Davis*, 572 F. App'x

611, 616 (10th Cir. 2014); *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 763-64 (10th Cir. 2011); *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011).

Fourth, Officers Garduno, Parry, and Averitt have argued that Mr. Mostafa's Eighth Amendment *Bivens* claim against them cannot proceed because is no damages remedy for such a claim. To allow discovery to proceed before the Court resolves a threshold issue that goes to the very existence of the claim means that these officers will be deposed, perhaps by Mr. Mostafa himself.[3] The Court should decide the threshold issue of whether such a claim can be pursued before subjecting the officers to depositions for which there ultimately may be no purpose.

\*   \*   \*

In sum, the Court should stay discovery pending resolution of these four threshold issues.

**III.   The *String Cheese* factors strongly support a stay.**

The Court should stay discovery based on the grounds stated above. In addition, the *String Cheese* factors weigh strongly in favor of a stay here.

Staying discovery is a proper exercise of the Court's discretion. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (control over discovery lies within the sound discretion of the court); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994) ("Just as the trial court's determinations on allowing or denying discovery are discretionary . . . so is the imposition of reasonable conditions on the granting of a stay of discovery.") (internal citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (court has "discretion to stay proceedings as an incident to its power to control its own docket"). A stay of discovery is

---

[3] Mr. Mostafa has stated that he will seek the deposition of these officers, among other BOP officials. *See* ECF No. 122 at 2.

especially appropriate where resolution of preliminary motions may dispose of the entire action. *See*, *e.g.*, *Advanced Career Technologies, Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014); *Eggert v. Chaffee Co.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *1 (D. Colo. Aug. 25, 2010).

The Court can weigh several factors in determining whether to exercise its broad discretion to stay discovery, including: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2. Here, all *String Cheese* factors weigh in favor of a stay.

**Factor 1: Plaintiff's interests.** A temporary stay of discovery will not prejudice Mr. Mostafa's interest in pursuing the litigation. On the other hand, Mr. Mostafa *would* be prejudiced if the case continued through discovery only to be dismissed once the dispositive motions were granted. In that case, he would be responsible for costs that could have been avoided had the case been stayed. Therefore, the first factor does not weigh in Mr. Mostafa's favor.

**Factor 2: Burden on Defendants.** By contrast, discovery would impose significant expenses and burdens on Defendants. The complaint contains claims covering a broad range of issues, including issues that implicate the decisions of national-security officials who have determined—based on their expertise and the exercise of their predictive judgment concerning national-security risks—that Mr. Mostafa's SAMs protect critical national-security interests and prevent his communications from triggering even more acts of violence and terrorism. Discovery will be extremely burdensome for these officials, detracting from their important national-security functions. In addition, allowing discovery now will impose significant expense on the

9

government, including the potential hiring of expert witnesses and the substantial time and expenses related to responding to voluminous discovery requests that may be wholly unnecessary.

Moreover, allowing discovery here will certainly disrupt the operations of the ADX and the Florence prison complex. Mr. Mostafa has notified the Court that he intends to seek the depositions of the ADX Warden, the Unit Manager of the Special Security Unit, the ADX Assistant Health Services Administrator, and the Facilities Manager for the Florence complex. *See* ECF No. 122 at 2. These officials—as well as the three officers sued in their individual capacities, *see id.*—must divert time from their official duties to prepare for depositions and, likely, to assist with preparing responses to written discovery. That diversion from their assigned work affects not only these individuals (three of whom argue that Mr. Mostafa is not authorized to bring suit against them), but the inmates at ADX and across the prison complex whose interests are served by the work these officials do every day.

In circumstances like these, "the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously." *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. April 27, 2010) (staying discovery where the defendant filed a dispositive motion); *see also Harbinger Capital Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. March 10, 2015) (observing, in finding that the second factor weighed in favor of staying discovery, that "Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss"). Therefore, the second factor weighs in favor of a stay.

**Factor 3: Convenience to the Court.** A temporary stay will better promote judicial economy.

"[I]t is certainly more convenient for the Court to stay discovery until it is clear that this case will proceed." *Harbinger*, 2015 WL 1133503, at *2; *accord Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (noting that staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency"). The Court's time is not well-served by allowing a "struggle over the substance of the suit when, as here, a dispositive motion is pending." *Harris*, 2010 WL 1687915, at *1 (internal quotation marks and citation omitted); *see also McCarter v. Potter*, No. 09-cv-01674-MSK-KMT, 2010 WL 148258, at *2 (D. Colo. Jan. 12, 2010) ("[N]either [the court's] nor the parties' time is well-served by being involved in possible dispute resolution and other incidents of discovery when, as here, a dispositive motion involving a threshold . . . defense is pending."). And a stay pending resolution of the dispositive motions "would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through additional briefing or discovery." *See McEntire v. Tyson Foods, Inc.*, No. 20-cv-02764-PAB-NYW, 2020 WL 9597490, at *2 (D. Colo. Nov. 12, 2020).

Any dispute over discovery will undoubtedly require an expenditure of the Court's time and resources to resolve, which could be avoided if the dispositive motions are granted. Moreover, given the subject matter of the dispute—including challenges to Special Administrative Measures imposed to prevent Mr. Mostafa from triggering acts of violence and terrorism that could compromise national security—the case may raise numerous complex

11

discovery disputes that could be avoided if the dispositive motions are granted. Therefore, the third factor also strongly weighs in favor of staying discovery.

**Factor 4: Interest of nonparties**. A stay also will serve the interests of nonparties by allowing "the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *See Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). Further, it is in the interest of nonparties to have Executive Branch officials focus on their work of protecting the national security of the United States, rather than engaging in unnecessary discovery. Therefore, the fourth *String Cheese* factor weighs in favor of a stay.

**Factor 5: Public interest**. Finally, the fifth *String Cheese* factor also weighs in favor of a stay. As noted in connection with the fourth factor, the public interest is served by allowing national-security officials to perform their jobs, rather than compelling them to engage in potentially needless discovery with Mr. Mostafa. And the public's interest in the "efficient and just resolution" of the case is best promoted by "[a]voiding wasteful [discovery] efforts by the Court." *See Harbinger*, 2015 WL 1133503, at *2.

In sum, the *String Cheese* factors weigh heavily in favor of a stay here.

## CONCLUSION

The Court should stay discovery until it has resolved Defendants' motions to dismiss and for partial summary judgment. ECF Nos. 96, 102.

Respectfully submitted on October 24, 2021.

                                        MATTHEW T. KIRSCH
                                      Acting United States Attorney

                                      s/ *Susan Prose*
                                      Susan Prose
                                      Assistant United States Attorney
                                      1801 California Street, Suite 1600
                                      Denver, Colorado 80202
                                      Tel: (303) 454-0100; Fax: (303) 454-0411
                                      Email: susan.prose@usdoj.gov

                                      Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 24, 2021, I directed BOP personnel to hand deliver the foregoing motion, with copies of the unpublished cases cited therein, to Mr. Mostafa.

s/ *Susan Prose*
Susan Prose
United States Attorney's Office