IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

Plaintiff,

v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

## ORDER GRANTING MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter comes before this court on Defendants' Motion for Stay Discovery Pending Resolution of Dispositive Motions ("Motion to Stay") [Doc. 152, filed October 24, 2021], which has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [Doc. 12], and the Memorandum dated October 25, 2021 [Doc. 153]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, this court finds that oral argument will not materially assist in resolving the issues before it and **ORDERS** that Defendants' Motion to Stay is **GRANTED**.

BACKGROUND

Plaintiff Mostafa Kamel Mostafa ("Plaintiff" or "Mr. Mostafa") is currently incarcerated at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado. *See* [Doc. 1]. He initiated this action on March 12, 2020 by filing a *pro se* Prisoner Complaint asserting ten claims against six defendants related generally to the administrative measures imposed on him at ADX, the conditions of his confinement, and his treatment by prison staff. *See generally* [*id.*]. That day, Mr. Mostafa also filed a Motion Seeking Leave to Be Helped with Attorney. [Doc. 3]. The Honorable Gordon P. Gallagher denied as premature Plaintiff's motion seeking appointment of pro bono counsel because the case was under initial review pursuant to Local Rule of Civil Practice 8.1. [Doc. 5]. On April 6, 2020, Judge Gallagher ordered Plaintiff to file an Amended Prisoner Complaint to address various deficiencies identified by the court. [Doc. 6].

Mr. Mostafa filed an Amended Prisoner Complaint ("First Amended Complaint") on May 18, 2020, asserting claims for "[i]njuries, [d]iscrimination against [d]isability, cruel and unusual conditions in prolonged continuous dangerous solitary confinement in violation of several amendments such as: one, four, five, six, eight, and fourteen." *See generally* [Doc. 9]; [*id.* at 2]. This case was then reassigned to the Honorable Philip A. Brimmer and drawn to the undersigned Magistrate Judge. [Doc. 10]. On August 10, 2020, Defendants filed a Motion for More Definite Statement directed at the Amended Complaint. [Doc. 25]. Two days later, the undersigned ordered Plaintiff to respond to the Motion for More Definite Statement by no later than September 14, 2020. [Doc. 27].

At a Status Conference held before the undersigned on August 25, 2020, the Parties discussed concerns expressed by Plaintiff regarding the processing of his legal mail. [Doc. 31].

2

This court ordered Defendants to file a Status Report by September 8, 2020 regarding the process applied to Plaintiff's mail and, in particular, his mail to and from the court. [*Id.*]; *see also* [Doc. 32].

On September 8, 2020, Defendants filed their Status Report [Doc. 37]. Therein, Defendants explain that Mr. Mostafa—as a convicted terrorist—is subject to Special Administrative Measures ("SAMs"), pursuant to which Special Investigative Services Technicians at ADX are permitted a 14-business-day period to review correspondence between Mr. Mostafa and the court. [*Id.* at 1–2 (citing [Doc. 37-1 at 13])]. That same day, this court granted Plaintiff's request for an extension of his deadline to respond to Defendants' Motion for More Definite Statement. [Doc. 34; Doc. 36]. His deadline to respond was extended to October 14, 2020. [Doc. 36]. No response was filed by that date.

However, on November 2, 2020, Plaintiff filed a Pro Se Letter Motion (or "Motion to Amend"). [Doc. 43]. Attached to Mr. Mostafa's Motion to Amend was a proposed Second Amended Prisoner Complaint. *See* [Doc. 43-1]. In their Response, Defendants did not object to Plaintiff's requested amendment, but "note[d] that [it] should be subject to screening as required by 28 U.S.C. § 1915A and D.C.COLO.LCivR 8.1(b)." [Doc. 48 at 1, filed November 20, 2020]. Accordingly, this court construed Plaintiff's filing [Doc. 43] as a stipulated Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and D.C.COLO.LCivR 15.1(a) and directed the Clerk of the Court to accept for filing the tendered Second Amended Complaint [Doc. 43-1]. *See* [Doc. 60].

The Second Amended Complaint [Doc. 61] spans 70 pages and named at least twenty-two

Defendants, including (1) Merrick Garland, U.S. Attorney General ("Defendant Garland")[1]; (2) Christopher Wray, Director of the Federal Bureau of Investigation ("FBI") ("Director Wray"); (3) Michael Carvajal, Director of the Federal Bureau of Prisons ("BOP") ("Director Carvajal"); (4) B. True, ADX Warden ("Warden True"); (5) Tuttoilmundo, H-Unit Manager at ADX ("Defendant Tuttoilmundo"); (6) MacMillan, ADX Facilities Department ("Defendant MacMillan"); (7) Guy, ADX Legal Department ("Defendant Guy"); (8) Follows, ADX Medical Department Manager ("Defendant Follows"); (9) Kunduf, ADX Kitchen Manager ("Defendant Kunduf"); (10) "Unknown[] SAMs Operatives, Managers/Workers" ("Unknown SAMs Operatives"); (11) Dr. Sterett, ADX Medical Department; (12) Parry, ADX Officer ("Officer Parry"); (13) Averit, ADX Officer ("Officer Averit"); (14) Garduno, ADX Lieutenant ("Lt. Garduno"); (15) Loewe, ADX Officer ("Officer Loewe"); (16) Norjano, ADX Officer ("Officer Norjano"); (17) Osage, ADX Medical PA ("PA Osage"); (18) Hudelston, ADX Nurse ("Nurse Hudelston"); (19) "John and Jane Does et al, ADX Co." ("Defendants John and Jane Does"); (20) Armejo, ADX Lieutenant ("Lt. Armejo"); (21) William, ADX Nurse ("Nurse William"); and (22) Hensen, ADX Officer ("Officer Hensen" and collectively, "Defendants"). [Doc. 61 at 2, 5 ¶ 10]. Defendants Garland, Director Wray, Director Carvajal, Guy, Unknown SAMs Operatives, Lt. Armejo, and Officer Hensen are sued in their official capacities only. *See* [*id.* at 3–6]. Defendants Tuttoilmundo, MacMillan, Follows, Kunduf, Warden True, Dr. Sterett, Officer Parry, Officer Averit, Lt. Garduno, Officer Loewe, Officer Norjano, PA Osage, Nurse Hudelston, and Nurse William were sued in both their individual and official capacities. *See* [*id.*]. Though Plaintiff enumerated five claims, he did not articulate either distinct causes of action or the legal bases for each of his claims. Instead, under

---

[1] The Second Amended Complaint names former U.S. Attorney General William Barr. *See* [Doc. 61].

the section entitled "Jurisdiction," Mr. Mostafa generally identified potential legal bases for his complaints of "COVID-19 urgency, discrimination against my type of disability, cruel and unusual conditions in prolonged confined solitary confinement where no help, fittings, items, intimidations, physical assault, sleep deprivation, lack of medical, dental care in violation of several Amendments such as: 1, 4, 5, 6, 8, 14 … and other rules of Disability Act and COVID Prevention." [*Id.* at 4].

Given the "prolix and imprecise nature" of the Second Amended Complaint, this court found that it did not comply, in large part, with Rule 8 of the Federal Rules of Civil Procedure. *See* [Doc. 60 at 10]. However, as noted in its January 30, 2021 Recommendation and Order (or "Recommendation"), *see generally* [*id.*], this court is also mindful of Rule 1's admonition that the Federal Rules of Civil Procedure should be interpreted and applied in a manner to secure the just, speedy, and inexpensive resolution of actions. Thus, instead of simply striking the Second Amended Complaint or pressing Mr. Mostafa to clarify his claims, this court recommended that the Second Amended Complaint be liberally construed to include certain causes of action. *See* [*id.*]. Specifically, this court construed the Second Amended Complaint as setting forth the following claims not subject to summary dismissal: (1) First Amendment familial association and free exercise claims asserted in Claim One against Defendants Garland, Director Wray, Director Carvajal, Warden True, and the Unknown SAMs Operatives in their official capacities; (2) Eighth Amendment conditions of confinement claims asserted in Claim Two against Defendants Garland, Director Wray, Director Carvajal, Warden True, Defendant MacMillan, and Defendant Follows in their official capacities; (3) Eighth Amendment excessive force claims asserted in Claim Three against Defendants Lt. Garduno, Officer Parry, and Officer Averit in their individual capacities; (4) Eighth Amendment deliberate indifference claims based on presentation of Plaintiff's food as asserted in Claim Five against Defendants Officer Loewe, Officer Gorjano, and Warden True in

5

their official capacities; and (5) an Eighth Amendment deliberate indifference claim based on refusal to dress wounds as asserted in Claim Five against Nurse William in his official capacity. *See* [*id.* at 35]. The undersigned further recommended that certain claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that any other unidentified or unspecified claim within the Second Amended Complaint be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure. [*Id.* at 34–36].

Chief Judge Brimmer accepted this court's Recommendation on February 26, 2021. [Doc. 62]. Approximately two months later, Plaintiff filed a "Pro Se Motion Seeking Extension of Time to File His Reconsideration of Court Document 60 Due to Retaliatory Impediments by ADX Officials Exacerbating His Disability and Poor Health to Prevent Him Writing to Court Without Severe Pain and Stress" [Doc. 86, filed April 28, 2021]. This court granted Plaintiff's request and ordered Plaintiff to file any motion for reconsideration of the Recommendation by May 21, 2021. [Doc. 88]. Mr. Mostafa filed a Motion for Reconsideration on June 1, 2021 [Doc. 98], which the court later denied [Doc. 138].

On May 28, 2021, Defendants filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) Plaintiff's Second Amended Complaint ("Motion to Dismiss"). [Doc 96]. On June 7, 2021, the court ordered Plaintiff to respond to the Motion to Dismiss by June 28, 2021. [Doc. 100]. On June 9, 2021, Defendants filed a Motion for Partial Summary Judgment for Failure to Exhaust ("Motion for Partial Summary Judgment"). [Doc. 102].[2] The court ordered Plaintiff to respond to the Motion for Partial Summary Judgment by June 30, 2021. *See* [Doc. 104]. Plaintiff requested extensions of time to respond to the Motion to Dismiss and Motion for Partial Summary

---

[2] Defendants note that neither the Motion for Partial Summary Judgment [Doc. 102] nor the Motion to Dismiss [Doc. 96] "is brought on behalf of the unidentified [Defendant] 'Sams Operatives.'" [Doc. 96 at 1, n. 1].

Judgment on June 21 and June 28, respectively. *See* [Doc. 106; Doc. 111]. The court granted both requests, and Plaintiff was directed to respond to the Motion to Dismiss by July 16, 2021, and the Motion for Partial Summary Judgment by July 20, 2021. *See* [Doc. 108; Doc. 114]. On July 6, 2021, Plaintiff requested additional time to respond to the Motion for Partial Summary Judgment, [Doc. 116], which the court denied, *see* [Doc. 118]. Plaintiff ultimately responded to the Motion to Dismiss and the Motion for Partial Summary Judgment on July 22 and July 29, respectively. *See* [Doc. 119; Doc. 121].

On July 30, 2021, Plaintiff filed a document titled "Plaintiff's Pro Se Motion for Deposition by Oral Examination to Some of the Case Defendants" wherein he requested leave to depose certain Defendants pursuant to Federal Rule of Civil Procedure 30, asked the court to issue an order requiring the warden of ADX to provide Plaintiff with various reading and writing tools for use in this litigation, and renewed his request for the appointment of counsel. [Doc. 122]. The court denied Plaintiff's requests. *See* [Doc. 134, filed August 17, 2021]. The court also scheduled a telephonic status conference to discuss scheduling matters and pretrial discovery for October 25, 2021. [*Id*. at 4].

On August 3 and August 10, 2021, Defendants requested extensions of time to reply to the Motion to Dismiss and Motion for Partial Summary Judgment, respectively, *see* [Doc. 124; Doc. 128], both of which the court granted, *see* [Doc. 126; Doc. 130], making Defendants' reply to the Motion to Dismiss due August 20 and the reply to the Motion for Partial Summary Judgment due August 27. On August 17, 2021, Defendants requested another extension of time to reply to the Motion to Dismiss, [Doc. 132], which the court granted the next day, [Doc. 136], thus making Defendants' reply to the Motion to Dismiss due August 27. Defendants filed their replies to the

7

Motion to Dismiss and the Motion for Partial Summary Judgment on August 27, 2021. [Doc. 144; Doc. 145].

On September 10, 2021, Plaintiff requested leave to file surreplies to Defendants' replies to the Motion to Dismiss and Motion for Partial Summary Judgment, *see* [Doc. 146], which the court denied, *see* [Doc. 149].

On October 24, 2021, Defendants filed the instant Motion to Stay Discovery pending resolution of the Motion to Dismiss and the Motion for Partial Summary Judgment. [Doc. 152]. On October 25, the court held the telephonic status conference that was previously scheduled pursuant to the court's Order dated August 17, 2021 [Doc. 134]. At the status conference, the court ordered Plaintiff to file a response to the Motion to Stay no later than December 6, 2021 and stated that "[n]o replies by Defendants will be permitted, absent leave of court." [Doc. 154 at 2]. The court's docket does not reflect that Plaintiff filed a response to the Motion to Stay by the December 6, 2021 deadline. The Motion to Stay is thus ripe for consideration.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D.

8

Colo. Mar. 30, 2006). Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

Defendants seek to stay discovery in this case pending resolution of their Motion to Dismiss [Doc. 96] and their Motion for Partial Summary Judgment [Doc. 102] on the bases that the motions "raise threshold issues—including lack of subject-matter jurisdiction, failure to exhaust, failure to state a claim, and lack of a damages remedy for the claims brought against three Defendants in their individual capacities—and if granted, would resolve all of Mr. Mostafa's claims." [*Id*. at 1]; *see also* [*id*. at 3–4]. *See* [Doc. 152]. Specifically, first, Defendants argue that the Motion to Dismiss raises jurisdictional issues, including "lack of standing to pursue Claim 2 because Mr. Mostafa cannot establish a redressable injury," and "lack of standing to pursue the official-capacity deliberate indifference claim alleging failure to bandage a wound, which also has ripeness defects." [*Id*. at 4]. Second, Defendants argue that the court "should resolve an exhaustion defense before allowing discovery into the merits of unexhausted claims," an issue which Defendants state they have raised in their Motion for Partial Summary Judgment. [*Id*. at 5]. Third, Defendants argue that their request "to dismiss all of Mr. Mostafa's claims for failure to state a claim" also warrants a stay because "[t]he Supreme Court and the Tenth Circuit have

9

emphasized that a trial court should not 'unlock the doors' of discovery unless and until the plaintiff demonstrates that he has stated a plausible claim under Rule 8." [*Id*. at 6]. Finally, Defendants[3] contend that—based on their argument in the Motion to Dismiss that Plaintiff's "Eighth Amendment *Bivens* claim against them cannot proceed because [there] is no damages remedy for such a claim"—the court should not allow discovery to proceed before it "resolves a threshold issue that goes to the very existence of the claim" and doing so "means that these officers will be deposed, perhaps by Mr. Mostafa himself." [*Id*. at 8]. Therefore, Defendant argues the court "should decide the threshold issue of whether such a claim can be pursued before subjecting the officers to depositions for which there ultimately may be no purpose." [*Id*].

Because I agree with Defendants' first argument which raises jurisdictional issues, my analysis begins and ends with consideration of the *String Cheese* factors.

**String Cheese Factors.** Upon application of the *String Cheese* factors to the instant action, I find that the balance of the factors warrants a stay of discovery. *See, e.g.*, *Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *3 (D. Colo. Oct. 8, 2019) (granting motion to stay in light of *String Cheese* factors). I consider each factor in turn.

Factor One. As to the first *String Cheese* factor, I conclude that Plaintiff's interests in expeditiously proceeding in this matter weigh against a stay. Indeed, this case remains in the preliminary stages of litigation despite the fact that Mr. Mostafa initiated this action more than one year ago. *Compare* [Doc. 1, filed March 12, 2020] *with* [Doc. 152, filed October 24, 2021]. I turn now to consider whether the burden to Defendants under factor two outweighs Plaintiff's interests in the expeditious litigation of his claim.

---

[3] Specifically, "Officers Garduno, Parry, and Averitt." [Doc. 152 at 8].

Factor Two. As to the second *String Cheese* factor, this court finds that it weighs strongly in favor of a stay. In addition to seeking summary judgment for Plaintiff's purported failure to exhaust his administrative remedies, [Doc. 102], Defendants challenge certain of Plaintiff's claims on jurisdictional grounds. *See* [Doc. 152 at 3–4]. Specifically, Defendants assert that Plaintiff (1) lacks standing to pursue his conditions-of-confinement claim (Claim 2) "because Mr. Mostafa cannot establish a redressable injury," and (2) lacks standing "to pursue the official-capacity deliberate indifference claim alleging failure to bandage a wound, which also has ripeness defects." [*Id.*]; *see also* [Doc. 96 at 17–21, 30–32]. These jurisdictional arguments—if granted—would significantly narrow the issues to be resolved in this litigation. Indeed, courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues." *Clarendon Nat'l. Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019); *see Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."). Accordingly, I find that the second factor weighs strongly in favor of a stay.

Factor Three. As to the third *String Cheese* factor, convenience to the court favors a stay. Although courts in this District have recognized the "inconvenience[ ] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and … less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), here Defendants have asserted jurisdictional grounds for dismissal of Plaintiff's Claim 2 and his deliberate indifference claim alleging failure to bandage a wound, and filed a motion for partial summary judgment based on

11

Plaintiff's failure to exhaust administrative remedies. *See* [Doc. 102]. Given the arguments raised in those pending dispositive motions, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether certain of Plaintiff's claims survive dismissal at all—would be known before proceeding through discovery. I find that factor the third factor weighs in favor of granting the stay.

<u>Factors Four and Five</u>. As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral. *See, e.g.*, *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) ("[T]he general public's primary interest in this case is an efficient and just resolution.").

In sum, the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of Defendants' Motion to Dismiss [Doc. 96] and Motion for Partial Summary Judgment [Doc. 102]. Accordingly, the Motion to Stay is **GRANTED**, and discovery in this matter is hereby **STAYED.**

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)  Defendants' Motion to Stay [Doc. 152] is **GRANTED**;

(2)  Discovery in this matter is **STAYED** pending resolution of the pending Motion to Dismiss [Doc. 96] and Motion for Partial Summary Judgment [Doc. 102];

(3)  Within three (3) business days of the disposition of the pending Motion to Dismiss <u>and</u> Motion for Partial for Summary Judgment, to the extent there are any remaining claims, the Parties will CONTACT the chambers of this Magistrate Judge to schedule a Status Conference to discuss further discovery and advise whether the proposed Scheduling Order should be resubmitted; and

(4)  A copy of this Order shall be sent to:

> Mostafa Kamel Mostafa
> #67495-054
> FLORENCE ADMAX

                      U.S. PENITENTIARY
                      Inmate Mail/Parcels
                      PO BOX 8500
                      FLORENCE, CO 81226

DATED:  December 7, 2021                BY THE COURT:

                                                      _____
                                                      Nina Y. Wang
                                                      United States Magistrate Judge