# Exhibit 4

1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action no. 07-CV-02697-MSK-BNB

KHALFAN KH. MOHAMMED, Plaintiff

V.

ERIC HOLDER, et al, Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 29 2012

GREGORY C. LANGHAM
CLERK

---

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANTS'
FOURTH STATUS REPORT

---

In February 22, 2012, plaintiff receive the "defendants" fourth status report dated February 17, 2012. In that report defendants stated that Mr. Paul Wolf has been allowed to communicate with plaintiff... under monitoring condition. Respectfully plaintiff oppose the last party of the statement, the monitoring of legal communications, and stating the followings:

A- PLAINTIFF IS BLINDFOLDED BY THE DEFENDANTS' TACTICS:

1- Since plaintiff filed his motion to compel, doc# 236, and there after defendants filed several documents with relation to the requested approval for Mr. Paul Wolf... Plaintiff does not know what's going on in his case.

2- Only through defendants' continuing "status reports" plaintiff learned that Mr. Paul Wolf has filed the notice of appearence and responded to defendants' motion to stay in plaintiff's

2-

behalf, which plaintiff completely wishes and agreeds with. But yet, plaintiff does not know if these filings are eccepted by the court or no, since mr. Wolf hasn't yet sign sams document, because the defendants didn't yet decide to provide one.

3- Again, on February 10, 2012, plaintiff received the defendants' "third status report", in which they stated their strong opposition to mr. Wolf. Also, defendants stated in that "third report", that this court has ordered a hearing (on the same day plaintiff received the report) and they oppose mr. Wolf's representation for plaintiff... And they (defendants) would arrange a telephone so plaintiff can have an opportunity to be heard "see third status report. p. 4, footnot. 2.
- But plaintiff was not provided that phone to attend hearing even after he asked for it. Also plaintiff don't know if the court allowed mr. Wolf to be present, and also don't know any outcome of that hearing.

4- Because of these conditions of not knowing what's going on in his own case, plaintiff decided to respond to the's "fourth status report. As plaintiff stated in his letter to the court dated: February 8, 2012, he completely agree with mr. Wolf's representation in this case and needs his legal assistance... But even after that agrement, plaintiff don't know what this court decided and how it treat mr. Wolf's representation at this time.

3-

<u>B- THERE IS NO REASONABLE SUSPICION TO BELIEVE THAT PLAINTIFF MAY USE THE COMMUNICATIONS WITH MR. PAUL WOLF TO FURTHER OF FACILITATE ACTS OF TERRORISM</u>

8- The defendants in their "fourth status report" have stated that "the decision has been made to allow communications between plaintiff and Mr. Wolf. However, before those communications commence, a request is being made to the Attorney General for approval to modify plaintiff's SAMs to include appropriate procedures for monitoring communications between plaintiff and Mr. Wolf in accordance with 28 CFR 501.3 (d)". See fourth status report. p. 1-2.

"While plaintiff is greatful that finally Mr. Wolf is allowed to contact him so he can assist plaintiff in this case, plaintiff oppose the monitoring of such contacts and communications and that for these several reasons:

<u>a- First</u>, the above 28 CFR 501.3(d) has been misplaced by the defendants: since 3-months or more, the defendants have been investigating Mr. Wolf who's a legal expert and an Attorney. The above statements was and is intended for suspisious of a "pesticular inmate... Id. not "an attorney". Ever since Mr. Wolf initiated communications with plaintiff and the BOP rejected all of them, the defendants "concerns" and investigation and reviewal has been toward Mr. Wolf ... First claiming" he resides outside of the US, then" the goverment waiting information "from a third party".

Therefore, the said suspicions are placed to wrong individual, a legal expert, a lawyer, a US citizen... Not inmate.

<u>b- Second</u>, The defendants have always treated plaintiff as "terrorist and have called him so, because, as they stated is convicted so

4-

And plaintiff is admitting that he was convicted for charges related to "terrorism," and that was with relation to Tanzania Embassy bombing. The defendants also claims that "The East African embassy bombings are among the most important al Qaida operations in in the recent history of terrorism." See defendants exh. B-1 p. 6, pigrp. 19 (declaration of FBI agent Donald Shanon)

- In such described case, plaintiff has had at least two attorneys, also social workers and other experts. And that was in criminal case. Plaintiff has had always a confidential communications with his respected attorneys, and other defence team individuals.

- In that criminal case, there were hundred of thousands pages of discovery documents. Plaintiff has had many meetings and legal calls with his defence team. But the FBI, CIA or any agency, never accused plaintiff's attorney or plaintiff himself in violating the SAMs.

- Also, since plaintiff's criminal case was over, until now, plaintiff has always have at least two attorney whow he communicates always in confidential conditions. The attorneys have signed SAMs and always respects that agreement, never violated it. Plaintiff does the same. Currently, plaintiff has two Respected Attorney from his former criminal case.

C-Third, The FBI also testified under oath that "they have not seen violation of his (plaintiff) SAMs and have not seen him writing in code or any kind of speech that could be radicalizing in any kind of nature." See the FBI testimony, plaintiff's exh's (filed with response to defendants' summary judgment. doc# 214.

- Therefore there is no question that plaintiff has never violated SAMs, nor in his legal or social communications

5-

C- IN THE PREVIOUS FILINGS, DEFENDANTS HAVE REPEATEDLY TOLD THIS COURT THAT THE REVIEW WAS NEEDED BECAUSE PLAINTIFFS ASKING FOR "CONFIDENTIAL COMMUNICATIONS"... AND ALSO OTHER ATTORNEYS HAVE BEEN ALLOWED TO HAVE "CONFIDENTIAL COMMUNICATIONS...

6- Many times, defendants told this Court that the many months delay was, among other things because plaintiff asking the confidential communications with Mr. Paul Wolf(, " SAMs require that an attorney who wishes to communicate confidentially with plaintiff excute an affirmation acknowledging that he or she has received a copy of the SAMs..." See defendants' response to plaintiff's motion to compel. doc# 238 p. 1-2.

- Also they told this Court that "the purpose of the review is to ensure that permitting the attorney to engage in 'confidential communications with an inmate who is subject to SAMs because of acts of terrorism does not jeopardize the government's interests..." See defendants' (first) status report p.2, doc# 242. See also the same statements in "second status report, p. 2 p.graph. 1.

7- The defendants again repeated same promise to the court in their "third status report" at p. 2,3. The defendants also told the Court that: As the Court may be aware, this attorney review process has been successfully completed for many inmates subject to SAMs, some of whom are represented by two or more attorneys in their civil lawsuits. See, e.g. Al-Owhali v. Holder, No. 07-CV-02698 02214-LTB-BNB; Ayyad v. Holder, 05-CV-02342-WYD-MJW; Sattar v. Holder, 07-CV-02698-PAB-KLM. Attorneys have also been approved for confidential communications

6-

with a number of other SAMS inmates incarcerated at the ADX who are not involved in litigation." See "Third Status report. p.3.

- Therefore, all inmates have been allowed to have "confidential communications" after the review, but the defendants intentionally targeted plaintiff and his Attorney mr. Paul Wolf for monitoring their legal and civil communications. And these all after the defendent themselfs even more recently as February 9, 2012 told this court that the review was for "confidential communications."

8- Also, in their "response to plaintiff's motion to compel, defendants stated that "This review must be undertaken carefully, at least one attorney has intentionally evaded them to assist the inmate in transmitting his terrorist messages to persons outside the prison." See #238 p.8.

- But even the inmates who are said to be envolved in the above actions, their communications with their attorneys are not monitored.

9- Plaintiff has never violated his legal communication rules. He has never received an accident report with relation to his communications.
- Also the defendants have never accused mr. Paul Wolf with any criminal conducts in their filings.
- In facts in H-unit, (which is full of SAMS inmates) there is no single prisoner who's subjected to "monitored communications" in their legal contacts.

7.

### D- THE DEFENDANTS HAVE MADE THEIR MINDS THAT BY ANY MEANS OR REASONS THEY (NOT THE COURT) MUST STOP THIS CASE...

10- Apparently, all indications proves that the defendants by using defferents tactics and reasons they want to get this case dismissed or thrown out as soon as that can happened. For several months now, they have denied to provide mr. P. wolf the sams to sign it. First, claiming because "he reside out of the county, and then "more information needed from third party".

- Because mr. wolf (according to defendants' filings) has made an appearence and shows that he is in this county, the defendent since they dont have a reason to deny him to practice his professional, now they even makes hard for him and plaintiff who need his assistance to work together in this case.

11- The new restrictions of monitoring communications comes for simple fact: that plaintiff's case must be stopped. The defendants or some of them uses their position to discourage legal experts and scare them off, from assisting plaintiff through their own constitution which they claim to respect and defend.

- mr. Paul wolf is (as plaintiff believes) a legal expert, good citizen and some one who wishes to practice his skills to assist a poor prisoner who could not afford to hire a lawyer.

- By all accounts, mr. wolf and other like him should be incouraged to assist whom they wishes under legal and normal guidelines

12- Plaintiff believe that mr wolf is prepared to sign the sams documents since he must know of plaintiff's restrictions. And is

8-

the defendants' responsibility to provide Mr. Wolf that documents with no additional restrictions, just as the defendants have done so with other attorneys who representing same prisoners.

### E- SOME OF THE DEFENDANTS HAVE TAKEN RETALIATORY ACTIONS TOWARD PLAINTIFF POSSIBLY BECAUSE OF HIS CIVIL ACTION:

13- The delaying of Mr. Wolf approval and the extra restrictions to monitor his communications with plaintiff is more possible a result of some of defendants who have an authority to make recommendation in doing that... This is to retaliate against plaintiff, since he's the first prisoner in H-unit (possibly in ADX) to be subjected to such restrictions even though his records are more clean then many of ADX prisoners.

- Also, since plaintiff has initiated his civil action a specially for last 2-years or so, plaintiff's conditions have become wost.
- The defendants who have authority to control his sosial correspondence with his family have more delayed and rejected his correspondence much more then they ever have done in past 9-years. Some of the defendants have rejected plaintiff's phone numbers from individuals whom they themselves approved. They rejected mails and other requests.
- They even more delayed his mail and possibly get lost of some.
- Plaintiff is quite sure on this retaliations actions, because are so increased in recent time. And this is includes the approval of Mr. Paul Wolf and an extra restrictions to monitore his correspondence.
- Plaintiff is punished by some defendants simply because he seeks his constitutional rights, and Mr. Wolf by want of practice his professional.

9

### F- PLAINTIFF DOES NOT KNOW WHAT'S Mr. PAUL WOLF'S POSITION AND WHAT'S CURRENTLY CONSIDERED BY THIS COURT

14- At this time plaintiff don't know if Mr. Wolf would agree to sign the SAMs (in the case of the court deny this response) and then be monitored in his correspondence with plaintiff. Also plaintiff dont know if Mr. Wolf now is his attorney or not.

- If Mr. Wolf is considered as an attorney for plaintiff at this time and has responded to the recent defendants' report(s) and/or infact was allowed by this court to attend the recent hearing of February 10, 2012 and be able to represent plaintiff, then his representations and filings are to be taken and treated as plaintiff's.

- Also in this case. If he responded to the defendants recent report, this response for plaintiff's behalf is to be considered as such.

- Plaintiff writes this statement while he's an ignorant of legal requirement. He has no intention to confuse or to play with this court's time.

Finally, for the reasons stated above, respectfully, plaintiff asks this court to reject and deny the defendants' decision stated in their "forth status report" as to make SAMs modifications to monitor communications between plaintiff and Mr. Paul Wolf. For the above reasons, the court should find that is not necessary to monitore such communication. Instead, since the review is completed, the defendant must provide Mr. Wolf a SAMs affirmation so he can contact plaintiff and therefore could speak how to go forward in this case.

10-

Respectfully mailed on February 24, 2012.
  Plaintiff, Khalfan Kh. Mohammed

CERTIFICATE OF SERVICE

I, plaintiff Khalfan Kh. Mohammed, hereby certify that on February 24, 2012, have mailed my response to the following defendants' address:

  Susan Prose, U.S. Assistant Attorney
  1225- 17th Street, Suite 700, Denver, Colorado 80202

Dated: February 24, 2012
  Plaintiff, Mohammed.

                                            Khalfan Kh. Mohammed
                                            Reg no: 44623-054
                                            U.S. Penitentiary-max
                                            P.o.box 8500
                                            Florence, Co 81226-8500