**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

## ORDER AND ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Defendants' Motion for Modification and Clarification ("Motion for Modification and Clarification") [Doc. 166, filed December 23, 2021], which has been referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [Doc. 12], and the Memorandum dated December 23, 2021 [Doc. 167]. This court has considered the Motion for Modification, the Opposition to Defendants' Motion for Modification and Clarification of Minute Order to Allow for Completion of SAMs Attorney Vetting Process [Doc. 168] ("Opposition") filed by Paul Wolf ("Mr. Wolf"); the Notice

of Compliance with Defendants' SAMs Affirmation Procedure ("Notice of Compliance") filed by Mr. Wolf [Doc. 169]; and Defendants' Reply Regarding Motion for Modification and Clarification (ECF No. 166) ("Reply") [Doc. 170]; and has determined that oral argument will not materially assist in the adjudication of the instant Motion. Having reviewed such materials and the entire court docket, this court respectfully **GRANTS** the Motion for Modification and Clarification and **ORDERS** the Parties to **SHOW CAUSE** no later than January 25, 2022 as to why this court should not recommend administrative closure pending the completion of the SAMs vetting procedure.[1]

## BACKGROUND

The factual and procedural background of this case has been discussed in detail in the court's prior Recommendations and orders, *see e.g.*, [Doc. 60], and thus, only the most pertinent details to this instant Motion for Modification and Clarification are discussed here. Plaintiff Mostafa Kamel Mostafa ("Plaintiff" or "Mr. Mostafa") is currently incarcerated at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado. *See* [Doc. 1]. He initiated this action on March 12, 2020 by filing a *pro se* Prisoner Complaint asserting ten claims against six defendants related, generally, to the administrative measures imposed on him at ADX, the conditions of his confinement, and his treatment by prison staff. *See generally* [*id.*]. On

---

[1] **Error! Main Document Only.** Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

April 6, 2020, Judge Gallagher ordered Plaintiff to file an Amended Prisoner Complaint to address various deficiencies identified by the court. [Doc. 6].

Mr. Mostafa then filed an Amended Prisoner Complaint ("First Amended Complaint") on May 18, 2020, asserting three claims for "[i]njuries, [d]iscrimination against [d]isability, cruel and unusual conditions in prolonged continuous dangerous solitary confinement in violation of several amendments such as: one, four, five, six, eight, and fourteen." *See generally* [Doc. 9]; [*id.* at 2]. On August 10, 2020, Defendants filed a Motion for More Definite Statement directed at the Amended Complaint. [Doc. 25]. At a Status Conference held before the undersigned on August 25, 2020, the Parties discussed concerns expressed by Plaintiff regarding the processing of his legal mail. [Doc. 31]. This court ordered Defendants to file a Status Report by September 8, 2020 regarding the process applied to Plaintiff's mail and, in particular, his mail to and from the court. [*Id.*]. *See also* [Doc. 32 (discussing the August 25, 2020 Status Conference and Plaintiff's concerns regarding his correspondence with the court)].

On September 8, 2020, Defendants filed their Status Report. [Doc. 37]. Therein, Defendants explain that Mr. Mostafa—as a convicted terrorist—is subject to Special Administrative Measures ("SAMs"), pursuant to which Special Investigative Services Technicians at ADX are permitted a 14-business-day period to review correspondence between Mr. Mostafa and the court. [*Id.* at 1–2 (citing [Doc. 37-1 at 13])]. Then, on November 2, 2020, Plaintiff filed a Pro Se Letter Motion (or "Motion to Amend"). [Doc. 43]. Attached to Mr. Mostafa's Motion to Amend was a proposed Second Amended Prisoner Complaint. *See* [Doc. 43-1]. In their Response, Defendants did not object to Plaintiff's requested amendment, but "note[d] that [it] should be subject to screening as required by 28 U.S.C. § 1915A and D.C.COLO.LCivR 8.1(b)." [Doc. 48 at 1, filed November 20, 2020]. Accordingly, this court construed Plaintiff's filing [Doc. 43] as a

3

stipulated Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and D.C.COLO.LCivR 15.1(a) and directed the Clerk of the Court to accept for filing the tendered Second Amended Complaint [Doc. 43-1]. [Doc. 60; Doc. 62].

The Second Amended Complaint [Doc. 61] spans 70 pages and names at least twenty-two Defendants, including (1) Merrick Garland, U.S. Attorney General ("Defendant Garland")[2]; (2) Christopher Wray, Director of the Federal Bureau of Investigation ("FBI") ("Director Wray"); (3) Michael Carvajal, Director of the Federal Bureau of Prisons ("BOP") ("Director Carvajal"); (4) B. True, ADX Warden ("Warden True"); (5) Tuttoilmundo, H-Unit Manager at ADX ("Defendant Tuttoilmundo"); (6) MacMillan, ADX Facilities Department ("Defendant MacMillan"); (7) Guy, ADX Legal Department ("Defendant Guy"); (8) Follows, ADX Medical Department Manager ("Defendant Follows"); (9) Kunduf, ADX Kitchen Manager ("Defendant Kunduf"); (10) "Unknown[] SAMs Operatives, Managers/Workers" ("Unknown SAMs Operatives"); (11) Dr. Sterett, ADX Medical Department; (12) Parry, ADX Officer ("Officer Parry"); (13) Averit, ADX Officer ("Officer Averit"); (14) Garduno, ADX Lieutenant ("Lt. Garduno"); (15) Loewe, ADX Officer ("Officer Loewe"); (16) Norjano, ADX Officer ("Officer Norjano"); (17) Osage, ADX Medical PA ("PA Osage"); (18) Hudelston, ADX Nurse ("Nurse Hudelston"); (19) "John and Jane Does et al, ADX Co." ("Defendants John and Jane Does"); (20) Armejo, ADX Lieutenant ("Lt. Armejo"); (21) William, ADX Nurse ("Nurse William"); and (22) Hensen, ADX Officer ("Officer Hensen" and collectively, "Defendants"). [Doc. 61 at 2, 5 ¶ 10]. Defendants Garland, Director Wray, Director Carvajal, Guy, Unknown SAMs Operatives, Lt. Armejo, and Officer Hensen are sued in their official capacities only. See [id. at 3–6]. Defendants Tuttoilmundo, MacMillan,

---

[2] The Second Amended Complaint names former U.S. Attorney General William Barr. See [Doc. 61].

4

Follows, Kunduf, Warden True, Dr. Sterett, Officer Parry, Officer Averit, Lt. Garduno, Officer Loewe, Officer Norjano, PA Osage, Nurse Hudelston, and Nurse William are sued in both their individual and official capacities.  *See* [*id.*].  Though Plaintiff enumerates five claims, Mr. Mostafa does not articulate either distinct causes of action or the legal bases for each of his claims.  Instead, under the section entitled "Jurisdiction," he generally identifies potential legal bases for his complaints of "COVID-19 urgency, discrimination against my type of disability, cruel and unusual conditions in prolonged confined solitary confinement where no help, fittings, items, intimidations, physical assault, sleep deprivation, lack of medical, dental care in violation of several Amendments such as: 1, 4, 5, 6, 8, 14 … and other rules of Disability Act and COVID Prevention."  [*Id.* at 4].

This court construed the Second Amended Complaint as setting forth the following claims not subject to summary dismissal: (1) First Amendment familial association and free exercise claims asserted in Claim One against Defendants Garland, Director Wray, Director Carvajal, Warden True, and the Unknown SAMs Operatives in their official capacities; (2) Eighth Amendment conditions of confinement claims asserted in Claim Two against Defendants Garland, Director Wray, Director Carvajal, Warden True, Defendant MacMillan, and Defendant Follows in their official capacities; (3) Eighth Amendment excessive force claims asserted in Claim Three against Defendants Lt. Garduno, Officer Parry, and Officer Averit in their individual capacities; (4) Eighth Amendment deliberate indifference claims based on presentation of Plaintiff's food as asserted in Claim Five against Defendants Officer Loewe, Officer Gorjano, and Warden True in their official capacities; and (5) an Eighth Amendment deliberate indifference claim based on refusal to dress wounds as asserted in Claim Five against Nurse William in his official capacity. *See* [Doc. 60 at 34–35].  The undersigned further recommended that certain claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that any other unidentified or unspecified claim within

5

the Second Amended Complaint be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure. [*Id.* at 34–36]. The presiding judge, the Honorable Philip A. Brimmer, accepted this court's Recommendation on February 26, 2021. [Doc. 62].

Since the inception of this action, Plaintiff has sought assistance of pro bono counsel. *See* [Doc. 3]. Throughout his filings, Mr. Mostafa articulated concerns not only about the conditions of his confinement, but his physical ability – given various physical limitations – to prosecute his case. On January 8, 2021, Mr. Mostafa filed another Motion for Leave to Seek Legal Counsel due to his "chronic and now even worsened by the further vision impairment plausibly due to contracting Covid-19." [Doc. 54]. On January 27, the court granted the motion, insofar as it sought appointment of counsel. [Doc. 59]. A search for pro bono counsel for Mr. Mostafa then commenced. Mr. Mostafa was specifically advised that he was not guaranteed counsel, and that he was required to continue to comply with court orders and deadlines. [*Id.*].

Defendants subsequently filed a Motion to Dismiss and a Motion for Partial Summary Judgment on May 28, 2021 and June 9, 2021, respectively. [Doc. 96; Doc. 102]. In the Motion to Dismiss, Defendants seek dismissal of all Plaintiff's remaining claims pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 96]. The Motion for Partial Summary Judgment seeks summary judgment on a significant portion of Claim 1, for failure to exhaust administrative remedies. [Doc. 102]. After extensions, Mr. Mostafa filed responses to the Motion to Dismiss and the Motion for Partial Summary Judgment on July 22 and 29, 2021. [Doc. 119; Doc. 121]. The Motion to Dismiss and Motion for Partial Summary Judgment are currently pending before the undersigned Magistrate Judge for Recommendation, and this court stayed discovery pending the two dispositive motions. [Doc. 156].

On December 16, 2021, the Clerk of the Court filed a Notice of Appointment, indicating that Mr. Wolf had been appointed as counsel on behalf of Mr. Mostafa. [Doc. 159]. Under D.C.COLO.LAttyR 15(g), the court ordered that appointed counsel has sixty (60) days to either enter his appearance in the case, or file a Notice Declining Appointment. [*Id.*]. Cognizant of the limitations placed on Mr. Mostafa's communications and aware of the court's sixty-day deadline, this court entered a Minute Order directing the Bureau of Prisons to treat Mr. Wolf's communications with Mr. Mostafa as attorney-client communications so that Mr. Wolf could adequately determine whether to accept or decline representation within the sixty-day window. [Doc. 160]. On December 23, 2021, Defendants filed this instant Motion for Modification and Clarification, requesting that the court clarify, before Mr. Mostafa is allowed to engage in privileged communications with an attorney, that the attorney must be vetted in accordance with protocols required by Mr. Mostafa's SAMs. [Doc. 166]. On December 26, 2021, Mr. Wolf filed an Opposition to the Motion for Modification and Clarification, arguing that "the Defendants will not allow the undersigned to communicate with the Plaintiff, or even provide him with a copy of the Plaintiff's SAMs and SAMs Affirmation Form, which are prerequisites for communicating with him." [Doc. 168 at 1]. On January 6, 2022, counsel for Defendants provided Mr. Wolf a copy of Mr. Mostafa's SAMs and SAMs affirmation. [Doc. 170 at 2]. Counsel further represents as soon as Mr. Wolf executes and returns the SAMs affirmation that has been provided to him, but that in order to preserve the integrity of the SAMs attorney-vetting process, Defendants request that the court modify its Minute Order or issue a clarifying order confirming that the vetting process (which has been completed) and the execution of a SAMs affirmation by Mr. Wolf are necessary before confidential communications between Mr. Wolf and Mr. Mostafa may commence. [*Id.*]. It appears that Mr. Wolf has executed the SAMs affirmation as required.

7

*Compare* [Doc. 169-1] *with* [Doc. 170-1].  Mr. Wolf therefore argues that Defendants' Motion for Modification and Clarification is moot.  *See* [Doc. 169 at 3]; *see also* [Doc. 168 at 7 n.10].[3]

## ANALYSIS

I.   **Motion for Modification and Clarification**

As an initial matter, while it appears that the SAMs attorney vetting procedure has been completed by Mr. Wolf, this court does not find Defendants' instant Motion moot because at least part of the relief sought by Defendants, i.e., clarification of the court's order, is not addressed by the completion of the vetting procedure.  It is well-settled that

> [r]unning a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safley*, 482 U.S. 78, 84–85 (1987).  Thus, courts "hesitate to interfere with prison officials' decisions concerning the day-to-day administration of prisons, to which we must accord

---

[3] In Mr. Wolf's Notice of Compliance with Defendants' SAMs Affirmation Procedure [Doc. 169], Mr. Wolf asserts that the Motion for Modification and Clarification "is not moot." [Doc. 169 at 3]. However, the court believes the word "not" to be a typographical error, and that Mr. Wolf instead intended to type "now," given that this assertion is inconsistent with Mr. Wolf's Opposition to the Motion for Modification and Clarification [Doc. 168], wherein he states that "the motions should be denied as moot, and Mr. Mostafa granted leave to amend the complaint," [Doc. 168 at 7 n.10]. In addition, with respect to the argument that Mr. Mostafa should be granted leave to amend, first, Mr. Wolf has not yet entered his appearance, and therefore, is not formally representing Mr. Mostafa yet. Until such time as Mr. Wolf formally enters his appearance, Mr. Mostafa is still proceeding pro se, and is still personally responsible for the prosecution of his claims. Second, D.C.COLO.LCivR 7.1(d) makes clear that a motion for relief cannot be made in response to another motion. Insofar as Mr. Wolf enters his appearance on behalf of Mr. Mostafa, he may move for leave to amend on Mr. Mostafa's behalf, after a robust meet and confer. This court has ordered the Parties to show cause as to why it should not recommend administrative closure to allow the Parties sufficient time to consider and take appropriate next steps in this action.

deference unless they violate the constitution or federal law." *Griffin v. Brooks*, 13 Fed. App'x 861, 864 (10th Cir. 2001).

Thus, this court **CLARIFIES** that in ordering the Bureau of Prisons to treat the communications between Mr. Mostafa and Mr. Wolf as attorney-client communications [Doc. 160 at 1], this court did not intend to circumvent any SAMs to which Mr. Mostafa's communications are subject or any vetting procedure for counsel, but instead only sought to facilitate Mr. Wolf's communication with Mr. Mostafa for the purposes of determining whether Mr. Wolf's representation of Mr. Mostafa was appropriate.  Any attorney-client communications between Mr. Mostafa and Mr. Wolf are governed by the applicable SAMs and are appropriately subject to the execution of the SAMs affirmation.

## II.     Plaintiff's Request to Stay

As part of the Opposition to the Motion for Modification and Clarification, Mr. Wolf argued that the court should refrain from ruling on the pending Motion to Dismiss and Motion for Partial Summary Judgment because they are based on the court's constructions of Plaintiff's claims.  [Doc. 168 at 2].  While this court respectfully disagrees with the suggestion that the court improperly construed Plaintiff's claims (in lieu of dismissing the Second Amended Complaint in its entirety) pursuant to Rule 8 based on the prolix nature of the Second Amended Complaint, this court notes that it is difficult to ascertain Mr. Mostafa's arguments in his Responses to the Motion to Dismiss and the Motion for Partial Summary Judgment.  [Doc. 119; Doc. 121].  Indeed, even his handwriting is difficult to decipher.  Further, the value of counsel is diminished if the court proceeds to rule upon the pending Motions without any input from Mr. Wolf.

In light of these factors, this court respectfully **ORDERS** the Parties to **SHOW CAUSE** no later than **January 26, 2022** as to why the undersigned Magistrate Judge should not recommend

administrative closure of this action for a period of ninety (90) days to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa and enter his appearance in this matter. Although administrative closure will terminate the pending Motions, the case can be reopened upon the showing of good cause by any Party and such Motions could be reinstated upon the request of any Party.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Defendants' Motion for Modification and Clarification of Minute Order to Allow for Completion of SAMs Attorney Vetting Process [Doc. 166] is **GRANTED**;

(2) The Parties **SHOW CAUSE** no later than **January 26, 2022** as to why the undersigned Magistrate Judge should not recommend administrative closure of this action for a period of ninety (90) days to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa and enter his appearance in this matter; and

(3) A copy of this Minute Order, marked as legal mail, shall be sent to the following:

> Mostafa Kamel Mostafa #67495-054
> FLORENCE ADMAX
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> PO BOX 8500
> FLORENCE, CO 81226

and

> PAUL WOLF
> P.O. Box 21840
> Washington, DC 20009

DATED: January 20, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge