IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

Defendants.

**Plaintiff's Response to Order to Show Cause [Doc. 171]**

On January 20, 2022, the Court ordered the "Parties to SHOW CAUSE no later than January 25, 2022 as to why this court should not recommend administrative closure pending the completion of the SAMs vetting procedure."  [Doc. 171]

The Court shouldn't recommend closure because the SAMs vetting procedure is complete.  On January 9, 2022, undersigned counsel received, signed and returned the Special Administrative Measures Agreement, and filed it in the record.  [Doc. 169-1].  On January 19, 2022, undersigned counsel spoke to the Plaintiff on the phone, for the maximum time allowed, of one hour.  A second call is scheduled for January 31, 2022.  See Exhibit 1, email correspondence with Plaintiffs' correctional counselor, attached hereto.  This occurred the day before the Order.

1

In addition, the Plaintiff received written correspondence from the undersigned, which was sent on December 28, 2021, and delivered on about January 13, 2022, four days after the SAMs agreement was signed. Since the Defendants are no longer prohibiting the Plaintiffs' communications with counsel, the Court should deny their Motion as moot.

According to the Court's Nocie of Appointment dated December 16, 2021, the undersigned has until February 14, 2022 (sixty days) to determine whether to accept the appointment. Counsel is diligently working on a motion for leave to amend the complaint, so that it properly states Plaintiffs' claims under the Religious Freedom Restoration Act, the Rehabilitation Act, 42 USC § 1983, and the Administrative Procedure Act. The District Court is innundated with Bivens complaints filed by prisoners against individuals in their personal capacities, because that is the theory on the prisoner complaint form that nearly all of them use. The Defendants fail to screen these cases at the administrative level, so they go to court with no administrative record or reasoning for this court to review. This Court's role should be to define the standards used by the agency, or agencies,[1] at the administrative level, in the same way that the 10th Circuit sets the standards for the District Court. Recognizing the diverse causes of action available to the Plaintiff will serve two good purposes: to fully protect the prisoners' rights, and to unburden the Court from hand-written, pro se complaints lacking an administrative record, or filtered by the Defendants in any real way. If the Defendants can't explain in writing the bases for their decisions, they are presumptively arbitrary. The Defendants' response to an

---

[1] In most cases, this refers to the Bureau of Prisons ("BOP"), which either grants or denies requests made by prisoners using their Administrative Remedy Program procedures. In the case of the Special Administrative Measures imposed on Plaintiff's communications, the decision-making process also includes the Federal Bureau of Investigation ("FBI") and Office of Enforcement Operations ("OEO"). Since all three are components of the Department of Justice ("DOJ"), it is really an administrative procedure of the DOJ that is under review. Defendant Merrick Garland is sued in his official capacity as Attorney General, and is responsible no matter how the decisions are made.

Administrative Remedy Program request, including its internal appeals process, should stand up in court.

The Court may deny the Motion for the additional reason that the Movant hasn't shown any legal grounds for its claimed right to approve or disapprove of Plaintiffs' choice of counsel. This is an unconstititional restriction on the Plaintiff's First Amendment right of freedom of speech, as well as counsel's right to practice law.

Counsel undesrstands that the Court is under a deadline to decide the pending motions for summary judgment and to dismiss by the end of January to comply with the Civil Justice Reform Act 1990, 28 U.S.C § 476 (CJRA).  Under the CJRA, judges must report motions that have been pending for more than six months, twice a year.[2]  Id.  However, the Plaintiff cannot be blamed for the delay between when the Court first ordered appointment of counsel, on January 27, 2021, and when it was published among the list of available cases in the pro bono program on December 10, 2021.  The statute doesn't require the Court to decide motions within 6 months, nor is it jurisdictional.  The Plaintiff will be severely prejudiced if the motions are decided without the assistance of counsel.  These motions weren't adequately argued by the Plaintiff, who is pro se, has no legal training, and very limited access to legal materials, a computer, or even his own files.

The burden is on the Defendants to show cause why a three month delay would be warranted, in light of the fact that the Defendants are permitting the Plaintiff to speak to

---

[2] The report is published twice a year, based on data ending on September 30, and March 31 of each year.  See https://www.uscourts.gov/statistics-reports/analysis-reports/civil-justice-reform-act-report  Counsel understands the court may need these two months to organize its report, and will endeavor provide the Court with a basis to dismiss the two pending motions as moot, as soon as is possible.  It makes the most sense to deny the motions as moot after granting leave to amend. Counsel has not yet executed a written agreement with the Plaintiff and cannot yet represent him.

undersigned counsel. If undersigned counsel is unable to complete this work by the February 14, 2022, the Court should grant a time extension. However, counsel will try to adhere to that date, which is still three weeks away.

## Conclusion

For the foregoing reasons the Court should DENY the Defendants' Motion as MOOT.

Respectfully submitted,

/s/ Paul Wolf

_____
Paul Wolf, CO Bar #42107
PO Box 21840
Washington, DC 20009
(202) 431-6986
paulwolf@yahoo.com
Fax: N/A

## Certificate of Service

I hereby certify that on this day, the 22nd of January, 2022, I filed a copy of the foregoing document and exhibit with the Clerk of the Court, using the Court's Electronic Case Filing (ECF) system, which will send electronic notices to all persons entitled to receive them.

/s/ Paul Wolf

_____
Paul Wolf