# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
UNKNOWN SAMs OPERATIVES, in their official capacities,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her official capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
LOWE, ADX officer, in his official capacity,
NORJANO, ADX Officer, in his official capacity, and
WILLIAM, ADX Nurse, in his official capacity,

    Defendants.

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This civil action comes before the court on (1) "Plaintiff's Response to Order to Show Cause [Doc. 171]" filed by Attorney Paul Wolf ("Mr. Wolf") [Doc. 174, filed January 22, 2022]; and (2) "Defendants' Response to Order to Show Cause (ECF No. 171)" (collectively, "Responses") [Doc. 176, filed January 26, 2022].[1]

---

[1] On January 20, 2022, this court ordered the Parties to show cause as to why the undersigned Magistrate Judge should not recommend administrative closure of this action for a period of ninety (90) days to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa and enter his appearance in this matter. [Doc. 171 at 10]; *see also* [Doc. 175].

Upon review of the Parties' responses, the docket, and applicable law, this court respectfully **RECOMMENDS** that this matter be **ADMINISTRATIVELY CLOSED** for a period of ninety (90) days to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa; enter his appearance in this matter; and meet and confer with counsel for Defendants with respect to next steps.

## BACKGROUND

The factual and procedural background of this case has been discussed in detail in the court's prior Recommendations and orders, *see e.g.*, [Doc. 60; Doc. 171], and thus, only the most pertinent details to the Parties' Responses are discussed here. Plaintiff Mostafa Kamel Mostafa ("Plaintiff" or "Mr. Mostafa") is currently incarcerated at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado. *See* [Doc. 1]. Since the inception of this action, Plaintiff has sought assistance of pro bono counsel. *See* [Doc. 3]. Throughout his filings, Mr. Mostafa articulated concerns not only about the conditions of his confinement, but his physical ability – given various physical limitations – to prosecute his case. On January 8, 2021, Mr. Mostafa filed another Motion for Leave to Seek Legal Counsel due to his "chronic and now even worsened by the further vision impairment plausibly due to contracting Covid-19." [Doc. 54]. On January 27, 2021, the court granted the motion, insofar as it sought appointment of counsel. [Doc. 59]. A search for pro bono counsel for Mr. Mostafa then commenced. Mr. Mostafa was specifically advised that he was not guaranteed counsel, and that he was required to continue to comply with court orders and deadlines. [*Id.*].

Defendants subsequently filed (1) Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss") [Doc. 96, filed May 28, 2021]; and (2) Defendants' Motion for Partial Summary Judgment for Failure to Exhaust ("Motion for Partial Summary

Judgment," collectively, the "Motions") [Doc. 102, filed June 9, 2021].[2] In the Motion to Dismiss, Defendants seek dismissal of all Plaintiff's remaining claims pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 96]. The Motion for Partial Summary Judgment seeks summary judgment on a significant portion of Claim 1, for failure to exhaust administrative remedies. [Doc. 102]. After extensions, Mr. Mostafa filed responses to the Motion to Dismiss and the Motion for Partial Summary Judgment on July 22 and 29, 2021, respectively. [Doc. 119; Doc. 121]. The Motion to Dismiss and Motion for Partial Summary Judgment are currently pending before the undersigned Magistrate Judge for Recommendation, and this court stayed discovery pending the two dispositive motions. [Doc. 156].

On December 16, 2021, the Clerk of the Court filed a Notice of Appointment, indicating that Mr. Wolf had been appointed as counsel on behalf of Mr. Mostafa. [Doc. 159]. Under D.C.COLO.LAttyR 15(g), the court ordered that appointed counsel has sixty (60) days to either enter his appearance in the case, or file a Notice Declining Appointment. [*Id.*]. Cognizant of the limitations placed on Mr. Mostafa's communications and aware of the court's sixty-day deadline, this court entered a Minute Order directing the Bureau of Prisons to treat Mr. Wolf's communications with Mr. Mostafa as attorney-client communications so that Mr. Wolf could adequately determine whether to accept or decline representation within the sixty-day window. [Doc. 160].

On December 23, 2021, Defendants filed a Motion for Modification and Clarification of Minute Order to Allow for Completion of SAMs Attorney Vetting Process ("Motion for

---

[2] The Motions have been referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 10, 2020 [Doc. 12], and the Memoranda dated June 1, 2021 and June 9, 2021 [Doc. 97; Doc. 103].

3

Modification and Clarification"), requesting that the court clarify, before Mr. Mostafa is allowed to engage in privileged communications with an attorney, that the attorney must be vetted in accordance with protocols required by Mr. Mostafa's Special Administrative Measures ("SAMs"). [Doc. 166]. On December 26, Mr. Wolf filed an Opposition to the Motion for Modification and Clarification, arguing that "the Defendants will not allow the undersigned to communicate with the Plaintiff, or even provide him with a copy of the Plaintiff's SAMs and SAMs Affirmation Form, which are prerequisites for communicating with him." [Doc. 168 at 1]. On January 6, 2022, counsel for Defendants provided Mr. Wolf a copy of Mr. Mostafa's SAMs and SAMs affirmation. [Doc. 170 at 2]. Counsel further represented that as soon as Mr. Wolf executes and returns the SAMs affirmation that has been provided to him, but that in order to preserve the integrity of the SAMs attorney-vetting process, Defendants requested that the court modify its Minute Order or issue a clarifying order confirming that the vetting process (which has been completed) and the execution of a SAMs affirmation by Mr. Wolf are necessary before confidential communications between Mr. Wolf and Mr. Mostafa may commence. [*Id.*].

Despite the fact that Mr. Wolf has yet to formally enter his appearance in this matter and Mr. Mostafa remains pro se, this court considered Mr. Wolf's Opposition to the Motion for Modification and Clarification because it impacted his ability to determine whether or not he could accept representation and enter an appearance. On January 20, 2022, being fully advised of the premises, the court granted Defendants' Motion for Modification and Clarification and ordered the Parties to show cause, no later than January 26, 2022, as to why the undersigned Magistrate Judge should not recommend administrative closure of this action for a period of ninety (90) days to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa and enter his appearance in this matter. [Doc. 171 at 10]; *see also* [Doc. 175]. On January 22, Mr. Wolf filed

4

a document titled "Plaintiff's Response to Order to Show Cause [Doc. 171],"[3] wherein he argues that the court should not recommend administrative closure of this action. *See* [Doc. 174]. On January 26, Defendants filed their Response to the Order to Show Cause, stating they do not oppose the court's proposed recommendation of administrative closure of this case. [Doc. 176].

## ANALYSIS

Local Rule of Practice 41.2, D.C.COLO.LCivR, allows the administrative closure of cases subject to reopening, as follows:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

"Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation marks and citation omitted). It is a way for the court to manage its docket by "shelv[ing] pending, but dormant, cases[]" without a final adjudication. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). This case presents appropriate circumstances justifying administrative closure subject to reopening for good cause under the Local Rule.

In Mr. Wolf's Response, he states that he is "diligently working on a motion for leave to amend the complaint," [Doc. 174 at 2], and if he is unable to complete this work by the February 14, 2022 deadline to determine whether to accept the appointment, "the Court should grant an extension of time," [*id.* at 4]. In Defendants' Response, they state that if Mr. Wolf is able to

---

[3] Therein, Mr. Wolf acknowledges that Mr. Mostafa currently remains unrepresented in this action. *See* [Doc. 174 at 3 ("These motions weren't adequately argued by the Plaintiff, who is pro se, has no legal training, and very limited access to legal materials, a computer, or even his own files." (emphasis in original))].

determine whether he will accept representation of Mr. Mostafa before the 90-day period has expired, Defendants' counsel "will meet and confer with him concerning any motion to amend and, following that conferral, will work with Mr. Wolf to ask the court to reopen the case." [Doc. 176 at 1–2].

As an initial matter, Mr. Wolf has not yet entered an appearance in this action—and therefore, cannot represent Mr. Mostafa until and unless he does. Nevertheless, as this court explained in the Order to Show Cause, Mr. Wolf has previously argued that the court should refrain from ruling on the pending Motion to Dismiss and Motion for Partial Summary Judgment because they are based on the court's constructions of Plaintiff's claims. *See* [Doc. 171 at 9]; *see also* [Doc. 168 at 2]. The court also noted that it is difficult to ascertain Mr. Mostafa's arguments in his Responses to the Motion to Dismiss and the Motion for Partial Summary Judgment, including that his handwriting is difficult to decipher. [Doc. 171 at 9 (citing [Doc. 119; Doc. 121])].

Moreover, this court is not persuaded by Mr. Wolf's arguments that the court should not recommend administrative closure merely because the SAMs vetting procedure is complete. *See* [Doc. 174 at 1]. The court is not, in fact, recommending administrative closure due to the SAMs vetting procedure. *See* [Doc. 175]. Rather, this court is recommending administrative closure, subject to a re-opening for good cause, to allow Mr. Wolf time to evaluate the case, enter his appearance if appropriate, meet and confer with opposing counsel regarding next steps, and file the appropriate papers with the court. Notably, Mr. Wolf appears to agree with this court's observation in the Order to Show Cause that "the value of counsel is diminished if the court proceeds to rule upon the pending Motions without any input from Mr. Wolf." *Compare* [Doc. 171 at 9] *with* [Doc. 174 at 3 ("The Plaintiff will be severely prejudiced if the motions are decided without the assistance of counsel. These motions weren't adequately argued by the Plaintiff, who

6

is pro se, has no legal training, and very limited access to legal materials, a computer, or even his own files." (emphasis in original))].

An administrative closure will automatically terminate any pending motion. D.C.COLO.LCivR 42.1. Upon re-opening for good cause, this court—with input from the Parties after a robust meet and confer—can determine whether the reinstatement of the pending motions and briefing is appropriate or whether some other procedure is preferable.

For these reasons, this court respectfully **RECOMMENDS** that this matter be **ADMINISTRATIVELY CLOSED**, pursuant to D.C.COLO.LCivR 41.2, for ninety (90) days to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa; enter his appearance in this matter; and meet and confer with counsel for Defendants with respect to next steps.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) This case be **ADMINISTRATIVELY CLOSED**, pursuant to D.C.COLO.LCivR 41.2, for ninety (90) days to allow Mr. Wolf to determine to allow Mr. Wolf to determine whether he will accept representation of Mr. Mostafa; enter his appearance in this matter; and meet and confer with counsel for Defendants with respect to next steps; and

(2) The Parties be ordered to **FILE** either a Joint Status Report or a Motion to Re-Open before or at the end of the administrative closure period.[4]

---

[4] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a

In addition, **IT IS ORDERED** that:

(1) A copy of this Minute Order, marked as legal mail, shall be sent to the following:

> Mostafa Kamel Mostafa #67495-054
> FLORENCE ADMAX
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> PO BOX 8500
> FLORENCE, CO 81226

and

> PAUL WOLF
> P.O. Box 21840
> Washington, DC 20009

DATED: January 26, 2022

BY THE COURT:

*[signature]*

Nina Y. Wang
United States Magistrate Judge

---

judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).