IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity.

Defendants.

**Plaintiff's Motion for Expedited Discovery of Full Name
and Contact Information for Defendant William**

Comes now the Plantiff, Mostafa Kamel Mostafa, to move the Court pursuant to Federal Rule of Civil Procedure 26(d)(1), for an Order for Defendants to produce the full name and contact information for the person identified as "Nurse William" in Plaintiffs' Fourth Amended Complaint. [Doc 199] Good Cause exists to grant the Motion, as explained below. The Defendants do not oppose the Motion. A Proposed Order is attached.

1

**FACTUAL SUMMARY**

On July 27, 2022, counsel for the Defendants contacted undersigned counsel by email to advise that Defendant William declined to be represented by the U.S. Department of Justice, which represents all of the other Defendants in this case.  See Exhibit 1 attached hereto.  On August 3, 2022, undersigned counsel spoke to the Plaintiff by telephone and confirmed that he did not know the first name of Defendant William, who apparently worked as a nurse in the ADX until about a year ago.  The same day, we wrote to counsel for the (other) Defendants to explain that without Mr. Williams' full name, it would not be possible to hire a skip tracer and serve him with a copy of the summons and complaint. Defense counsel responded that the government wouldn't oppose this motion for Mr. Williams' name and contact information, but needed a court order to release it due to privacy laws.  See Exhibit 1 attached hereto.

**ARGUMENT**

There has been no Rule 26(f) conference in this case.  Plaintiffs' request must therefore be considered under Rule 26(d)(1), which generally prohibits parties from seeking discovery after an action has been filed, but before a Rule 26(f) conference has occurred.  Fed. R. Civ. P. 26(d)(1).  However, "[t]he court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery," but the party seeking discovery must establish good cause. Qwest Com's Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." Avaya, Inc. v. Acumen Telecom Corp., No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted)

2

Identifying Defendant William will allow the case to progress in a timely fashion, and against the individuals most likely to be liable. Putting off the question of the identity of Defendant William will impede its progress and may result in piecemeal litigation of common issues. Defendant William was named in Counts 7 and 9, for the use of excessive force during hunger strike, along with seven other individuals, and for deliberate indifference to medical needs, in which he is the only Defendant. See Fourth Amended Complaint [Doc 199] at 39 and 48. The common factual and legal issues in Count 7 show why Defendant William should remain joined with the other Defendants in this case. It's in the interest of judicial economy to detemine the identity of Mr. William so that he can be served with process and not delay the litigation with his response to the Complaint.

## Conclusion

The Defendants know the identity and contact information for Defendant William, but cannot share it without a court order. Good cause exists to grant the motion. Providing the information in an expedited manner will advance the litigation and help avoid piecemeal litigation of common issues.

Respectfully submitted,

/s/ Paul Wolf
_____
/s/ Paul Wolf, CO Bar 42107
*Attorney for Mostafa Kamel Mostafa*
P.O. Box 21840
Washington, D.C. 20009
(202) 431-6986
paulwolf@yahoo.com
fax: n/a

August 7, 2022

**Certificate of Service**

I hereby certify that on August 7, 2022, I filed the foregoing document, along with its exhibit, with the Clerk of the Court through the Court's Electronic Case Filing (ECF) system, which will send notification to the attorneys of record for all other parties in this litigation.

/s/ Paul Wolf
_____
Paul Wolf

4