**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity.

Defendants.

**Notice of Change in SAMs Permitting Contacts with Grandchildren**

Counsel for the Plaintiff was just informed that on August 9, 2022, the Special Administrative Measures imposed on the Plaintiff were amended to allow the Plaintiff contacts with his grandchildren. <u>See</u> Exhibit 1, attached hereto, Notification of Modification of Special Administrative Measures (SAMS); Exhibit 2, Email from Defense Counsel. According to the Notification letter:

1

>Upon review of your SAM as most recently renewed, the Office of Enforcement Operations (OEO) of the Criminal Division, the US Attorneys Office for the Southern District of New York (USAO/SDNY), the Federal Bureau of Investigation recommend modification of the SAM to grant access regarding all of the listed grandsons consistent with the level of access granted to Belal Mostafa.

Exhibit 1 at 1.  A 2017 SAMS modification had allowed the Plaintiff's grandson Belal Mostafa contact by telephone, mail, and visitation.  Id.  However, three of the Plaintiffs other grandsons were approved for visits but not for phone or mail, id., and two others were approved for visits with an approved parent and mail, but not for contact by telephone.  Id.

Paragraphs 84-85 of the 4th Amended Complaint [Doc. 199] address the First Amendment issues with the restrictions on the Plaintiff's contacts with his family members under the SAMs.  "The Plaintiff is not permitted to communicate at all with three of his sons or his stepson, and may only contact one of his eleven grandchildren by phone, who is ten years old and named Bilal. Id. at ¶ 84.  "On information and belief, the Defendants have a rule prohibiting children under 9 years of age from communicating with SAMs prisoners. Id.  "The Plaintiff has four grandchildren who are allowed to contact the Plaintiff in writing, but not by phone. This isn't reasonable because these children are too young to be able to read or write. This modification of Plaintiffs SAMs, to allow written communications to them, may create the impression that the Defendants were giving serious consideration to the Plaintiffs' Administrative Remedy Requests, when in fact they were not."  Id. at ¶ 85.  These are the parts of the 4th Amended Complaint that the Defendants are responding to.

Although the test in Turner v. Saffley, 482 U.S. 78 (1987) only applies an intermediate level of scrutiny for this Constitutional claim, under any standard, the government's conduct has to be rational, and under the APA, it can't be arbitrary and capricious.

After the Court's decision in <u>Mohammed v. Holder</u>, 47 F. Supp. 3d 1236 (2014), it should have been clear to the Office of Enforcement Operations that the restrictions on the Plaintiff's communications with his grandchildren were a violation of his rights.  This component of the Department of Justice determines the policies that result in prohibitions on communications with family members, which punished the Plaintiff by depriving him of the love of his family, or to ever meet his own grandchildren, which are types of punishments not authorized by law, and an exaggerated response to the attacks on the World Trade Center and Pentagon over 20 years ago, which led to the war on terrorism.

Although the government has changed its position in relation to these 5 grandchildren, to the best of counsel's knowledge, the Plaintiff hasn't actually spoken with them yet, so the issues in the 4th Amended Complaint, which was a catalyst for this, are not necessarily moot.  The Plaintiff should be able to make his case to the jury that he wasn't allowed to speak with five of his six grandsons until an attorney appointed by the court took his case.  The Plaintiff has already amended his Complaint to correct inconsistences at the Defendants' request, and shouldn't have to amend it every time the Defendants modify the Plaintiffs' conditions, which they are only doing as a litigation strategy.  The policy of the OEO remains, that SAMs restrictions prohibit communication with anyone except for a few close family members, and the defense counsel in their criminal cases.  Depriving a prisoner of the love of his family, or the ability to contact any lawyer other than the one who was appointed under the Criminal Justice Act, are serious infringements on the prisoner's rights, and don't serve any legitimate penological interest.

Respectfully submitted,

/s/ Paul Wolf
_____
/s/ Paul Wolf, CO Bar 42107
*Attorney for Mostafa Kamel Mostafa*
P.O. Box 21840
Washington, D.C. 20009
(202) 431-6986
paulwolf@yahoo.com
fax: n/a

August 17, 2022

## Certificate of Service

     I hereby certify that on August 17, 2022, I filed the foregoing document, along with its exhibit, with the Clerk of the Court through the Court's Electronic Case Filing (ECF) system, which will send notification to the attorneys of record for all other parties in this litigation.

/s/ Paul Wolf
_____
Paul Wolf