IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

---

**MOTION REQUESTING ADDITIONAL PAGES FOR CONSOLIDATED MOTION TO DISMISS FOURTH AMENDED COMPLAINT (ECF No. 199)**

---

Defendants[1] ask the Court to allow them to submit a single, consolidated motion to dismiss Mr. Mostafa's Fourth Amended Complaint, ECF No. 199, of no more than 44 pages. Defendants are mindful that this represents a significant extension of the Court's standing page limit of 15 pages for motions to dismiss. *See* Chief Judge Brimmer Civ. Practice Standard III.A ("Motions to exceed the page limitations set forth in these Practice Standards will be granted only upon a showing of good cause."). There is good cause for the Court to grant this page extension in these unusual circumstances.

Mr. Mostafa has chosen to file a lengthy complaint in which he brings eight claims (several of which contain multiple subclaims) against the United States, as well as *Bivens* claims against eleven individual defendants. Indeed, the caption alone in this case takes up almost an entire page.

The claims against the United States cover a broad swath of legal theories: First Amendment claims, including freedom-of-association claims challenging three provisions in Mr. Mostafa's Special Administrative Measures ("SAMs") (Claim 4); an access-to-courts claim contending that Mr. Mostafa's ability to pursue both civil claims and criminal defenses is compromised by the SAMs (Claim 11); religious-freedom claims brought under the Free Exercise Clause and the Religious Freedom Restoration Act, both of which consist of four subclaims about (1) group prayer, (2) access to a halal diet, (3) access to Eid feast meals, and (4) access to ritual washing before prayer (Claims 1 and 2); two claims under the Rehabilitation Act (Claims 5 and 6); an equal-protection claim (Claim 3); and an Administrative Procedure Act claim (Claim 10).

---

[1] This motion is not brought on behalf of Defendant Williams, who has not to date requested representation from the Department of Justice or been served.
  As further discussed below, Mr. Mostafa's counsel has represented that this page extension is opposed.

The United States will show that almost every claim and subclaim lacks merit based upon pleading and, for some claims, jurisdictional deficiencies. The distinct legal frameworks for each category of claims and subclaims, and the defenses requiring dismissal, must be explained for each.

The *Bivens* claims also require significant space to address. The *Bivens* Defendants face claims that they are personally liable to Mr. Mostafa for different conduct. As the Supreme Court has repeatedly emphasized, *Bivens* liability is uniquely personal, and each defendant may only be held responsible for his or her own personal actions. *See, e.g.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."). All eleven *Bivens* Defendants would be entitled to file their own 15-page motion to dismiss, but that would not be efficient for the Court or the parties. Defendants have sought to be efficient and have grouped responsive arguments to the extent possible, but given the number of claims and individual Defendants, there is only so much size reduction that can be done without compromising each Defendant's due process rights to raise all pertinent arguments in his or her defense.

The *Bivens* claims also consist of distinct subclaims, with different Defendants alleged to have undertaken different kinds of actions. In moving to dismiss, each Defendant must explain why he or she is not liable to Mr. Mostafa. Defendants will also argue that Mostafa has no *Bivens* remedy pursuant to *Egbert v. Boule*, 142 S. Ct. 1793 (2022). Defendants Chorosevic and Fellows, as commissioned officers in the U.S. Public Health Service, will demonstrate that they are entitled to absolute immunity. And most of the Defendants will raise the defense of qualified immunity (including, for some Defendants, lack of personal participation in the alleged violations) which,

again, must be explained in a particularized context, based on each Defendant's alleged actions.

During conferral, Mr. Mostafa's counsel represented that this page extension is opposed, but that Mr. Mostafa would not oppose a consolidated motion of no greater than 30 pages in length, provided that Mr. Mostafa had the same number of pages for his response. It is respectfully submitted that the number of pages requested here is necessary to allow each Defendant to present the defenses they are entitled to bring. The United States and eleven individual officers have no control over Mr. Mostafa's decision to bring a large number of claims against them. Defendants would be prejudiced by not having adequate pages to defend themselves.

For these reasons, Defendants respectfully request that the Court permit them to file a consolidated motion to dismiss not to exceed 44 pages in length in these unique circumstances.

Respectfully submitted on August 19, 2022.

    COLE FINEGAN
    United States Attorney

    s/ *Susan Prose*
    Susan Prose
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Tel: (303) 454-0100
    Email: susan.prose@usdoj.gov

    Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul Wolf, Esq.

s/ *Susan Prose*
U.S. Attorney's Office