# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

## UNOPPOSED MOTION TO STAY DISCOVERY
## AND TO VACATE SCHEDULING CONFERENCE

Defendants[1] move the Court for an order staying discovery until the Court resolves their motion to dismiss Mr. Mostafa's complaint. *See* ECF No. 222. Defendants also request that the Scheduling Conference currently set for September 20, 2022, *see* ECF No. 200, be vacated or

---

[1] This motion is not brought on behalf of Defendant Williams, who has not to date requested representation from the Department of Justice or been served.

converted to a Status Conference because discovery should not proceed.[2]

There is good cause for the Court to refrain from setting a discovery schedule at this time. In their motion to dismiss, Defendants moved to dismiss all but one of Mr. Mostafa's voluminous claims[3] and raised many threshold issues. Those threshold issues include the lack of a *Bivens* remedy for Mr. Mostafa's damages claims against the individual defendants under the framework recently highlighted by the Supreme Court in *Egbert v. Boule*, 142 S. Ct. 1793 (2022). *See* ECF No. 222 at 26-28, 35-38. Most of the individual defendants also raised the defense of qualified immunity. *Id.* at 28-34, 38-44. On this point, too, the Supreme Court has spoken, directing that discovery must be stayed upon the assertion of qualified immunity. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

This Court also should resolve the jurisdictional defenses—including absolute immunity for Defendants Chorosevic and Fellows, who are commissioned officers in the U.S. Public Health Service, *id.* at 35, and lack of standing for Mr. Mostafa to pursue a number of the claims, *id.* at 16-18, 21-22, 25—before opening the discovery process. And Defendants further argued that Mr. Mostafa has not pleaded plausible claims in most instances, *id.* at 7-16, 14-16, 22-24, 29-43, requiring that the "doors of discovery" should not be "unlock[ed]" until the Court makes a

---

[2] **CONFERRAL:** Undersigned counsel conferred with Mr. Wolf, counsel for Mr. Mostafa, who represented that "the Plaintiff does not oppose the Motion, and that the Court should issue a Scheduling Order once the Defendants' pending Motion to Dismiss [Doc. 222] has been decided."

[3] Defendants did not move to dismiss the group prayer aspect of Mr. Mostafa's Religious Freedom Restoration Act claim, but noted that the claim is among those that are not exhausted. ECF No. 222 at 18 n.10. Declarations in support of an early motion for partial summary judgment are in the process of being finalized, and Defendants anticipate that they will file that motion in the next week. The exhaustion issue also should be resolved before discovery commences. As the Supreme Court has explained, "[r]equiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Regardless, the grounds set forth here are sufficient justification to stay discovery.

determination on that point. *Iqbal*, 556 U.S. at 678-79. Finally, the *String Cheese* factors support staying discovery until the Court rules on the motion to dismiss. *String Cheese Incident, LLC, v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006).

## ARGUMENT

**I.   The Court should stay discovery until the threshold questions are resolved.**

    **A.   No discovery should be allowed until the Court decides if there is a damages remedy against the individual defendants.**

One threshold question the Court must address in evaluating Mr. Mostafa's *Bivens* claims is whether he may bring such claims in the first place. In the motion to dismiss, the individual defendants argued that the answer to that question is no. ECF No. 222 at 26-28, 35-38. The Court should resolve this threshold question, which goes to the very existence of Mr. Mostafa's claims, before discovery commences. *Egbert*, 142 S. Ct. at 1806 n.3 (confirming that court has an independent responsibility "to evaluate any grounds that counsel against *Bivens* relief"). This threshold consideration alone should prompt the Court to stay discovery here, but there are additional reasons to refrain from unlocking the doors of discovery at this juncture.

    **B.   Discovery is not allowed until the immunity questions are resolved.**

The individual defendants have raised absolute and qualified immunity defenses to Mr. Mostafa's *Bivens* claims. ECF No. 22 at 28-35, 38-44. Discovery should be stayed until the Court rules on these immunity issues.

As judges on this Court have recognized, "[t]he Supreme Court has emphasized the broad protection absolute and qualified immunity affords, giving officials 'a right, not merely to avoid 'standing trial,' but also to avoid the burdens of such pretrial matters as discovery.'" *Lanier v. Sylvester*, No. 08-cv-00386-WYD-MEH, 20018 WL 2266287, at *1 (D. Colo. June 3, 2008) (staying discovery pending resolution of motion to dismiss raising absolute immunity defense)

3

(quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)). Qualified immunity, no less than absolute immunity, invokes the protection to be free from discovery: "[u]ntil this threshold immunity question is resolved, discovery *should not be allowed*." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added); *see also Mitchell v. Forsyth*, 472 U.S. 551, 526 (1985) (same). Indeed, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685; *see also Behrens*, 516 U.S. at 308 ("*Harlow* and *Mitchell* make clear that the defense [of qualified immunity] is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'").

Judges on this Court have followed the Supreme Court's directives, routinely holding that "[i]t is well-settled that questions of immunity should be resolved at the earliest stages of litigation." *Colorado Springs Fellowship Church v. City of Colorado Springs*, No. 21-cv-01368-WJM-KMT, 2021 WL 3089149, at *2 (D. Colo. July 22, 2021) (collecting cases); *see also Gilbert v. United States Olympic Comm.*, No. 18-cv-00891-CMA-MEH, 2018 WL 11189646, at *3 (D. Colo. Nov. 27, 2018) ("issue of absolute immunity must be resolved before [defendant] bears the burdens of discovery").[4] And *Iqbal* made clear that discovery must be stayed upon assertion of qualified immunity, even if there are claims (or defendants) that are not subject to a qualified-immunity defense; otherwise, the defense is lost:

---

[4] *E.g.*, *Archuleta v. Archuleta*, No. 15-cv-02664-MSK-KMT, 2016 WL 1321599, at *2 (D. Colo. April 5, 2016) (staying discovery until final ruling on motion to dismiss asserting qualified immunity defense and stating: "In light of the Supreme Court and Tenth Circuit guidance regarding the protections inherent in qualified and Eleventh Amendment immunity, the court concludes that a temporary stay of discovery is appropriate as to each of Plaintiff's claims and requests for relief."); *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at **3-4 (D. Colo. July 30, 2015) (granting stay of discovery where individual defendants asserted qualified immunity in a motion to dismiss); *Sierra-Garcia v. Hawks*, No. 11-cv-00410-PAB-MEH, 2011 WL 4373758, at *1 (D. Colo. Sept. 19, 2011) (same).

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86; *see also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021) (upholding stay of discovery and distinguishing *Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004), observing that it predated both *Iqbal* and *String Cheese*: "While *Rome* states that asserting qualified immunity does [not] automatically bar all discovery, it provides little discussion of the sorts of prejudice concerns that are present here if discovery proceeds as to some but not all defendants."); *Tenoria v. Pitzer*, No. CIV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013) (distinguishing *Rome*, which allowed discovery where the assertion of qualified immunity was delayed, as a "non-binding, pre-*Iqbal* decision[]").

As one judge on this Court has put it, "[i]mmunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Osei v. Brooks*, No. 11-cv-01135-WDM-KMT, 2011 WL 3036744, at *1 (D. Colo. July 25, 2011) (citing *Iqbal*, 556 U.S. at 684-85), *motion to vacate stay denied*, 2012 WL 540568 (D. Colo. Feb. 17, 2012). No discovery, on any claim, should be allowed until the threshold immunity issues are resolved.

    **C.**    **The Court should confirm that it has jurisdiction before opening discovery.**

As noted above, the motion to dismiss argues that there are jurisdictional defects in several claims. ECF No. 222 at 16-18, 21-22, 25. Discovery should be stayed for this reason, too.

Federal Rule of Civil Procedure 82 expressly states that the Federal Rules of Civil Procedure, including the discovery rules, "do not extend or limit the jurisdiction of the district

courts." *Id.* As a result, "the district court must have jurisdiction . . . before the discovery rules become operative." *Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000). The Supreme Court has therefore held that discovery processes and orders issued where a court lacks jurisdiction are void. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[I]f a district court does not have subject-matter jurisdiction over the underlying action . . . then the [discovery] process is void."); *see also Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 568 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, . . . any order it makes (other than an order of dismissal or remand) is void.").

The Court should thus resolve the jurisdictional issues before allowing discovery to proceed on the merits. Courts, including numerous judges in this district, routinely recognize the appropriateness of staying discovery when the court's jurisdiction is at issue. *See, e.g.*, *Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020); *Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *1 (D. Colo. Mar. 13, 2017); *Mitcham v. Nationstar Mortgage, LLC*, No. 09-cv-03038-PAB-KLM, 2010 WL 582140, at *1 (D. Colo. Feb. 11, 2010); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The proper course is to stay discovery until the jurisdictional issues are resolved.

### D. Discovery should be stayed until the Court determines whether Mr. Mostafa has pleaded any plausible claim.

Defendants have moved to dismiss almost all of Mr. Mostafa's claims for failure to state a claim. ECF No. 222 at 7-16, 14-16, 22-24, 29-43. The Supreme Court and the Tenth Circuit have emphasized that a trial court should not "unlock the doors" of discovery unless and until the plaintiff demonstrates that he has stated a plausible claim under Rule 8.

In *Twombly*, the Supreme Court embraced "the understanding that, *before proceeding to discovery*, a complaint must allege facts suggestive of illegal conduct." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (emphasis added). Then, in *Iqbal*, the Supreme Court held that, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. The Court suggested that the motion to dismiss determination must precede initiation of discovery, even when a district court might attempt to engage in "careful case management" designed to cabin discovery in the early stages of the case. *Id.* at 684-85 ("[T]he question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."). The Court rejected an approach that would allow "a claim just shy of a plausible entitlement to relief" to proceed to discovery, recognizing "the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Id.* at 685 (quoting *Twombly*, 550 U.S. at 559).

More recently, the Supreme Court emphasized that threshold issues should generally be resolved before imposing burdensome litigation on the government. *In re United States*, 138 S. Ct. 443, 444-45 (2017). The Court granted an extraordinary writ of mandamus—a writ available only upon a showing of clear error—holding that the district court clearly erred by not resolving the government's dispositive, threshold arguments before ordering the government to undergo burdensome document productions. *Id.* at 445. The Court's decision serves to reiterate that threshold, dispositive issues should generally be resolved before burdensome discovery begins.

Following *Twombly* and *Iqbal*, the Tenth Circuit, too, has recognized that discovery generally should not proceed until the Court determines that a plaintiff has stated a claim. As the

7

Tenth Circuit has explained, Rule 8 serves two purposes: (1) "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and (2) "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring)). Allowing discovery at this time would thwart the second purpose by unnecessarily triggering an expensive and burdensome discovery process before the Court has a chance to decide whether there is even a viable claim. In accordance with these principles, numerous Tenth Circuit decisions have emphasized that discovery pending a motion to dismiss for failure to state a claim would be inconsistent with *Twombly* and *Iqbal*. *See, e.g.*, *Vega v. Davis*, 572 F. App'x 611, 616 (10th Cir. 2014); *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 763-64 (10th Cir. 2011); *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011).

*      *      *

In sum, the Court should stay discovery pending resolution of these threshold issues.

**II.    The *String Cheese* factors strongly support a stay.**

The Court should stay discovery based on the grounds stated above. In addition, the *String Cheese* factors weigh strongly in favor of a stay here.

Staying discovery is a proper exercise of the Court's discretion. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (control over discovery lies within the sound discretion of the court); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994) ("Just as the trial court's determinations on allowing or denying discovery are discretionary . . . so is the imposition of reasonable conditions on the granting of a stay of discovery.") (internal citations omitted); *see*

*also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (court has "discretion to stay proceedings as an incident to its power to control its own docket"). A stay of discovery is especially appropriate where, as here, resolution of preliminary motions may dispose of the entire action. *See*, *e.g.*, *Advanced Career Technologies, Inc. v. Does*, No. 13-cv-00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014); *Eggert v. Chaffee Co.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *1 (D. Colo. Aug. 25, 2010).

The Court can weigh several factors in determining whether to exercise its broad discretion to stay discovery, including: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2. Here, all *String Cheese* factors weigh in favor of a stay.

**Factor 1: Plaintiff's interests.** A temporary stay of discovery will not prejudice Mr. Mostafa's interest in pursuing the litigation. On the other hand, Mr. Mostafa *would* be prejudiced if the case continued through discovery only to be dismissed if the motion is granted. In that case, Mr. Mostafa would be responsible for costs that could have been avoided had the case been stayed. Therefore, the first factor does not weigh in favor of a stay.

**Factor 2: Burden on Defendants.** The complaint contains claims covering a broad range of issues, including issues that implicate the decisions of Executive Branch national security officials who have determined—based on their expertise and the exercise of their predictive judgment concerning national security risks—that Mr. Mostafa's Special Administrative Measures protect critical security interests and prevent his communications from inciting even more acts of violence. Discovery will be burdensome for these officials, as well as for officials who are charged

with managing the ADX, detracting from their important functions. Mr. Mostafa is likely to seek depositions of these officials, who must divert time from their official duties to prepare for depositions and, likely, to assist with preparing responses to written discovery. In addition, allowing discovery now will impose significant expense on the government, including the potential hiring of expert witnesses and the substantial time and expenses related to responding to voluminous discovery requests that may be wholly unnecessary.

In circumstances like these, "the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously." *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. April 27, 2010) (staying discovery where the defendant filed a dispositive motion); *see also Harbinger Capital Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. March 10, 2015) (observing, in finding that the second factor weighed in favor of staying discovery, that "Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss"). Therefore, the second factor weighs in favor of a stay.

**Factor 3: Convenience to the Court.** A temporary stay will better promote judicial economy.

"[I]t is certainly more convenient for the Court to stay discovery until it is clear that this case will proceed." *Harbinger*, 2015 WL 1133503, at *2; *accord Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (noting that staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency"). The Court's time is not well-served by allowing a "struggle over the substance of the suit when, as here, a dispositive motion is pending." *Harris*, 2010 WL 1687915, at *1 (internal quotation marks and citation omitted); *see also McCarter v. Potter*, No.

09-cv-01674-MSK-KMT, 2010 WL 148258, at *2 (D. Colo. Jan. 12, 2010) ("[N]either [the court's] nor the parties' time is well-served by being involved in possible dispute resolution and other incidents of discovery when, as here, a dispositive motion involving a threshold . . . defense is pending."). And a stay pending resolution of Defendants' dispositive motion "would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through additional briefing or discovery." *See McEntire v. Tyson Foods, Inc.*, No. 20-cv-02764-PAB-NYW, 2020 WL 9597490, at *2 (D. Colo. Nov. 12, 2020).

Any dispute over discovery will undoubtedly require an expenditure of the Court's time and resources to resolve, which could be avoided if the dispositive motions are granted. Moreover, given the subject matter of the dispute—which includes challenges to the Special Administrative Measures imposed to prevent Mr. Mostafa's communications from triggering new acts of violence—the case may raise numerous complex discovery disputes that could be avoided if the dispositive motions are granted. Therefore, the third factor also strongly weighs in favor of staying discovery.

**Factor 4: Interest of nonparties**. A stay also will serve the interests of nonparties by allowing the Court and the Department of Justice, "both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *See Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). Further, it is in the interest of nonparties to have Executive Branch officials focus on their work of protecting the nation's security and the security of federal prisons, rather than engaging in unnecessary discovery. Therefore, the fourth *String Cheese* factor weighs in favor of a stay.

**Factor 5: Public interest**. Finally, the fifth *String Cheese* factor also weighs in favor of a stay. As noted in connection with the fourth factor, the public interest is served by allowing Executive Branch officials who are charged with protecting national security and managing prisons to perform their jobs. Compelling them to engage in potentially needless discovery with Mr. Mostafa is contrary to that goal. And the public's interest in the "efficient and just resolution" of the case is best promoted by "[a]voiding wasteful [discovery] efforts by the Court." *See Harbinger*, 2015 WL 1133503, at *2.

In sum, the *String Cheese* factors weigh heavily in favor of a stay here.

## CONCLUSION

The Court should stay discovery until it has resolved the motion to dismiss, ECF No. 222, and vacate the September 20, 2022 Scheduling Conference, ECF No. 200, or convert it to a Status Conference.

Respectfully submitted on September 12, 2022.

    COLE FINEGAN
    United States Attorney

    s/ *Susan Prose*
    Susan Prose
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Tel: (303) 454-0100
    Email: susan.prose@usdoj.gov

    Counsel for Defendants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)**

  I hereby certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

  Paul Wolf, Esq.

                s/ *Susan Prose*
                U.S. Attorney's Office