IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

---

### EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST AND FAILURE TO COMPLY WITH STATUTE OF LIMITATIONS

---

Pursuant to Federal Rule of Civil Procedure 56, Defendants submit this early motion for partial summary judgment based on Plaintiff Mostafa's failure to exhaust his administrative remedies for certain claims and allegations. An inmate is required to exhaust all available administrative remedies before filing suit. Mostafa brings this action alleging claims challenging his conditions of confinement at ADX. Setting aside the substantive flaws in these claims, which

are addressed in the motion to dismiss, ECF No. 222, Mostafa failed to exhaust several claims and allegations under BOP's Administrative Remedy Program. He also failed to exhaust the claims he attempts to bring under the Rehabilitation Act, 29 U.S.C. § 794, pursuant to procedures for bringing complaints of discrimination based on disability in programs or activities conducted by the Department of Justice, which are set forth in 28 C.F.R. § 39.170. Finally, Mostafa's claim challenging his ADX placement is time-barred.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**I.      Mostafa's claims.**

1. Mostafa is incarcerated at the ADX following his convictions for numerous terrorism-related offenses, including a hostage-taking conspiracy in which four people were killed; his role in setting up a terrorist training camp in Bly, Oregon; providing material support for al Qaeda; and supplying goods and services to the Taliban. Ex. 1, Trujillo Decl. ¶ 3; *see also United States v. Mustafa*, 753 F. App'x 22, 26-27 (2d Cir. 2018).

2. On September 9, 2015, Mostafa received notice that he would be placed in ADX. Ex. 1 ¶ 3.

3. Mostafa is subject to Special Administrative Measures ("SAMs") pursuant to 28 C.F.R. § 501.3, based on a finding that "there continues to be a substantial risk that [his] communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons." Ex. 1 ¶ 4.

4. Mostafa's claims in this lawsuit include:

- A First Amendment claim alleging that he cannot communicate with all of his grandchildren, ECF No. 199, Fourth Amended Complaint, Claim 4 ¶¶ 84-85;

- First Amendment claims alleging that he is restricted in his communications with attorneys, Claims 4 and 11 ¶¶ 83, 224-231, 233;

- First Amendment and Religious Freedom Restoration Act ("RFRA") claims alleging (a) that he cannot engage in group prayer, Claims 1 and 2 ¶¶ 52-55, 69, and (b) that he is denied a religious feast meal because he cannot eat meat on Eid, *id.* ¶ 64;

- An Eighth Amendment claim raising allegations concerning (a) his engaging in hunger strikes, Claim 8 ¶¶ 159, 167, 176-179; (b) access to an occupational therapist of his choice, *id.* ¶ 117; (c) the alleged denial of a mask, *id.* ¶ 193; and (d) his alleged mental health and psychological problems, *id.* ¶¶ 196-197;

- A claim under the Administrative Procedure Act challenging his ADX placement, Claim 10 ¶¶ 212-214; and

- Claims under the Rehabilitation Act alleging that he has not been reasonably accommodated because of his disability, Claims 5-6, pp. 25, 35.

**II.    Exhaustion requirements under BOP's Administrative Remedy Program.**

5.      The Bureau of Prisons ("BOP") has a four-tiered administrative remedy program for inmate grievances. Ex. 1 ¶ 6; *see also* 28 C.F.R. §§ 542.10-542.19.

6.      In Step 1, the inmate must attempt informal resolution of his complaint with the appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). Ex. 1 ¶ 6; 28 C.F.R. § 542.13(a).

7.      If no resolution is achieved, the inmate must file an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the grievance. Ex. 1 ¶ 6; 28 C.F.R. § 542.14(a).

8.      If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. Ex. 1 ¶ 6; 28 C.F.R. § 542.15(a).

9.      If the Step 3 appeal is unsuccessful from the inmate's perspective, he must file an appeal ("BP-11") to the General Counsel of the BOP within 30 days. Ex. 1 ¶ 6; 28 C.F.R. § 542.15(a).

3

10. Any appeal at Step 2 or Step 3 is limited to the issues raised in the BP-9 Administrative Remedy Request and may not be expanded to other issues. Ex. 1 ¶ 6; 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings.").

11. A remedy is not exhausted until an inmate has properly and timely sought review at the institutional, Regional, and Central Office levels of the administrative remedy process. Ex. 1 ¶ 8; 28 C.F.R. § 54.15(a).

12. Since Mostafa has been in BOP custody, he has filed no fewer than 498 individual administrative remedies and appeals of those remedies. Ex. 1 ¶ 12.

### III. Exhaustion requirement for Rehabilitation Act claims under DOJ regulations.

13. The Department of Justice maintains a separate administrative complaint procedure for non-employment cases in which a plaintiff, like Mostafa here, alleges discrimination based on disability in programs or activities conducted by a federal agency. *See* 28 C.F.R. § 39.170; *see also* Toscano Decl., Ex. 2 ¶¶ 2, 4.

14. Pursuant to 28 C.F.R. § 39.170(d), federal inmates alleging discrimination based on disability in BOP programs or activities may file a complaint with DOJ's Director of Equal Employment Opportunity. *Id.*

15. The DOJ regulation requires exhaustion of BOP's administrative remedy process before the inmate can seek relief under 28 C.F.R. § 39.170. *See* 28 C.F.R. § 39.170(d)(1)(ii); Ex. 2 ¶ 4.

16. The inmate's complaint must be filed within 180 days of completing BOP's administrative remedy process. *See* 28 C.F.R. § 39.170(d)(3); Ex. 2 ¶ 5.

17. The DOJ complaint process includes investigation and conciliation procedures and the option for a formal hearing before an administrative law judge in accordance with the

Administrative Procedure Act. *See* 28 C.F.R. §§ 39.170(g), (h), (i), (k); Ex. 2 ¶¶ 6-7.

**IV.     Unexhausted claims and allegations.**

    **A.     Claim 4: Alleged inability to contact five additional grandchildren.**

18.     On November 2, 2020, Mostafa filed his Second Amended Complaint, in which he alleged that his SAMs bar communications with his grandchildren. ECF No. 43-1 at 10 ¶ 11.

19.     Mostafa has requested that his SAMs be modified to allow communications with six of his eleven grandchildren, all of whom have been approved to communicate with him by phone, mail, and in-person visits. Ex. 1 ¶¶ 15, 18.

20.     Mostafa has not submitted a request for contact with any other grandchildren. Ex. 1 ¶ 20.

21.     Mostafa has not filed any administrative remedy in which he challenged the denial of a request to modify his SAMs to add a grandchild as a contact. *Id.* ¶¶ 16, 17, 20.

    **B.     Claims 4 and 11: Alleged inability to contact attorneys/access to courts.**

22.     On November 2, 2020, Mostafa filed his Second Amended Complaint, in which he alleged that the SAMs prevent him from contacting "human rights/disability act attorneys." ECF No. 43-1 at 10 ¶ 10.

23.     Mostafa can submit a request through prison staff asking that his SAMs be modified to allow him to contact attorneys. *Id.* ¶ 22.

24.     Mostafa has used this process to obtain a SAMs modification to allow contact with an attorney. *Id.* ¶¶ 24-27.

25.     Mostafa completed the administrative exhaustion process regarding contact with an attorney named Lobel. *Id.* ¶ 23 (informing Mostafa in Central Office response that he needed to provide more information about Lobel for the request to be considered).

26. Mostafa has not exhausted any remedy concerning contact with any other attorney, including his criminal defense attorneys. *Id.* ¶¶ 24-27.

27. Mostafa has not submitted any remedies alleging that he has been denied access to a court in a civil or criminal case because he cannot access attorneys. *Id.* ¶ 28.

### C. Claims 1 and 2: Alleged inability to engage in group prayer.

28. On November 2, 2020, Mostafa filed a proposed Second Amended Complaint, in which he claimed not to have access to group prayer. ECF No. 43-1 at 11 ¶ 12.

29. On May 5, 2016, Mostafa submitted a BP-8 Informal Resolution Form in which he stated that he is "not allowed any congregational prayer," but he did not raise the congregate prayer issue in any of the subsequent formal remedies. Ex. 1 ¶ 30.

30. On November 9, 2021, Mostafa filed a remedy in which he complained about not having access to group prayer, but he did not complete the exhaustion process for that remedy until June 22, 2022. Ex. 1 ¶ 32.

### C. Claims 1 and 2: Alleged denial of religious feast meals.

31. On November 2, 2020, Mostafa filed his Second Amended Complaint, in which he claimed not to have access to "feast meals allowed according to Islamic faith." ECF No. 43-1 at 11 ¶ 12.

32. Mostafa raised an issue about religious feast meals in one remedy, which was not exhausted at the Central Office level until February 18, 2021. Ex. 1 ¶ 33.

### D. Claim 8: Allegations concerning hunger strikes.

33. On November 2, 2020, Mostafa filed his Second Amended Complaint, in which he raised allegations concerning his alleged treatment during a hunger strike. ECF No. 43-1 at 18.

34. Mostafa submitted one remedy concerning a hunger strike. Ex. 1 ¶ 35.

35. Mostafa erroneously submitted the remedy at the Central Office level, where he was instructed to submit the remedy at the institution level. *Id.* ("Start at the institution level so Warden can address your concern. Get help from Unit Team.").

36. Mostafa did not resubmit the remedy at the institution level. *Id.*

### E. Claim 8: Alleged denial of ability to select his own occupational therapist.

37. On November 2, 2020, Mostafa filed his Second Amended Complaint, in which raised allegations about having an "independent occupational therapist." ECF No. 43-1 at 16 ¶ 10.

38. Mostafa has not submitted any remedy concerning his demand to choose his own occupational therapist. Ex. 1 ¶ 36.

### F. Claim 8: Alleged denial of mask.

39. On July 18, 2022, Mostafa filed his Fourth Amended Complaint, in which he alleged that he has not been provided a mask. ECF No. 199 ¶ 193.

40. Mostafa has not submitted any remedy concerning his alleged inability to obtain a mask. Ex. 1 ¶ 37.

### G. Claim 8: Alleged mental health/psychological problems.

41. On November 2, 2020, Mostafa filed his Second Amended Complaint, in which he raised allegations about his "psychological" state. ECF No. 43-1 at 15 ¶¶ 7, 9.

42. Mostafa has not submitted any remedy concerning his alleged mental health or psychological problems. Ex. 1 ¶ 38.

### H. Claims 5 and 6: Rehabilitation Act claims.

43. On July 18, 2022, Mostafa filed his Fourth Amended Complaint, in which he raised two claims under the Rehabilitation Act. ECF No. 199 ¶¶ 97-157.

44. Mostafa has not filed a complaint concerning his allegations of discrimination on

7

the basis of disability with DOJ's Director of Equal Employment Opportunity in accordance with the procedures set forth in 28 C.F.R. § 39.170. Ex. 2 ¶ 8.

## STANDARD OF REVIEW

A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## ARGUMENT

I. **Mostafa has not exhausted available BOP remedies for certain claims and allegations (Claims 1, 2, 4, 8).**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e)(a). As the Supreme Court has held, the PLRA directs that "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA's exhaustion requirement "suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Ross v. Blake*, 578 U.S. 632, 639 (2016). The defendant bears the burden to prove the affirmative defense of failure to exhaust administrative remedies. *Jones*, 549 U.S. at 212. The exhaustion requirement applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to "properly exhaust," the prisoner must comply with all prison grievance procedures—that is, the BOP's four-step administrative remedy program. Statement of Undisputed Material Facts ("Facts") 5-11; *see also* 28 C.F.R. §§ 542.10-542.19. The Supreme Court has held that inmates must strictly adhere to these exhaustion rules. *Woodford v. Ngo*, 548 U.S. 81, 93-94

(2006) (holding the PLRA "demands compliance with an agency's deadlines and other critical procedural rules"). The grievance must further give sufficient notice to provide officials with "a fair opportunity to consider the grievance" and enable them to "tak[e] appropriate measures to resolve the complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006) (cleaned up). A prisoner must exhaust all of his available administrative remedies before filing his civil action. *Woodford*, 548 U.S. at 90 ("exhaustion of administrative remedies … means using all steps that the agency holds out, and doing so *properly*") (emphasis in original); *see also* Ex. 1 ¶ 8. These mandatory exhaustion procedures apply to challenges to a prisoner's SAMs. The Attorney General has promulgated regulations providing that an inmate may seek review of any restrictions imposed by a SAMs through the Administrative Remedy Program. 28 C.F.R. § 501.3(e); *see also Yousef v. Reno*, 254 F.3d 1214, 1222-23 (10th Cir. 2001) (holding that such remedies are available and must be exhausted before an inmate may bring suit).

The PLRA mandates exhaustion before a claim is "brought." *See* 42 U.S.C. § 1997e(a). A claim is brought when it is first "introduced into the litigation." *May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019). Amending a claim that previously existed does not alter the date when the claim was brought. *See id.* (rejecting argument that "the plaintiff's operative complaint controls the analysis for a statutory exhaustion requirement," and emphasizing that "superseding allegations cannot change the status of the prisoner at the time he 'brought' the relevant unexhausted claim").[1]

---

[1] In *Ramirez v. Collier*, 142 S. Ct. 1264, 1276 (2022), the Supreme Court briefly discussed, in dicta, whether an inmate's post-exhaustion amendment of his claims could cure an exhaustion defect that existed at the time the inmate's original complaint was filed. In doing so, the Court noted that the respondents "briefly" raised that argument, *id.*, then proceeded to decide an exigent issue—the request of a death-row inmate to have audible prayer in the execution chamber—before the inmate completed the exhaustion process. In addressing the inmate's time-sensitive complaint on the merits, the Court did "not definitively resolve the [exhaustion] issue as respondents failed to raise it below." *Id.* Thus, *Ramirez* does not change the Court's analysis here, i.e., whether the claim was properly exhausted at the time it was "introduced into the litigation."

As detailed in the undisputed material facts, above, even though Mostafa has filed at least 497 individual administrative remedy requests and appeals of those remedies, Fact 12, the following claims and allegations have not been exhausted at all, or were not exhausted before Mostafa brought them in this case:

- <u>Claim 4</u>, a First Amendment freedom of association claim concerning his alleged inability to contact five additional grandchildren with whom he has not requested contact, has not been exhausted, Facts 18-21;

- <u>Claim 4</u>, a First Amendment freedom of association claim concerning his alleged inability to contact attorneys, has not been exhausted, except with regard to an attorney named Lobel, Facts 22-26;

- <u>Claim 11</u>, a First Amendment access-to-courts claim, has not been exhausted, Fact 27;

- <u>Claims 1 and 2</u>, RFRA and First Amendment free exercise claims, concerning his alleged inability to engage in group prayer, were not exhausted until after Mostafa brought them in his Second Amended Complaint, ECF No. 43-1, Facts 28-30;
,
- <u>Claims 1 and 2</u>, RFRA and First Amendment free exercise claims concerning the alleged denial of a religious feast meal, were not exhausted until after Mostafa brought them in his Second Amended Complaint, ECF No. 43-1, Facts 31-32; and

- <u>Claim 8</u>, an Eighth Amendment claim, has not been exhausted insofar is it raises allegations concerning hunger strikes, the denial of an occupational therapist of Mostafa's choice, the alleged denial of a mask, and Mostafa's alleged mental health and psychological problems, Facts 33-42.

Defendants are entitled to summary judgment on these claims and allegations because Mostafa did not properly exhaust them using the mandatory procedures in BOP's Administrative Remedy Program before he brought them in this case.

II. **Mostafa has not exhausted the available DOJ process for his Rehabilitation Act claims (Claims 5-6).**

For a federal inmate who attempts to bring a claim against the BOP under the Rehabilitation Act, there is another "available" level of administrative exhaustion maintained by Department of Justice. *See* 42 U.S.C. § 1997e(a) (mandating exhaustion of all "available"

10

administrative remedies). The procedures outlined in 28 C.F.R. § 39.170 also must be exhausted before an inmate may seek judicial review of a claim brought pursuant to the Rehabilitation Act.

28 C.F.R. § 39.170 provides complaint procedures for "*all* allegations of discrimination on the basis of handicap in programs or activities conducted by the agency"—including those brought by federal inmates. 28 C.F.R. § 39.170(a) (emphasis added); *id.* at § 39.170(d)(ii) ("Before filing a complaint under this section, an inmate of a Federal penal institution must exhaust the Bureau of Prisons Administrative Remedy Procedure as set forth in 28 CFR part 542."); *see also* 28 C.F.R Pt. 39, Nt. at 1059 (explaining that "Section 39.170 establishes a detailed complaint process and review procedures for resolving allegations of discrimination in violation of section 504 in the Department of Justice's programs and activities."). The regulation provides that "[a]ny person who believes that he or she has been subjected to discrimination prohibited by this part may by him or herself or by his or her authorized representative file a complaint with the Official" (*i.e.*, "the Director of Equal Employment Opportunity for the Department of Justice or his designee"). 28 C.F.R. § 39.170(d)(1)(i); *see also* § 39.103 (defining "Official"). A BOP inmate must file a complaint with the DOJ Official within 180 days of the date "of the final administrative decision of the Bureau of Prisons under 28 CFR part 542." *Id.* at § 39.170(d)(3).

The filing of a complaint triggers a review process that may culminate in a formal administrative hearing. When a complaint is filed, the Official has 180 days to "complete the investigation of the complaint, attempt informal resolution, and, if no informal resolution is achieved, issue a letter of findings." *See id.* at § 39.170(g)(1). If the informal resolution process fails and an investigation is conducted, the Official will "notify the complainant and the respondent of the results of the investigation," including findings of fact and conclusions of law; a description of a remedy for each violation found; and an explanation of the appeal process. *Id.* at § 39.170(h). Either party has a right to appeal and may request a hearing before an administrative law judge,

11

who conducts a hearing and makes recommended findings of fact, conclusions of law and remedies. *Id.* at §§ 39.170(k)(1)-(3) and (6). The parties are allowed to file exceptions to these recommendations. *Id.* at § 39.170(k)(7). At the end of the process, based on the investigative record and any hearing, a final agency decision is issued setting forth the findings, required remedial action, and reasons for the decision. *Id.* at § 39.170(l).

This Court has correctly concluded that the PLRA requires a federal inmate asserting disability discrimination exhausted these DOJ procedures before bringing a Rehabilitation Act claim in federal court. *Brown v. Cantrell*, No. 11-cv-00200-PAB-MEH, 2012 WL 3264292 (D. Colo. Feb. 9, 2012), *adopted*, 2012 WL 4050300 (D. Colo. Sept. 14. 2012). This Court recognized that the language in the PLRA bars an inmate from bringing an action under section 1983 "*or any other Federal law*" until "such administrative remedies *as are available* are exhausted." *See* 2012 WL 3264292, *8 (citing 42 U.S.C. § 1997e(a)) (emphasis in original). This Court found that "the PLRA's clear textual mandate" controls, and concluded "that the PLRA's requirement that plaintiff exhaust all 'available' remedies requires federal inmates alleging disability discrimination to take advantage of § 39.170, which is 'available.'" *Brown*, 2012 WL 4050300 at *3, 8.

Other courts are overwhelmingly in agreement in holding that the procedures outlined in 28 C.F.R. § 39.170 must be exhausted before an inmate asserting a Rehabilitation Act claim against the BOP can seek judicial review.[2] Importantly, that conclusion promotes the purposes of the pre-filing exhaustion requirement. As one court has put it, "[t]he EEO procedure also is directly relevant to plaintiff's Rehabilitation Act claim where it provides Department of Justice officials

---

[2] *E.g.*, *Williams v. Carvajal*, No. 5:20-CT-3189-FL, 2022 WL 945587, at *5 (E.D.N.C. Mar. 29, 2022); *Wise v. Maruka*, No. 1:20-00056, 2021 WL 1603819, at *11 (W. Va. Jan. 5, 2021), *adopted*, 2021 WL 1146002 (W. Va. Mar. 25, 2021); *Peppers v. Moubarek*, No. PWG-19-2346, 2020 WL 5759763, at *9 (D. Md. Sept. 25, 2020); *Zoukis v. Wilson*, No. 1:14-CV-1041, 2015 WL 4064682, at *10 (E.D.V.A. July 2, 2015); *Cooke v. U.S. Bureau of Prisons*, 926 F. Supp. 2d 720, 734-35 (E.D.N.C. 2013); *Haley v. Haynes*, No. 210-122, 2012 WL 112946, at *1 (S.D. Ga. Jan. 12, 2012).

with expertise in disability discrimination an opportunity to address plaintiff's claim and order meaningful relief." *Williams*, No. 2022 WL 945587, at *5.

Mostafa has not filed an administrative complaint with the DOJ's Director for Equal Employment Opportunity concerning the Rehabilitation Act claim he attempts to bring here. Fact 44. Therefore, Claims 5 and 6 are not exhausted. *See, e.g.*, *Brown*, 2012 WL 3264292, *8; *William G.*, 2005 WL 1949509, *4. The Court here, as it did in *Brown*, should apply the "PLRA's clear textual mandate" and hold that Mostafa's failure to exhaust the DOJ administrative procedures under § 39.170 compels dismissal of his Rehabilitation Act claims. *Brown*, 2012 WL 4050300, *3. The Court should enter summary judgment in favor of Defendants on Claims 5 and 6.

### III.    Mostafa's claim challenging ADX placement is time-barred (Claim 10).

The crux of Claim 10 is that Mostafa's placement at ADX violates the Administrative Procedure Act. ECF No. 199 ¶ 214. This claim first appeared in Mostafa's Third Amended Complaint, filed May 21, 2022. ECF No. 188 p. 49. The claim is subject to a six-year statute of limitations. *See* 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.").

Mostafa was notified on September 9, 2015, that he would be placed in ADX. Fact 2. Mostafa did not file a claim challenging his ADX placement in this Court until May 21, 2022, after the statute of limitations expired in September 2021. Defendants are entitled to summary judgment on this claim.

### CONCLUSION

In sum, because Mostafa failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act and DOJ's process for raising complaints of disability discrimination, the Court should award summary judgment in favor of Defendants on Mostafa's claims and allegations as detailed above. The Court should also grant summary

judgment to Defendants on Claim 10, which is time-barred.

Respectfully submitted on October 24, 2022.

COLE FINEGAN
United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100; Fax: (303) 454-0411
Email: susan.prose@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul Wolf, Esq.

s/ *Susan Prose*
U.S. Attorney's Office
