# Exhibit 2
# Declaration of Richard Toscano

*Mostafa v. Garland, et al.*,
No. 20-cv-00694-PAB-SKC (D. Colo.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-NYW

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

## DECLARATION OF RICHARD TOSCANO

    I, Richard Toscano, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above-titled matter.

    1.    I am currently employed by the United States Department of Justice (DOJ) as the

Director of Equal Employment Opportunity Staff (EEOS), Justice Management Division.  As the Director of EEOS, my primary duties and responsibilities include, but are not limited to, assisting in the management of the DOJ Equal Employment Opportunity (EEO) complaint process.

2. I have access to records maintained in the ordinary course of business by the EEOS, including requests of federal inmates filed pursuant to 28 C.F.R. § 39.170, a regulation that provides an administrative complaint procedure for "all allegations of discrimination on the basis of handicap in programs or activities conducted by the [Department of Justice]." 28 C.F.R. 39.170(a).[1] The regulation provides that "[a]ny person who believes that he or she has been subjected to discrimination prohibited by this part may by him or herself or by his or her authorized representative file a complaint with the [Responsible] Official." *Id.* § 39.170(d)(l)(i). Complaints may be delivered or mailed to the Attorney General, the Responsible Official, or agency officials.  Complaints should be sent to the Director for Equal Employment Opportunity, U.S. Department of Justice, 10th and Pennsylvania Avenue, NW, Room 1232, Washington, D.C. 20530.  If any agency official other than the Official receives a complaint, he or she shall forward the complaint to the Official immediately." *See* 28 C.F.R. § 39.170(d)(4).

3. I am familiar with the exhaustion requirements articulated in 28 C.F.R. § 39.170(d) which outlines a separate administrative complaint procedure for non-employment cases, such as this one.

4. Federal inmates alleging discrimination on the basis of handicap in Federal Bureau of Prisons (BOP) programs or activities are specifically authorized to use the complaint procedures set forth in the regulation. *Id.* § 39.170(d). However, federal inmates must first exhaust BOP's

---

[1] Allegations of discrimination in employment are handled pursuant to a separate procedure. *See* 28 C.F.R. § 39.170(b).

administrative remedy procedures, *see* 28 C.F.R. part 542, before they can seek relief under § 39.170. *See* 28 C.F.R. § 39.170(d)(1)(ii).

5.  The inmate's administrative complaint must be filed within 180 days of completing BOP's administrative remedy program. *Id.* § 39.170(d)(3). The regulation provides instructions concerning how to file the complaint. *Id.* § 39.170(d)(4).

6.  Once the complaint is received, investigation and conciliation procedures commence. *Id.* § 39.170(g). A complaint may be resolved informally, *id.* § 39.170(g)(4), but if no informal resolution is reached, a formal letter of findings is provided to the inmate within 180 days of receipt of his complaint. *Id.* § 39.170(h). The inmate may appeal these findings to a Complaint Adjudication Officer and may request a hearing before an administrative law judge, which is conducted in conformity with the Administrative Procedure Act. *Id.* §§ 39.170(i), 39.170(k).

7.  The administrative law judge submits recommended findings of fact, conclusions of law, and remedies to all parties and to the Complaint Adjudication Officer, who makes the final decision of the Department of Justice. *Id.* §§ 39.170(k)(6), 39.170(I)(1). If the final decision requires BOP to take action, it must do so promptly. BOP also may be required to submit periodic compliance reports. *Id.* § 39.170(I)(2).

8.  There is no record that Plaintiff, federal inmate Mostafa Kamel Mostafa, Register Number 67495-054, filed a complaint pursuant to the procedures set forth in 28 C.F.R. § 39.170 regarding his allegations of disability discrimination by BOP. *See* Fourth Amended Complaint, Claims 5 and 6, ECF No. 199 ¶¶ 97-157. Had Plaintiff filed such a complaint, the procedures described above would have been utilized.

3

Pursuant to the provisions of 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on October 24, 2022, in Washington, D.C.

s/ *Richard Toscano*
Richard Toscano
Direct, Equal Employment Opportunity Staff
United States Department of Justice

4