**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 20-cv-00694-PAB-SKC**

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

**Plaintiff's Cross Motion for Early Discovery Pertaining to
Defendants' Early Motion for Partial Summary Judgment for Failure to
Exhaust and Failure to Comply with Statute of Limitations [Doc. 234]**

Comes now the Plaintiff, pursuant to Rules 26(d)(1). and 56(d) of the Federal Rules of

Civil Procedure, to move the Court for early discovery of the administrative record of the

approximately 498 requests he has made using the Defendant's administrative remedy program,

before having to respond to the Defendants' early motion for summary judgment for failure to

1

exhaust certain claims. [Doc. 234] The Court hasn't ruled on the Defendants' Motion to Dismiss, there has been no Rule 26(f) conference, and there is no Scheduling Order in the case.

The Plaintiff is entitled to discovery of the full record of his Administrative Remedy Program requests, appeals, and related correspondence, before having the claims dismissed on the merits for failure to exhaust administrative remedies. The Defendants admit that the Plaintiff has filed about 498 such requests, each of which should have an administrative record. See Declaration of Paula Trujillo, Exhibit 1 to Defendants' Early Motion for Summary Judgment, [Doc. 234-1] at ¶ 12. "12. The SENTRY records show that Plaintiff has filed 498 individual administrative remedy request and appeals of those remedies from the date of his incarceration (October 6, 2012) through the date of this declaration. See Attachment 3, SENTRY – Administrative Remedy Generalized Retrieval dated October 24, 2022, for Mostafa at 33. Because Plaintiff has filed such a large number of administrative remedies since his incarceration, SENTRY is unable to generate an Index with the full detail of all remedies filed. The attached SENTRY – Administrative Remedy Generalized Retrieval Index includes all remedies and appeals Plaintiff has submitted since his arrival at ADX on October 8, 2015"

The Plaintiff is entitled not only to the complete index, which apparently exceeds the normal capacity of the SENTRY system, but copies of all of the correspondence pertaining to those claims. The Plaintiff has no access to any of his files or Administrative Remedy Program correspondence, because the Defendants seized all of it and do not allow the Plaintiff to have access to it. The Court shouldn't rule on the merits, especially becuase only one of the parties controls all of the evidence and refuses to produce it. When the Defendants mentioned in prior filings their intent to file an "early" motion for summary judgment, the Plaintiff responded by requesting the administrative remedy program correspondence in informal discovery. See

Exhibit 1, attached hereto.[1]  The Defendants refused this reasonable request, and are asking the Court to rule on the basis of their own characterizations of the requests and appeals, rather than the actual requests and denials.  As Ms. Trujillo's declaration makes clear, the Defendants have already organized all of the information in their SENTRY system, and should have scanned copies of the correspondence, which should be easy to produce.  Neither the Court nor the Plaintiff have access to any of this information.

## ARGUMENT

The Court should grant Plaintiff's Motion for early discovery of the facts necessary to respond to the Defendants' Rule 56 Motion, because counsel for the Plaintiff doesn't have access to the evidence needed to oppose it.  Rule 56(d) states that "(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

The parties are generally prohibited from seeking discovery before a Rule 26(f) conference has occurred.  Fed. R. Civ. P. 26(d)(1).  However, "[t]he court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery," but the party seeking

---

[1] "My objection has been that I do not have a complete record of the Plaintiff's Administrative Remedy Program requests and appeals. … I need to read the text of the requests to see whether, for example, he complained that his prosthetics didn't work properly, or that he was unable to wash himself properly. If being unable to wash properly impacts on his religious rights, the plaintiff would only have to complain about the hygiene and is not required to know the legal basis. The Plaintiff does not access to his files generally, so cannot provide them to me. He made a chart of them in one of his pro se filings, but I would like to take a look at it, to see if he mentioned the issues you say were not exhausted. A second way would be for the government to provide me with all of this correspondence in discovery. I would consent to an early motion for partial summary judgment, and the government would consent to early discovery of theadministrative records for all of the plaintiffs requests." Id., Email of September 12, 2022 from Paul Wolf to Susan Prose.

discovery must establish good cause. Qwest Com's Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." Avaya, Inc. v. Acumen Telecom Corp., No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted)

In the intant case, there is good cause to grant the Plaintiff's Motion because the Defendant has filed a Motion for Partial Summary Judgment, and has refused to provide the administrative record upon which it's based, asking the Court to rule on its own characterizations of the correspondence between the parties, rather than the correspondence itself.  Good cause exists for the additional reason that the Defendants have complete control over the Plaintiffs files, and his counsel has no other way to obtain the information, except from the Defendants, and not enough information is provided in the Trujillo Declaration [Doc. 234-1 to Doc. 234-3] to determine the nature of the 498 administrative complaints, how they were resolved, and how the factual and legal issues were resolved at the administrative agency level.  See Declaration of Paul Wolf, Esq., attached hereto.  When the prisoner makes a formal request through this system, they receive a written response, which they have to appeal through various stages as a pre-requisite to filing a claim in federal court.  It is the handling of these formal claims that is subject to APA review, for abuse of discretion, decisions that are arbitrary and capricious or not based on substantial evidence on the record, unconstitutional, and other standards set forth in Section 706 of the APA.  The issues of exhaustion and statutes of limitations are entirely dependent on the content of the administrative record.

The Plaintiff tried to confer with the Defendants regarding the legal basis for filing a Rule 56 motion before discovery of the disputed facts, and responded that "[t]he submission of such early motions, including particularly on the exhaustion issue, is standard practicein the Court." See Exhibit, attached hereto, Email of October 26, 2022 from Susan Prose to Paul Wolf.  The Defendants didn't cite any case, either in their motion or email response.

When the Defendants mentioned in a prior filings their intent to file an "early" motion for summary judgment, the Plaintiff responded by requesting the administrative remedy program correspondence in informal discovery.  See Exhibit 1, attached hereto. The Defendants refused this reasonable request, and are asking the Court to rule on the basis of their characterization of the evidence, rather than producing it.

The same arguments apply to the Defendants' statutes of limitations arguments.  [Doc. 234] at 13.  Determining when statutes of limitations begin to run, and what other legal determinations or appeals may have tolled them, depends entirely on the communications between the parties, when incidents occurred and when the complaints were made.  The Defendants argue that "The crux of Claim 10 is that Mostafa's placement at ADX violates the Administrative Procedure Act. ECF No. 199 ¶ 214. This claim first appeared in Mostafa's Third Amended Complaint, filed May 21, 2022. ECF No. 188 p. 49. See 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). Mostafa was notified on September 9, 2015, that he would be placed in ADX. Fact 2. Mostafa did not file a claim challenging his ADX placement in this Court until May 21, 2022, after the statute of limitations expired in September 2021." [Doc. 234] at 13.

Aside from the unfairness of ruling on this issue on the merits with no discovery, and with the Plaintiff denied all access to his own files, the argument is legally flawed, because the Plaintiffs' claim doesn't accrue until he has exhausted his administrative remedies. It would be an error to omit the time spent administratively processing the Plaintiff's claim from a calculation of statutes of limitations, because the statute of limitations doesn't begin to run until the claim has accrued. Moreover, the Defendants are cutting it very close, claiming the Plaintiff missed the deadline by about eight months, and that it would be extraordinary or perhaps impossible for all of the steps required to exhaust a claim, which as the Defendants explain, requires multiple appeals and awaiting the Defendants' response each time.

The Defendant's arguments about the Rehabilitation Act seek to find technical and procedural flaws to deny prosthetics and reasonable accomodations to the cell of a prisoner who has no hands and is unable to care for himself. The Plaintiffs' CJA criminal defense attorneys in New York wrote letters to prison officials explaining the problems in detail, and the Plaintiff apparently has submitted dozens of administrative remedy program requests related to this, see Trujillo Declaration [Doc. 234-1 to Doc. 234-3], but the problems persist, and the Defendants now argue in court that they would have given the Plaintiff new prosethetics any time he wanted, if he had only asked. See Defendants' Motion to Dismiss. [Doc. 222] at 21. Counsel is unable to properly respond to these arguments without access to the administrative record.

The Defendants appear to describe an additional exhaustion procedure that applies to the Rehabilitation Act, see Doc 234 at 11, but this sounds the same as the procedures that the Plaintiff has already followed, since there are no other procedures available to him other than the BOPs Administrative Remedy Program. The Plaintiff cannot file a complaint with the EEOC or other disability laws that apply to non-prisoners. To even understand the Defendants' argument,

6

the Plaintiff and the Court would need to see the Plaintiffs' correspondence about his prosthetics (for example) because the Defendants' responses normally end with an explanation of how the prisoner can appeal. If there are additional procedures that disabled prisoners have to follow aside from the Administrative Remedy Program, the Defendants should respond with a case citation as an example. Like nearly all of the cases brought by pro se prisoners in the federal prison system, the Plaintiff begin with the Defendants' Prisoner Complaint form, and would have no way to know about the EEOC, or how to use this form to file a Federal Tort Claims Act (FTCA) claim. This is, essentially, the counter-argument to the Defendants' endlessly complex administrative exhaustion arguments: that it is the Defendants' process for handling those requests that is under review, not the Plaintiff's inability to follow their procedures.

## Conclusion

For the foregoing reasons, and those set forth in the attached Wolf Declaration, the Court should DENY the Defendant's Motion for Partial Summary Judgment WITHOUT PREJUDICE. The Court should also ORDER early discovery of the administrative records of the Plaintiff's estimated 498 Administrative Remedy Program claims.

    Respectfully submitted,

    /s/ Paul Wolf

    _____
    /s/ Paul Wolf, CO Bar #42107
    *Attorney for Mostafa Kamel Mostafa*
    P.O. Box 21840
    Washington, D.C. 20009
    (202) 431-6986
    paulwolf@yahoo.com
    fax: n/a

October 28, 2022

**Certificate of Service**

       I hereby certify that on October 28, 2022, I filed the foregoing document, along with its Exhibit 1, the Declaration of Paul Wolf, Esq., and a Proposed Order with the Clerk of the Court using the Court's Electronic Case Filing (ECF) system, which will send notification to the attorneys of record for all other parties in this litigation.

       /s/ Paul Wolf
       _____
       /s/ Paul Wolf, CO Bar #42107
       *Attorney for Mostafa Kamel Mostafa*