**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Civil Action No. 20-cv-00694-PAB-SKC**

MOSTAFA KAMEL MOSTAFA,

      Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

Defendants.

**Declaration of Paul Wolf, Esq.**

I hereby swear under penalty of perjury that the following is true and correct:

1.      I am a licensed attorney (CO Bar #42107) and represent the Plaintiff in this case, Mostafa

Kamel Mostafa.

2.      I have signed the Plaintiff's Special Administrative Measures (SAMs) Affirmation form,

and am authorized to communicate with the Plaintiff and to represent him in court.  I was only

able to obtain the Affirmation form after this Court ordered that the Defendants treat me as

counsel for the Plaintiff in this case.  Prior to the Order, neither the AUSA, counsel for the Defendants, or counsel for the prison, who were opposing counsel and know me from the Mohammed v. Holder case, would send me the SAMs form.  This is an abuse of the Special Administrative Measures, which were intended for security purposes, not to hold prisoners incommunicado and prevent them from communicating with prospective attorneys.

3.      It is my belief that Mr. Mostafa does not have access to his own files and does not have the Defendants' permission to keep records of his correspondence using the Administrative Remedy Program, which would be voluminous since he has made about 498 such requests since his transfer to the ADX, and each should have an administrative record.

4.      A review of the Trujillo Declaration [Doc. 234-1 to 234-3] shows that many of the requests relate to his disabilities and other matters apparently relevant to this litigation, but I am unable to discern enough information from the entries in the SENTRY system to understand them.   For example, on the first page of Defendants' chart titled "Administrative Remedy Generalized Retrieval - Sanitized Format," see [Doc. 234-1] at 37, the first two entries are:

> 715487-F1 17AM/ PHONE CALLS (EXCEPT LEGAL CALLS)
> NYM NYM 12-12-2012 CLD 12-17-2012
>
> 717094-F1 35BM/ I/M REQUESTS HANDICAP-ACCESSIBLE SHOWER
> NYM NYM 12-31-2012 CLO 01-22-2013

Id.   The codes CLD and CLO suggest that the requests were closed and denied, but the information provided is insufficient to make any conclusion.  This is followed by pages and pages of such requests, which chronicle the Plaintiff's 498 attempts to exhaust his administrative remedies.

5.      On page 71 of the same Exhibit, the first example of an entry in Attachment provides the following information:

REGNO: 67495-054 NAME: MOSTAFA, MOSTAFA
RSP OF...: FLM UNT/LOC/DST: H QTR.: H05-511L RCV OFC: FLM
REMEDY ID: 844737-F1 SUB1: 25CM SUB2: DATE RCV: 12-04-2015
UNT RCV..:H QTR RCV.: H03-302L FACL RCV: FLM
UNT ORG..:H QTR ORG.: H03-302L FACL ORG: FLM
EVT FACL.: FLM ACC LEV: FLM 1 NCR 1 BOP 1 RESP DUE: WED 01-13-2016
ABSTRACT.: CLAIMS DISABILITIES;REQUESTING CELL MODIFICATIONS
STATUS DT: 02-18-2016 STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.: RCT: P EXT: P DATE ENTD: 12-08-2015
REMARKS..:
CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE DEPARTMENT TO DATE ASSN TRK TYPE DATE RETURNED
WED 12-16-2015 FACL MGT KG 12-08-2015 INV 02-17-2016

[Doc. 234-1] at 71.  The information provided isn't sufficient to determine the precise nature of

this claim, whether it was ever resolved, or most importantly, the reasons used by the Defendants

to deny the requests.  The reasons should be given in the correspondence from the Defendants

denying the requests.  The reasons are important, because this Court reviews the determinations

of the Bureau of Prisons under the standards of the Administrative Procedure Act, which requires

they be based on substantial evidence on the record, and make use of legal reasoning that is not

arbitrary and capricious.  But rather than making sincere attempts to resolve the prisoners'

problems at the administrative agency level, the Defendants use the Administrative Remedy

Program as a labyrinth that few prisoners can successfully navigate.  No doubt, many prisoners

give up, and the case load is reduced that way.  But for the prisoners who persist, having no other

activities in their lives other than futile attempts to get out of life-long solitary confinement, the

"record on appeal" is incomprehensible and only tells the story of a person who has been denied

all of their rights.

6.      It is my belief that I cannot effectively oppose the Defendant's Early Motion for Partial

Summary Judgment on issues of administrative exhaustion if I am unable to see the

administrative record.  I have asked the Defendants for this information in informal discovery

and attached email correspondence as Exhibit 1 to this Cross-Motion.  I am not able to determine enough about Mr. Mostafa's approximately 498 administrative remedy program requests from the abbreviated descriptions in the Exhibits to the Trujillo Declaration. [Doc. 234-1 to 234-3]

7.      I have made good faith efforts to obtain the discovery informally, and to explain why I need the information to respond to their motion.  I have also made good faith efforts to negotiate a schedule with the Defendants, whose only responses so far have been to ask for time extentions to the deadlines set by the Court.  I do not believe that the good faith is reciprocated, and think that the Defendants are refusing to produce the administrative record as a litigation tactic, so the Court will rule on their characterizations of the evidence, rather than the evidence itself.

Sworn on this 28th day of October, 2022.


/s/ Paul Wolf

_____

Paul Wolf, CO Bar #42107
*Attorney for Plaintiff Mostafa Kamel Mostafa*