IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

---

**RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) (ECF No. 235)**

---

Defendants[1] oppose Mr. Mostafa's motion for discovery pursuant to Federal Rule of Civil Procedure 56(d). Under Rule 56(d), Mr. Mostafa's burden is to demonstrate that, for specified

---

[1] Defendant William did not request representation from the Department of Justice and is not included in the term "Defendants" here. Mr. Mostafa has dismissed his claims against Sterett, Fellows, and Chorosevic. *See* ECF No. 230 at 36, 41.

reasons, he cannot present "facts essential to justify [his] opposition" to the motion for partial summary judgment. Fed. R. Civ. P. 56(d). Mr. Mostafa cannot make that showing.

All documentation necessary to respond to the narrowly-tailored early motion for partial summary judgment for failure to exhaust, ECF No. 233, is appended to the motion. In addition, although extraneous to Defendants' arguments in the motion, the Federal Bureau of Prisons ("BOP") has made available to Mr. Mostafa's counsel all administrative remedies and appeals maintained by BOP—copies of which also would have been provided to Mr. Mostafa at the time of their submission—as well as administrative remedy indexes that detail Mr. Mostafa's remedy filings since he entered BOP custody in October 2012, which are also unnecessary to respond to the limited exhaustion arguments in Defendants' motion.

## ARGUMENT

Defendants moved for partial summary judgment because Mr. Mostafa failed to exhaust his remedies, as required by the Prison Litigation Reform Act ("PLRA"), with respect to a defined subset of claims and allegations in his voluminous 56-page complaint: (1) his alleged inability to contact five of his eleven grandchildren (a component of Claim 4); (2) his alleged inability to contact attorneys and access the courts (Claim 11 and a component of Claim 4); (3) the alleged denial of religious feast meals (a component of Claims 1 and 2); and (4) allegations related to his Eighth Amendment claim, specifically his alleged treatment during hunger strikes, his desire to choose his own occupational therapist, the alleged denial of a mask to protect him from Covid-19, and his alleged mental health problems (components of Claim 8). ECF No. 234.

In addition to these exhaustion deficiencies under the PLRA, the motion for partial summary judgment also explains that Mr. Mostafa has not exhausted his Rehabilitation Act claims pursuant to a separate Department of Justice administrative review process, as he is required to do.

*Id.* at 4-5, 7-8, 10-13; 28 C.F.R. § 39.170 (establishing administrative complaint procedure for non-employment cases in which a plaintiff alleges disability discrimination in programs or activities conducted by a federal agency).

Finally, Defendants argued that Mr. Mostafa's claim challenging his designation to ADX in September 2015 is time-barred. *Id.* at 13.

Before filing the motion, undersigned counsel asked Mr. Mostafa's attorney to review the motion as filed and then, after considering Defendants' specific arguments, advise counsel what additional documentation he deemed necessary to respond to the motion. *See* ECF No. 235-2 at 2. Instead, Mr. Mostafa proceeded to file his Rule 56(d) motion, in which he argues that he is unable to respond to the motion for partial summary judgment because Defendants have "refused to provide the administrative record upon which [the summary judgment motion] is based." ECF No. 234 at 4. This is not so, and Mr. Mostafa has not made the required showing that additional discovery is necessary to respond to Defendants' limited motion.

"'In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify' in the affidavit '(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.'" *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) (quoting *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016)). Rule 56(d) motions are "expect[ed] … to be robust," and "an affidavit's lack of specificity counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule." *Adams*, 30 F.4th at 968 (quoting *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015)).

In this case, Mr. Mostafa's request fails for two reasons. First, as noted above, there are no

"probable facts not available": Defendants already appended to the motion complete copies of all remedy packets and the administrative remedy index on which their argument relies. *See* ECF No. 234-1 to 234-4. There is no other "administrative record" of relevance here.

Moreover, after Mr. Mostafa's counsel had reviewed the motion and continued to assert that he needed each and every remedy packet associated with over 500 remedies and appeals,[2] undersigned counsel worked with BOP to make available to Mr. Mostafa's counsel all remedy packets maintained by BOP, along with several hundred additional pages of administrative remedy indexes dating back to Mr. Mostafa's initial confinement in BOP custody in October 2012.[3] Undersigned counsel made those voluminous materials, totaling over 900 pages, available to Mr. Mostafa's counsel within a few days of receiving them from BOP.[4] *See* Ex. 1, 11/14/2022 Prose email to Wolf. Notably, copies of each of those remedies and appeals—all of which are irrelevant to Defendants' motion except those that were appended to the motion—also would have been provided to Mr. Mostafa at the time of the submission of each remedy, appeal, and response.[5]

---

[2] Much of this documentation, which is irrelevant to the summary judgment argument in any event, is no longer maintained by BOP. *See* Program Statement 1330.18, *Administrative Remedy Program* (Jan. 6, 2014), at 12) ("Administrative Remedy Case Files shall be destroyed three full years after the year in which the cases were completed (i.e., response completed)."), *available at* https://www.bop.gov/policy/progstat/1330_018.pdf. As described below, undersigned counsel made available to Mr. Mostafa's counsel all remedy packets retained in accordance with this standard.

[3] By providing these materials, Defendants do not concede that they are necessary for Mr. Mostafa to respond to the motion for partial summary judgment.

[4] As of the date of this filing, however, Mr. Mostafa's attorney has not yet contacted the United States Attorney's Office to arrange for transmission of the documents.

[5] There is no evidence to support the contention, made by Mr. Mostafa's attorney, that these administrative remedy materials have been "seized" from Mr. Mostafa. As noted in Ms. Trujillo's declaration, Mr. Mostafa appended to an earlier filing in this case a remedy packet that is no longer maintained in BOP records. *See* ECF No. 234-1 at 7 n.3. Defendants further note that Mr. Mostafa's unsupported assertion that he "has no access to any of his files or Administrative Remedy Program correspondence," ECF No. 325 at 2, is inaccurate. He receives copies of all remedies, appeals, and responses, and he can ask prison staff for documents, including administrative remedy documents, maintained in his BOP files.

Second, even if Defendants had not made Mr. Mostafa's remedies available to him, Mr. Mostafa fails to identify specific "probable facts" or evidence within his administrative remedies that he believes is necessary to rebut Defendants' motion. *See generally* ECF No. 235-1. Although he suggests, as a general matter, that there may be other remedies relevant to Defendants' arguments, he does not point to specific evidence in those remedies that he believes support his claims. *See generally id.*; *see also Adams*, 30 F.4th at 968 ("[W]e have observed that an affidavit's lack of specificity counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule."). In fact, Mr. Mostafa has already responded to the motion for partial summary judgment, notwithstanding his pending Rule 56(d) motion.[6] *See* ECF No. 237.

Here, there are no remedies, appeals, or responses to remedies and appeals that are germane to the motion for partial summary judgment that have not already been made available to Mr. Mostafa's counsel. Any other discovery that Mr. Mostafa might seek at this point would be irrelevant, unnecessary to resolving the motion, and sought merely "to satisfy [his] speculative hope of finding some evidence that might tend to support a complaint." *See*, *e.g.*, *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *3 (D. Colo. Dec. 11, 2012), *aff'd*, 779 F.3d 1184 (10th Cir. 2015). As the Tenth Circuit has cautioned, Rule 56(d) "is not a license for a fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 7598 (10th Cir. 1990).

Given these facts, Mr. Mostafa has not met his burden to show "that, for specific reasons, [he] cannot present facts essential to justify [his] opposition" to the early motion for partial summary judgment. Fed. R. Civ. P. 56(d). And because Defendants have already made Mr.

---

[6] The Court struck this response on November 15, 2022, for failure to comply with the Court's practice standards, and directed Plaintiff to submit a complying response no later than November 18, 2022. *See* ECF No. 238.

Mostafa's remedies available to him, there is no further relief for the Court to award. The Court should deny the motion for discovery. ECF No. 235.

Respectfully submitted on November 17, 2022.

COLE FINEGAN
United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0100; Fax: (303) 454-0411
Email: susan.prose@usdoj.gov

Counsel for Defendants

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

   I hereby certify that on November 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

   Paul Wolf, Esq.

                 <u>s/ *Susan Prose*</u>
                 U.S. Attorney's Office