# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

      Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

      Defendants.

---

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (ECF No. 234)

---

Mostafa fails to present admissible evidence to raise a genuine dispute that he failed to

exhaust the claims and allegations specified in the motion for partial summary judgment, ECF No.

234 ("Motion"). Neither has he submitted admissible evidence contradicting the conclusion that his

claim challenging his 2015 placement at ADX is time-barred. The Court should grant the Motion.[1]

---

[1] The Motion is not brought on behalf of Defendant Williams, who did not request representation

I.      **Mostafa produced no competent evidence to create a dispute.**

As this Court's Practice Standards recognize, the Federal Rules of Civil Procedure require that a party opposing a motion for summary judgment must point to "a **specific reference** to material in the record supporting the denial." Chief Judge Brimmer's Practice Standard § III.F.3.b.iv. at 11 (emphasis in original); Fed. R. Civ. P. 56(c)(1)(A), (B) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record … or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). Only admissible evidence can overcome summary judgment. *Standish v. Jackson Hole Mountain Resort Corp.*, 997 F.3d 1095, 1197 (10th Cir. 2021) (court "may consider only admissible *evidence*" in ruling on summary judgment motion) (emphasis in original).

Mostafa's response fails to meet these standards. Instead, as further explained below, he "rel[ies] merely on the unsupported or conclusory allegations contained in pleadings" to attempt to rebut Defendants' factual proof. *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988). That tactic fails, as does his strategy, for every fact, of relying on conclusory and speculative statements and argument by his counsel. *MacKenzie v. City and Cnty. of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005) ("Unsupported conclusory allegations … do not create an issue of fact."); *Frias v. Auto-Owners Ins. Co.*, No. 19-cv-00903-WJM-SKC, 2021 WL 3931218, at *9 (D. Colo. Sept. 2, 2021) (granting summary judgment where "Plaintiffs have failed to provide any competent summary judgment evidence beyond mere conclusory statements and attorney argument").[2]

---

from the Department of Justice and who has not been served. Mostafa has dismissed Sterett, Fellows, and Chorosevic from the lawsuit. *See* ECF No. 230 at 36, 41.

[2] *Accord*, *e.g.*, *Ayyad v. Holder*, 05-cv-02342-WYD-MJW, 2014 WL 4747451, at *5 (D. Colo. Sept. 24, 2014) ("Speculation, legal argument, and conclusory statements also raise no genuine dispute."); *LaCourse v. Defense Support Services LLC*, No. 3:16cv170-RV/HTC, 2019 WL

Neither are Mostafa's unexhausted and untimely claims salvaged by his speculation about what "reasonable discovery will show." *See* ECF No. 240 at 5, 10, 16, & *passim*. He elected not to seek an extension of time to allow the Court to rule on his pending motion seeking discovery pursuant to Federal Rule of Civil Procedure 56(d), ECF No. 235, but forged ahead and responded to the Motion before reviewing the administrative remedies, appeals, and indexes that *have been provided to his attorney*. Ex. 1 (emails discussing transmission of documents).[3] With the documents he demanded in hand, Mostafa cannot defeat summary judgment by "rest[ing] on ignorance of facts, on speculation, or on suspicion" about those records—records that confirm his failure to exhaust. *Conaway*, 853 F.2d at 794 (party "may not escape summary judgment in the mere hope that something will turn up at trial").

It would be antithetical to the Prison Litigation Reform Act to permit Mostafa's unexhausted claims—and his time-barred claim—to proceed to merits discovery. *See*, *e.g.*, *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1141 (10th Cir. 2005) (explaining that the PLRA "does not allow the court to skip ahead to the merits"). The Court should grant the Motion based on the undisputed factual record.

## II.    Reply Concerning Undisputed Facts: Mostafa raises no genuine dispute.

First, Mostafa admits **Facts 2, 3, 5, 6, 7, 8, 12, 22, 23, 31, 32, 43, and 44**.

Second, Mostafa has failed to submit admissible evidence showing the existence of a genuine dispute as to the remaining facts, all of which purport to raise a dispute based solely on his

---

8165261, at *2 (N.D. Fla. Aug. 29, 2019) (recognizing that "[u]nadorned representations of counsel in a summary judgment brief are not a substitute for appropriate record evidence"), *aff'd*, 980 F.3d 1350 (11th Cir. 2020).

[3] It took time for BOP to compile these voluminous materials, which were made available to Mostafa's counsel on November 14, 2022. Ex. 1 at 1-2. Mostafa's counsel contacted the United States Attorney's Office ten days later, on Thanksgiving Day, and an administrative professional provided him access to the documents the Monday after Thanksgiving. *Id.* at 1.

attorney's conclusory statements, legal arguments, and speculation—including speculation about the contents of documents which the attorney has in hand. *See Frias*, 2021 WL 3931218, at *9; *Conaway*, 853 F.2d at 794; Ex. 1 at 1-2 (11/14/22, 11/28/22 emails). Mostafa's alleged ignorance of the contents of documents he has had the opportunity to review and rely upon[4] are insufficient to raise a fact dispute. Furthermore, the attorney's argumentation and conjecture—much of it wholly extraneous to the stated facts—are non-responsive and insufficient to raise a genuine dispute for this additional reason. *Gooden v. Timpte, Inc.*, No. 99 N 795, 2000 WL 34507333, at *3 n.3 (D. Colo. June 29, 2000) (fact deemed admitted where response is unresponsive).

Because of these deficiencies, Mostafa has failed to raise a genuine dispute concerning **Facts 1, 4, 9-11, 13-21, 24, 25, 26, 27, 28, 29, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42,** which should be deemed admitted pursuant to Rule 56(e)(2).

<u>Third</u>, Mostafa attempts to affirmatively present specific evidence in response to five of these facts, but the evidence he cites does not support the denial:

**Fact 26.** Mostafa's evidence does not support the denial of the fact that he has not exhausted any remedy concerning contact with any attorney other than Lobel. He points to remedy number 875413-A1, which is the remedy that exhausted the issue of contact with Lobel. ECF No. 234-1 ("Trujillo Decl.") ¶ 23 (discussing remedy 875413-A1) (citing ECF No. 116 at 10).

**Fact 29.** Mostafa's evidence does not support the denial of the fact that remedy number 862521 did not exhaust the congregate prayer issue. He points to another remedy, number 997005-A1, which did not address the group prayer issue but complained about the recreation group to

---

[4] Defendants would not have objected to an extension of time to allow counsel to review these documents or, as noted in undersigned counsel's email to Mostafa's attorney, to Mostafa filing a new response to the Motion. Ex. 1 at 1; *see also id.* at 6 (response from Mostafa's attorney).

which Mostafa had been assigned. Ex. 2, BOP 302-308.[5]

**Fact 30.** Mostafa's evidence does not support the denial of the fact that, on November 9, 2021, he filed a remedy in which he complained about not having access to group prayer, but he did not complete the exhaustion process for that remedy until June 22, 2022. Mostafa points to another remedy, remedy 1030118, which addressed Eid ceremonial meals, not group prayer. *See* ECF No. 234-3, Attachment 15, at 68-74.

**Fact 34.** Mostafa's evidence does not support the denial of the fact that he submitted one remedy concerning his treatment during hunger strikes, specifically, items taken from his cell. *See* Trujillo Decl. ¶¶ 34-35 (explaining remedy 999327 not exhausted when rejected at Central Office level). Mostafa points to remedy 999324, which concerned an alleged assault by ADX staff, that did not exhaust allegations about forced feeding and hydration during hunger strikes. Ex. 3, BOP 309-316;[6] ECF No. 199 ¶¶ 176-178 (unexhausted hunger strike allegations).

**Fact 40.** Mostafa's evidence does not support the denial of the fact that he has submitted no remedy concerning his alleged inability to obtain a mask. He references four remedies, none of which address the mask issue and several of which are unexhausted or not timely exhausted. Ex. 4, BOP 861-880 (number 1114344); Ex. 5, BOP 516-535 (number 1068104); Ex. 6, BOP 424-430 (number 104347); Ex. 7, BOP 431-434 (number 1043331).

In sum, Mostafa has identified no properly supported evidence sufficient to create a genuine dispute about the material facts.

### III.   There is no dispute that Mostafa failed to exhaust.

The uncontradicted record evidence shows that Mostafa failed to properly exhaust the BOP

---

[5] Exhibits 2 to 7 are bates-numbered excerpts from the administrative remedy packets that were made available to Mostafa's counsel on November 14, 2022.

[6] Defendants have not argued that allegations about this alleged assault are unexhausted.

remedy process for these claims and allegations: First Amendment claims challenging his alleged inability to contact five more grandchildren, to contact attorneys (except for an attorney named Lobel), and to access the court; First Amendment free exercise and RFRA claims alleging that he cannot engage in group prayer or obtain a religious feast meal for Eid; and various allegations underpinning his Eighth Amendment claims. Motion at 5-10. Similarly, the uncontradicted record evidence shows that Mostafa has not exhausted the available DOJ process under 29 C.F.R. § 39.170 for his Rehabilitation Act claims. *Id.* at 10-15.

Mostafa has submitted no admissible evidence that would compel a trial on these unexhausted claims. He raises four legal arguments seeking to evade the exhaustion bar. All fail.

<u>First</u>, Mostafa argues that because a remedy is marked with an "A," which refers to the Central Office level of the administrative remedy process, the remedy was, by definition, fully exhausted. ECF No. 240 at 4. This argument is created out of whole cloth. The "extender" associated with a remedy or appeal (for example, "A1") identifies nothing more than the level of review. Trujillo Decl. ¶ 10. And as the undisputed record here shows, a deficient remedy or appeal may be rejected at any level, including at the Central Office level, as were many of Mostafa's. *Id.* ¶ 56.[7] Unless Mostafa resubmitted these rejected "A1" remedies, they were not exhausted. *See id.* (remedy 999327-A1 not exhausted after rejected at the Central Office level and not resubmitted).

<u>Second</u>, Mostafa argues that he "had no way to know" of the DOJ administrative exhaustion process for allegations of discrimination on the basis of handicap in programs or activities conducted by federal agencies in 28 C.F.R. § 39.170. ECF No. 240 at 5. Mostafa's

---

[7] *See also* Administrative Remedy Generalized Retrieval Index for Mostafa, ECF No. 234-1 at 38, 39, 43, 44, 51, 52-54, 56, 58, 59, 60, 61, 63, 66 (noting rejections by Central Office of remedy numbers 717096, 719466, 719462, 717094, 718626, 823940, 820897, 839647, 882104, 887652, 927452, 968256, 979381, 1002348, 999327, 1005862, 1020554, 1020543, 1007348, 1034590, 1032228, 1032022, 1043331, 1073803, 1094477).

purported ignorance of this procedure does not absolve him from complying with it.

There is no dispute that Defendants have made a prima facie showing that Mostafa has failed to exhaust his Rehabilitation Act claims under § 39.170; indeed, Mostafa admits as much. ECF No. 240 at 16-17 (admitting facts 43 and 44). And he falls far short of meeting his burden to show that the process was unavailable to him. *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (once defendant carries burden to show that plaintiff did not exhaust, "'the onus falls on the plaintiff to show that remedies were unavailable to him'" (quoting *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)). Administrative remedies are deemed unavailable in three circumstances: (1) when a procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016).

Mostafa has not shown that any of these circumstances is in play here, where the DOJ process is described in a BOP Program Statement that is available to both inmates and the general public—including to the four attorneys who are serving as his criminal defense counsel and who continue to make filings on his behalf. *See* Program Statement 3713.24, *Discrimination and Retaliation Complaints Processing* (June 16, 2014), at 79-80 ("Processing Disability Complaints Involving Programs or Activities Conducted by the Department of Justice") (discussing procedures under 28 C.F.R. § 39.170), available at https://www.bop.gov/policy/progstat/3713_024.pdf; *see also United States v. Mustafa*, No. 1:04-cr-00356 (E.D.N.Y.), available on PACER (listing four attorneys representing Mostafa); *id.* ECF No. 605 (October 5, 2022 filing by Mostafa's attorneys). Equally is that information available to the attorney who represents Mostafa here. Mostafa could

have consulted with any one of these attorneys to inquire about BOP policies concerning disability discrimination, each of whom would have had ready access to Program Statement 3713.24 and the myriad cases holding that federal inmates must comply with the procedures in § 39.170—including this Court's decision in *Brown v. Cantrell*, No. 11-cv-00200-PAB-MEH, 2012 WL 4050300, at *3 (D. Colo. Sept. 14. 2012) (holding that "the PLRA's clear textual mandate" controls, and "that the PLRA's requirement that plaintiff exhaust all 'available' remedies requires federal inmates alleging disability discrimination to take advantage of § 39.170, which is 'available'"); *see also* Motion at 12-13 (collecting cases).

At bottom, though, *all* persons—including inmates like Mostafa—are presumed to know the law. As the Tenth Circuit has emphasized, an inmate's ignorance of exhaustion requirements does not render administrative remedies unavailable to him. *See*, *e.g.*, *Simmons v. Stus*, 401 F. App'x 380, 381 (10th Cir. 2010) ("'even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement'") (quoting *Gonzales-Liranza v. Naranjo*, 76 F. App'x 270, 272-73 (10th Cir. 2003) (concluding that trial court did not err in rejecting prisoner's claim that his unawareness of the grievance process excused the PLRA's exhaustion requirement)); *see also*, *e.g.*, *Napier v. Laurel Cnty.*, 636 F.3d 218, 222 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."); *Gonzalez v. Crawford*, 419 F. App'x 522, 523 (5th Cir. 2011) (same).

To sum up, Mostafa's alleged lack of familiarity with the DOJ process in § 39.170 does not absolve him from the obligation to use it. There is no dispute that Mostafa failed to do that.

<u>Third</u>, Mostafa contends that changes in his conditions, including changes to his SAMs, "cannot moot [his] claims." ECF No. 240 at 6. But that jurisdictional argument has no bearing on

the question of whether or not Mostafa properly exhausted all claims and allegations. He did not.

Finally, Mostafa argues that he was not required to exhaust the allegations that he was denied a mask and that he did not receive mental health care because those allegations are merely "fact[s] relevant to his claim of deliberate indifference to his medical needs." *See* ECF No. 240 at 16 ¶¶ 40-42. But Mostafa has it backwards: his remedies did not have to articulate a legal theory (deliberate indifference), but they were required to specify the actions that allegedly evinced deliberate indifference (the alleged failure to provide a mask and mental health care). These factual specifics were necessary to give prison officials "a fair opportunity to consider the grievance" and to enable them to "tak[e] appropriate measures to resolve the complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006); *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) (grievance should allow "prisons to address specific complaints internally to obviate the need for litigation … and create[e] a useful administrative record"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Barnes v. Allred*, 482 F. App'x 308, 311 (10th Cir. 2012) (holding generalized grievance about abdominal pain, even though related, did not provide enough information to prison officials to exhaust deliberate indifference claim that official failed to order timely liver biopsy and delayed hepatitis treatment).

Here, it is undisputed that Mostafa failed to exhaust allegations concerning masks or mental health care—or, for that matter, his demand to select his own occupational therapist and his objection to the management of his medical condition during a hunger strike. *See* Undisputed Material Facts 33-42. Because Mostafa has not exhausted those complaints, he cannot rely on them to attempt to establish that BOP personnel were deliberately indifferent to his medical needs.

In sum, because Mostafa failed to exhaust his administrative remedies before introducing claims and allegations into his complaint, *see* Motion at 8-13, he cannot litigate those matters here.

III.    **There is no dispute that the Administrative Procedure Act claim is time-barred.**

It cannot be disputed that the plain language of Mostafa's Administrative Procedure Act claim focuses on allegations about his placement at ADX. ECF No. 199, Claim 10 ¶¶ 212-214. Neither is there any dispute that Mostafa received notification of his ADX placement on September 9, 2015—he signed the ADX placement notice, *see* ECF No. 234-3 at 80—and that he did not introduce the claim into this case until May 21, 2022, months after the six-year statute of limitations had run. Motion at 13. Mostafa does not deny the timeline, but recharacterizes the claim as a challenge to BOP's alleged failure "to have a grievance process that respects the prisoners' rights." ECF No. 240 at 7. It is unclear what this means, but he has failed to come forward with evidence disputing that his claim asserting that "*[t]he placement of Plaintiff* in the ADX was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ..." ECF No. 199, ¶ 214 (emphasis added), is an APA claim that is time-barred under 28 U.S.C. § 2401(a).[8]

**In conclusion**, the Court should enter summary judgment in favor of Defendants. But if the Court determines that there are any disputed material questions of fact, the Court should set the matter for hearing to resolve such disputes prior to allowing the case to proceed on the merits.

Respectfully submitted on December 2, 2022.          COLE FINEGAN
                                                      United States Attorney

                                                      s/ *Susan Prose*
                                                      Susan Prose, Assistant United States Attorney
                                                      1801 California Street, Suite 1600
                                                      Denver, Colorado 80202
                                                      Tel: (303) 454-0100; Fax: (303) 454-0411
                                                      Email: susan.prose@usdoj.gov

---

[8] Mostafa alludes to what "should toll" the statute of limitations, ECF No. 240 at 8, but he has not attempted to meet his burden to establish equitable tolling, which is "granted sparingly." *Chance v. Zinke*, 898 F.3d 1025, 1034 & n.6 (10th Cir. 2018) (assuming without deciding that 28 U.S.C. § 2401(a) is subject to equitable tolling, and holding that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) *that he has been pursuing his rights diligently*, and (2) that some extraordinary circumstances stood in his way") (emphasis in original).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul Wolf, Esq.

s/ *Susan Prose*
U.S. Attorney's Office