# Exhibit 1
# Prose/Wolf emails

*Mostafa v. Garland, et al.*,
No. 20-cv-00694-PAB-SKC (D. Colo.)

**From:** Prose, Susan (USACO)
**To:** paulwolf@yahoo.com
**Subject:** RE: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion
**Date:** Monday, November 28, 2022 4:23:00 PM

Good afternoon, Paul--

Now that you have the documents, I wanted to inquire if you would like to take some time to review them and then file an updated/corrected response to the motion for partial summary judgment that takes into account those materials.  Defendants would have no objection to your submitting a new response in lieu of the one you filed on November 18 and taking as much time as you need to do that.  A short motion to submit a new response probably would be required, which you may represent is unopposed.

Please let me know.  Thank you.

Best,
Susan

-----Original Message-----
From: Hodgkins, Haley (USACO) <HHodgkins@usa.doj.gov>
Sent: Monday, November 28, 2022 1:14 PM
To: paulwolf@yahoo.com; Prose, Susan (USACO) <SProse@usa.doj.gov>
Subject: RE: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

Dear Paul,

I see that you have created a USAfx account. Thanks for doing that. I have sent you the link to the documents.

-Haley

-----Original Message-----
From: paulwolf@yahoo.com <paulwolf@yahoo.com>
Sent: Thursday, November 24, 2022 11:03 AM
To: Prose, Susan (USACO) <SProse@usa.doj.gov>
Cc: Hodgkins, Haley (USACO) <HHodgkins@usa.doj.gov>
Subject: Re: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

Dear Ms. Hodgkins - please let me know what I need to do to obtain the documents.

Best regards,


Paul Wolf
Attorney for Mostafa Kamel Mostafa


On Monday, November 14, 2022 at 08:19:26 PM EST, Prose, Susan (USACO) <susan.prose@usdoj.gov> wrote:


Dear Paul—

I understand from your Rule 56(d) motion that, after reading Defendants' early partial motion for summary judgment, Mr. Mostafa's position continues to be that he must have access to all of his "Administrative Remedy Program correspondence."  We respectfully take a different view of this issue, given the tailored nature of the motion for partial summary judgment.  Defendants will respond to the Rule 56(d) motion on or before the due date.

**001**

Although Defendants disagree with Mr. Mostafa's position, after conferring with BOP regarding the Rule 56(d) motion, BOP has authorized me to provide you (1) all remedy packets for Mr. Mostafa maintained by BOP, and (2) a full administrative remedy index, going back to Mr. Mostafa's initial designation to BOP custody.  I received these materials from BOP late last week and have just finished bates-numbering them for ease of reference.  By providing these materials to you, Defendants respectfully reserve all arguments that they may make in response to Mr. Mostafa's Rule 56(d) motion.

With regard to the logistics of getting the documents to you, given the large number of pages, the documents can be transmitted to you most expeditiously by means of USAfx, DOJ's document-sharing system.  Legal assistant Haley Hodgkins, copied here, will work with you to access the documents.  Please contact Ms. Hodgkins directly for assistance with that; she is very skilled when it comes to working with USAfx.

Just FYI, I am leaving the office shortly and leaving town very early tomorrow morning for a work trip and will not return to Denver until this coming weekend.  In the interim, please feel free to work with Ms. Hodgkins; no need for me to involved with the process of transferring the documents to you.

Thank you,
Susan

-----Original Message-----
From: Prose, Susan (USACO)
Sent: Wednesday, October 26, 2022 4:45 PM
To: paulwolf@yahoo.com
Subject: RE: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

Dear Paul,

I don't think I responded to this email from you; my apologies.  The only reason is that I have been terribly busy on so many cases!

Defendants are now ready to file their early motion for partial summary judgment; you are going to see that filing momentarily.  The submission of such early motions, including particularly on the exhaustion issue, is standard practice in the Court.  I appreciate your willingness not to oppose the filing of the motion, but our experience has been that we are entitled to file the motion, whether or not it is consented to.  I just wanted to make our understanding of that point clear.

With regard to your point about discovery, we are attaching to the motion all remedies that are relevant to Defendants' exhaustion arguments and therefore do not see a need for discovery at this time.  However, after you review the motion, we are happy to confer with you regarding a motion from your client pursuant to Rule 56(d) and to discuss with you any other exhausted remedies you believe you may need to review to respond to Defendants' motion.

Thank you,
Susan

-----Original Message-----
From: paulwolf@yahoo.com <paulwolf@yahoo.com>
Sent: Monday, September 12, 2022 6:57 AM
To: Prose, Susan (USACO) <SProse@usa.doj.gov>
Subject: Re: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

Dear Susan - I was thinking about how to litigate the exhaustion issues.  I understand why you prefer to challenge the claims that way before having to brief potentially complex legal issues.  My objection has been that I do not have a complete record of the Plaintiff's Administrative Remedy Program requests and appeals.

There are two ways I can think of to satisfy this.  One would be for you to do a complete accounting of all of them,

**002**

and file them all as an exhibit to your motion.  I need to read the text of the requests to see whether, for example, he complained that his prosthetics didn't work properly, or that he was unable to wash himself properly.  If being unable to wash properly impacts on his religious rights, the plaintiff would only have to complain about the hygiene and is not required to know the legal basis.

The Plaintiff does not access to his files generally, so cannot provide them to me.  He made a chart of them in one of his pro se filings, but I would like to take a look at it, to see if he mentioned the issues you say were not exhausted.

A second way would be for the government to provide me with all of this correspondence in discovery.  I would consent to an early motion for partial summary judgment, and the government would consent to early discovery of the administrative records for all of the plaintiffs requests.

As for the timing, I would prefer to work on this after September 24, when my opposition to your MTD is due.  That will help me keep them separated and the work under control.  I don't believe there is any time limit now.  Any other 12b6 defenses were waived by the first responsive pleading.  But you can assert 12b1 defenses for lack of subject matter jurisdiction any time.  So I would suggest we let the court put that into the Scheduling Order, and explain it if needed at a status conference.
I think we should let the court set the status conference right after it decides this motion, so the court won't want to fix a date yet.  What do you think?

Best regards,


Paul



On Sunday, September 11, 2022 at 05:46:13 PM EDT, Prose, Susan (USACO) <susan.prose@usdoj.gov> wrote:




Dear Paul,

I certainly agree with you that discovery ought to be stayed until after the Court rules on the motion to dismiss, but on further reflection, I think it will be important to Judge Crews to have something more than the parties' agreement to support vacating the September 20, 2022 Scheduling Conference (which is on the Court's calendar at this time, to my understanding) and staying discovery.  When a request to stay is made, our Court ordinarily wants to see a full analysis of the grounds for staying discovery before granting such a motion.  Those grounds are set forth in Defendants' attached draft motion to stay/vacate.  I believe this formal approach is the best way to present the issue to the Court.

Please let me know your position on this motion, which I will insert in the place highlighted in the motion.  Thank you for your consideration.

Best,
Susan

-----Original Message-----
From: paulwolf@yahoo.com <paulwolf@yahoo.com>
Sent: Monday, September 5, 2022 6:56 AM
To: Prose, Susan (USACO) <SProse@usa.doj.gov>
Subject: [EXTERNAL] Re: Mostafa case - conferral regarding motion to stay

I don't understand.  We haven't had a Rule 26f conference so why do you think discovery isn't stayed now?  I also

**003**

don't understand filing a motion for summary judgment before there has been discovery.   We were supposed to confer on a schedule but you asked for multiple extensions and I am not sure where we stand now.  I have about 3 weeks left to respond to your MTD, then I think we should wait for a ruling and then have a Rule 26 meeting about 30 days later.  If you are conferring on your MSJ I oppose that and my position is that the Court should order the parties to confer on the schedule - which it has already ordered us to do but we didn't file anything.

Best regards,

Paul

On Sunday, September 4, 2022 at 07:35:13 PM EDT, Prose, Susan (USACO) <susan.prose@usdoj.gov> wrote:

Dear Paul—

I hope this email finds you well.  As for me, I am thankful to say I am definitely on the mend!

I am reaching out today to discuss with you Defendants' plan to move to stay discovery and to vacate the September 20, 2022 Scheduling Conference and related deadlines. I expect this will not surprise you, but I would like to take the opportunity to lay out Defendants' position here for your consideration.  I thought it might be helpful to provide a similar motion to stay that I recently filed in another case.  Of course, the motion to stay discovery here would be particularized to Mr. Mostafa's claims, but it would include the following arguments:

   * No discovery should be allowed until the Court decides if there is a damages remedy for Mr. Mostafa's Bivens claims.
   * No discovery should be allowed until the Court resolves the qualified immunity issue raised by the individual defendants.
   * Discovery should be stayed until the Court determines whether Mr. Mostafa has pleaded any plausible claim.
   * The Court should resolve the jurisdictional issues Defendants have raised before allowing discovery.
   * The String Cheese factors support a stay of discovery here.
   * The Court should resolve the exhaustion issues before opening discovery.

As to the exhaustion defense, Defendants hope to file their early motion for summary judgment by the end of this week.  That filing unfortunately was delayed because of my little run-in with Covid, but I am going to do my very best to complete the filing by next weekend (and I will also confer with you again about that motion before I file it).

**004**

I am happy to further discuss the motion to stay with you. With regard to my schedule, please know that I have to go out of town for a few days, both to tend to a personal matter and for work. I will have very limited access to email during that time. I do expect to have access to email late Tuesday evening and Wednesday evening after 6:00 or so. I will be in the office Thursday.

Thank you, as always, for your consideration and courtesy, which I appreciate very much.

Best,

Susan


Susan Prose

Assistant United States Attorney

United States Attorney's Office | District of Colorado

1801 California Street, Suite 1600

Denver, CO  80202

Phone:  (303) 454-0170

Email:    susan.prose@usdoj.gov

**005**

| | |
|---|---|
| **From:** | paulwolf@yahoo.com |
| **To:** | Prose, Susan (USACO); Hodgkins, Haley (USACO) |
| **Subject:** | Re: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion |
| **Date:** | Monday, November 28, 2022 7:58:04 PM |

Thanks - It's an old account I must have had from a previous case. I was able to download the three files from the shared workspace link you sent. The other instructions didn't work probably because I already had an account. As I wrote earlier today, though, I am not going to be able to review this in the next few days.

If I have to brief a second summary judgment motion, then the government should pay me attorneys fees for having to do the work twice. In my reply brief today I asked the court dismiss the motion without prejudice, and I think that covers it. It's an affirmative defense. If after reviewing the materials, I believe that I have the complete administrative records, then I won't have to ask for them once discovery is open. But I'm not going to file a motion asking the court to rebrief something I just had to brief.

Paul


On Monday, November 28, 2022 at 03:13:59 PM EST, Hodgkins, Haley (USACO) <haley.hodgkins@usdoj.gov> wrote:



Dear Paul,

I see that you have created a USAfx account. Thanks for doing that. I have sent you the link to the documents.

-Haley

-----Original Message-----
From: paulwolf@yahoo.com <paulwolf@yahoo.com>
Sent: Thursday, November 24, 2022 11:03 AM
To: Prose, Susan (USACO) <SProse@usa.doj.gov>
Cc: Hodgkins, Haley (USACO) <HHodgkins@usa.doj.gov>
Subject: Re: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

Dear Ms. Hodgkins - please let me know what I need to do to obtain the documents.

Best regards,


Paul Wolf
Attorney for Mostafa Kamel Mostafa


On Monday, November 14, 2022 at 08:19:26 PM EST, Prose, Susan (USACO) <susan.prose@usdoj.gov> wrote:


Dear Paul—

**006**

I understand from your Rule 56(d) motion that, after reading Defendants' early partial motion for summary judgment, Mr. Mostafa's position continues to be that he must have access to all of his "Administrative Remedy Program correspondence."  We respectfully take a different view of this issue, given the tailored nature of the motion for partial summary judgment.  Defendants will respond to the Rule 56(d) motion on or before the due date.

Although Defendants disagree with Mr. Mostafa's position, after conferring with BOP regarding the Rule 56(d) motion, BOP has authorized me to provide you (1) all remedy packets for Mr. Mostafa maintained by BOP, and (2) a full administrative remedy index, going back to Mr. Mostafa's initial designation to BOP custody.  I received these materials from BOP late last week and have just finished bates-numbering them for ease of reference.  By providing these materials to you, Defendants respectfully reserve all arguments that they may make in response to Mr. Mostafa's Rule 56(d) motion.

With regard to the logistics of getting the documents to you, given the large number of pages, the documents can be transmitted to you most expeditiously by means of USAfx, DOJ's document-sharing system.  Legal assistant Haley Hodgkins, copied here, will work with you to access the documents.  Please contact Ms. Hodgkins directly for assistance with that; she is very skilled when it comes to working with USAfx.

Just FYI, I am leaving the office shortly and leaving town very early tomorrow morning for a work trip and will not return to Denver until this coming weekend.  In the interim, please feel free to work with Ms. Hodgkins; no need for me to involved with the process of transferring the documents to you.

Thank you,
Susan

-----Original Message-----
From: Prose, Susan (USACO)
Sent: Wednesday, October 26, 2022 4:45 PM
To: paulwolf@yahoo.com
Subject: RE: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

Dear Paul,

I don't think I responded to this email from you; my apologies.  The only reason is that I have been terribly busy on so many cases!

Defendants are now ready to file their early motion for partial summary judgment; you are going to see that filing momentarily.  The submission of such early motions, including particularly on the exhaustion issue, is standard practice in the Court.  I appreciate your willingness not to oppose the filing of the motion, but our experience has been that we are entitled to file the motion, whether or not it is consented to.  I just wanted to make our understanding of that point clear.

With regard to your point about discovery, we are attaching to the motion all remedies that are relevant to Defendants' exhaustion arguments and therefore do not see a need for discovery at this time.  However, after you review the motion, we are happy to confer with you regarding a motion from your client pursuant to Rule 56(d) and to discuss with you any other exhausted remedies you believe you may need to review to respond to Defendants' motion.

Thank you,
Susan

-----Original Message-----
From: paulwolf@yahoo.com <paulwolf@yahoo.com>
Sent: Monday, September 12, 2022 6:57 AM
To: Prose, Susan (USACO) <SProse@usa.doj.gov>
Subject: Re: [EXTERNAL] Re: Mostafa case - conferral regarding early partial summary judgment motion

**007**

Dear Susan - I was thinking about how to litigate the exhaustion issues.  I understand why you prefer to challenge the claims that way before having to brief potentially complex legal issues.  My objection has been that I do not have a complete record of the Plaintiff's Administrative Remedy Program requests and appeals.

There are two ways I can think of to satisfy this.  One would be for you to do a complete accounting of all of them, and file them all as an exhibit to your motion.  I need to read the text of the requests to see whether, for example, he complained that his prosthetics didn't work properly, or that he was unable to wash himself properly.  If being unable to wash properly impacts on his religious rights, the plaintiff would only have to complain about the hygiene and is not required to know the legal basis.

The Plaintiff does not access to his files generally, so cannot provide them to me.  He made a chart of them in one of his pro se filings, but I would like to take a look at it, to see if he mentioned the issues you say were not exhausted.

A second way would be for the government to provide me with all of this correspondence in discovery.  I would consent to an early motion for partial summary judgment, and the government would consent to early discovery of the administrative records for all of the plaintiffs requests.

As for the timing, I would prefer to work on this after September 24, when my opposition to your MTD is due.  That will help me keep them separated and the work under control.  I don't believe there is any time limit now.  Any other 12b6 defenses were waived by the first responsive pleading.  But you can assert 12b1 defenses for lack of subject matter jurisdiction any time.  So I would suggest we let the court put that into the Scheduling Order, and explain it if needed at a status conference.
I think we should let the court set the status conference right after it decides this motion, so the court won't want to fix a date yet.  What do you think?

Best regards,


Paul



On Sunday, September 11, 2022 at 05:46:13 PM EDT, Prose, Susan (USACO) <susan.prose@usdoj.gov> wrote:




Dear Paul,

I certainly agree with you that discovery ought to be stayed until after the Court rules on the motion to dismiss, but on further reflection, I think it will be important to Judge Crews to have something more than the parties' agreement to support vacating the September 20, 2022 Scheduling Conference (which is on the Court's calendar at this time, to my understanding) and staying discovery.  When a request to stay is made, our Court ordinarily wants to see a full analysis of the grounds for staying discovery before granting such a motion.  Those grounds are set forth in Defendants' attached draft motion to stay/vacate.  I believe this formal approach is the best way to present the issue to the Court.

Please let me know your position on this motion, which I will insert in the place highlighted in the motion.  Thank you for your consideration.

Best,
Susan

-----Original Message-----
From: paulwolf@yahoo.com <paulwolf@yahoo.com>

**008**

Sent: Monday, September 5, 2022 6:56 AM
To: Prose, Susan (USACO) <SProse@usa.doj.gov>
Subject: [EXTERNAL] Re: Mostafa case - conferral regarding motion to stay

I don't understand. We haven't had a Rule 26f conference so why do you think discovery isn't stayed now? I also don't understand filing a motion for summary judgment before there has been discovery. We were supposed to confer on a schedule but you asked for multiple extensions and I am not sure where we stand now. I have about 3 weeks left to respond to your MTD, then I think we should wait for a ruling and then have a Rule 26 meeting about 30 days later. If you are conferring on your MSJ I oppose that and my position is that the Court should order the parties to confer on the schedule - which it has already ordered us to do but we didn't file anything.

Best regards,


Paul



On Sunday, September 4, 2022 at 07:35:13 PM EDT, Prose, Susan (USACO) <susan.prose@usdoj.gov> wrote:




Dear Paul—


I hope this email finds you well. As for me, I am thankful to say I am definitely on the mend!


I am reaching out today to discuss with you Defendants' plan to move to stay discovery and to vacate the September 20, 2022 Scheduling Conference and related deadlines. I expect this will not surprise you, but I would like to take the opportunity to lay out Defendants' position here for your consideration. I thought it might be helpful to provide a similar motion to stay that I recently filed in another case. Of course, the motion to stay discovery here would be particularized to Mr. Mostafa's claims, but it would include the following arguments:


   * No discovery should be allowed until the Court decides if there is a damages remedy for Mr. Mostafa's Bivens claims.
   * No discovery should be allowed until the Court resolves the qualified immunity issue raised by the individual defendants.
   * Discovery should be stayed until the Court determines whether Mr. Mostafa has pleaded any plausible claim.
   * The Court should resolve the jurisdictional issues Defendants have raised before allowing discovery.
   * The String Cheese factors support a stay of discovery here.
   * The Court should resolve the exhaustion issues before opening discovery.


As to the exhaustion defense, Defendants hope to file their early motion for summary judgment by the end of this

**009**

week.  That filing unfortunately was delayed because of my little run-in with Covid, but I am going to do my very best to complete the filing by next weekend (and I will also confer with you again about that motion before I file it).

I am happy to further discuss the motion to stay with you.  With regard to my schedule, please know that I have to go out of town for a few days, both to tend to a personal matter and for work.  I will have very limited access to email during that time.  I do expect to have access to email late Tuesday evening and Wednesday evening after 6:00 or so.  I will be in the office Thursday.

Thank you, as always, for your consideration and courtesy, which I appreciate very much.

Best,

Susan


Susan Prose

Assistant United States Attorney

United States Attorney's Office | District of Colorado

1801 California Street, Suite 1600

Denver, CO  80202

Phone:  (303) 454-0170

Email:    susan.prose@usdoj.gov

**010**