# Exhibit 6
# Remedy # 1043247

*Mostafa v. Garland, et al.*,
No. 20-cv-00694-PAB-SKC (D. Colo.)

Administrative Remedy Number 1043247-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal where you contend the continued imposition of your Special Administrative Measures (SAM) endangers your life during the COVID-19 pandemic and denies you of "items for clean health and safety." You feel your case is unique and the possibility of getting COVID-19 is very high. For that reason, you request your SAM be removed.

Although you may object to the provisions of the SAM, as you have been previously advised, the restrictions in your SAM are constitutional, as noted in 28 C.F.R. § 501.3. SAM restrictions are in place to safeguard against communications being disseminated which would harm the public, staff, other inmates. These measures are necessary to protect persons against the risk of death or serious bodily injury. In addition, you are afforded a meaningful opportunity to be heard and defend yourself against the renewal of the SAM restrictions during your annual review conducted by the Deputy Assistant Attorney General. Your concerns are taken into consideration and passed on to the appropriate parties involved in the renewal of your SAM. The continued need of the SAM is reviewed annually by the Deputy Assistant Attorney General who determines if the renewal of your SAM is necessary. As such, your SAM will be reviewed accordingly and will not be terminated at this time.

In regards to the COVID-19 pandemic, the Bureau of Prisons (BOP) is taking extraordinary measures to contain the spread of COVID-19 and to treat any infected inmates. You have been correctly advised by the Warden and Regional Director that your current housing status is appropriate and we concur with the responses provided. If you are in need of a specific item for your "health and safety," it is suggested you discuss this matter with your Unit Team so that accommodations can be made if deemed appropriate.

Accordingly, your appeal is denied.

8\4\21
Date

Ian Connors, Administrator
National Inmate Appeals

**U.S. Department of Justice**             **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

SAMs    12-18-20

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: MOSTAFA, K. Mostafa    67495-054    H    ADX CO.
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – REASON FOR APPEAL** please notice the date of delivery!!

The answer does not address the issues of SAMs endangering my life, nor my deprivation of fittings, items, help for clean, health & safety because of SAMs in Covid Time. Nor my disability & confinement, nor the many underlying conditions.

Please remove the SAMs and address the issues.

12-18-20
DATE          SIGNATURE OF REQUESTER

**Part B – RESPONSE**

RECEIVED
NOV 08 2021
ADX AW Office

---

DATE          GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: 1043247-A1

**Part C – RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          BP-231(13) JUNE 2002

Mostafa v. Garland, No. 20-cv-00694-PAB-SKC  BOP000425
Remedy Packets Provided to Plaintiff's Counsel

# FEDERAL CORRECTIONAL COMPLEX
## FLORENCE, COLORADO
### INFORMAL RESOLUTION FORM

*Notice to Inmate: Inmates have the responsibility to use this Program in Good Faith and in an Honest and Straightforward manner.*

Inmate Name: Mostafa K. Mostafa   Reg. No.: 67495-054

Unit: H   Date: 8/19/20

**NOTICE TO INMATE:** Be advised, normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below: SAM conditions is unsafe on Covid-19

1. State your complaint (single complaint or a reasonable number of closely related issues): SAM daily conditions to gather with my ability with my armed disability health conditions of care very dangerous physically & emotionally psychologically

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits, as exhibits will not be returned with the BP-229(13) response.)

2. State what resolution you expect: SAM to be lifted off or adjusted to avoid such conditions for medical and so on

Inmate's Signature: [signed]   Date: 8/19/20

Counselor's Signature: [signed]   Date: 8/15/2020

Department Involved: ___   Date Assigned: ___   Due Date: ___

Department's Response regarding Complaint: You are not placed on an SAM by the BOP. This is done by an outside agency. The BOP only houses you according to you SAM. This can not be handled at this level.

Department Head Signature: ___   Date: ___
Unit Manager's Review: [signed]   Date: 8/19/2020
Informally Resolved: ___   Date: ___

| | BP-8 ISSUED to Inmate | BP-8 RETURNED to Counselor | BP-9 ISSUED to Inmate | BP-9 RETURNED to Counselor | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 8/13/2020 | 8/19/20 | 9/19/2020 | 8/25/2020 | 8-21-20 |
| TIME | | | | | |
| COUNSELOR | [signed] | [signed] | [signed] | [signed] | [signed] |

FCC 1330.18C   Administrative Remedy Program   Attachment 1

**Mostafa v. Garland, No. 20-cv-00694-PAB-SKC   BOP000426**
**Remedy Packets Provided to Plaintiff's Counsel**

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

COVID-19 And SAM — BP8 Attached

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: Mostafa. K. Mostafa   67495-054   H   ADX-CO
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A– INMATE REQUEST**

The answer is too general and does not address my health and safety under SAMs confinement in covid-19 dangerous time. My disability and underlying multiple hazardous to covid-19 are well documented and simply mean that SAM isolation imposed is a "de-facto" of Death sentence illegal and immoral by ADX and SAMs

DATE: 8-20-20

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Received AUG 25 2020 Admin Remedy Office

DATE | WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

CASE NUMBER: 1045245-F1

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____ LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP–229(13)
APRIL 1982

Mostafa v. Garland, No. 20-cv-00694-PAB-SKC   BOP000427
Remedy Packets Provided to Plaintiff's Counsel

BP-229 RESPONSE                                           Case Number: 1043247-F1

Your Request for Administrative Remedy dated August 20, 2020, and received in the Administrative Remedy office August 25, 2020, has been reviewed. Specifically, you state that your underlying health conditions combined with COVID-19, your housing assignment, and the Special Administrative Measures (SAM) imposed against you, place you at risk of death. You do not request a specific form of relief.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The result of the review revealed that the SAM has been appropriately imposed against you. Further, you are appropriately housed and are managed in accordance with Institution Supplement 5321.07(3)(J), Special Security Unit (H-Unit). Your housing assignment is based on security and custody needs and in accordance with Program Statement 5100.08, Security Designation and Custody Classification Manual. Finally, The Bureau of Prisons is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting COVID-19, does not currently warrant a change in your housing assignment.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                              10/7/2020
B. True, Complex Warden                                    Date

**U.S. Department of Justice**           **Regional Administrative Remedy Appeal**
Federal Bureau of Prisons

SAM & COVID

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Mostafa, K. Mostafa__  __67495-054__  __H__  __ADX. CO__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

Please, find enclosed delay note for late delivery.

- With all due respect, the answer ignored that:

1- I did ask for a clear relief to remove S.A.M. and provide help, fittings, items for my disability and COVID need.

2- It only mentioned the "possibility" of getting COVID. But in my unique case, it is extraordinary or "high plausibility" to get the pandemic.

Please, provide the relief needed urgently.
(thanks)

10-30-20
DATE              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____  _____
DATE           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____  _____
DATE        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                             BP-230(13) JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1043247-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on November 16, 2020, in which you object to the Special Administrative Measures (SAMs) imposed on you. For relief, you request your SAMs be removed in light of the COVID-19 pandemic.

We have reviewed your appeal and the Warden's response dated October 7, 2020. The United States Attorney General (USAG) may impose SAMs if there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons or substantial damage to property that would entail the risk of death or serious bodily injury to persons. These SAMs ordinarily may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. While the Bureau of Prisons neither imposes nor rescinds SAMs, it implements the restrictions and can accommodate specific requests relating to the restrictions. As the USAG has determined your particular SAMs are necessary, they will not be removed or modified at this time and will remain in effect until such time the USAG determines they are no longer warranted.

The Federal Bureau of Prisons (BOP) is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates and areas of concerns. Accordingly, the institution's decision is supported.

Based on the above, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

11/25/2020
Date

Barb von Blanckensee, Regional Director

RECEIVED
DEC 16 2020
ADX AW Office