**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE "MOTION"
FILED BY A REPRESENTED PARTY (ECF No. 247)**

---

Defendants[1] Motion to Strike "Motion" Filed By a Represented Party (ECF No. 247) (the

---

[1] The motion is not brought on behalf of Defendant Williams, who did not request representation from the Department of Justice and has not been served, or former Defendants Sterett, Fellows, and Chorosevic.  *See* ECF No. 230 at 36, 41 (dismissing Sterett, Fellows, and Chorosevic from the lawsuit).

"Motion to Strike") explained that Plaintiff's 279-page pro se "motion" (the "Pro Se Filing") should be stricken for two reasons.  First, Plaintiff is represented by counsel and therefore is not authorized to personally file papers in this case.  Second, the Pro Se Filing constitutes an unauthorized surreply or supplemental brief.  Plaintiff's Response in Opposition to Defendants' Motion to Strike, ECF No. 249, which was filed by counsel, fails to demonstrate that the Court should consider the Pro Se Filing.

I. **The Court should strike the Pro Se Filing because Plaintiff is represented by counsel.**

The Motion to Strike explained that Plaintiff is represented by counsel and thus he is not authorized to sign and file papers personally in this case.  *See* ECF No. 247 at 2-3; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally *if the party is unrepresented*." (emphasis added)); D.C.COLO.LAttyR 5(a)(5) ("Only an unrepresented party or a member of the bar of this court . . . may . . . sign and file a pleading or document . . . .").  In response, Plaintiff's counsel asserts that Defendants did not provide a copy of their Motion to Strike "as required by Rule 11, or cite any case law in favor of their interpretation of Rule 11." ECF No. 249 at 2.  However, Defendants moved to strike the Pro Se Filing under Rule 11(a), which does not require that Defendants provide a copy of the motion to the opposing party prior to filing.[2]  Moreover, Defendants did confer with Plaintiff's counsel prior to filing the Motion to Strike and provided Plaintiff's counsel with a citation to a Tenth Circuit case in support of their

---

[2] Defendants note that a party that moves for sanctions under Rule 11(c) must serve a copy of the motion on the opposing party prior to filing the motion.  However, Defendants did not move for sanctions under Rule 11(c) and thus the requirement is inapplicable.

2

position during that conferral. *See* Email correspondence dated January 25, 2023, attached hereto as Exhibit 1; *see also* ECF No. 247 at 2-3.

In accordance with Rule 11(a) and the case law cited in the Motion to Strike, the Court must strike Plaintiff's Pro Se Filing because he is represented by counsel.

## II. Alternatively, the Court should strike the Pro Se Filing as an unauthorized surreply.

The Motion to Strike also explained that the Pro Se Filing is an improper surreply because it appears to make arguments concerning two motions that are already fully briefed – Defendants' motion to dismiss, ECF No. 222, and Defendants' partial motion for summary judgment, ECF No. 234. *See* ECF No. 247 at 3-4. Since Plaintiff did not seek leave to file a surreply or supplemental brief in accordance with the Court's Practice Standards, the Pro Se Filing is improper. *Id.*

In response, Plaintiff's counsel argues that the Court should consider the Pro Se Filing as a supplemental response to Defendants' motion for partial summary judgment because – notwithstanding the fact that Plaintiff is represented by counsel who already filed a response to Defendants' Motion for Summary Judgment – "Plaintiff needed to . . . protect his rights." ECF No. 249 at 4. In his response to the Motion to Strike, in addition to arguing that the Court should consider the Pro Se Filing, Plaintiff's counsel included over seven pages of additional supplemental argument concerning the motion for partial summary judgment. *See id.* at 5-13. Plaintiff then asks the Court to consider *both* the Pro Se Filing and the supplemental argument from counsel in ruling on the motion for partial summary judgment. *See id.* Plaintiff provides no legal authority in support of this position. Instead, Plaintiff's counsel alleges that he did not have the documents necessary for him to respond to the motion for partial summary judgment.

3

*See id.* at 2-4.  These allegations are misleading.

Defendants filed their motion for partial summary judgment on October 26, 2022, explaining that Plaintiff had not exhausted his administrative remedies for several of his claims. ECF No. 234.  Plaintiff's response to the Motion for Partial Summary Judgment was therefore due on November 16, 2022.  *See* D.C.COLO.L.R. 7.1(d).  Two days after Defendants filed the motion for partial summary judgment, Plaintiff filed a Motion for Early Discovery seeking the complete record of Plaintiff's administrative remedy requests.  *See* ECF No. 235.  Although Defendants objected to the request, Defendants informed the Court in their response to the Motion for Early Discovery that they had nevertheless agreed to produce "all remedy packets maintained by BOP, along with several hundred additional pages of administrative remedy indexes dating back to Mr. Mostafa's initial confinement in BOP custody in October 2012." ECF No. 239 at 4.

Indeed, Defendants' counsel sent Plaintiff's counsel an email on November 14, 2022 – two days prior to the deadline for Plaintiff to respond to the motion for partial summary judgment – informing Plaintiff's counsel that the documents he had requested were available, and that he could contact Defendants' counsel's legal assistant to obtain the documents from the Department of Justice's file-sharing system.  ECF No. 239-1.  But Plaintiff's counsel had already filed the response to the motion for partial summary judgment on November 13, 2022, three days prior to the deadline.  *See* ECF No. 240.  Plaintiff's counsel did not move for leave to file a corrected or supplemental response brief after Defendants' counsel informed him that the documents he had requested were available for him to review.  He also did not contact Defendants' counsel's legal assistant to obtain the documents until November 24, 2022 – ten

4

days after Defendants' counsel notified him that the documents were available.  *See* ECF No. 242-1 at 2.

Notwithstanding the fact that Plaintiff's counsel did not move for leave to file a corrected or supplemental response brief, Defendants' counsel *sua sponte* emailed Plaintiff's counsel to inform him that Defendants would not object if Plaintiff were to seek leave to file an updated or corrected response brief to address the documents that Defendants had provided to him.  *See* ECF No. 242-1.  Plaintiff's counsel did not respond.

The Court ultimately denied Plaintiff's Motion for Early Discovery as moot, noting that Defendants had represented that they had already provided the documents that Plaintiff sought.  ECF No. 243.  The Court also observed that "Defendants have offered to permit Plaintiff to supplement his original response without objection, which would seemingly alleviate any alleged prejudice caused by being without these documents at the time he filed."  *Id.*  But despite Defendants' offer to permit Plaintiff to supplement his response brief and the Court's acknowledgment of this offer, Plaintiff's counsel never moved for leave to file a supplemental response.  Thus, Defendants filed their Reply in Support of Motion for Summary Judgment on December 2, 2022.  ECF No. 242.  Almost six weeks later, Plaintiff submitted his Pro Se Filing.

Briefing on the motion for partial summary judgment has now been closed for over two months.  Plaintiff's counsel has not moved for leave to file any supplemental response brief.  Moreover, Plaintiff's counsel has provided no legal authority in support of his position that his client (acting without counsel) should be allowed to file an unauthorized surreply and that counsel should be allowed to file a *second* unauthorized surreply as part of the response to the Motion to Strike.

Therefore, the Court should strike the Pro Se Filing as an unauthorized surreply and should decline to consider the additional legal argument concerning the motion for partial summary judgment that counsel included in the response to the Motion to Strike.[3]

### III. Conclusion

For the reasons set forth herein and in the Motion to Strike, Defendants respectfully request that the Court strike Plaintiff's Pro Se Filing, ECF No. 244. In addition, Defendants request that the Court decline to consider the supplemental legal argument concerning Defendants' motion for partial summary judgment that Plaintiff's counsel included in the response to the Motion to Strike. In the event that the Court decides to consider either the Pro Se Filing or the supplemental legal argument included in response to the Motion to Strike, Defendants request an opportunity to respond.

Respectfully submitted on February 21, 2023.

                COLE FINEGAN
                United States Attorney

                s/ *Jennifer R. Lake*
                Jennifer R. Lake
                Thomas A. Isler
                Assistant United States Attorneys
                1801 California Street, Suite 1600
                Denver, Colorado 80202
                Telephone: (303) 454-0100
                Fax: (303) 454-0411
                jennifer.lake@usdoj.gov
                thomas.isler@usdoj.gov

---

[3] Even if the Court were to consider the additional legal argument included in the Pro Se Filing and the response to the Motion to Strike, Plaintiff has failed to demonstrate that he properly exhausted any of the claims that are the subject of the motion for partial summary judgment.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul Wolf, Esq.

s/ *Jennifer R. Lake*
U.S. Attorney's Office