IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

   Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX Officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

   Defendants.

_____

## MINUTE ORDER
_____

**Entered by Chief Judge Philip A. Brimmer**

   This matter is before the Court on plaintiff's pro se "Motion seeking to Alert and to Inform This Respected Court and His Own Attorney via the Court Regarding Defendant's [sic] ECF 222 and ECF 234 Disinformation and 'Self Served' Declarations and Due to Repeated Impediments: to Send Legal mail to his Attorneys at Critical Times While Under Special Administrative Measures (SAMs) and Seeks the Dismissal of Defendant's [sic] ECF 222 and ECF 234" (plaintiff's "pro se motion") [Docket No. 244]

and Defendants'[1] Motion to Strike "Motion" Filed by a Represented Party (ECF No. 244) [Docket No. 247].

On January 11, 2023, plaintiff filed his pro se motion despite being represented by counsel in this matter.  Docket No. 244.  Plaintiff requests that the Court consider facts and exhibits in his pro se motion that respond to defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Docket No. 222] and defendants' Early Motion for Partial Summary Judgment for Failure to Exhaust and Failure to Comply with Statute of Limitations [Docket No. 234].  Docket No. 244 at 5, ¶ 11.  Plaintiff states that he has not been able to communicate with his attorney and has not been able to provide the necessary documents in support of his claim which he attaches as exhibits to his motion.  *See id.* at 1-2, ¶¶ 1-8.

Defendants filed a motion to strike plaintiff's pro se motion as improper under Fed. R. Civ. P. 11(a) and the Court's Local Rules.  Docket No. 247 at 1-2.  Plaintiff, through counsel, filed a response opposing defendants' motion, arguing that plaintiff's pro se motion should be construed as a motion to supplement his response to defendants' motion for summary judgment and that the motion should be granted based on defendants' failure to timely disclose discovery materials plaintiff needed to respond to defendants' motion for summary judgment.  Docket No. 249 at 1-5.  Plaintiff's response provides a summary of the facts in plaintiff's pro se motion and argues that, if the Court declines to grant plaintiff's pro se motion, it should consider plaintiff's response to defendants' motion to strike as a supplement to his response to defendants' motion.  *Id.* at 4.

Defendants' motion for summary judgment was filed on October 26, 2022.  Docket No. 234.  Plaintiff's response was due three weeks later on November 16, 2022.  *See* D.C.COLO.LCivR. 7.1(d).  Plaintiff filed a response to defendants' motion on November 18, 2022.  Docket No. 240.  Plaintiff filed his pro se motion by mail on December 28, 2022.  Docket No. 244-1 at 1; *see Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005) (The prison mailbox rule states that a document is considered timely "if given to prison officials prior to the filing deadline, regardless of when the court itself receives the documents.").

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  The Local Rules state that "[o]nly an unrepresented party or a member of the bar of this

---

[1] Defendants state that their motion is filed on behalf of every defendant except "Defendant Williams," Docket No. 247 at 1 n.1, who the Court presumes to be the defendant named as "William, ADX Nurse," Docket No. 199 at 1, in plaintiff's operative complaint.  In this order, "defendants" refers to every defendant except defendant "William."

2

court . . . may . . . sign and file a pleading or document." D.C.COLO.LAttyR 5(a)(5). Accordingly, the Court finds plaintiff's pro se motion is improper. *See Lee v. Imperial Lending, LLC*, No. 06-cv-02388-ZLW-BNB, 2007 WL 3090800, at *1 (D. Colo. Oct. 18, 2007) ("Parties represented by counsel may not file papers pro se.").

Plaintiff's counsel argues that "[t]here[ is] no reason to strike the pro se filing from the record" because plaintiff held the information necessary to respond to defendants' motion for summary judgment and plaintiff's counsel did not. Docket No. 249 at 4-5. Even if plaintiff could not communicate with counsel, counsel does not explain why he did not attempt to "promptly correct[]" the improperly filed motion after it was called to his attention. *See* Fed. R. Civ. P. 11(a). Counsel could have filed a motion requesting leave to file a sur-reply in response to defendants' motion for summary judgment using the information contained in plaintiff's pro se motion, refiled plaintiff's pro se motion in his capacity as counsel, or filed a motion to amend plaintiff's response to defendants' motion for summary judgment. Counsel did not attempt to cure the improper filing and provides no authority to support his argument that the Court may disregard the portion of Rule 11(a) which requires that "the court must strike" improper filings unless they are promptly corrected. Accordingly, the Court will grant defendants' motion and strike plaintiff's pro se motion.

For the foregoing reasons, it is

**ORDERED** that plaintiff's "Motion seeking to Alert and to Inform This Respected Court and His Own Attorney via the Court Regarding Defendant's [sic] ECF 222 and ECF 234 Disinformation and 'Self Served' Declarations and Due to Repeated Impediments: to Send Legal mail to his Attorneys at Critical Times While Under Special Administrative Measures (SAMs) and Seeks the Dismissal of Defendant's [sic] ECF 222 and ECF 234" [Docket No. 244] is **STRICKEN**. It is further

**ORDERED** that Defendants' Motion to Strike "Motion" Filed by a Represented Party (ECF No. 244) [Docket No. 247] is **GRANTED.**

DATED July 5, 2023.