IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

      Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX Officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on defendants' Early Motion for Partial Summary

Judgment for Failure to Exhaust and Failure to Comply with Statute of Limitations

[Docket No. 234].  Plaintiff Mostafa Kamel Mostafa filed a response, Docket No. 240,

and defendants[1] filed a reply.  Docket No. 242.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I.    **BACKGROUND**

A.  **Procedural History**

On October 26, 2022, defendants filed a motion for partial summary judgment, arguing that Mr. Mostafa failed to exhaust his administrative remedies for certain claims and that one claim is barred by the statute of limitations.  Docket No. 234.  On October 28, 2022, Mr. Mostafa, through counsel, filed a motion for early discovery pursuant to Fed. R. Civ. P. 26(d)(1) and 56(d) to obtain the full record of plaintiff's Administrative Remedy Program requests in order to respond to defendants' summary judgment motion.  Docket No. 235 at 1-2.  On November 18, 2022, before receiving such discovery, Mr. Mostafa filed a response to the summary judgment motion.  Docket No. 240.[2]  Mr. Mostafa did not request an extension of time to file his response to the summary judgment motion.

On December 5, 2022, Magistrate Judge S. Kato Crews denied Mr. Mostafa's motion for early discovery as moot.  Docket No. 243.  The magistrate judge noted that defendants provided the Administrative Remedy Program records to Mr. Mostafa's counsel on November 28, 2022.  *Id*.

---

[1] Defendants state that their motion is filed on behalf of every defendant except "Defendant Williams," Docket No. 242 at 1 n.1, who the Court presumes to be the defendant named as "William, ADX Nurse," in plaintiff's fourth amended complaint, the operative complaint.  *See* Docket No. 199 at 1.  In this order, "defendants" refers to every defendant except defendant "William."

[2] Mr. Mostafa filed his original summary judgment response on November 13, 2022.  Docket No. 237.  However, the Court struck that brief for failure to comply with the Court's Practice Standards and allowed Mr. Mostafa to file a complying response on or before November 18, 2022.  Docket No. 238.

On January 11, 2023, Mr. Mostafa filed a *pro se* motion requesting that the Court consider certain facts and exhibits in response to defendants' motion to dismiss and motion for summary judgment.  Docket No. 244; *see also* Docket No. 256 at 2. Defendants filed a motion to strike Mr. Mostafa's *pro se* motion as improper under Fed. R. Civ. P. 11(a) and the Court's Local Rules.  Docket No. 247 at 1-2.  On July 5, 2023, the Court granted defendants' motion and struck Mr. Mostafa's *pro se* motion pursuant to Rule 11(a).  Docket No. 256 at 3.  The Court noted that Mr. Mostafa's

> [c]ounsel could have filed a motion requesting leave to file a sur-reply in response to defendants' motion for summary judgment using the information contained in plaintiff's pro se motion, refiled plaintiff's pro se motion in his capacity as counsel, or filed a motion to amend plaintiff's response to defendants' motion for summary judgment.

*Id.*  To date, Mr. Mostafa's counsel has not requested leave to file a sur-reply or leave to amend the response to the summary judgment motion using any of the information contained in Mr. Mostafa's stricken *pro se* motion or any information from the Administrative Remedy Program records that defendants provided to Mr. Mostafa's counsel on November 28, 2022.

### B.  Factual Background[3]

Mr. Mostafa is incarcerated at ADX, a Bureau of Prisons ("BOP") facility in Florence, Colorado, following his convictions for terrorism-related offenses, including hostage-taking; his role in setting up a terrorist training camp in Bly, Oregon; providing material support for al Qaeda; and supplying goods and services to the Taliban.  Docket No. 234 at 2, ¶ 1.[4]  On September 9, 2015, Mr. Mostafa received notice that he would

---

[3] The following facts are undisputed unless otherwise indicated.

[4] Mr. Mostafa's response to this fact states, "Deny.  The Plaintiff is incarcerated for his speech in the United Kingdom, which although upsetting to British authorities,

be placed in ADX.  *Id*., ¶ 2.  Mr. Mostafa is subject to Special Administrative Measures ("SAMs") pursuant to 28 C.F.R. § 501.3 based on a finding that "there continues to be a substantial risk that [his] communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons."  *Id*., ¶ 3.[5]

Since Mr. Mostafa has been in BOP custody, he has filed at least 498 individual administrative remedies and appeals of those remedies.  *Id*. at 4, ¶ 12.  Mr. Mostafa's second amended complaint, filed on November 2, 2020, alleges that Mr. Mostafa's SAMs bar communications with his grandchildren.  *Id*. at 5, ¶ 18.[6]  Mr. Mostafa requested that his SAMs be modified to allow communications with six of his eleven

---

didn't advocate imminent violence.  The charges of which the Plaintiff was convicted were pretexts to get him off the street, and based on cooperating witnesses and the Defendants' efforts to blame him for incidents caused by other people who may have been motivated by the same ideology as the Plaintiff."  Docket No. 240 at 8, ¶ 1 (citing Docket No. 199 at 1-2, 7-10, ¶¶ 1-3, 30-39).  Mr. Mostafa cites his fourth amended complaint, which is not verified, in support of the denial.  However, the nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  Rule 56(e) provides that a Court may "consider the fact undisputed" if the nonmovant "fails to properly address another party's assertion of fact."  Fed. R. Civ. P. 56(e)(2).  Accordingly, the Court deems this fact undisputed.

[5]  Mr. Mostafa's response to this fact states, "Plaintiff admits he is subject to Special Administrative Measures, but denies the reasons given by the Defendants, which are pretexts to hold the Plaintiff *incommunicado* to prevent his religious speech.  The Plaintiff's family members are not dangerous."  Docket No. 240 at 9, ¶ 3 (citing Docket No. 199 at 22-25, ¶¶ 83-87, 90-96).  Mr. Mostafa cites his fourth amended complaint in support of this response.  Accordingly, the Court deems this fact undisputed.  *See Celotex Corp.*, 477 U.S. at 324.

[6]  Mr. Mostafa's response to this fact states, "Deny.  The Defendants are citing to the *pro se* complaint, which is not the operative complaint."  Docket No. 240 at 11, ¶ 18.  However, defendants appear to raise this fact for purposes of showing when Mr. Mostafa's claim was first introduced into the litigation.  *See* Docket No. 234 at 9-10.  Accordingly, the Court deems the fact undisputed.

grandchildren, all of whom have been approved to communicate with him by phone, mail, and in-person visits.  *Id.*, ¶ 19.[7]  Mr. Mostafa has not submitted a request for contact with any other grandchildren.  *Id.*, ¶ 20.[8]  Mr. Mostafa has not filed any administrative remedy in which he challenged the denial of a request to modify his SAMs to add a grandchild as a contact.  *Id.*, ¶ 21.[9]

Mr. Mostafa's second amended complaint, filed on November 2, 2020, alleges that the SAMs prevent him from contacting "human rights/disability act attorneys."  *Id.*, ¶ 22.  Mr. Mostafa can submit a request through the prison staff asking to modify his

---

[7] Mr. Mostafa's response to this fact states, "Counsel cannot admit or deny these facts without seeing the correspondence cited by the Defendants.  The Plaintiff has exhausted at least 22 claims about his SAMs, mail and phone calls, including 890762-A1, 862522-A1, 862522-A2, 862522-A3, 862522-A4, 875413-A1 876153-A1, 1005862-A1, 1043247-A1 1069773-A1, 731363-A1, 808135-A1, 808135-A2, 877975-A1, 955150-A1, 1029526-A1, 1073809-A1, 1095104-A1, 1089782-A1, 715487-A1, 792117-A1, and 792117-A2."  Docket No. 240 at 11, ¶ 19 (citing Docket No. 234-1).  This Court's Practice Standards provide that the nonmovant must "admit or deny the asserted material facts set forth by the movant. . . .  Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial."  *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.iv.  "Failure to follow these procedures . . . may cause the Court to deem certain facts as admitted."  *Id.*, III.F.3.b.ix.   As discussed previously, Mr. Mostafa's counsel received the Administrative Remedy Program records on November 28, 2022.  However, plaintiff's counsel did not ask for more time to respond or ask that plaintiff's response deadline be suspended pending resolution of plaintiff's Rule 56(d) discovery motion.  In addition, plaintiff did not request leave to file a sur-reply or to amend the response to the summary judgment motion using the information in the records.  As a result, the Court deems this fact admitted.

[8] Mr. Mostafa's response to this fact states, "Counsel cannot admit or deny these facts without seeing the correspondence cited by the Defendants.  However, the Defendants know that the prior restraint of these types of family contacts is illegal, and restrictions must be based on reasonable security concerns, as set forth in the SAMs."  Docket No. 240 at 11-12, ¶ 20.  The Court deems this fact admitted for the same reasons as described in footnote 7.

[9] Mr. Mostafa's response to this fact states, "Counsel cannot admit or deny these facts without seeing the correspondence cited by the Defendants."  Docket No. 240 at 12, ¶ 21.   The Court deems this fact admitted for the same reasons as described in footnote 7.

SAMs to allow him to contact attorneys.  *Id.*, ¶ 23.  Mr. Mostafa completed the

administrative exhaustion process regarding contact with an attorney named Lobel.  *Id.*,

¶ 25.[10]  Mr. Mostafa has not exhausted any remedy concerning contact with any other

attorney, including his criminal defense attorneys.  *Id.* at 6, ¶ 26.[11]  Mr. Mostafa has not

---

[10] Mr. Mostafa's response to this fact states, "Deny.  Counsel is unable to verify the Defendants' assertion, who did not identify this admission by using the claim number, as the Plaintiff does, nor by page number."  Docket No. 240 at 12, ¶ 25.  In support of this fact, defendants cite the declaration of Paula Trujillo, a BOP paralegal, who has access to the administrative remedy requests of inmates housed in ADX.  *See* Docket No. 234-1 at 2-3, ¶¶ 1-2.  Ms. Trujillo states that "Plaintiff completed the exhaustion process for contact with one attorney, a person named Lobel."  *Id.* at 8, ¶ 23 (citing Docket No. 116 at 10).  Ms. Trujillo's declaration cites an administrative remedy in the record, identified as number 875413-A1, referencing contact with "attorney Jules Lobel."  Docket No. 116 at 9-10.  Accordingly, the Court deems this fact admitted.

[11] Mr. Mostafa's response to this fact states,

> Deny.  The Plaintiff has exhausted at least one claim that refers to attorney communications in the title.  *See* [Doc 234] Claim #875413-A1.  In addition, the Defendants do not have the legal authority to prevent prospective attorneys from contacting SAMs prisoners.  In this case, undersigned counsel wasn't provided with the SAMs Affirmation form until the Court ordered it.  [Doc. 160].  The same thing happened in the *Mohammed v. Holder* case.  In addit[i]on, counsel lacks the information necessary to properly respond.  A search for the term "SAMs" in [Doc 234-1] found ten fully-exhausted claims about them, including 890762-A1, 862522-A1, 862522-A2, 862522-A3, 862522-A4, 875413-A1 (attorney contact), 876153-A1, 1005862-A1, 1043247-A1, and 1069773-A1.  *Id.*  These ten claims have "SAMs" in the title, and the "-A1" designation added to the claim numbers, indicating the BP-11 step - the last one - was complete.  The Plaintiff also submitted several requests regarding mail and phone calls, that do not contain the word "SAMs" in the title.  *See* 731363-A1, 808135-A1, 808135-A2, 877975-A1, 955150-A1, 1029526-A1, 1073809-A1, 1095104-A1, and 1089782-A1.  *Id.* Many of these pertain to legal mail.  *See also* 715487-A1 ("PHONE CALLS (EXCEPT LEGAL CALLS)"); 792117-A1, 792117-A2 ("PHONE CALLS (EXCEPT LEGAL CALLS)").  [Doc. 234-1]  Claim 757757-A1 was about "administrative detention."  The precise nature of these claims, their dispositions, and the reasons for the dispositions, are impossible to discern from the information provided.

Docket No. 240 at 12-13, ¶ 26.  Mr. Mostafa's cited evidence does not support his denial of the fact that he has not exhausted any remedy concerning contact with other attorneys, aside from Lobel.  Claim 875413-A1 is the remedy number for contact with

submitted any remedies alleging that he has been denied access to a court in a civil or criminal case because he cannot access attorneys.  *Id.*, ¶ 27.[12]

Mr. Mostafa's second amended complaint, filed on November 2, 2020, alleges that he did not have access to group prayer.  *Id.*, ¶ 28.[13]  On May 5, 2016, Mr. Mostafa submitted a BP-8 form stating that he is "not allowed any congregational prayer," but he did not raise the congregational prayer issue in any of the subsequent formal remedies. *Id.*, ¶ 29.[14]  On November 9, 2021, Mr. Mostafa filed a remedy complaining about not

---

attorney Lobel.  *See* Docket No. 234-1 at 8, ¶ 23; Docket No. 116 at 9-10.  Mr. Mostafa's argument that he cannot determine the precise nature of the other cited claim numbers is insufficient to create a genuine dispute of material fact.  *See L&M Enterprises, Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) ("Unsupported conclusory allegations . . . do not create a genuine issue of fact.").  Mr. Mostafa's argument that counsel lacks the information necessary to respond is insufficient for the same reasons discussed in footnote 7.  Finally, pursuant to this Court's Practice Standards, "[l]egal argument is not permitted [in the fact section] and should be reserved for separate portions of the briefs."  *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vii.  Accordingly, the Court deems this fact undisputed.

[12]  Mr. Mostafa's response to this fact states, "Deny.  Counsel lacks the information to properly respond, although there were about nine claims relating to mail listed in the [preceding] paragraph . . ."  Docket No. 240 at 13, ¶ 27.  The Court deems this fact admitted for the same reasons discussed in footnote 7.

[13] Mr. Mostafa's response to this fact states, "Deny.  The Defendants cite to Plaintiff's *pro se* complaint, which is not the operative complaint.  [Doc. 199][.]  This practice is repeated throughout the Defendants' brief."  Docket No. 240 at 14, ¶ 28.  The Court deems this fact undisputed for the same reasons discussed in footnote 6.

[14]  Mr. Mostafa's response to this fact states, "Deny.  The Plaintiff has exhausted at least one request with the word 'recreation' in the title.  *See* claim # 997005-A1. [Doc. 234-1] at p. 57.  The title states 'CHALLENGES GROUP HAS RECREATION WITH.'  The correspondence cited by the Defendants isn't in the record or the possession of Plaintiff's counsel.  Moreover, the Plaintiff disagrees with Defendants' legal arguments about preserving issues for appeal.  The Defendants improperly try to use the administrative review process to narrow the Plaintiff's claims but never disclose the facts relied on or the reasoning used in their decisions."  Docket No. 240 at 14, ¶ 29.  Mr. Mostafa's cited evidence does not refute that he did not exhaust the BP-8 form regarding "congregational prayer."  Claim number 997005-A1 does not mention congregational prayer, but rather contests Mr. Mostafa's recreation group assignment. *See* Docket No. 242-2 at 2-8.  Accordingly, the Court deems this fact undisputed.

7

having access to group prayer, but he did not complete the exhaustion process for that remedy until June 22, 2022.  *Id*., ¶ 30.[15]

Mr. Mostafa's second amended complaint, filed on November 2, 2020, alleges that he did not have access to "feast meals allowed according to Islamic faith."  *Id*., ¶ 31.  Mr. Mostafa raised an issue about religious feast meals in one remedy, which was not exhausted at the Central Office level until February 18, 2021.  *Id*., ¶ 32.

Mr. Mostafa's second amended complaint, filed on November 2, 2020, raised allegations concerning Mr. Mostafa's alleged treatment during a hunger strike.  *Id*., ¶ 33.[16]  Mr. Mostafa's second amended complaint also raised allegations concerning having an "independent occupational therapist."  *Id*. at 7, ¶ 37.[17]  Mr. Mostafa has not

---

[15] Mr. Mostafa's response to this fact states, "Deny.  The Defendants' own records suggest that Claim #1030118-A1 was exhausted either on 09-09-2020 or 02-18-2021.  *See* [Doc. 234-1] at p. 59.  The Defendants captioned this claim as 'EID MEAL.'  *Id*.  The Defendants' citation to 'Attachment 14, AR 1100054' in ¶ 32 of [Doc. 234-1] is incomprehensible and contradicts the Defendants records."  Docket No. 240 at 14, ¶ 30.  Mr. Mostafa's cited evidence does not support the denial of this fact.  The administrative records attached to Ms. Trujillo's declaration show that Mr. Mostafa filed claim number 1100054, addressing a group prayer issue, on November 9, 2021.  Docket No. 234-3 at 63.  The records show that Mr. Mostafa's BP-11 appeal for claim number 1100054 was denied on June 22, 2022.  *Id*. at 66-67.  Additionally, the records for claim number 1030118-A1 do not mention group prayer, but rather address ceremonial Eid meals.  *See id*. at 68-74.  Accordingly, the Court deems this fact undisputed.

[16] Mr. Mostafa's response to this fact states, "Deny.  The *pro se* complaint cited by the Defendants is not the operative complaint."  Docket No. 240 at 14, ¶ 33.  The Court deems this fact undisputed for the same reasons discussed in footnote 6.

[17] Mr. Mostafa's response to this fact states, "Deny.  Throughout its Motion, the Defendants continually cite to the Plaintiff's *pro se* complaint, which is not the operative complaint.  The Court appointed counsel, and the Plaintiff's Fourth Amended Complaint may be found at [Doc. 199]."  Docket No. 240 at 15, ¶ 37.  The Court deems this fact undisputed for the same reasons discussed in footnote 6.

submitted any remedy concerning his demand to choose his own occupational therapist. *Id.*, ¶ 38.[18]

On July 18, 2022, Mr. Mostafa filed his fourth amended complaint, in which he alleged that defendants did not provide him a mask. *Id.*, ¶ 39. Mr. Mostafa has not submitted any remedy concerning his alleged inability to obtain a mask. *Id.*, ¶ 40.[19]

Mr. Mostafa's fourth amended complaint raises two claims under the Rehabilitation Act. *Id.*, ¶ 43. Mr. Mostafa has not filed a complaint concerning his allegations of discrimination on the basis of disability with the Director of Equal Employment Opportunity ("EEO") for the Department of Justice ("DOJ") in accordance with the procedures set forth in 28 C.F.R. § 39.170. *Id.* at 7-8, ¶ 44.

---

[18] Mr. Mostafa's response to this fact states, "Deny. The Plaintiff has exhausted numerous claims related to his prosthetics. *See* § 44 infra. The Defendant's failure to provide a qualified occupational therapist, refusal to consider the opinions of other occupational therapists that have examined the Plaintiff, and refusal to let the Plaintiff be examined by an occupational therapist of his choosing, show why the Defendant's administrative procedures are lacking and why many of these claims are best reviewed under the Administrative Procedure Act. The diagnosis by an unqualified person, and refusal to consider any other diagnosis, is a violation of Due Process. The Plaintiff isn't required to file additonal [sic] Administrative Remedy Program requests for due process violations in the handling of his claims." Docket No. 240 at 15, ¶ 38. This response fails to dispute that Mr. Mostafa has not submitted any request about choosing his own occupational therapist. The Court therefore deems this fact undisputed.

[19] Mr. Mostafa's response to this fact states, "Deny. The Plaintiff has exhausted several claims related to covid and masks. *See* [Doc 234-1] 1043331-A1, 1043247-A1, 1068104-A1, and 1114344-A1. However, only the defendants know the details. The Plaintiff contracted covid-19 and tested positive, but isn't suing the Defendants for that. This is just a fact that shows deliberate indifference to the Plaintiff's medical needs." Docket No. 240 at 16, ¶ 40. Mr. Mostafa's cited evidence does not support his denial. Claim numbers 1043331-A1, 1043247-A1, 1068104-A1, and 1114344-A1 do not mention a mask. *See generally* Docket No. 234-1; *see also* Docket Nos. 242-5; 242-6; 242-7. Accordingly, the Court deems this fact undisputed.

## II.    LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp.*, 477 U.S. at 324 (quotations omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115.  When reviewing a motion for

summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

### III.    ANALYSIS

Defendants argue that they are entitled to summary judgment as to certain of plaintiff's claims because: A) Mr. Mostafa failed to exhaust several claims and allegations under BOP's Administrative Remedy Program; B) Mr. Mostafa failed to exhaust his Rehabilitation Act claims pursuant to the DOJ process in 28 C.F.R. § 39.170; and C) Mr. Mostafa's tenth claim challenging his ADX placement is barred under the statute of limitations.  Docket No. 234 at 1-2.

### A.  Failure to Exhaust – BOP Administrative Remedy Program

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "This requirement reaches 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  *Galindo v. Gentry*, 643 F. App'x 807, 808 (10th Cir. 2016) (unpublished) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  An inmate's obligation to exhaust administrative remedies is mandatory.  *See Ross v. Blake*, 578 U.S. 632, 639 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA.").  The exhaustion doctrine is an affirmative defense.  *Jones*, 549 U.S. at 211-12.  As a result, the defendant bears the burden of asserting and proving failure to exhaust.  *See Tuckel v. Grover*, 660 F.3d

1249, 1254 (10th Cir. 2011).  "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."  *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citations omitted).  "An inmate who begins the grievance process but does not complete it is barred" from pursuing his federal claim.  *Id*.

A prisoner must exhaust "available" administrative remedies, but is not required to exhaust "unavailable" remedies.  *Ross*, 578 U.S. at 642.  An administrative remedy, though officially on the books, is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is "so opaque that it becomes, practically speaking, incapable of use," and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id*. at 643-44.  The defendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies, yet "the onus falls on the plaintiff to show that remedies were unavailable to him."  *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019).

BOP has a four-tiered Administrative Remedy Program for inmate grievances, codified at 28 C.F.R. §§ 542.10 – 542.18.  *See Susinka v. Trujillo*, No. 21-cv-01837-PAB-MEH, 2023 WL 2366730, at *7 (D. Colo. Mar. 6, 2023).  First, a prisoner must present his complaint informally to prison staff, using a BP-8 form.  *See* 28 C.F.R. § 542.13(a); *Gifford v. Jackson*, No. 20-cv-02418-RMR-NYW, 2021 WL 5067485, at *5 (D. Colo. July 22, 2021) (discussing how the informal complaint is commonly called a BP-8 form).  If the informal complaint does not resolve the dispute, the prisoner may submit a formal written "Administrative Remedy Request" to the prison using the BP-9

12

form.  28 C.F.R. § 542.14(a); *see also Susinka*, 2023 WL 2366730, at *7.  The informal complaint and the BP-9 form must be submitted within twenty calendar days of the incident.  28 C.F.R. § 542.14(a).  If the prisoner is not satisfied with the warden's response to the BP-9 form, he may appeal to the regional director within twenty calendar days of the warden's response, using the BP-10 form.  28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he can appeal to the BOP's general counsel within thirty calendar days of the regional director's response, using the BP-11 form.  *Id*.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).

Defendants argue that Mr. Mostafa failed to exhaust claim eleven and portions of claims one, two, four, and eight.  Docket No. 234 at 10.  Mr. Mostafa principally argues that the Court should deny the motion because defendants' motion "is being filed at the wrong time" and counsel does not have the full records of Mr. Mostafa's Administrative Remedy Program requests.  Docket No. 240 at 4.  Mr. Mostafa provides no legal support for his argument that the partial summary judgment motion was filed at the wrong time.  Rule 56 of the Federal Rules of Civil Procedure provides that a party "may file a motion for summary judgment *at any time* until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b) (emphasis added).  After defendants filed the motion for summary judgment, Mr. Mostafa filed a Rule 56(d) discovery motion to obtain the Administrative Remedy Program records.  *See* Docket No. 235 at 1-2.  While the Rule 56(d) motion was pending, Mr. Mostafa filed a response to the summary judgment

motion.  *See* Docket No. 240.  However, Mr. Mostafa did not ask for more time to

respond to the summary judgment motion or ask that his response deadline be

suspended pending resolution of the Rule 56(d) discovery motion.  Defendants provided

the Administrative Remedy Program records to Mr. Mostafa's counsel on November 28,

2022, rendering the Rule 56(d) motion moot.  *See* Docket No. 243.  To date, Mr.

Mostafa's counsel has not requested leave to amend the response using any

information from the Administrative Remedy Program records.[20]  Accordingly, the Court

will not deny the partial summary judgment motion on these grounds.[21]  The Court will

---

[20] Furthermore, defendants previously filed a motion for summary judgment on June 9, 2021, arguing that Mr. Mostafa failed to exhaust several claims in his second amended complaint.  *See* Docket No. 102.  Mr. Mostafa filed a *pro se* response to this motion on July 29, 2021, *see* Docket No. 121; however, the motion was denied without prejudice when the case was administratively closed.  *See* Docket No. 180 at 3.  Mr. Mostafa was therefore aware that defendants had previously raised the issue of failure to exhaust administrative remedies.

[21] Mr. Mostafa argues that he exhausted many requests as shown by the "-A1" designation on the records.  Docket No. 240 at 4.  This Court's Practice Standards state that, if the party opposing the summary judgment motion "believes that there exist additional disputed questions of fact. . ., the party shall, in a separate section of the party's brief styled 'Statement of Additional Disputed Facts,' set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed."  Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.v. (emphasis omitted).  Mr. Mostafa did not include a "Statement of Additional Disputed Facts" section in his brief.  Nevertheless, Mr. Mostafa cites evidence regarding an "-A1" designation that he asks the Court to consider on the issue of whether a claim was exhausted, but he has failed to comply with the Practice Standards for putting such evidence before the Court.  As the Practice Standards regarding summary judgment motions emphasize, the "sole purpose of these procedures is to establish facts and determine which of them are in dispute."  Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vii.  Mr. Mostafa has compromised this process by not including a statement of facts in his response.  Had he done so, defendants would have been required to admit or deny those facts and provide a basis for any denials, which would assist the Court in determining what facts are

evaluate defendants' arguments that Mr. Mostafa failed to exhaust portions of claims

one, two, four, and eight, as well as claim eleven.

### 1. Claim Four – Allegations Concerning an Inability to Contact Five Grandchildren and Attorneys

Claim four alleges that defendants Merrick Garland, Christopher Wray, Michael

Carvajal and Warden B. True violated Mr. Mostafa's First Amendment rights to freedom

of speech and association.  Docket No. 199 at 22-25, ¶¶ 82-96.  Defendants argue that

Mr. Mostafa did not exhaust the portion of claim four alleging an "inability to contact five

additional grandchildren."  Docket No. 234 at 10.  Defendants also argue that Mr.

Mostafa did not exhaust the portion of claim four alleging an "inability to contact

attorneys," except with regard to attorney Lobel.  *Id*.

It is undisputed that Mr. Mostafa has not filed any administrative remedy in which

he challenged the denial of a request to modify his SAMs to add a grandchild as a

contact.  *Id*. at 5, ¶ 21.  Mr. Mostafa makes no argument that the BOP's remedies were

"unavailable" to him for this issue.  *See Segovia*, 929 F.3d at 1234.  Accordingly, the

Court grants this portion of defendants' motion.  "Ordinarily, a dismissal based on a

failure to exhaust administrative remedies should be *without* prejudice."  *Gallagher v.

Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  Therefore, the Court will dismiss without

prejudice the portion of claim four, alleging an inability to contact grandchildren, for

failure to exhaust administrative remedies.

It is also undisputed that Mr. Mostafa completed the administrative exhaustion

process regarding contact with attorney Lobel.  Docket No. 234 at 5, ¶ 25.  However,

---

undisputed and what facts are disputed.  As a result, the Court will not consider such
evidence to raise a dispute of material fact.

Mr. Mostafa has not exhausted any remedy concerning contact with any other attorney, including his criminal defense attorneys.  *Id*. at 6, ¶ 26.  Mr. Mostafa makes no argument that the BOP's remedies were "unavailable" to him for this issue.  *See Segovia*, 929 F.3d at 1234.  Therefore, the Court grants this portion of defendants' motion and will dismiss without prejudice the portion of claim four, alleging an inability to contact attorneys, other than attorney Lobel, for failure to exhaust administrative remedies.  The portion of this claim alleging an inability to contact Lobel was properly exhausted and therefore remains in the case.

### 2.  *Claim Eleven – Access to Courts Claim*

Claim eleven alleges that Attorney General Garland, Mr. Wray, Mr. Carvajal, and Warden True violated Mr. Mostafa's access to the courts and to legal counsel.  Docket No. 199 at 51-54, ¶¶ 219-233.  Defendants argue that Mr. Mostafa did not exhaust this claim.  Docket No. 234 at 10.  It is undisputed that Mr. Mostafa has not submitted any remedies alleging that he has been denied access to a court in a civil or criminal case because he cannot access attorneys.  *Id*. at 6, ¶ 27.  Mr. Mostafa makes no argument that the BOP's remedies were "unavailable" to him.  *See Segovia*, 929 F.3d at 1234. Therefore, the Court grants this portion of defendants' motion and will dismiss claim eleven without prejudice for failure to exhaust administrative remedies.

### 3.  *Claims One and Two – Group Prayer Allegations and Religious Feast Meal Allegations*

Claim one alleges that Attorney General Garland, Mr. Wray, Mr. Carvajal, and Warden True violated the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*.  Docket No. 199 at 14-19, ¶¶ 50-67.  Claim two alleges that Attorney General Garland, Mr. Wray, Mr. Carvajal, and Warden True violated Mr. Mostafa's First

Amendment right to free exercise of religion.  *Id*. at 19-20, ¶¶ 68-72.  Defendants argue that Mr. Mostafa did not exhaust the portion of these claims alleging an "inability to engage in group prayer" until after Mr. Mostafa brought these allegations in his second amended complaint.  Docket No. 234 at 10.  Defendants also argue that Mr. Mostafa did not exhaust the portion of these claims alleging the "denial of a religious feast meal" until after Mr. Mostafa brought the allegations in his second amended complaint.  *Id*.  Defendants explain that the PLRA mandates exhaustion before a claim is "brought."  *Id*. at 9 (quoting 42 U.S.C. § 1997e(a)).  Defendants assert that a claim is first brought when it is "introduced into the litigation."  *Id*. (quoting *Segovia*, 929 F.3d at 1229).  Defendants argue that "[a]mending a claim that previously existed does not alter the date when the claim was brought."  *Id*.  Mr. Mostafa did not respond to this argument.

The text of the PLRA requires that inmates must exhaust administrative remedies before a claim is "brought."  42 U.S.C. § 1997e(a).  The Supreme Court has held that, under the PLRA, inmates must "exhaust prison grievance procedures *before* filing suit." *Jones*, 549 U.S. at 202 (emphasis added); *see also Ross*, 578 U.S. at 635 (inmates must exhaust available remedies "before bringing suit to challenge prison conditions"). In *Segovia*, the Tenth Circuit stated that the dispositive question under Supreme Court precedent is what time the claim "first entered the litigation."  *Segovia*, 929 F.3d at 1228. The Tenth Circuit rejected the plaintiff's argument that the "operative complaint controls the analysis for a statutory exhaustion requirement."  *Id*. at 1229.  The Tenth Circuit explained that an "amended complaint, as the operative complaint, supersedes the original complaint's *allegations* but not its *timing*."  *Id*.  The Tenth Circuit stated that "[t]he question under the PLRA is the timing of the claim alleged, not the sufficiency of

the allegations. . . superseding allegations cannot change the status of the prisoner at the time he 'brought' the relevant unexhausted claim." *Id*.

Several other circuit courts agree that the filing of an amended complaint does not cure an exhaustion defect that existed at the time the original complaint was filed. *See, e.g.*, *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (rejecting argument that the filing of an amended complaint after the prisoner exhausted his administrative remedies cured his failure to exhaust because "the PLRA requires prisoners to exhaust administrative remedies *before* filing suit") (citing *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004) (discussing how a plaintiff cannot "exhaust[] his administrative remedies while the litigation is pending")); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (unpublished) (holding that an amended complaint did not cure the exhaustion defect because plaintiff's "administrative remedies were unexhausted when he filed his original complaint"); *Girard v. Chuttey*, 826 F. App'x 41, 45 (2d Cir. 2020) (unpublished) (holding that "administrative remedies must be exhausted prior to filing of initial complaint and that exhaustion during the pendency of the federal suit is insufficient" (citation omitted)); *but see Saddozai v. Davis*, 35 F.4th 705, 708-10 (9th Cir. 2022) (holding that the plaintiff's "operative third amended complaint is the only relevant pleading for purposes of the PLRA exhaustion analysis" and plaintiff fully exhausted his claims by the time he filed the third amended complaint); *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019) ("we conclude that there is nothing in the PLRA to indicate

that a plaintiff cannot employ Rule 15 to file a supplemental pleading to cure an initial filing defect," such as administrative exhaustion).[22]

Mr. Mostafa's second amended complaint, filed on November 2, 2020, alleges that he did not have access to "feast meals allowed according to Islamic faith."  Docket No. 234 at 6, ¶ 31.  However, Mr. Mostafa did not exhaust his remedy about religious feast meals until February 18, 2021.  *Id*., ¶ 32.  Mr. Mr. Mostafa's religious feast meal allegations "first entered the litigation" in his second amended complaint.  *See Segovia*, 929 F.3d at 1228.  Therefore, Mr. Mostafa's fourth amended complaint has the same exhaustion defect that existed at the time his second amended complaint was filed.  *See Chambers*, 956 F.3d at 984; *Smith*, 491 F. App'x at 81; *Girard*, 826 F. App'x at 45.  Accordingly, the Court finds that there is no genuine dispute of material fact that Mr. Mostafa did not properly exhaust his administrative remedies before bringing the portions of claims one and two regarding denial of a religious feast meal.   As a result, the Court grants this portion of defendants' motion and will dismiss without prejudice the portion of claims one and two alleging the denial of a religious feast meal.

---

[22] In *Ramirez v. Collier*, 595 U.S. 411, 423 (2022), the Supreme Court briefly discussed in *dicta* whether a plaintiff's post-exhaustion amendment of his claims could cure an exhaustion defect that existed at the time the plaintiff's original complaint was filed.  The Supreme Court stated that "[t]he original [exhaustion] defect was arguably cured by [the appellant's] subsequent filings" of an amended complaint and a second amended complaint.  *Id*.  However, the Court stated, "[i]n any event, we need not definitively resolve the issue as respondents failed to raise it below."  *Id*.   Because the Supreme Court did not resolve the issue, the Court will apply the Tenth Circuit's binding precedent in *Segovia*.  *See McLaurin v. Otero*, 2022 WL 3027917, at *9-10 (D. Conn. Aug. 1, 2022) (discussing how the Court in "*Ramirez* used the qualifier 'arguably cured' and expressly stated that it 'need not definitively resolve the issue,'" and therefore the court was bound by existing Seventh Circuit precedent).

Furthermore, it is undisputed that Mr. Mostafa's second amended complaint, filed on November 2, 2020, alleges that he did not have access to group prayer.  Docket No. 234 at 6, ¶ 28.  On May 5, 2016, Mr. Mostafa submitted a BP-8 form related to "congregational prayer," but he did not raise that issue in any of the subsequent formal grievances.  *Id*., ¶ 29.  On November 9, 2021, Mr. Mostafa filed a grievance complaining about not having access to group prayer, but he did not complete the exhaustion process for that grievance until June 22, 2022.  *Id*., ¶ 30.  Mr. Mostafa's BP-8 form, filed in May 2016, did not properly exhaust the group prayer issue because he did not follow every step in the BOP's process for exhausting that claim.  *See Little*, 607 F.3d at 1249 ("An inmate who begins the grievance process but does not complete it is barred" from pursuing his federal claim).  Furthermore, Mr. Mostafa's group prayer allegations "first entered the litigation" in his second amended complaint.  *See Segovia*, 929 F.3d at 1228.  Therefore, Mr. Mostafa's fourth amended complaint has the same exhaustion defect that existed at the time his second amended complaint was filed.  *See Chambers*, 956 F.3d at 984; *Smith*, 491 F. App'x at 81; *Girard*, 826 F. App'x at 45. Accordingly, the Court finds that there is no genuine dispute of material fact that Mr. Mostafa did not properly exhaust his administrative remedies before bringing the portions of claims one and two regarding his inability to engage in group prayer.  As a result, the Court grants this portion of defendants' motion and dismisses without prejudice the portion of claims one and two alleging an inability to engage in group prayer.

20

### 4. *Claim Eight – Allegations Concerning Hunger Strikes, Denial of an Occupational Therapist, Denial of a Mask, and Mr. Mostafa's Mental Health Problems*

Claim eight alleges that defendants Follows, Hudelston, Sterett, Loewe, Chorosevic, and Narjano were deliberately indifferent to Mr. Mostafa's medical needs in violation of the Eighth Amendment.  Docket No. 199 at 43-48, ¶¶ 184-206.  Defendants argue that claim eight has not been exhausted "insofar [a]s it raises allegations concerning hunger strikes, the denial of an occupational therapist of Mostafa's choice, the alleged denial of a mask, and Mostafa's alleged mental health and psychological problems."  Docket No. 234 at 10.

It is undisputed that Mr. Mostafa has not submitted any remedy concerning his alleged inability to obtain a mask.  *Id*. at 7, ¶ 40.  It is also undisputed that Mr. Mostafa has not submitted any remedy concerning his demand to choose his own occupational therapist.  *Id*., ¶ 38.  Mr. Mostafa makes no argument that the BOP's remedies were "unavailable" to him for these issues.  *See Segovia*, 929 F.3d at 1234.  Therefore, the Court grants this portion of defendants' motion and will dismiss without prejudice the portions of claim eight alleging deliberate indifference due to the alleged denial of a mask and an occupational therapist of Mr. Mostafa's choice.

Mr. Mostafa "denies that he filed a separate claim for mental health issues" and asserts that his "allegations that he has suffered mental pain and suffering" are relevant to his damages for the deliberate indifference claim.  Docket No. 240 at 16, ¶¶ 41-42. Because Mr. Mostafa disclaims having asserted mental health issues as a basis for his deliberate indifference claim, the Court denies this portion of defendants' motion.

Defendants argue that Mr. Mostafa did not exhaust "allegations concerning hunger strikes."  Docket No. 234 at 10.  Defendants state that it is undisputed that "Mostafa submitted one remedy concerning a hunger strike" at the Central Office level, but did not file the remedy at the institutional level.  *Id*. at 6-7, ¶¶ 34-36.  However, defendants do not explain what specific allegations Mr. Mostafa failed to exhaust related to the hunger strikes.  Mr. Mostafa responds that he exhausted claim number 999324-A1 related to "a brutal assault during his hunger strike that left him bleeding and in need of medical attention."  Docket No. 240 at 15, ¶ 34.  In reply, defendants state that they "have not argued that allegations about this alleged assault are unexhausted."  Docket No. 242 at 5 n.6.  Defendants argue that remedy number 999324 did not exhaust allegations about "forced feeding and hydration during hunger strikes."  *Id*. at 5.  Generally, "a party waives issues and arguments raised for the first time in a reply brief."  *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)).  The Court finds that defendants' motion did not properly raise that Mr. Mostafa failed to exhaust allegations specifically about forced feeding and hydration.  The Court therefore denies the portion of defendants' motion requesting summary judgment on the "allegations concerning hunger strikes" in plaintiff's eighth claim.

### B. Failure to Exhaust – DOJ Process for Rehabilitation Act Claims

Claim five alleges that Attorney General Garland, Mr. Wray, Mr. Carvajal, and Warden True violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), by failing to provide a reasonable accommodation for Mr. Mostafa's "amputated arms."  Docket No. 199 at 25-35, ¶¶ 97-138.  Claim six alleges that Attorney General Garland,

Mr. Wray, Mr. Carvajal, and Warden True violated Section 504 of the Rehabilitation Act for failing to provide adequate facilities, including accommodations to Mr. Mostafa's toilet, shower, sink, and table.  *Id*. at 35-39, ¶¶ 139-157.  Defendants argue that Mr. Mostafa has not exhausted the available DOJ process for Rehabilitation Act claims outlined in 28 C.F.R. § 39.170.  Docket No. 234 at 10-13.

For claims under the Rehabilitation Act, the PLRA requires that inmates exhaust both BOP's Administrative Remedy Program and the process administered by DOJ's EEO as outlined in 28 C.F.R. § 39.170.  *See Williams v. Carvajal*, 63 F.4th 279, 284-89 (4th Cir. 2023); *see also Brown v. Cantrell*, No. 11-cv-00200-PAB-MEH, 2012 WL 4050300, at *3 (D. Colo. Sept. 14, 2012) ("The Court concludes that the PLRA's requirement that plaintiff exhaust all 'available' remedies requires federal inmates alleging disability discrimination to take advantage of § 39.170, which is 'available.'"); *Barrett v. Fed. Bureau of Prisons*, 2022 WL 93504, at *5 (N.D. Ill. Jan. 10, 2022) (collecting cases).  Section 39.170

> first requires exhaustion of the BOP's [Administrative Remedy Program] before an inmate can seek relief with the EEO, and a complaint must be filed with the EEO within 180 days of completing the [Administrative Remedy Program].  [28 C.F.R.] § 39.170([d])(1)(ii), (3).  Within 180 days of receipt of a complaint, an official at EEO must complete an investigation into the claims alleged, attempt informal resolution, and if no informal resolution is achieved, issue a letter of findings.  *Id*. at § 39.170(g)(1).  Either party may appeal those findings to the EEO's Complaint Adjudication Officer within 30 days.  *Id*., § 39.170(i)(1).  A party may also request a hearing before an administrative law judge.  *Id*. at § 39.170(i), (k).  The Complaint Adjudication Officer then has 60 days to resolve the appeal, measured either from receipt of the notice of appeal and investigative record, or if a hearing occurred, after the period for filing exceptions ends.  *Id*. at § 39.170(l)(1).  Once the Complaint Adjudication Officer issues a final agency decision, this administrative process is exhausted.

*Williams*, 63 F.4th at 287; *see also* 28 C.F.R. § 39.170; *Brown*, 2012 WL 4050300, at *2.

It is undisputed that Mr. Mostafa has not filed a complaint concerning his allegations of discrimination on the basis of disability with the DOJ's EEO in accordance with the procedures set forth in 28 C.F.R. § 39.170.  Docket No. 234 at 7-8, ¶ 44.  Mr. Mostafa argues that "Plaintiff had no way of knowing about these procedures and did not know about them."  Docket No. 240 at 5.  Mr. Mostafa argues that "[r]easonable discovery will show that this procedure is not disclosed to disabled prisoners."  *Id*. at 16, ¶ 44.  Plaintiff's argument that Mr. Mostafa did not know about the procedures set forth in 28 C.F.R. § 39.170 is not properly supported by any evidence in the record, such as a declaration from Mr. Mostafa.

However, even if Mr. Mostafa properly raised a dispute of fact regarding his lack of knowledge of § 39.170, that fact would not defeat summary judgment.  A prisoner must exhaust "available" remedies, but is not required to exhaust "unavailable" remedies.  *Ross*, 578 U.S. at 642.  "[T]he onus falls on the plaintiff to show that remedies were unavailable to him."  *Segovia*, 929 F.3d at 1234 (citation omitted).  However, "[s]imple unawareness" of § 39.170 "does not rise to the level of unavailability."  *Williams*, 63 F.4th at 290; *see also Simmons v. Stus*, 401 F. App'x 380, 382 (10th Cir. 2010) (unpublished) (holding that "even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement."); *Napier v. Laurel Cnty., Kentucky*, 636 F.3d 218, 222 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy").  Mr. Mostafa has not shown that § 39.170 "operates as a simple dead end," is "so opaque that it becomes, practically speaking, incapable of use," or that prison administrators thwarted him from

"taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *See Ross*, 578 U.S. at 643-44.  Counsel's speculation about what "reasonable discovery" will reveal is insufficient to defeat summary judgment.  *See* Docket No. 240 at 16, ¶ 44.  Accordingly, the Court finds that it is undisputed that Mr. Mostafa did not exhaust his DOJ administrative remedies pursuant to § 39.170 for the Rehabilitation Act claims.  The Court therefore grants this portion of defendants' motion and will dismiss claims five and six without prejudice for failure to exhaust administrative remedies.

### C.  Statute of Limitations

Claim ten alleges that Attorney General Garland, Mr. Wray, Mr. Carvajal, and Warden True violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Docket No. 199 at 49-51, ¶¶ 211-218.  Defendants argue that Mr. Mostafa's tenth claim, alleging that his placement at ADX violates the APA, is barred under the statute of limitations.  Docket No. 234 at 13.  Defendants state that this claim is subject to a six-year statute of limitations pursuant to 28 U.S.C. § 2401(a).  *Id*.  Defendants argue that Mr. Mostafa was notified on September 9, 2015 that he would be placed in ADX.  *Id*. Defendants argue that Mr. Mostafa's APA claim first appeared in his third amended complaint, filed on May 21, 2022.  *Id*.  Defendants contend that the statute of limitations for this claim expired in September 2021.  *Id*.

Mr. Mostafa responds that claim ten is not challenging his placement in ADX because "Plaintiff doesn't want to be transferred out of ADX."  Docket No. 240 at 7.  Mr. Mostafa argues that

> Claim 10 incorporates by reference all of the previous claims, and makes an additional claim: that they are all reviewable procedurally as well as on the

25

merits.  That is the most powerful argument in this case: that the Defendants are supposed to have a grievance process that respects the prisoners' rights.  They don't.  The Defendants don't have Administrative Law Judges, or anyone else in that role who articulate the bases for their decisions, the facts relied on, and so on, even in the appeals.

*Id*.  Mr. Mostafa argues that defendants "have failed to meet their summary judgment burden because determining when statutes of limitations begin to run, depends entirely on the communications between the parties, since the administrative process should toll the time to file a complaint in federal court."  *Id*. at 8.

The language of Mr. Mostafa's tenth claim states that the "*placement of the Plaintiff in the ADX* was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Docket No. 199 at 50, ¶ 214 (emphasis added).  The tenth claim further states, "[i]n addition to his placement in the ADX, all of the Plaintiff's other claims requiring exhaustion are reviewable under § 706 of the APA, as well as on the merits. These are standards of review, not separate claims that need to be pled."  *Id*., ¶ 217. The plain language of Mr. Mostafa's tenth claim focuses on his placement at ADX.  *See id*. at 49-50, ¶¶ 213-215, 217.  Mr. Mostafa's fourth amended complaint does not allege that defendants are violating the APA by failing to have administrative law judges or "a grievance process that respects the prisoners' rights."  *See* Docket No. 240 at 7. Furthermore, Mr. Mostafa provides no legal authority supporting the proposition that his other claims are reviewable under APA.  The Court therefore rejects Mr. Mostafa's recharacterization of claim ten and will consider claim ten as a challenge to Mr. Mostafa's placement in ADX.

Pursuant to 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right

of action first accrues."  "A claim against the United States first accrues on the date when all events have occurred which fix the liability of the Government and entitle the claimant to institute an action."  *Ute Distribution Corp. v. Sec'y of Interior of U.S*., 584 F.3d 1275, 1282 (10th Cir. 2009) (internal alterations omitted) (quoting *Izaak Walton League of Am., Inc. v. Kimbell*, 558 F.3d 751, 759 (8th Cir. 2009)); *see also Urabazo v. United States*, 947 F.2d 955 (10th Cir. 1991) (unpublished table decision).

It is undisputed that Mr. Mostafa received notice that he would be placed in ADX on September 9, 2015.  Docket No. 234 at 2, ¶ 2.  Mr. Mostafa's tenth claim, challenging his placement in ADX, therefore first accrued on September 9, 2015.  The six-year statute of limitations expired on September 9, 2021.  *See* 28 U.S.C. § 2401(a). However, Mr. Mostafa asserted this claim for the first time in his third amended complaint, filed on May 21, 2022.  Docket No. 188 at 49-51, ¶¶ 211-218.  Mr. Mostafa has failed to raise a genuine dispute of material fact that his APA claim is not barred by the statute of limitations pursuant to 28 U.S.C. § 2401(a).[23]  Accordingly, the Court grants this portion of defendants' motion and dismisses the tenth claim with prejudice as barred under the statute of limitations.  *See Sanchez v. City of Littleton*, 491 F. Supp. 3d 904, 913 (D. Colo. 2020) ("If a claim is untimely under the statute of limitations it [will] be dismissed with prejudice." (citations omitted)).

---

[23]  Mr. Mostafa alludes that he is entitled to tolling of the statute of limitations. *See* Docket No. 240 at 8.  The Court finds that Mr. Mostafa has not established that he is entitled to equitable tolling.  "Equitable tolling is granted sparingly."  *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)).  A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id*. (internal alterations, quotations, and citation omitted).  Mr. Mostafa has presented no evidence regarding these elements.

## IV.      CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' Early Motion for Partial Summary Judgment for Failure to Exhaust and Failure to Comply with Statute of Limitations [Docket No. 234] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that the portion of claim four alleging an inability to contact grandchildren is **dismissed without prejudice**.  It is further

**ORDERED** that the portion of claim four alleging an inability to contact attorneys other than attorney Lobel is **dismissed without prejudice**.  It is further

**ORDERED** that claim eleven is **dismissed without prejudice**.  It is further

**ORDERED** that the portions of claims one and two alleging the denial of a religious feast meal are **dismissed without prejudice**.  It is further

**ORDERED** that the portions of claims one and two alleging an inability to engage in group prayer are **dismissed without prejudice**.  It is further

**ORDERED** that the portion of claim eight alleging deliberate indifference due to the alleged denial of a mask is **dismissed without prejudice**.  It is further

**ORDERED** that the portion of claim eight alleging deliberate indifference due to the alleged denial of an occupational therapist of Mr. Mostafa's choice is **dismissed without prejudice**.  It is further

**ORDERED** that claims five and six are **dismissed without prejudice**.  It is further

**ORDERED** that claim ten is **dismissed with prejudice**.


DATED January 3, 2024.



BY THE COURT:


_____
PHILIP A. BRIMMER
Chief United States District Judge