**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
COLLETTE S. PETERS,[1] BOP Director, in her official capacity,
B. TRUE, ADX Warden, in his official capacity, and
WILLIAM, ADX Nurse, in his individual capacity,

    Defendants.

---

**ANSWER TO FOURTH AMENDED COMPLAINT**

---

    Defendants[2] hereby respond to Plaintiff's Fourth Amended Complaint, ECF No. 199. Defendants deny each and every allegation in the Fourth Amended Complaint except as expressly and specifically admitted herein.

**I.    THE NATURE OF THE ACTION**

    1.    Admit that Plaintiff is a 65-year old former civil engineer, who was well-known as the imam of a mosque in Finsbury Park, London, in the United Kingdom. Further admit that Plaintiff is serving a life sentence, that portions of both his arms were amputated, and that he is blind in his left eye and has poor vision in his right eye. Deny that Plaintiff was convicted for

---

[1] Collette S. Peters has replaced Michael Carvajal as the BOP Director. Pursuant to Fed. R. Civ. P. 25(d), Ms. Peters is automatically substituted as the named defendant.

[2] This Answer is not submitted on behalf of Defendant Williams, who did not request representation from the Department of Justice and has not been served.

"allegedly inspiring others" to resist certain wars.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

2. Admit that Plaintiff was a civil engineer, and subsequently preached at the Finsbury Park Mosque and was named as the imam of the mosque.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3. Admit that Plaintiff was arrested in the United Kingdom in 2004, that he was held in custody at Belmarsh prison for a period of time, and that he was extradited to the United States in 2012 after multiple years of legal challenges to the extradition.  Further admit that Plaintiff was convicted of criminal charges in the United States, sentenced to life imprisonment, and is currently housed at the United States Penitentiary – Administrative Maximum ("ADX").  Further admit that Plaintiff was charged and convicted of various crimes in the United Kingdom, including soliciting to murder and stirring up racial hatred.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning leading prayers on the street prior to his arrest.  Defendants deny the remaining allegations in Paragraph 3.

4. Admit that the Federal Bureau of Prisons ("BOP") built a special cell for Plaintiff at the ADX, that portions of both Plaintiff's arms were amputated, and that he is blind in his left eye and has poor vision in his right eye.  Further admit that Plaintiff is not allowed to engage in group prayer.  Deny the remaining allegations in Paragraph 4.

## II.     JURISDICTION AND VENUE

5.      Paragraph 5 sets forth legal conclusions regarding jurisdiction to which no response is required.  To the extent a response is required, deny.

6.      The Court dismissed Plaintiff's *Bivens* claims.  ECF No. 258.  Therefore, no response to Paragraph 6 is required.

7.      The Court dismissed Defendants Chorosevic, Follows, Parry, Averit, Garduno, Hudelston, Sterett, Armijo, Loewe, Tutoilumundo, MacMillian, and Norjano.  ECF No. 258.  Therefore, no response to the jurisdictional allegations concerning those former defendants is required.  To the extent a response is required to the remaining allegations in Paragraph 7, Defendants admit that Garland, Wray, Carvajal, and True are sued in their official capacities as officials of the Department of Justice, that those defendants reside in the United States, and that Plaintiff is in the custody of the Federal Bureau of Prisons.  Defendants deny the remaining allegations in Paragraph 7.

8.      Paragraph 8 sets forth legal conclusions regarding venue to which no response is required.  To the extent a response is required, Defendants admit that venue is proper because the events giving rise to Plaintiff's claims took place at the ADX.  Defendants deny the remaining allegations in Paragraph 8.

## III.     PARTIES

### Plaintiff

9.      Admit.

### Defendants

10.     Admit.

11. Admit.

12. Deny that Michael Carvajal is the Director of the BOP. Admit that Collette S. Peters is the current Director of the BOP, is being sued in her official capacity, and is a resident of the United States.

13. Deny that B. True was an Assistant Warden at the ADX in 2015, but admit that B. True was an Associate Warden at the ADX when Plaintiff arrived at the ADX in 2015. Deny that B. True was Warden at the ADX in 2017. Admit that B. True is being sued in his official capacity and that he is a resident of a state of the United States.

14. Defendant Tutoilumundo has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 14 is required.

15. Defendant MacMillan has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 15 is required.

16. Defendant Follows has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 16 is required.

17. Defendant Loewe has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 17 is required.

18. Defendant Norjano has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 18 is required.

19. Defendant Chorosevic has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 19 is required.

20. Defendant Parry has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 20 is required.

21. Defendant Averit has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 21 is required.

22. Defendant Garduno has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 22 is required.

23. Defendant William has not been served, undersigned counsel does not currently represent Defendant William, and this Answer is not filed on behalf of Defendant William. Therefore, no response to Paragraph 23 is required.

24. Defendant Hudelston has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 24 is required.

25. Defendant Sterett has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 25 is required.

26. Defendant Armijo has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 26 is required.

27. Defendant Edwards has been dismissed from this case. ECF No. 258. Therefore, no response to Paragraph 27 is required.

## IV. BACKGROUND FACTS CONCERNING THE PLAINTIFF'S EXTRADITION AND INCARCERATION IN THE UNITED STATES

28. Admit that the indictment charged Plaintiff with hostage taking and conspiracy to take hostages in connection with an attack in Yemen in December of 1998; providing material support to al Qaeda by allegedly attempting to set up a terrorist training camp in Bly, Oregon, from October 1999 to early 2000; providing material support to al Qaeda by facilitating violent jihad in Afghanistan; and conspiring to supply goods and services to the Taliban; among other

charges. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 28.

29. Defendants admit that there was a multi-year legal battle over Plaintiff's extradition and that he was held for a period of time in Belmarsh prison in the United Kingdom. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 29.

30. Admit.

31. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 31.

32. Admit that the ECHR considered information provided by Department of Justice officials in its decision dated April 10, 2012. Further admit that the ECHR approved the extradition of Plaintiff and four others, and that a press release issued on April 10, 2012, contained the quoted language in Paragraph 32. Deny the remaining allegations in Paragraph 32.

33. Admit that on October 5, 2012, the High Court in London ruled that Plaintiff could be extradited to the United States, and that shortly thereafter he was, in fact, extradited.

34. Admit that on May 19, 2014, Plaintiff was convicted of conspiring to take hostages and taking hostages; conspiring, providing, and attempting to provide material support to terrorists; conspiring, providing and attempting to provide material support to al Qaeda; and conspiring to provide goods and services to the Taliban. Further admit that on January 9, 2015, Plaintiff was sentenced to life in prison.

### *The Plaintiff is being punished for his speech*

35.     Paragraph 35 sets forth legal conclusions to which no response is required. To the extent a response is required, admit that *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969), held that "the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to produce such action." Further admit that *Hess v. Indiana*, 414 U.S. 105, 108-09 (1973), concluded that the speech at issue in that case "at worst . . . amounted to nothing more than advocacy of illegal action at some indefinite future time" and could not be punished by the state. Deny the remaining allegations in Paragraph 35.

36.     Admit that 18 U.S.C. § 1203(b) provides that "[i]t is not an offense under this section if the conduct required for the offense occurred outside the United States unless – (A) the offender or the person seized or detained is a national of the United States; (B) the offender is found in the United States; or (C) the governmental organization sought to be compelled is the Government of the United States." Deny the remaining allegations in Paragraph 36.

37.     Admit that the criminal indictment alleged that Plaintiff supported the Islamic Army of Aden in or about late 1998 and that he provided a co-conspirator with a satellite phone. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37.

38.     Deny.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations about whether his speech was "extremely upsetting to British authorities."  Defendants deny the remaining allegations in Paragraph 39.

40. Admit that Plaintiff was transferred from the Metropolitan Correction Center in New York to the Federal Medical Center in Missouri in February 2015, and that Plaintiff was transferred to the ADX in October 2015.  Deny the remaining allegations in Paragraph 40.

### *The impact on the case of Julian Assange*

41. Defendants lack knowledge or information sufficient to form a belief as to the impact, if any, that Plaintiff's placement at the ADX has had on the ability of other countries to extradite other individuals to the United States.  Defendants admit that the opinion in the Julian Assange case cited in Paragraph 41 states that "[t]he discussion about 'real risk' derives from the test applied in cases where the issue is whether conditions of detention would fail to meet the standards required by article 3 of the European Convention on Human Rights."  Defendants further admit that the opinion in the Julian Assange case contains the language quoted in Paragraph 41.  Defendants deny any remaining allegations in Paragraph 41.

42. Admit that the opinion in the Julian Assange case cited in Paragraph 42 states that "all the expert psychiatric witnesses agreed" that SAMs "would have a deleterious impact on Mr. Assange's mental health," and that the opinion notes that the trial court "ordered the discharge of Mr. Assange."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42.

43. Admit that the High Court quashed the order discharging Mr. Assange, and that the cited opinion contains the language quoted in Paragraph 43.  Admit that Mr. Assange has not

8

yet been extradited.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43.

44. Deny that Plaintiff has been held at the ADX since February 2015.  Admit that Plaintiff is housed in a cell in the H unit that was specifically built for him, and that the ADX is the highest security prison in the United States.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he cannot communicate with other prisoners.  Defendants deny the remaining allegations in Paragraph 44.

45. Admit that portions of both Plaintiff's arms have been amputated, that he lost vision in one eye and has poor vision in his other eye.  Further admit that Plaintiff was provided with new prosthetics to replace the prosthetics he received in the U.K.  Deny the remaining allegations in Paragraph 45.

46. Plaintiff's claims based on group prayer have been dismissed.  ECF No. 257 at 20; ECF No. 258 at 17, 32.  Therefore, no response is required to the allegations in Paragraph 45 concerning group prayer.  Defendants deny that Plaintiff is denied halal meals when he requests them.  Defendants further deny any remaining allegations in Paragraph 45.

47. The Court ruled on Defendant's Early Motion for Partial Summary Judgment for Failure to Exhaust and Failure to Comply with Statute of Limitations.  ECF No. 257.  Therefore, no response is required to the claims on which the Court ruled.  With respect to the claims that Defendants did not move for summary judgment for failure to exhaust administrative remedies, Defendants admit that Plaintiff exhausted those claims.

## V.   DEFENDANTS' VIOLATION OF LAW

48. Paragraph 48 lists the legal authorities Plaintiff asserts Defendants have violated, and no response is required. To the extent a response is required, Defendants deny that they violated the listed legal authorities.

## VI.   CAUSES OF ACTION

49. Admit that some individuals are sued in their official capacities. Deny the remaining allegations in Paragraph 49.

### First Cause of Action

50. Defendants incorporate by reference Paragraphs 1-49 of this Answer.

51. Admit.

52-61. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to Paragraphs 52-61 is required.

62. Admit that halal meals are available and that halal meals are packaged differently when they are received at the ADX. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning whether kosher meals pressure him to modify his behavior and violate his beliefs, and the allegations concerning his ability to use the tray on which halal meals are served. Defendants deny that halal food is delivered to Plaintiff packaged or "in a different type of tray that Plaintiff is unable to use." Defendants deny the remaining allegations in Paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning whether certain trays make it easier or more difficult

10

for him to eat his meals and whether he wants to eat halal meals. Defendants deny the remaining allegations in Paragraph 63.

64. The Court dismissed Plaintiff's subclaim about feast meals. ECF No. 258. Therefore, no response to Paragraph 64 is required.

65. Defendants lack knowledge or information sufficient to form a belief about the requirements of Plaintiff's religion. Defendants deny the remaining allegations in Paragraph 65.

66. Paragraph 66 sets forth legal conclusions regarding how to analyze his claims to which no response is necessary. To the extent it is a factual assertion, deny.

67. The Court dismissed Plaintiff's subclaims regarding group prayer and feast meals. ECF No. 258. Therefore, no response to the allegations concerning group prayer and feast meals is required. Defendants deny the remaining allegations in Paragraph 67.

## Second Cause of Action

68. Defendants incorporate by reference Paragraphs 1-67 of this Answer.

69. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to the allegations concerning group prayer is required. Defendants deny the remaining allegations in Paragraph 69.

70. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to the allegations concerning group prayer is required. Defendants deny the remaining allegations in Paragraph 70.

71. Deny.

72. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to Paragraph 72 is required.

### Third Cause of Action

73. Defendants incorporate by reference Paragraphs 1-72 of this Answer.

74. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to the allegations concerning group prayer is required. Defendants deny the remaining allegations in Paragraph 74.

75. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to the allegations concerning group prayer is required. Defendants deny the remaining allegations in Paragraph 75.

76. Deny.

77. Deny.

78. Paragraph 78 sets forth legal conclusions to which no response is required. To the extent a response is required, admit that there is a constitutional right to the free exercise of religion. Deny that strict scrutiny applies in this case.

79. The Court dismissed Plaintiff's subclaim regarding group prayer. ECF No. 258. Therefore, no response to Paragraph 79 is required.

80. Deny.

81. Paragraph 81 sets forth legal conclusions to which no response is required. To the extent a response is required, deny.

### Fourth cause of action

82. Defendants incorporate by reference Paragraphs 1-81 of this Answer.

83. The Court dismissed Plaintiff's subclaims concerning his communications with his sons, stepson, and grandchildren. ECF Nos. 257, 258. Therefore, no response to those

allegations is required.  Defendants deny the remaining allegations in Paragraph 83.

84-90.  The Court dismissed Plaintiff's subclaims concerning his communications with his sons, stepson, and grandchildren.  ECF Nos. 257, 258.  Therefore, no response to Paragraphs 84-90 is required.

91.   Deny.

92-93.  The Court dismissed Plaintiff's subclaims concerning his communications with his sons, stepson, and grandchildren.  ECF Nos. 257, 258.  Therefore, no response to Paragraphs 92-93 is required.

94.   Deny.

95.   Deny.

96.   Deny.

### Fifth Cause of Action

97-138.  The Court dismissed Plaintiff's Fifth Cause of Action.  ECF No. 257.  Therefore, no response to Paragraphs 97-138 is required.

### Sixth Cause of Action

139-142.  The Court dismissed Plaintiff's Sixth Cause of Action.  ECF No. 257.  Therefore, no response to Paragraphs 139-142 is required.

143.   Deny.[3]

144.   The Court dismissed Plaintiff's Sixth Cause of Action.  ECF No. 257.  Therefore, no response to Paragraph 144 is required.

---

[3] Although the Court dismissed this claim, it cited to the allegations in this paragraph in analyzing Plaintiff's subclaims concerning ritual washing for Claims One and Two.  *See* ECF No. 258 at 13-14.  Therefore, Defendants respond to this paragraph.

145.  Admit that the only water streams in Plaintiff's cell point downward.[4] Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning his need for an upward water stream and the requirements of his religion. Defendants deny the remaining allegations in Paragraph 145.

146-157.  The Court dismissed Plaintiff's Sixth Cause of Action.  ECF No. 257. Therefore, no response to Paragraphs 146-157 is required.

### Seventh Cause of Action

158-183.  The Court dismissed Plaintiff's Seventh Cause of Action.  ECF No. 258. Therefore, no response to Paragraphs 158-183 is required.

### Eighth Cause of Action

184-206.  The Court dismissed Plaintiff's Eighth Cause of Action.  ECF No. 258. Therefore, no response to Paragraphs 184-206 is required.

### Ninth Cause of Action

207-210.  Plaintiff's Ninth Cause of Action is asserted solely against Defendant William, who has not been served and is not currently represented by undersigned counsel.  Therefore, Defendants do not respond to Paragraphs 207-210.

### Tenth Cause of Action

211-218.  The Court dismissed Plaintiff's Tenth Cause of Action.  Therefore, no response to Paragraphs 211-218 is required.

### Eleventh Cause of Action

219-229.  The Court dismissed Plaintiff's Eleventh Cause of Action.  ECF No. 257.

---

[4] Defendants respond to this paragraph for the reason set forth in footnote 3, *supra*.

Therefore, no response to Paragraphs 219-229 is required.

230. Admit that Plaintiff tried to contact an attorney named Jules Lobel, and that he attempted to use the Administrative Remedy Program concerning that contact.[5] Deny the remaining allegations in Paragraph 230.

231-233. The Court dismissed Plaintiff's Eleventh Cause of Action. Therefore, no response to Paragraphs 231-233 is required.

## Damages

234. Admit that Plaintiff seeks injunctive relief. Deny any remaining allegations in Paragraph 234.

235. Admit that Plaintiff seeks compensatory and punitive damages. Deny any remaining allegations in Paragraph 235.

236. Admit that Plaintiff seeks attorneys fees. Deny any remaining allegations in Paragraph 236.

## VII.   DEMAND FOR JURY TRIAL

237. This paragraph demands a jury trial "on all issues so triable," to which no response is required.

## VIII.   PRAYER FOR RELIEF

This section sets forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the requested relief.

---

[5] Although the Court dismissed this claim, it cited to the allegations in this paragraph in analyzing Plaintiff's subclaim concerning contact with attorney Jules Lobel for Claim Six. *See* ECF No. 258 at 23. Therefore, Defendants respond to this paragraph.

## DEFENSES

1. Defendants did not violate the Religious Freedom Restoration Act.

2. Defendants did not violate Plaintiff's free exercise of religion under the First Amendment.

3. Defendants' practices at the ADX are reasonably related to legitimate penological and governmental interests.

4. Defendants' practices at the ADX are the least restrictive means of advancing compelling interests.

5. Defendants are not denying Plaintiff's access to halal meals.

6. Defendants did not discriminate against Plaintiff because of his religion.

7. Defendants did not treat any similarly situated individuals differently from Plaintiff.

8. The doctrine of estoppel bars Plaintiff's claims.

9. Plaintiff lacks standing to assert his claims.

10. The Court lacks jurisdiction over Plaintiff's claims.

11. Plaintiff has failed to state a claim.

12. Plaintiff's claims may be barred in whole or in part by his failure to mitigate his claimed injuries or damages.

13. To the extent Plaintiff suffered only emotional harm, he is not entitled to compensatory damages.

14. Because Defendants acted in good faith with respect to Plaintiff, he is not entitled to punitive damages.

Respectfully submitted on January 24, 2024.

        COLE FINEGAN
        United States Attorney

        s/ *Jennifer R. Lake*
        Jennifer R. Lake
        Thomas A. Isler
        Assistant United States Attorneys
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0411
        jennifer.lake@usdoj.gov
        thomas.isler@usdoj.gov

        Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on January 24, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Paul Wolf, Esq.

s/ *Jennifer R. Lake*
U.S. Attorney's Office
