**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00694-PAB-MDB

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

**PROPOSED SCHEDULING ORDER**

**1.     DATE OF CONFERENCE AND APPEARANCES OF COUNSEL
AND PRO SE PARTIES**

No Scheduling Conference is set in this case in accordance with Magistrate Judge

Dominguez Braswell's Practice Standards. Instead, the parties conferred by email about this

Scheduling Order on February 25-26, 2024, and by phone on February 28, 2024.  The following counsel participated:

| | |
|---|---|
| Paul Wolf<br>P.O. Box 60584<br>Colorado Springs, CO 80960<br>(202) 431-6986<br><br>Counsel for Plaintiff | Jennifer Lake<br>Tom Isler<br>Assistant United States Attorneys<br>1801 California Street, Suite 1600<br>Denver, Colorado 80202<br>(303) 454-0100<br><br>Counsel for Defendants[1] |

**2.      STATEMENT OF JURISDICTION**

**Plaintiff's statement**:  The Plaintiff has standing under the U.S. Constitution, the Administrative Procedure Act, and the Religious Freedom Restoration Act.  Except for certain claims dismissed without prejudice, the Plaintiff has exhausted his administrative remedies.

**Defendants' statement**:  Defendants deny that Plaintiff has standing to pursue the remaining claims in this case.

**3.      STATEMENT OF CLAIMS AND DEFENSES**

**a.      Plaintiff**:

The Plaintiff's claims are for medical neglect and failure to accommodate his disabilities. The Plaintiff is a double-upper amputee, is blind in one eye and nearly blind in the other.  He is unable to take care of himself and has lost almost a dozen teeth due to his inability to brush his teeth.  His isolation in the H Unit of the ADX prison has put illegal limits on his ability to practice his religion, and on his ability to communicate with members of his family, other

---

[1] Counsel do not represent Defendant Williams, who did not request representation from the Department of Justice and has not been served.

prisoners, and prospective attorneys. The Plaintiff is also suing for an incident in which he was force-fed during a hunger strike and left bleeding for about 5 hours afterwards. These claims are all reviewable under the Administrative Procedure Act, even if no Bivens remedies are available. There is a pending motion for reconsideration of this point.

Regarding the claims identified below in the Defendants' section, for group (1), the Plaintiff agrees that the Defendant has recently changed its position and has begun to provide meals in trays that the Plaintiff is able to use. For group (2), Plaintiff's counsel is unaware of what is in the medical records because they have not been produced. The evidence will show that the Plaintiff is unable to wash his rectum and genitals without an upward stream of water because of the fact that his hands were amputated. The facts will show that a sink with an upward water stream could be designed that would not impact on prison security and order. The Plaintiff isn't able to hold objects like toilet paper with the primitive prosthetic devices provided by the Defendants, which are also made of materials that irritate the Plaintiff's skin and require too much strength the Plaintiff to operate normally. On information and belief, they are home-made devices made by other prisoners at the United States Medical Center for Federal Prisoners (USMCFP), Springfield, Missouri. As for group (3), the Plaintiff should not have to start over again with a new Administrative Request for Attorney Lobel, since this claim was exhausted. The Plaintiff will make another SAMs request to contact Mr. Lobel, at the Defendants' request, but doesn't agree that any further administrative procedures are needed.

    **b.**    **Defendants**:

As a result of the Court's orders on Defendants' Motion to Dismiss and Early Partial Motion for Summary Judgment, the following claims remain: (1) Religious Freedom Restoration

3

Act, First Amendment, and Equal Protection claims alleging that the Bureau of Prisons failed to provide halal meals to Plaintiff on a tray that he is able to use; (2) Religious Freedom Restoration Act, First Amendment, and Equal Protection claims alleging that he cannot adequately wash himself before prayer because his cell does not have an upward water stream; and (3) a First Amendment claim alleging that Plaintiff was prohibited from communicating with Jules Lobel, an attorney.

Counsel for Defendants have had conversations with counsel for Plaintiff since the Court's orders on the dispositive motions were issued, and Defendants understand that Plaintiff no longer intends to pursue his claims—identified above as group (1)—concerning the alleged failure to provide halal meals on an appropriate tray because the Bureau of Prisons ("BOP") has been providing those meals on trays that Plaintiff is able to use.

With respect to Plaintiff's claims concerning his inability to adequately wash himself before prayer—identified above as group (2)—Plaintiff has a sink and two shower heads in his cell, all of which are programmed to run significantly longer than other sinks and showers at the ADX in order to accommodate Plaintiff's disabilities. There is no evidence in Plaintiff's medical records that he is unable to use the sink and shower heads to adequately wash himself. To the contrary, those records note that he has well-maintained hygiene. Moreover, providing an upward water stream would have a negative impact on the government's compelling interests in maintaining safety and order in penological institutions.

Finally, as to Claim (3), Defendants did not deny Plaintiff's request to contact Mr. Lobel. Defendants intend to consider in good faith any future requests that Plaintiff may submit to add Mr. Lobel as an approved contact under his Special Administrative Measures.

Defendants note that since Plaintiff has been in BOP custody, he has been provided with new prostheses for both arms and received modifications to those prostheses as needed. He was also allowed to keep a prosthesis for his right arm that he brought with him from the United Kingdom. He has received evaluations by occupational therapists during his incarceration. In addition, the BOP arranged for Plaintiff to meet with an independent orthotics and prosthetics specialist in February 2020, as a result of complaints that he made about his prosthetics. Plaintiff did not cooperate with the evaluation, and would not allow the specialist to take the measurements and castings necessary to make new prosthetics. The BOP again arranged for Plaintiff to meet with an independent prosthetist in January 2021, for the purpose of evaluating Plaintiff for new prosthetics for both arms. During that evaluation, Plaintiff refused the offer of new prosthetics. He also refused to allow the prosthetist to take the prosthesis from the United Kingdom outside the ADX to repair it.

In sum, Defendants have complied with the Religious Freedom Restoration Act and the Constitution in their treatment of Plaintiff.

**4.     UNDISPUTED FACTS**

The following facts are undisputed:

1. Plaintiff is serving a life sentence and is incarcerated at the United States Penitentiary—Administrative Maximum ("ADX").

2. Portions of both Plaintiff's arms have been amputated.

3. Plaintiff is blind in his left eye and has poor vision in his right eye.

5.     **COMPUTATION OF DAMAGES**

a.     **Plaintiff's Damages**:

The Plaintiff needs professionally-made, motorized prosthetics, with devices he can use to brush his teeth and comb his hair. The Plaintiff's cell is designed for a person in a wheelchair, not a person with no hands. He needs an upward stream of water to wash his rectum and prosthetics that will allow him to hold toilet paper. The Plaintiff has lost about a dozen teeth because of his inability to hold a toothbrush and brush his teeth, and needs dental implants. The Plaintiff needs a court order that will allow him to be examined by an occupational therapist or medical professional who does not work for the Defendants. The Plaintiff's religion requires that he engage in group prayer, and if this is not allowed in the H Unit, he should be moved to the J Unit or to another facility that allows it. As originally pled, the Plaintiff is also suing for compensatory and emotional damages for his past mistreatment, as well as attorneys fees.

b.     **Defendants' Damages**:

Not applicable, although Defendants will seek costs if they prevail.

6.     **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

a.     Date of Rule 26(f) meeting: February 28, 2024

b.      Names of each participant and party he/she represented.

| | |
|---|---|
| Paul Wolf | Jennifer Lake |
| | Tom Isler |
| Counsel for Plaintiff | |
| | Counsel for Defendants |

c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The parties will make Rule 26(a)(1) disclosures on March 13, 2024.

      d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties will make their Rule 26(a)(1) disclosures on March 13, 2024. Due to two recent reassignments of this case to new magistrate judges and some confusion by the parties over the applicable deadlines due to those reassignments, the Rule 26(f) conference did not take place until February 28, 2024.

      e.      Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to conduct informal discovery but agree to revisit the matter should circumstances warrant.

      f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree that they will serve by email or other electronic means all discovery requests and written responses and any other papers that are not filed through the CM/ECF system unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery, or through a secure, electronic file-sharing system.

The parties anticipate depositions may be conducted virtually when feasible and prudent, but both parties reserve the right to attend all depositions in person, even if one party is present virtually.

The parties will use a unified exhibit numbering system.

The parties agree to produce to the other party any documents relevant to the facts in this case obtained via subpoena from a third party or through any open record act (including FOIA) within ten business days.

The parties agree that they shall not seek discovery of documents created after the initiation of this litigation that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction which calls for the production of such documents, those documents need not be produced or identified on any privilege log.

The parties and their respective counsel will make reasonable efforts to reduce discovery and litigation costs.

In the event the Court grants, or partially grants, the Plaintiff's currently pending motion for reconsideration of the Court's order on Defendants' Motion to Dismiss, ECF No. 267, the parties agree to discuss in good faith amending this order.

The parties are working collaboratively to draft a stipulated protective order for Court approval because the parties anticipate the exchange of, among other things, the Plaintiff's medical information.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that discovery in this case will involve extensive electronically stored information.  In the event that the exchange of electronically stored information is necessary, the parties will meet and confer if a particular issue arises and will attempt in good faith to resolve the issue without court intervention.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have agreed to begin discussions to determine whether settlement is feasible. The parties will engage in those discussions in good faith. It is unknown at this time whether a settlement can be reached.

**7.    CONSENT**

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8.    DISCOVERY LIMITATIONS**

      a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not propose any modifications to the presumptive number of depositions or interrogatories in the Federal Rules. Each side will be limited to twenty-five (25) interrogatories, including all discrete subparts. The parties agree that each side should be limited to five depositions, excluding experts.

      b.      Limitations which any party proposes on the length of depositions.

Depositions will be limited to seven (7) hours on the record per deponent unless extended by agreement of the parties or order of the court.

      c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to the presumptive limits of twenty-five (25) requests for production per side. Defendant proposes that each side may serve twenty-five (25) requests for admission. Plaintiff proposes that each party may serve fifty (50) requests for admission.

9

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions

45 days prior to the discovery deadline.

    e.    Other Planning or Discovery Orders

The parties will jointly move the Court, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), to grant Defendants leave to depose Plaintiff since he is confined in prison.

**9.**    **CASE PLAN AND SCHEDULE**

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:  March 29, 2024.

    b.    Discovery Cut-off:  August 29, 2024

    c.    Dispositive Motion Deadline:  October 12, 2024

    d.    Expert Witness Disclosure

        (1)    The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff's statement:**  The Plaintiff is entitled to one paid expert through the Pro Bono Program of the Court.  This person will be an expert in prosthetics design, or a medical professional like an occupational therapist who has worked with double-upper amputees.  The Plaintiff is an expert on the religion of Islam, and may have another unpaid expert to explain the religious requirements of washing before praying and group prayer.

**Defendants' statement:**  Defendants anticipate identifying experts in the fields of occupational therapy and institutional security.  Defendants reserve the right to disclose additional fields of expert testimony as discovery progresses.

   (2) Limitations which the parties propose on the use or number of expert witnesses: No more than three experts per side.

   (3) The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: June 14, 2024.

   (4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: July 15, 2024.

e. Identification of persons to be deposed:

**Plaintiff's List:**

1. The Plaintiff.
2. Dr. Sterett.
3. Occupational Therapist Cherosevic.
4. Unit Manager Tutoilumundo.
5. Officer Norjano.
6. Lieutenant Armijo.
7. Any expert disclosed by the Defendants.
8. Any Rule 30(b)(6) witness disclosed by the Defendants.

**Defendants' List:**

1. Plaintiff (5 hours)
2. Any expert witnesses disclosed by Plaintiff

Other witnesses as identified through disclosures and discovery.

11

**10.     DATES FOR FURTHER CONFERENCES**

a.     Status conferences will be held in this case at the following dates and times: _____

b.      A final pretrial conference will be held in this case on _____ at o'clock \_\_\_m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven business days before the final pretrial conference.

**11.     OTHER SCHEDULING MATTERS**

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties disagree about the number of Requests for Admission that should be available to each side.  *See* § 8(c).

b.     Anticipated length of trial and whether trial is to the court or jury.

3 days. Trial is to a jury.

c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

The Defendant does not identify any such proceedings.  For the Plaintiff, any proceedings that can be held in Colorado Springs are more convenient, since Plaintiff's counsel lives in Colorado Springs, and it is about an hour closer to the ADX prison.

12

12. **NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

13. **AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this XX day of XX, 2024.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

COLE FINEGAN
UNITED STATES ATTORNEY

s/ *Paul Wolf*                                    s/ *Jennifer Lake*
**Paul Wolf**                                    **Jennifer Lake**
PO Box 60584                                    **Tom Isler**
Colorado Springs, CO 80960              Assistant United States Attorneys

13

Telephone (202) 431-6986  
paulwolf@yahoo.com

Counsel for Plaintiff

1801 California Street, Suite 1600  
Denver, Colorado  80202  
Telephone: (303) 454-0100  
jennifer.lake@usdoj.gov  
tom.isler@usdoj.gov

Counsel for Defendants

[based on Court form rev. 03/20]