IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00694-PAB-SKC

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.                                                                                                                                                          HEARING
                                                                                                                                                           REQUESTED

MERRICK GARLAND, US Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX Officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity

    Defendants.

**Plaintiff's Reply to Motion for Reconsideration of the Court's Order of January 7, 2024 [Doc. 258] Granting in Part and Denying in Part Defendants' Motion to Dismiss.**

**1.**     **The Defendants' Administrative Remedy Program - which the Plaintiff had to exhaust for each and every one of his claims - is an administrative procedure under the Administrative Procedure Act, which provides the standards of review that the Court must use to review the Plaintiff's claims.**

    As the Plaintiff has already argued in the Motion, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. grants a right of action to "a person suffering legal wrong because

1

of agency action." 5 U.S.C. § 702.  Under the APA, a court may "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right." 5 U.S.C. § 706(2)(A), (B).

In Mohammed v Holder, 47 F. Supp.3d 1236 (D. Colo. 2014),[1] Judge Krieger applied the APA to Administrative Remedy Program claims brought by another ADX prisoner challenging his SAMs restrictions.  "Having concluded that the FBI has acted arbitrarily in violation of 5 U.S.C. § 702 when it revoked Mr. Mohammed's permission to have oral contact with Nassor, denied his request for 32 additional permitted contacts, and refused Mr. Mohammed's request to route his mail to recipients through his attorney, the Court must consider what remedy to afford. Generally, when a court finds that an agency has acted arbitrarily in violation of the APA, the appropriate remedy is to remand the issue back to the agency for reconsideration and, if appropriate, further investigation or an explanation adequate to support the agency's decision upon remand. Fox Television Stations, Inc. v. F.C.C., 280 F.3d 1027, 1047 (D.C. Cir. 2002). When the Defendants concede that there may be certain relevant information bearing on the issues herein that has not been presented to the Court, it is inappropriate for the Court to assume the mantle of decisionmaker and conduct its own de novo determination of Mr. Mohammed's requests. See e.g. Kroger Co. v. Regional Airport Authority of Louisville, 286 F.3d 382, 387 (6th Cir. 2002)." Id. at 1264.  She

---

[1] Undersigned counsel represented Mr. Mohammed in that case, and assumed the Court would still use this analysis.  Instead, it has limited the kinds of claims brought by prisoners to only those that have Bivens remedies.  That is a legal error that will be used by the Defendants against other prisoner-litigants.  The Court also ignored the fact that the Plaintiff cited the U.S. Constitution for his claims, not Bivens, and the Prayer for Relief section of his complaint, which is mostly for injunctive relief.  Mostafa's claims for better prosthetics and a way to brush his teeth are obviously not Bivens remedies for monetary damages.  It was a reversable error for the Court to narrow them to Bivens claims and then dismiss them.  This error in understanding can't be blamed on the Plaintiff or his counsel, who pled the claims as Constitutional violations, and has done this before without confusing the Court.

concluded that "For the foregoing reasons, the Court finds that the Defendants violated the APA, 5 U.S.C. § 702, in that: (i) the 2009 decision, continuing to date, to revoke Mr. Mohammed's permission to have oral communication with Nassor; (ii) the denial (if any) of his request to add 32 more persons to his list of permitted contacts was; and (iii) the denial of his request (of unspecified date) that he be permitted to have his outgoing mail, once cleared by the FBI, delivered to his attorney for distribution to recipients, were each arbitrary and capricious and unsupported by substantial evidence in the record. These decisions are REMANDED to the FBI for further consideration and resolution within the current cycle of SAM's review in accordance with the terms of this Order." Id. at 1264-1265.

In the Order on the Defendants' Motion for Partial Summary Judgment, the Court found "no legal authority supporting the proposition that his other claims are reviewable under APA. The Court therefore rejects Mr. Mostafa's recharacterization of claim ten..." [Doc 257] at 26.  This is clearly erroneous and should be reversed.  The Plaintiff is suing for new prosethetics and dental implants, and it is the Court that wants to recharacterize them as Bivens claims.  **None of the Plaintiff's claims relied the Bivens case.**  See Complaint [Doc 199] et seq.  Applying Bivens to the Plaintiff's claims was clearly erroneous, and a continuation of the kind of treatment the Plaintiff has received since the Defendants promised the European Court of Human Rights that he wouldn't be held in the ADX as a condition of his extradition.  Now the Court has reinterpreted his claims in a way that makes no legal sense, is contrary to what he wrote, and when counsel tries to explain, the Court calls it recharacterization.  This is no more than a refusal to consider the Plaintiff's claims on the merits.

**2. Although 18 U.S.C. § 3625 precludes APA review of housing and security determinations, it is a narrow exception that doesn't preclude APA review of prison conditions.**

The Defendants' argument that 18 U.S.C. § 3625 precludes APA review of the Plaintiff's claims provides another way for the Plaintiff to prove his point. It is a narrow and well-defined exception to the rule. Titled "Inapplicability of Administrative Procedure Act," it says "The provisions of sections ... 701 through 706 of [the APA] do not apply to the making of any determination, decision or under [18 U.S.C. §§ 3621-3625]." See Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011). The statutes that Congress expressly exempted from the APA - §§ 3621 through 3625 - define the BOP's authority and discretion to make custody decisions, including custody classifications of individual inmates. This is the authority the Court should have used to dismiss the Plaintiff's claim #10 that he shouldn't be held in the ADX.[2]

The Defendants cite Landis v. Moyer, 610 F.Supp.3d 649, 655-56 (M.D. Pa. 2022). In Landis, a prisoner brought an action under Bivens, state tort law, and the Administrative Procedures Act (APA), alleging that a corrections officer gave him a dangerous cell assignment because prisoner cooperated with federal authorities and was injured by other prisoners because of that. The Landis court found that the APA didn't apply to the cell assignment, but that court did evaluate the Plaintiff's other claims using constitutional standards. "Our court of appeals has held

---

[2] The Plaintiff's counterargument is that the Defendants no longer have discretion in this, due to the promises made to the European Court of Human Rights. The Court has essentially found that these assurances are inconsequential and unenforceable, having no binding effect on the promisor whatsoever. Courts in the U.K. are well aware of this, and haven't extradited Julian Assange to the U.S. out of concern that he will be held in the ADX. In that case, the judge in the U.K. didn't believe the assurances and denied the request for extradition. One of Mr. Mostafa's other attorneys, Lindsey Lewis, provided a declaration that Mr. Assange used to prove this point. This is the effect that disregarding international law and human rights will have on the United States. Other countries will refuse to extradite people here, because of our reputation for mistreating prisoners and for not keeping our promises to the European Court of Human Rights.

4

that Section 3625 effectively forecloses judicial review under the APA of prisoner claims challenging security classifications, housing designations, and similar decisions made by the BOP. See Burnam v. Marberry, 313 F. App'x 455, 456 (3d Cir. 2009) (nonprecedential) (citing 18 U.S.C. § 3625; Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998)); see also Murray v. Young, No. 12-1673, 2012 WL 5398628, at *5 (M.D. Pa. Nov. 5, 2012) (APA claim not available for challenge to placement in special management unit (citation omitted)); Harrison v. Fed. Bureau of Prisons, 248 F. Supp. 3d 172, 182-83 (D.D.C. 2017) (citing Burnam v. Marberry, No. 07-CV-97, 2008 WL 4190785, at *7 (W.D. Pa. Sept. 10, 2008), aff'd, 313 F. App'x 455, and noting "housing and security determinations ... fall into [exempt] category"). The exemption is narrow and the Defendants' attempt to use it to swallow the rule - which is that APA review is available for any agency action - should fail. The Court should address this argument and why it fails, not sweep it under the rug. It shows that the exceptions to APA review are limited to housing and security determinations.

### 3. The Plaintiff's counsel didn't engage in shotgun pleading, because the Bivens case provides a remedy, not a cause of action.

The Defendants argue that "it is neither the Defendants nor the Court's burden to sift through those 237 paragraphs [of the Complaint] to determine which claims Plaintiff intended to alternatively assert as APA claims and which allegations Plaintiff believes support these unspecified APA claims." [Doc 270] at 4. This is very simple because all of the Plaintiffs claims are either Constitutional claims, or violations of the Religious Freedom Restoration Act,[3] and the facts are organized for each claims. There isn't a single Bivens claim in it. Every one of them is reviewable under the APA because the Plaintiff had to exhaust his administrative remedies for them. This Court can only review claims that the Plaintiff exhausted using the Defendants'

---

[3] The Plaintiff also filed claims under the Rehabilitation Act, but concedes that he didn't file an appeal with the EEOC. However, claims for lack of adequate prosthetics and dental care, and the like, should still be evaluated in terms of medical neglect under Eighth Amendment standards.

5

Administrative Remedy Program, which is the administrative procedure devised by the Defendants in order to comply with the APA.

In the section of the Plaintiff's complaint titled Damages, [Doc 199] at 54 ,injunctive relief is listed first.  "234.  The Plaintiff seeks injunctive relief, removing the restrictions on his practice of religion and association with others inside and outside of prison, and providing prosthetics and facilities that reasonably accommodate his disability." In the next paragraph, the Plaintiff also seeks monetary damages, but doesn't cite Bivens.  Nevertheless, the Court interpreted all of the Plaintiff's claims as <u>Bivens</u> claims for financial damages, and then dismissed most of them.  This was an egregious legal error that should be corrected before the parties go to trial.

The defendants rely on Greenway Nutrients Inc v Blackburn, 33 F. Supp. 1224, 1242-43 (D. Colo. 2014) for their shotgun pleading argument.  In Greenway Nutrients the complaint identified at least four separate categories of allegations concerning claimed unauthorized use of corporation's marks, but it did not differentiate or separate different kinds of factual allegations into which facts were alleged to support which claims, thus leaving inordinate burden on defendants and court in interpreting complaint.  That is not the case here.  The Plaintiff has listed the facts for each constitutional claim separately.  [Doc 199]  He organized the claims according to which Amendment of the Constitution was violated, not according to which were Bivens claims and which were APA claims.  Undersigned counsel didn't make any mistake in organizing the claims this way.  It is the Court that is in error, not understanding that Bivens only provides a remedy, and that the APA provides the standard of review.  The claims themselves are for Constitutional violations, and violations of the Religious Freedom Restoration Act.

6

**Conclusion**

It was an egregious legal error to apply the <u>Bivens</u> case to the Plaintiff's Constitutional claims.  The Plaintiff's claims are almost all Constitutional claims, and this was clearly explained in the Complaint.  <u>Bivens</u> provides financial **remedies** for a few limited types of Constitutional claims.  It's not a type of claim that can be dismissed, and even if it were, the Plaintiff didn't base any of his claims on it.  The APA provides the **standards of review** to be used by the Court to review Constitutional claims.

By characterizing the Plaintiff's claims as "Bivens claims" and dismissing them, the Court has avoided considering them on the merits.  This error should be corrected before the parties spend hundreds of hours preparing for what the Plaintiff will later argue was a mistrial.  One remedy for the misreading the Plaintiff's complaint would be to grant leave to amend.[4]  Another would be to certify to the Court of Appeals the question whether APA review applies to the Plaintiff's claims.  The case shouldn't go to trial until this issue is resolved.

Respectfully submitted,

/s/ Paul Wolf

/s/ Paul Wolf, CO Bar 42107
*Attorney for Mostafa Kamel Mostafa*
P.O. Box 60584
Colorado Springs, CO 80960
(202) 431-6986
paulwolf@yahoo.com
fax: n/a

March 3, 2024

---

[4] The amended complaint would presumably be twice as long and repeat all of the allegations, <u>verbatim</u>, twice.  This seems pointless, and shouldn't be necessary once it's understood that <u>Bivens</u> and the APA aren't types of claims.  <u>Bivens</u> provides a remedy and the APA provides the standards of review.

**Certificate of Service**

        I hereby certify that on March 3, 2024, I filed the foregoing document with the clerk of the court through the Court's Electronic Case Filing (ECF) system, which will send notification to the attorneys of record for all other parties in this litigation.

/s/ Paul Wolf
_____
Paul Wolf

8