IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

| | |
|---|---|
| Civil Action No: 20-cv-00694-PAB-MDB | Date: March 13, 2024 |
| Courtroom Deputy: E. Lopez Vaughan | FTR: Courtroom 101 |

*Parties:*            *Counsel:*

Mostafa Kamel Mostafa        Paul Wolf

   Plaintiff,

v.

Merrick Garland et al            Jennifer Lake
                                            Thomas Isler

   Defendant.

## COURTROOM MINUTES

**STATUS CONFERENCE**

**10:30 a.m.**      **Court in session.**

Court calls case. Appearances of counsel.

Discussion held about the parties' *Proposed Scheduling Order* at ECF No. 271. Noting the extensive procedural history of this matter, the Court inquires which claims remain at issue. Though both Plaintiff's counsel (appointed pro bono) and the AUSAs representing the government are fairly new to the case, the shared understanding is that this case has been narrowed down to four claims (1, 2, 4 and 11).

Plaintiff has submitted a *Motion for Reconsideration* (ECF No. 267) of Chief Judge Brimmer's *Order on Defendant's Motion to Dismiss for Failure to State a Claim* (ECF No. 258). That motion is fully briefed (ECF No.'s 270 and 272). Plaintiff indicates the Motion requests certification to the 10th Circuit. Defendant does not view the motion as making that request.

The Court adopts the deadlines proposed by the parties. Additionally, after hearing the parties on the issues of written discovery, experts and depositions, the Court limits each side to two (2) retained experts, the presumptive number of hours for depositions (subject to the parties agreement to exceed the time to depose Plaintiff), and the presumptive limits for written discovery. However, the Court is persuaded that Plaintiff can be most efficient during discovery

by issuing a meaningful number of RFAs (thereby reducing the need for other discovery). As such, Plaintiff will be allowed to issue 50 RFAs, as proposed.

Finally, the parties are not in agreement as to the need for a protective order. The Court provides the parties with guidance and encourages the parties to review the protective order template used by Magistrate Judge Varholak as a starting point. In accordance with the Court's practice standards, the parties should submit a motion with a proposed draft that highlights any competing language.

The Scheduling Order is entered with modifications.

Hearing concluded.

**10:56 a.m.     Court in recess.**

Total in-court time    00:26

*To order transcripts of hearings, please contact Patterson Transcription Company at (303) 755-4536 or AB Court Reporting & Video, Inc. at (303) 629-8534.