IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00694-PAB-MDB

MOSTAFA KAMEL MOSTAFA,

    Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity,
TUTOILUMUNDO, ADX Unit Manager, in his official capacity,
MACMILLAN, ADX Facilities Department, in his official capacity,
FOLLOWS, ADX Medical Department Manager, in her individual capacity,
LOEWE, ADX officer, in his individual capacity,
NORJANO, ADX Officer, in his individual capacity,
CHOROSEVIC, ADX Occupational Therapist, in his individual capacity,
PARRY, ADX Officer, in his individual capacity,
AVERIT, ADX Officer, in his individual capacity,
GARDUNO, ADX Lieutenant, in his individual capacity,
WILLIAM, ADX Nurse, in his individual capacity,
HUDELSTON, ADX Nurse, in his individual capacity,
STERETT, ADX Doctor, in his individual capacity,
ARMIJO, ADX Lieutenant, in his individual capacity, and
EDWARDS, ADX Officer, in his individual capacity,

    Defendants.

**Plaintiff's Second Motion for Leave to Amend Scheduling Order**

COMES NOW the Plaintiff, Motafa Kamel Mostafa, to move the Court, pursuant to its inherent power to manage discovery, to extend the expert discovery deadline through August 18, 2024. The deadline for rebuttal discovery would be September 20, 2024. The Defendants consent to the motion.

On July 18, 2024, the Plaintiff filed a motion for leave to amend the Scheduling Order to extend the discovery cutoff from August 29, 2024 to October 31, 2024, and to extend the

1

dispositive motions deadline to December 12, 2024, to which the Defendants consented. The Court granted the Motion the same day. In the previous Motion, the Plaintiff explained that

> On July 15, 2024, Plaintiffs expert Jay Sciortino examined the Plaintiff in prison. Mr. Sciortino is a prosthetist whose role is to form an opinion on what kind of prosthetics and/or other accomodations the Plaintiff needs to fulfill his Activities of Daily Living in prison. Mr. Sciortino will need at least three weeks to write his report.

See Plaintiffs [First] Motion for Leave to Amend Scheduling Order at 2.

After the visit, Mr. Sciortino contracted covid. See email correspondence with Jay Sciortino, attached hereto as Exhibit 1. He missed a week of work due to this, and had four days of fever and a bad cough. Id. According to Mr. Sciortino, he intends to provide a preliminary expert report to undersigned counsel on August 5, 2024, today's date. An extension of the expert report deadline to August 14, 2024.

The parties haven't scheduled any depositions of any experts or other witnesses but have discuissed doing so during the first two weeks of October. in the Plaintiff's [First] Motion for Leave to Amend the Scheduling Order, he also explained

> Counsel will return to Colorado to defend the depositions of Mr. Mostafa and his expert, Jay Sciortino, but the Defendant hasn't served notices for either yet. The Plaintiff intends to depose Defendants multiple experts, and can do this by phone or video link, but wants to be physically present in Colorado to defend depositions taken by the Defendants.

When undersigned counsel conferred with the Defendants, they alerted him to sections (3) and (4) on page 11 of the Scheduling Order, setitng dates of June 14, 2024 and July 15, 2024 for the provision of expert reports and rebuttal reports, respectively. This was an oversight on the part of undersigned counsel, since expert reports are normally due 90 days before trial. See FRCP Rule 26(a)(2)(c).

It was very difficult to schedule Mr. Sciortino's visit with Mr. Mostafa. See Exhibit 1, attached hereto. According to him, the Defendants only allowed him about 45 minutes to do the

2

examination, and refused his request to see Mostafa's cell. Id. He could only estimate the time, since the Defendants took his watch and phone before he could enter the prison. Thus, Mr. Sciortino will have to base his report on the allegations of how the cell is constructed based on the allegations in the complaint.

The Defendant won't be prejudiced by the requested time extension. There is no trial date set, and discovery is ongoing. Normally, expert reports aren't due until after discovery has closed, and all the discovery is available for the experts to review. In addition, it would be unfair to exclude Plaintiff's only expert. At a status conference held on March 13, 2024, the Court discussed the subject of experts with the parties. Undersigned counsel explained that under the Pro Bono Program, the Plaintiff was only entitled to one expert, and that the person would have to be a medical professional such as a doctor or an occupational therapist. The Court agreed that this case has technical issues involving the design of prosthetics and accomodations to the Plaintiff's cell for his disabilities.

The Plaintiff will be prejudiced if he is not allowed an expert witness. The Defendants ahve designated two expert witnesses for this issue. According to the Defendants "Captain Chorosevic is expected to testify about Plaintiff's medical history with respect to his prosthetics, based upon his review of Plaintiff's BOP medical records. Specifically, he will testify that those records reflect that Plaintiff only had a prosthesis for his right forearm at the time he entered BOP custody." His opinion will be based on hearing; that is, examinations made by other occupational therapists, about which he has no personal knowledge. According to him, "Plaintiff was also evaluated by an occupational therapist while he was at FMC Springfield. That occupational therapist determined that Plaintiff's prostheses, along with various adaptive techniques, allowed him to perform the activities of daily living in a prison environment." This is a legal conclusion

in addition to being hearsay. Plaintiff's expert wasn't allowed to observe the cell and must form his opinion based on allegations in the Complaint..

The Defendant's second expert, Omar Salcido, is the Assistant Health Services Administrator at the ADX. His only medical credential appears to be that he once worked as a "clinical care medic" at another prison. If he has any medical education or degree, it was not disclosed. Nevertheless, his opinion is that "if Plaintiff were having trouble cleaning his perirectal area, there would likely be physical symptoms, including but not limited to rashes around the area." In addition, "Mr. Salcido is also expected to testify that Plaintiff's recent complaints concerning his prosthetics have concerned the tension and the need to replace the bands that provide tension in the prosthetics. Mr. Salcido will explain that the BOP coordinates with a contract prosthetist to provide maintenance for Plaintiff's prosthetics." This kind of testimony, putting the blame on another individual who isn't even named, should be excluded as hearsay because it is not the type of evidence that requires an expert, and particularly someone who apparently has no medical credentials.

## Conclusion

For the foregoing reasons, the Court should GRANT the motion and extend the deadline for expert reports through August 18, 2024, and the deadline for rebuttal reports to September 20, 2024.

Respectfully submitted,

/s/ Paul Wolf
_____
/s/ Paul Wolf, CO Bar 42107
*Attorney for Mostafa Kamel Mostafa*
P.O. Box 60584
Colorado Springs, CO 80960
(202) 431-6986

4

paulwolf@yahoo.com
fax: n/a

August 19, 2024

## Certificate of Conferral

      I hereby certify that, before filing this Motion, I conferred with counsel for the Defendants as to whether they would consent to the Motion, and the impact on the schedule and discovery if the Motion were granted. Counsel for the Defendants stated that they consented to the Motion.

/s/ Paul Wolf
_____
Paul Wolf

## Certificate of Service

      I hereby certify that on August 19, 2024, I filed the foregoing document with the clerk of the court through the Court's Electronic Case Filing (ECF) system, which will send notification to the attorneys of record for all other parties in this litigation.

/s/ Paul Wolf
_____
Paul Wolf