IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00694-PAB-MDB

MOSTAFA KAMEL MOSTAFA,

      Plaintiff,

v.

MERRICK GARLAND, United States Attorney General, in his official capacity,
CHRISTOPHER WRAY, FBI Director, in his official capacity,
MICHAEL CARVAJAL, BOP Director, in his official capacity,
B. TRUE, ADX Warden, in his official capacity, and
WILLIAM, ADX Nurse, in his individual capacity,

      Defendants.

---

### ORDER

---

      The matters before the Court are Plaintiff's Motion for Reconsideration of the Court's Order of January 7, 2024 [Doc. 258] Granting in Part and Denying in Part Defendants' Motion to Dismiss [Docket No. 267] and Plaintiff's Motion for Certification of Controlling Questions of Law for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) [Docket No. 282].  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

      Mr. Mostafa's motion states that his motion is made pursuant to Federal Rules of Civil Procedure 60(a) and 59(e) and requests that the Court alter its order granting in part and denying in part defendants' motion to dismiss.  *See* Docket No. 267 at 2.  "Rule 59(e) governs requests to alter or amend a 'judgment,' which is defined by Rule 54(a) as 'a decree and any order from which an appeal lies.'"  *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819 (E.D. Va. 2019) (citation and quotation

omitted).   "[T]ypically, a denial of a Motion to Dismiss would not support a motion to reconsider under Rule 59(e), since the typical Motion to Dismiss does not give rise to a right to interlocutory appeal."   *Id.* at 819 n.1 (citing *Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) ("Ordinarily, we do not possess appellate jurisdiction over interlocutory orders – such as the denial of a Rule 12(b)(6) motion to dismiss or the denial of a Rule 12(c) motion for judgment on the pleadings – because such decisions are not final judgments.")).   As such, Rule 59(e) does not apply to the relief Mr. Mostafa requests from the Court.   Second, Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission."   Fed. R. Civ. P. 60(a).   The rule "may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis omitted) (citing *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir.1980)).   "Rule 60(a) may not be used to change something that was deliberately done even though it was later discovered to be wrong."   *Id.* (citing *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir.1980)).   "[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).   Mr. Mostafa does not assert that errors in the Court's order were clerical or computational in nature.   *See* Docket No. 267 at 2–15.   Accordingly, Rule 60(a) also does not apply.   Because Mr.

Mostafa's motion is made pursuant to rules of procedure that are inapplicable to the circumstances of this case, the Court will deny the motion to reconsider.

However, for the reasons discussed below, even if the Court were to construe Mr. Mostafa's motion as a motion to reconsider both the Court's order granting in part and denying in part the defendants' motion to dismiss and the Court's order granting in part and denying in part the defendants' partial motion for summary judgment[1] pursuant to the Court's inherent authority to revisit and amend interlocutory orders, the Court would deny the motion.

## I.   BACKGROUND

On July 18, 2022, plaintiff Mostafa Kamel Mostafa filed his fourth amended complaint in this case.  Docket No. 199.  On August 24, 2022, defendants filed a motion to dismiss Mr. Mostafa's claims based on a lack of standing and a failure to state a claim for relief.  Docket No. 222.  Mr. Mostafa responded on September 27, 2022. Docket No. 230.  On October 26, 2022, defendants filed a motion for partial summary judgment, arguing that Mr. Mostafa failed to exhaust his administrative remedies and that certain claims were barred by the applicable statute of limitations.  Docket No. 234. Mr. Mostafa responded on November 18, 2022.  Docket No. 240.

On January 3, 2024, the Court granted in part and denied in part defendants' motion for partial summary judgment.  Docket No. 257 at 28–29.  The Court dismissed Mr. Mostafa's fifth, sixth, and eleventh claims for relief without prejudice because the

---

[1] While Mr. Mostafa asserts that he is asking the Court to amend its order granting in part and denying in part the defendants' motion to dismiss and identifies the order by docket number, half of Mr. Mostafa's arguments are directed to the Court's order granting in part of defendants' motion for partial summary judgment.  *See* Docket No. 257 at 27; Docket No. 267 at 2–16.

undisputed facts showed that Mr. Mostafa had failed to exhaust his administrative remedies. *Id.* at 16, 25. Similarly, the Court found that portions of Mr. Mostafa's first, second, and fourth claims were barred by Mr. Mostafa's failure to exhaust his administrative remedies. *Id.* at 15, 20.

Next, the Court addressed defendants' argument that the applicable statute of limitations barred Mr. Mostafa's tenth claim. *Id.* at 25  Mr. Mostafa's tenth claim for relief states that "[t]he placement of the Plaintiff in the ADX was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to the constitutional rights set forth as separate claims in this Complaint; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence on the record; or unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. These are the standards of review enumerated in 5 U.S. Code § 706, which defines the Scope of Review of the Administrative Procedure Act." Docket No. 199 at 50, ¶ 214. The fourth amended complaint also states that "Plaintiff incorporates by reference all of the preceding paragraphs as if set forth herein" and that "[i]n addition to his placement in the ADX, all of the Plaintiff's other claims requiring exhaustion are reviewable under § 706 of the APA, as well as on the merits. These are standards of review, not separate claims that need to be pled." *Id.* at 49, 50, ¶¶ 211, 217.

In the Court's order granting in part defendants' motion for partial summary judgment, the Court stated "[c]laim ten alleges that Attorney General Garland, Mr. Wray, Mr. Carvajal, and Warden True violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706." Docket No. 257 at 25 (citing Docket No. 199 at 49–51, ¶¶ 211–18). The

Court explained that defendants contended that Mr. Mostafa's challenge to his placement at ADX under the APA was barred because the six-year statute of limitations tolled on Mr. Mostafa's claims in September 2021, but he did not amend his complaint to add his APA claim until May 21, 2022.  *Id.*

The Court then quoted Mr. Mostafa's response to the government's motion for partial summary judgment at length, stating that he argued:

> Claim 10 incorporates by reference all of the previous claims, and makes an additional claim: that they are all reviewable procedurally as well as on the merits.  That is the most powerful argument in this case: that the Defendants are supposed to have a grievance process that respects the prisoners' rights.  They don't.  The Defendants don't have Administrative Law Judges, or anyone else in that role who articulate the bases for their decisions, the facts relied on, and so on, even in the appeals.

*Id.* at 26–27 (quoting Docket No. 240 at 7).  In his response, Mr. Mostafa argued that defendants "have failed to meet their summary judgment burden because determining when statutes of limitations begin to run, depends entirely on the communications between the parties, since the administrative process should toll the time to file a complaint in federal court."  *Id.* at 26 (citing Docket No. 240 at 8).

In light of the express language of the tenth claim, which stated that "[t]he placement of the Plaintiff in the ADX was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," Docket No. 199 at 50, ¶ 214, the Court found that Mr. Mostafa's tenth claim for relief was challenging his placement in ADX under the APA.  Docket No. 257 at 26.  The Court then found that, based on the undisputed facts, Mr. Mostafa's APA challenge to his placement in ADX was barred by the statute of limitations and dismissed his claim with prejudice.  *Id.* at 27.

On January 3, 2024, the Court also issued an order granting in part and denying in part the defendants' motion to dismiss.  Docket No. 258.  In the order, the Court first found that defendants' argument regarding Mr. Mostafa's standing to bring a claim based on the prison's packaging of halal meals was intertwined with the merits of Mr. Mostafa's claim and, therefore, the Court declined to resolve the issue on a Rule 12(b)(1) motion.  *Id.* at 11–13.  The Court declined to convert that portion of defendants' motion to a motion for summary judgment or a motion made pursuant to Rule 12(b)(6) and denied that portion of the motion to dismiss.  *Id.*  For the same reasons, the Court denied defendants' motion to dismiss Mr. Mostafa's claims based on his alleged inability to ritually wash himself in accordance with the requirements of his religion.  *Id.* at 13–15.  Next, the Court dismissed Mr. Mostafa's third claim for relief based on alleged violations of the equal protection clause.  *Id.* at 15–17.  The Court found that Mr. Mostafa's complaint failed to allege facts that showed that prisoners who practiced religions other than Islam were treated differently from Muslim prisoners.  *Id.*  Turning to Mr. Mostafa's fourth claim for relief brought under the First Amendment, the Court found that Mr. Mostafa had failed to allege facts that demonstrated the defendants' restrictions on his communications with his sons were not reasonably related to a legitimate penological interest.  *Id.* at 17–22.  However, the Court found that Mr. Mostafa had plausibly alleged that defendants' restrictions on his communications with attorney Jules Lobel did violate his First Amendment Rights.  *Id.* at 22–23.

The order next addressed Mr. Mostafa's seventh and eighth claims for relief.  *Id.* at 23–31.  Mr. Mostafa's seventh claim for relief is entitled "Violation of Eighth Amendment due to excessive force, against Defendants Parry, Averit, Garduno,

William, Hudelston, Sterett, Armijo, and Edwards, in their individual capacities." Docket No. 199 at 39. His eighth claim for relief is entitled "Violation of Eighth Amendment for deliberate indifference to medical needs, asserted against Defendants Follows, Hudelston, Sterett, Loewe, Chorosevic and Narjano, in their individual capacities." *Id.* at 43. Based on the fact that the title of each claim expressly indicates that the claims are brought against the defendants in their individual capacities and based on the factual allegations within each complaint, the Court analyzed both claims as claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Docket No. 258 at 23, 27. Analyzing claim seven, the Court found that Mr. Mostafa's *Bivens* claim was raised in a new context and that, under the recent precedent in *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022), and *Egbert v. Boule,* 596 U.S. 482, 492 (2022), Mr. Mostafa's claims were barred by the alternative remedy provided through the Administrative Remedy Program of the Bureau of Prison ("BOP"). *Id.* at 23–27. Turning to Mr. Mostafa's eighth claim, the Court found that several of the named defendants were entitled to absolute immunity. *Id.* at 28–29. For the remaining defendants, the Court found that Mr. Mostafa's *Bivens* claims were equally barred by the Tenth Circuit's holdings in *Silva* and *Egbert*. *Id.* at 29–31.

Mr. Mostafa now challenges the Court's dismissal of his tenth claim on the grounds that the Court erroneously declined to review each of Mr. Mostafa's other claims under the APA. Docket No. 267 at 2. Mr. Mostafa also claims that the Court erred in dismissing his seventh and eighth claims because his *Bivens* claims are not brought in a new context and that the Tenth Circuit's holdings in *Silva* and *Egbert* regarding the BOP's Administrative Remedies Program do not bar his claims. *Id.* at 4–

7

14.  In addition, on July 23, 2024, Mr. Mostafa filed a motion with the Court to certify a

question of law for interlocutory appeal pursuant to 28 U.S.C. § 1292(B).  Docket No.

282.  In his motion, Mr. Mostafa makes substantially the same arguments as he does in

his motion to reconsider and asks the Court to certify an interlocutory appeal so that the

Tenth Circuit may review the Court's order.  *Id.* at 1–15.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858,

861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary

power to revisit and amend interlocutory orders as justice requires.  *See Paramount*

*Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing

Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th

Cir. 1962).  In order to avoid the inefficiency that would attend the repeated re-

adjudication of interlocutory orders, judges in this district have imposed limits on their

broad discretion to revisit interlocutory orders.  *See, e.g., Montano v. Chao*, No. 07-cv-

00735-EWN-KMT, 2008 WL 4427087, at *5–*6 (D. Colo. Sept. 28, 2008) (applying Rule

60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v.*

*McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at

*1–*2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the

duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends

to be the same: courts consider whether new evidence or legal authority has emerged

or whether the prior ruling was clearly in error.  *See Echon v. Sackett*, No. 14-cv-03420-

PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals,*

*LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for

8

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law").  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### III.   ANALYSIS

#### A.  <u>APA Review</u>

Mr. Mostafa argues that the Court, in its consideration of his tenth claim, erred in declining to review each of Mr. Mostafa's other claims under the APA.  Docket No. 267 at 2.  He contends that claim ten in his fourth amended complaint expressly stated that, "[i]n addition to his placement in the ADX, all of the Plaintiff's other claims requiring exhaustion are reviewable under § 706 of the APA, as well as on the merits," and that it "incorporates by reference all of the preceding paragraphs as if set forth herein."  *Id.* (citing Docket No. 199 at 49, 50, ¶¶ 211, 217).  He claims that under § 702 of the APA, he is entitled to judicial review because he alleged facts that show that he has suffered a legal wrong because of agency action.  *Id.* at 3.

Mr. Mostafa's motion has three predicates.  He first asserts that each of his claims is pled as a separate constitutional violation for defendants' actions and that these are the legal wrongs from which he seeks redress by the Court.  *Id.*  Next, he identifies the fact that *Bivens* provides a type of remedy, i.e. *Bivens* proscribes when a plaintiff may seek monetary damages against a government official in his individual capacity.  *Id.*  Mr. Mostafa insists that, in addition to monetary damages, his complaint seeks injunctive and declaratory relief that is outside the scope of a *Bivens* remedy.  *Id.* at 4.  Finally, he maintains that the APA provides a standard of review, i.e. it establishes

the level of deference the Court must give the agency regarding the agency's findings of fact and determinations of law.  *Id.*  Mr. Mostafa maintains that the Court unduly limited the claims, remedies, and standard of review in dismissing Mr. Mostafa's tenth claim for relief.  *Id.* at 2–5.  He argues that, because he is seeking both declaratory and injunctive relief in addition to monetary damages, the Court can reach the merits of Mr. Mostafa's constitutional claims and fashion non-monetary remedies consistent with the APA, such as by remanding the decision to the agency for further review, regardless of whether Mr. Mostafa has a *Bivens* remedy.  *Id.* at 4.

As discussed, Mr. Mostafa's motion does not address the standards for reconsideration pursuant to the Court's ability to reconsider its own orders.  Mr. Mostafa does not argue that the Court's dismissal of his tenth claim for relief was improper based on new evidence or emergent legal authority.  Accordingly, the Court will consider whether its reading of the tenth claim was clearly in error.  *Echon*, 2019 WL 8275344, at *2.

Mr. Mostafa fails to identify a clear error in the Court's prior ruling.  Although the Court applied the APA to Mr. Mostafa's tenth claim, it found that the tenth claim was barred by the applicable statute of limitations, a point Mr. Mostafa does not contest.  Docket No. 257 at 27.  The Court construed Mr. Mostafa's tenth claim for relief as pertaining only to Mr. Mostafa's challenge of his placement in ADX based on the express language of the claim.  *Id.* at 26.  The Court found that Mr. Mostafa's conclusory assertions that "Plaintiff incorporates by reference all of the preceding paragraphs as if set forth herein," and that "Plaintiff's other claims requiring exhaustion are reviewable under § 706 of the APA," Docket No. 199 at 49–50, ¶¶ 211, 217, were

insufficient to assert any other APA claims.  Docket No. 257 at 26.  Mr. Mostafa has provided no authority for the proposition that failing to construe such language broadly to establish an unspecified number of APA claims based on two hundred and ten preceding allegations, as Mr. Mostafa suggests, constitutes clear error.  Rather, it is the practice of the Court not to permit such pleading.  *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242–43 (D. Colo. 2014) ("Colorado federal courts have strongly criticized the use of 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors."); *Jacobs v. Credit Suisse First Bos.*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011) ("First, the Amended Complaint is a classic example of 'shotgun pleading.'  This type of pleading contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors.  As a result, each successive claim is supported by the accumulation of all of the preceding factual and legal averments, even though many – or even most – of those previous averments are irrelevant to the current claim." (citing *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002)); *Grays v. TSG Auto*, No. 18-cv-01762-SKC, 2019 WL 13196153, at *4 (D. Colo. June 21, 2019).

Section 702 of the APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Under Section 706, "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."

*Id.*, § 706.  Section 706 states that "[t]he reviewing court shall hold . . . unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity."  *Id.*, § 706(2)(B).  However, these provisions do not mean that any action by a federal employee that might have violated a person's constitutional rights is automatically reviewable under the APA.  Rather, because Mr. Mostafa does not identify statutes that expressly provide for the judicial review he seeks, "the general review provisions of the APA apply by default."  *Cherry v. U.S. Dep't of Agr.*, 13 F. App'x 886, 890 (10th Cir. 2001) (unpublished) (citing *Utah v. Babbitt,* 137 F.3d 1193, 1203 (10th Cir. 1998)).  Review under the APA is limited to final agency actions.  *See id.*; 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'").  "Plaintiff has the burden of identifying specific conduct and explaining how it is 'final agency action.'"  *Cherry*, 13 F. App'x at 890 (citing *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000)).  Mr. Mostafa's allegation in claim ten that it "incorporates by reference all of the preceding paragraphs as if set forth herein," Docket No. 199 at 49, ¶ 211, is insufficient to meet this burden or to provide notice to either defendants or the Court of the nature of Mr. Mostafa's other possible APA claims.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (under Rule 8, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests).  As such, Mr. Mostafa has failed

to demonstrate that the Court erred in interpreting his tenth claim for relief as a claim challenging only his placement at ADX under the APA and has failed to show that the Court erred in dismissing this claim.  Accordingly, even if the Court were to construe Mr. Mostafa's motion as made pursuant to the Court's authority to revisit interlocutory orders, the Court would deny Mr. Mostafa's request to reconsider its order dismissing his tenth claim for relief with prejudice.[2]

### B. __Bivens__

Mr. Mostafa argues that the Court erred in dismissing his seventh and eighth claims for relief.  Docket No. 267 at 4.  Although the Court held that Mr. Mostafa has no *Bivens* remedy due to the availability of the Administrative Remedy Program, Docket No. 258 at 26–27 (citing *Silva* 45 F.4th at 1141) (the "availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose [a] *Bivens* claim"), Mr. Mostafa attempts to shift the focus by reiterating his challenge to the Court's declining to review each of his other claims under the APA.  Docket No. 267 at 4.  Mr. Mostafa argues that the Court can review BOP decisions made as part of the Administrative Remedy Program under the APA and that, by declining to do so, the Administrative Remedy Program is not an "available" remedy for purposes of a *Bivens* analysis.  Docket No. 267 at 4.  However, Mr. Mostafa does not identify final agency action that is reviewable under the APA.  Moreover, he fails to identify new authority calling the *Bivens* cases that the Court relied upon into question.

---

[2] Mr. Mostafa suggests in his reply brief that the Court could grant Mr. Mostafa leave to amend his complaint for a fifth time.  Docket No. 272 at 7.  Because Mr. Mostafa has not moved to amend his complaint, the Court does not address this request.  D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").

Next, Mr. Mostafa argues that the Court failed to consider his allegations that Doctor Sterett failed to intervene. *Id.* at 8. He claims that the Court "isn't bound by *Silva* to conclude that Defendants' failure to intervene presents a new *Bivens* context." *Id.* at 9. First, the Court explicitly considered the factual allegations Mr. Mostafa recounts from his fourth amended complaint. *Compare* Docket No. 258 at 5, *with* Docket No. 267 at 8. Second, Mr. Mostafa's reliance on *Smith v. Trujillo*, No. 20-cv-00877-RBJ-STV, Docket No. 106 (D. Colo. Apr. 26, 2021), does not constitute adverse controlling authority, especially in light of subsequent Tenth Circuit precedent. *See Noe v. U.S. Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023), *cert. denied sub nom. Noe v. Berkley*, --- S. Ct. ----, 2024 WL 2262343 (2024) (upholding district court's determination that plaintiff's deliberate indifference claim was not cognizable because of the Administrative Remedy Program).

The remainder of Mr. Mostafa's motion for reconsideration focuses on the Court's alleged errors in finding that Mr. Mostafa's seventh claim for excessive force and eighth claim for deliberate indifference arise in a new context. *See* Docket No. 267 at 9–14. Specifically, Mr. Mostafa argues that his amputated arms and near-blindness constituted pre-existing conditions. *Id.* at 9. He then identifies cases where courts in this district have found that the plaintiffs' claims arose in new contexts because the injuries did not result from pre-existing conditions. *Id.* (citing *Mohamed v Santisteven*, No. 21-cv-02676-NYW-MDB, 2023 WL 6376709 (D. Colo. Sept. 29, 2023); *Smith v. U.S.*, No. 21-cv-01521-CNS-KLM, 2023 WL 5280086 (D. Colo. July 10, 2023)). He claims that, unlike the circumstances present in the cases he cites, his conditions were pre-existing, and therefore, his claims do not arise in a new context. *Id.* Next, Mr.

Mostafa argues that his claims do not arise in a new context from *Carlson v. Green*, 446 U.S. 14 (1980), simply because Mr. Mostafa did not die from his injuries.  *Id.* at 11–14.

However, Mr. Mostafa's arguments regarding alleged similarities or dissimilarities between Mr. Mostafa's allegations and the circumstances in *Carlson* fail to show that the Court made a clear error.  Regardless of whether Mr. Mostafa's claims arise in a new context, the Court also found that Mr. Mostafa's claims were barred by the fact that Congress has provided him with the alternative remedy of the Administrative Remedy Program.[3]  Docket No. 258 at 23–31; *Egbert*, 596 U.S. at 498; *Silva* 45 F.4th at 1141; *Noe*, 2023 WL 8868491, at *3.  Mr. Mostafa has not shown that the Court clearly erred in finding that the Administrative Remedy Program forecloses Mr. Mostafa's *Bivens* claims.  Therefore, even if the Court were to construe Mr. Mostafa's motion as made pursuant to the Court's authority to revisit interlocutory orders, the Court would deny the motion.

### C.  <u>Motion to Certify Question to the Tenth Circuit</u>

Mr. Mostafa requests that the Court certify various issues for review by the Tenth Circuit pursuant to 28 U.S.C. § 1292(b).[4]  Docket No. 282 at 1.  Section 1292 provides that:

---

[3] Mr. Mostafa's argument regarding the dismissal of his eighth claim fails for the additional reason that, like his tenth claim for relief, Mr. Mostafa attempts to incorporate "all of the preceding paragraphs" in his complaint.  Docket No. 199 at 43, ¶ 184.  While Mr. Mostafa appears to assert that this allegation incorporates all the allegations in his seventh claim for relief, it says that it incorporates all of his prior allegations.  As the Court has explained, this is insufficient to plead that the allegations in his seventh claim for excessive force also support his claim for deliberate indifference.  Mr. Mostafa therefore fails to show clear error in the Court's prior order.

[4] Mr. Mostafa's motion does not state with particularity the questions on law he believes should be certified to the appellate court.  Instead, he identifies three parts of the Court's prior orders where he believes "[t]here is substantial ground for difference of opinion."  Docket No 282 at 3, 5, 6.

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such
> order . . . .

28 U.S.C. § 1292(b).  In the Court's order denying in part and granting in part the defendants' motion to dismiss and the Court's order denying in part and granting in part the motion for partial summary judgment, the Court did not state that the orders involved a controlling question of law from which an immediate appeal would advance the termination of the case.  *See* Docket Nos. 257, 258.  As such, the Court construes Mr. Mostafa's motion as a motion to reconsider and amend the Court's prior orders to include such a statement so that Mr. Mostafa may appeal the Court's determinations to the Tenth Circuit.

In his motion, Mr. Mostafa identifies three issues that he believes merit immediate appeal.  Docket No 282 at 3, 5, 6.  He claims that (1) "[t]here is substantial ground for difference of opinion concerning whether Plaintiff's Constitutional claims were properly pled under the Administrative Procedure Act"; (2) "[t]here is substantial ground for difference of opinion concerning whether alternative remedies to *Bivens* exist through the Defendants' Administrative Remedy Program, where the Court didn't review the Defendants' denial of those claims under the APA"; and (3) "[t]here is substantial ground for difference of opinion concerning whether the Defendants' failure to treat Plaintiff's injury for five hours after the assault constituted a claim for deliberate indifference, or failure to intervene, or whether the Court over-relied on the magnitude of

Case No. 1:20-cv-00694-PAB-MDB   Document 288   filed 09/06/24   USDC Colorado   pg 17 of 18

the harm suffered." *Id.* However, for the reasons discussed above, the Court perceives no controlling question of law that warrants interlocutory appeal to the Tenth Circuit.

Turning to Mr. Mostafa's request to certify whether the APA applies to Mr. Mostafa's claims, Mr. Mostafa presents no controlling issue of law that should be appealed. Mr. Mostafa's complaint does not contain the APA claims that he asserts it does. As noted, the issue with his complaint is the sufficiency of his pleading and his compliance with the notice requirements of Rule 8. The Court finds that there are no substantial grounds for disagreement regarding these legal issues, and the Court declines to certify its orders for appeal on this basis. Turning to Mr. Mostafa's second alleged ground for disagreement, the Court finds that a review by the Tenth Circuit would not materially advance the ultimate termination of this litigation. The dispositive issue presented by the Court's orders is whether Mr. Mostafa's fourth amended complaint contained claims for review under the APA of Mr. Mostafa's constitutional violations. It did not, and the Court does not believe there are substantial grounds for disagreement on this issue. Finally, for the reasons discussed above, the Court finds that Mr. Mostafa has not shown that there are substantial grounds for dispute over the Court's dismissal of his seventh and eighth claims based on the Court's application of the holdings in *Egbert* and *Silva*. *See Egbert*, 596 U.S. at 498; *Silva*, 45 F.4th at 1141. Accordingly, the Court will deny Mr. Mostafa's motion requesting the Court to certify questions of law to the Tenth Circuit.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of the Court's Order of January 7, 2024 [Doc. 258] Granting in Part and Denying in Part Defendants' Motion to Dismiss [Docket No. 267] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Certification of Controlling Questions of Law for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) [Docket No. 282] is **DENIED**.

DATED September 6, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge